1   COOLEY GODWARD KRONISH LLP
2   KOJI F. FUKUMURA (189719)
    (kfukumura@cooley.com)
3   AARON F. OLSEN (224947)
    (aolsen@cooley.com)
4   4401 Eastgate Mall
5   San Diego, CA  92121
    Telephone:(858) 550-6000
6   Facsimile:(858) 550-6420

7   Attorneys for Defendants
8   Quest Software, Inc.,
    Vincent C. Smith, Michael J. Lambert,
9   Douglas F. Garn, David M. Doyle,
    and Kevin Brooks

10
11                  UNITED STATES DISTRICT COURT
12                      CENTRAL DISTRICT
13                     SOUTHERN DIVISION

14
15  MIDDLESEX RETIREMENT            Case No. CV06-6863 DOC (RNB)
    SYSTEM, Individually and on Behalf
16  of All Others Similarly Situated,   **DEFENDANTS QUEST SOFTWARE, INC.,
                                        VINCENT C. SMITH, MICHAEL J.
17              Plaintiff,              LAMBERT, DOUGLAS F. GARN, DAVID
                                        M. DOYLE, AND KEVIN BROOKS'
18  v.                                  ANSWER TO THE SECOND AMENDED
                                        COMPLAINT**
19  QUEST SOFTWARE, INC.,
20  VINCENT C. SMITH, M.
    BRINKLEY MORSE, MICHAEL J.
21  LAMBERT, DOUGLAS F. GARN,          CTRM:      9D
    DAVID M. DOYLE, JERRY              JUDGE:     Hon. David O. Carter
22  MURDOCK, JR., and KEVIN
23  BROOKS,
                                           JURY TRIAL DEMANDED
24              Defendants.

25
26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO                        -1-                    **Defendants' Answer
                                                        CV06-6863 DOC (RNB)**

Quest Software, Inc. ("Quest"), Vincent C. Smith, Michael J. Lambert, Douglas F. Garn, David M. Doyle, and Kevin Brooks (collectively "Defendants") hereby answer the Second Amended Complaint ("SAC").

1.    Answering Paragraph 1, Defendants admit that Plaintiff purports to bring this lawsuit as a class action, admit that Plaintiff purports to include certain persons or entities in the putative Class, admit that Plaintiff alleges a period of time that Plaintiff refers to as the "Class Period," and admit that Plaintiff purports to bring this action under federal securities laws.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 1.

2.    Answering Paragraph 2, Defendants admit that Plaintiff purports to allege that Quest failed to disclose or concealed that Quest did not properly account for issuing stock option grants at prices which were below fair market value on the actual date that the grant was approved.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 2.

3.    Answering Paragraph 3, Defendants note that Paragraph 3 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 3 purports to contain factual allegations requiring a response, Defendants refer the Court to the Accounting Principles Board Statement ("APB") No. 25 for the true and correct contents of that document.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 3.

4.    Answering Paragraph 4, Defendants note that Paragraph 4 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 4 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 4.

5.    Answering Paragraph 5, Defendants note that Paragraph 5 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 5 purports to contain factual allegations requiring a response, Defendants admit that Vincent C. Smith ("Smith"), M. Brinkley Morse ("Morse"),

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-2-

Defendants' Answer
CV06-6863 DOC (RNB)

1   David M. Doyle ("Doyle"), Douglas F. Garn ("Garn"), and Kevin Brooks
2   ("Brooks") received Quest stock options between April 2000 and August 2002.
3   Except as specifically admitted herein, Defendants deny each and every allegation
4   in Paragraph 5.

5          6.     Answering Paragraph 6, Defendants note that Paragraph 6
6   contains legal and/or accounting conclusions, which require no response.  To the
7   extent that Paragraph 6 purports to contain factual allegations requiring a response,
8   Defendants admit that the price of Quest's common stock traded at the prices
9   reported by the NASDAQ stock exchange on the relevant dates, which speak for
10  themselves.  Defendants also admit that Quest issued approximately 4 million
11  options in 2000 and that some of these options were issued with an exercise price
12  based on the April 14, 2000 closing market price for Quest stock.  Defendants also
13  admit that Quest issued over 8.9 million options during 2001 and admit that some
14  of these options were issued with exercise prices based on the March 28, 2001,
15  April 4, 2001, and October 1, 2001 closing market prices.  Defendants also admit
16  that Quest issued approximately 6.5 million options in 2002 and that Quest issued
17  some of these options with exercise prices based on the August 6 and 7, 2002,
18  closing market prices.  Except as specifically admitted herein, Defendants deny
19  each and every allegation in Paragraph 6.

20         7.     Answering Paragraph 7, Defendants note that Paragraph 7
21  contains legal conclusions, which require no response.  Defendants admit that
22  Morse resigned from Quest.  Defendants also admit that Morse refused to be
23  interviewed by the Special Committee of the Board of Directors in connection with
24  its investigation into historical option granting practices at Quest.  Defendants also
25  admit that Brooks was reassigned in connection with the Special Committee's
26  investigation.  Except as specifically admitted herein, Defendants deny each and
27  every allegation in Paragraph 6.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-3-                                    Defendants' Answer
                                       CV06-6863 DOC (RNB)

8.      Answering Paragraph 8, Defendants note that Paragraph 8 contains legal conclusions, which require no response.  To the extent that Paragraph 8 purports to contain factual allegations requiring a response, Defendants admit that Quest issued a press release on January 15, 2007, which contains the quoted language, although the language is not in bold.   Defendants also admit that the January 15, 2007 press release stated that Quest would have to restate its financial statements to reflect the additional non-cash stock-based compensation expense.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 8.

9.      Answering Paragraph 9, Defendants note that Paragraph 9 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 9 purports to contain factual allegations requiring a response, Defendants admit that Quest publicly reported that the aggregate pre-tax, non-cash stock-based compensation expense between July 1998 and December 2005 was understated by $136.9 million.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 9.

10.      Answering Paragraph 10, Defendants note that Paragraph 10 contains legal conclusions, which require no response.  To the extent that Paragraph 10 purports to contain factual allegations requiring a response, Defendants admit that the price of Quest's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 10.

11.      Answering Paragraph 11, Defendants note that Paragraph 11 contains legal conclusions, which require no response.  To the extent that Paragraph 11 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 11.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-4-

Defendants' Answer
CV06-6863 DOC (RNB)

12.    Answering Paragraph 12, Defendants admit that this Court has jurisdiction over this action.

13.    Answering Paragraph 13, Defendants admit that venue is proper in this District.    Defendants admit that Quest is a California corporation, with principal offices located in the Central District of California.    Defendants also admit that some of the Defendants reside in the Central District of California.    Defendants also note that Paragraph 13 contains legal conclusions, which require no response. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 13.

14.    Answering Paragraph 14, Defendants note that the allegations in Paragraph 14 contain legal conclusions, which require no response. To the extent that Paragraph 14 purports to contain factual allegations requiring a response, Defendants deny the allegations contained in Paragraph 14.

15.    Answering Paragraph 15, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny the allegations in Paragraph 15.

16.    Answering Paragraph 16, Defendants admit that Quest is a California Corporation, with offices located at 5 Polaris Way, Aliso Viejo, California, 92656.    Defendants also admit that Quest designs, develops, distributes, and supports software products that improve the performance and productivity of its customers' packaged and custom software applications and associated software infrastructure components.    Defendants admit that Quest's products are used by more than 18,000 customers worldwide, and admit that at all relevant times, Quest's common stock actively traded on the NASDAQ National Market under the symbol "QSFT."    Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 16.

17.    Answering Paragraph 17, Defendants note that Paragraph 17 contains legal conclusions, which require no response.    To the extent that Paragraph

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-5-                                    Defendants' Answer
CV06-6863 DOC (RNB)

17 purports to contain factual allegations requiring a response, Defendants admit that Quest's Compensation Committee had a Charter. Defendants also admit that Murdock served on the Compensation Committee between 1999 and 2005. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 17.

18. Answering Paragraph 18, Defendants note that Paragraph 18 contains legal conclusions, which require no response. To the extent that Paragraph 18 purports to contain factual allegations requiring a response, Defendants admit that Quest's Audit Committee Charter contains the quoted language and refers the Court to that document for its true and correct contents. Defendants also admit that Doyle served on the Audit Committee between 1999 and 2001 and that Murdock served on the Audit Committee at various times during the class period. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 18.

19. Answering Paragraph 19, Defendants admit that Plaintiff purports to bring a claim against Quest under §10(b) of the Exchange Act, as amended, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. §240.10b-5.

20. Answering Paragraph 20, Defendants admit that Smith has served as Chairman of the Board of Directors of Quest since 1998, as Quest's Chief Executive Officer since April 1997, and as a director of Quest since 1995.

21. Answering Paragraph 21, Defendants admit that Smith signed each Form 10-K and 10-K405 filed during the purported Class Period.

22. Answering Paragraph 22, Defendants admit that Smith signed the Certification of CEO for the Form 10-Ks and 10-Qs issued from August 14, 2002 through the end of the purported Class Period. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 22.

23. Answering Paragraph 23, Defendants note that Paragraph 23 contains legal and/or accounting conclusions, which require no response. To the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-6-

Defendants' Answer
CV06-6863 DOC (RNB)

1    extent that Paragraph 23 purports to contain factual allegations requiring a

2    response, Defendants admit that Smith was granted at least 1,585,000 stock options.

3    Except as specifically admitted herein, Defendants deny each and every allegation

4    in Paragraph 23.

5          24.    Answering Paragraph 24, Defendants deny the allegations in

6    Paragraph 24.

7          25.    Answering Paragraph 25, Defendants admit that Smith is a

8    citizen of California.

9          26.    Answering Paragraph 26, Defendants admit that Plaintiff

10   purports to bring claims against Vincent C. Smith pursuant to §§ 10(b) and 20(A)

11   of the Exchange Act, as amended, 15 U.S.C. §78j(b) and §78t(a), Rule 10b-5, 17

12   C.F.R. §240.10b-5, and § 20A of the Exchange Act, 15 U.S.C. §78t-1.  Except as

13   specifically admitted herein, Defendants deny each and every allegation in

14   Paragraph 26.

15         27.    Answering Paragraph 27, Defendants admit that Morse  served

16   as Quest's Senior Vice President, Corporate Development from April 2005 until his

17   resignation on or about November 24, 2006.  Defendants admit that Morse resigned

18   from Quest.  Defendants also admit that Morse refused to be interviewed by the

19   Special Committee of the Board of  Directors in connection with its investigation

20   into historical option granting practices at Quest.  Defendants also admit that Morse

21   served as Vice President, Finance and Operations of Quest from January 2001

22   through May 2003 and as Chief Financial Officer from May 2003 through April

23   2005.  Except as specifically admitted herein, Defendants deny each and every

24   allegation in Paragraph 27.

25         28.    Answering Paragraph 28, Defendants admit that Morse signed

26   each Form 10-K and 10-K405 filed in years 2002 through 2005.

27         29.    Answering Paragraph 29, Defendants admit that, for the Form

28   10-Ks and 10-Qs issues from August 12, 2002 through March 15, 2005, Morse

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-7-

Defendants' Answer
CV06-6863 DOC (RNB)

1  signed the Certification of CFO.  Except as specifically admitted herein, Defendants
2  deny each and every allegation in Paragraph 29.

3        30.    Answering Paragraph 30, Defendants note that Paragraph 30
4  contains legal and/or accounting conclusions, which require no response.  To the
5  extent that Paragraph 30 purports to contain factual allegations requiring a
6  response, Defendants admit that Morse was granted at least 850,000 stock options.
7  Except as specifically admitted herein, Defendants deny each and every allegation
8  in Paragraph 30.

9        31.    Answering Paragraph 31, Defendants admit that Morse is a
10  citizen of Texas.

11        32.    Answering Paragraph 32, Defendants admit that Plaintiff
12  purports to bring claims against Morse pursuant to §§ 10(b) and 20(a) of the
13  Exchange Act, as amended, 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5, 17 C.F.R.
14  § 240.10b-5, and § 20A of the Exchange Act, 15 U.S.C. § 78t-1.

15        33.    Answering Paragraph 33, Defendants admit that Michael J.
16  Lambert ("Lambert") served as Quest's Senior Vice President of Finance from
17  November 2004 until April 2005, and that he became Quest's Chief Financial
18  Officer in April 2005.  Defendants deny that Mr. Lambert remains the CFO.

19        34.    Answering Paragraph 34, Defendants admit that Lambert signed
20  the Form 10-K filed in 2006.

21        35.    Answering Paragraph 35, Defendants admit that, for the Form
22  10-Ks and 10-Qs issued from May 10, 2005 through the end of the purported Class
23  Period, Lambert signed the Certification of CFO.  Defendants note that Paragraph
24  35 contains legal and/or accounting conclusions, which require no response.
25  Except as specifically admitted herein, Defendants deny each and every allegation
26  in Paragraph 35.

27        36.    Answering Paragraph 36, Defendants admit that Lambert is a
28  citizen of California.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-8-

**Defendants' Answer**
**CV06-6863 DOC (RNB)**

37.    Answering Paragraph 37, Defendants admit that Plaintiff purports to bring a claim against Lambert pursuant to § 20(a) of the Exchange Act, as amended, 15 U.S.C. § 78t(a).

38.    Answering Paragraph 38, Defendants admit that Douglas F. Garn ("Garn") has served as Quest's President from February 2005 until present and admits that he served as Quest's Vice President, Worldwide Sales from January 1998 through January 2002, and from January 2003 through February 2005.

39.    Answering Paragraph 39, Quest notes that Paragraph 39 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 39 contains factual allegations requiring a response, Defendants admit that Garn was granted at least 480,000 stock options.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 39.

40.    Answering Paragraph 40, Defendants deny the allegations in Paragraph 40.

41.    Answering Paragraph 41, Defendants admit that Garn is a citizen of California.

42.    Answering Paragraph 42, Quest admits that Plaintiff purports to bring a claim against Garn pursuant to § 20A of the Exchange Act, as amended, 15 U.S.C. § 78t-1.

43.    Answering Paragraph 43, Defendants admit that Doyle is a co-founder of Quest and served as a Director from 1987 until June 2004, as President of Quest from 1987 until March 2003, and as a member of the Audit Committee from 1999 to 2001.  Defendants also admit that Doyle was the primary designer and developer of Quest's products during the initial four years after Quest's founding, and admits that, prior to the founding of Quest, Doyle served as a consultant to a variety of industries, specializing in the areas of system design and application performance and was the first employee of American Data Industries.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-9-                    **Defendants' Answer
CV06-6863 DOC (RNB)**

44.    Answering Paragraph 44, Defendants admit that Doyle signed each Form 10-K and 10-K405 filed in years 2002 through 2004.

45.    Answering Paragraph 45, Defendants note that Paragraph 45 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 45 purports to contain factual allegations requiring a response, Defendants admit that Doyle was granted at least 100,000 stock options.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 45.

46.    Answering Paragraph 46, Defendants deny the allegations in Paragraph 46.

47.    Answering Paragraph 47, Defendants deny the allegations in Paragraph 47.

48.    Answering Paragraph 48, Defendants admit that Plaintiff purports to bring claims against Doyle pursuant to §§ 10(b) and 20(a) of the Exchange Act, as amended, 15 U.S.C. § 78j(b) and § 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5, and § 20A of the Exchange Act, 15 U.S.C. § 78t-1.

49.    Answering Paragraph 49, Defendants note that Paragraph 49 contains legal conclusion, which require no response.  To the extent that Paragraph 49 purports to contain factual allegations requiring a response, Defendants admit that Murdock began his service as a Quest Director in 1999 and was a member of the Compensation Committee of the Board from 1999 to February 2005.  Defendants deny that Murdock is currently a member of the Compensation Committee.  Defendants admit that Murdock served as Chairman of the Audit Committee from 1999 to July 2005.  Defendants further admit that Murdock is a General Partner of Insight Capital Partners, admits that Insight Capital Partners is an investment firm, and admits that Murdock co-founded Insight Capital Partners in 1995.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 49.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-10-

Defendants' Answer
CV06-6863 DOC (RNB)

50. Answering Paragraph 50, Defendants admit that Murdock signed the reports of the Compensation Committee of the Board of Directors contained in the proxy statements filed by Quest with the United States Securities and Exchange Commission ("SEC") in years 2002 through 2004.

51. Answering Paragraph 51, Defendants admit that Murdock signed the reports of the Audit Committee of the Board of Directors contained in the proxy statements filed by Quest with the SEC in years 2002 through 2005.

52. Answering Paragraph 52, Defendants admit that Murdock signed each Form 10-K and 10-K405 filed during the purported Class Period.

53. Answering Paragraph 53, Defendants deny the allegations in Paragraph 53.

54. Answering Paragraph 54, Defendants deny the allegations in Paragraph 54.

55. Answering Paragraph 55, Defendants admit that Plaintiff purports to bring claims against Murdock under §§ 10(b) and 20(a) of the Exchange Act, as amended, 15 U.S.C. § 78j(b) and § 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5, and § 20A of the Exchange Act, 15 U.S.C. § 78t-1. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 55.

56. Answering Paragraph 56, Defendants admit that Brooks served as Quest's Vice President and Corporate Controller from September 2000 until October 20, 2006. Defendants also admit that Brooks was reassigned in October 2006 in connection with the Special Committee's investigation into Quest's historical stock option granting practices. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 56.

57. Answering Paragraph 57, Defendants admit that Brooks signed each Form 10-Q, 10-K, and 10-K405 filed during the purported Class Period.

58. Answering Paragraph 58, Defendants note that Paragraph 58 contains legal and/or accounting conclusions, which require no response. To the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-11-                    Defendants' Answer
                        CV06-6863 DOC (RNB)

1  extent that Paragraph 58 purports to contain factual allegations requiring a

2  response, Defendants admit that Mr. Brooks was granted at least 40,000 stock

3  options.  Except as specifically admitted herein, Defendants deny each and every

4  allegation in Paragraph 58.

5      59.    Answering Paragraph 59, Defendants deny the allegations in

6  Paragraph 59.

7      60.    Answering Paragraph 60, Defendants admit that Brooks is a

8  citizen of California.

9      61.    Answering Paragraph 61, Defendants admit that Plaintiff

10  purports to sue Brooks pursuant to §§ 10(b) and 20(a) of the Exchange Act, as

11  amended, 15 U.S.C. § 78j(b) and § 78t(a), Rule 10b-5, 17 C.F.R. §240.10b-5, and

12  § 20A of the Exchange Act, 15 U.S.C. §78t-1.  Except as specifically admitted

13  herein, Defendants deny each and every allegation in Paragraph 61.

14      62.    Answering Paragraph 62, Defendants admit that Plaintiff

15  purports to refer to Smith, Morse, Lambert, Garn, Doyle, Murdock, and Brooks

16  collectively as the "Individual Defendants."

17      63.    Answering Paragraph 63, Defendants note that Paragraph 63

18  contains legal conclusions, which require no response.  To the extent that Paragraph

19  63 purports to contain factual allegations requiring a response, Defendants admit

20  that they participated in the management of Quest.  Except as specifically admitted

21  herein, Defendants deny each and every allegation in Paragraph 63.

22      64.    Answering Paragraph 64, Defendants note that Paragraph 64

23  contains legal and/or accounting conclusions, which require no response.  To the

24  extent that Paragraph 64 purports to contain factual allegations requiring a

25  response, Defendants deny the allegations in Paragraph 64.

26      65.    Answering Paragraph 65, Defendants note that Paragraph 65

27  contains legal and/or accounting conclusions, which require no response.  To the

28  extent that Paragraph 65 purports to contain factual allegations requiring a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-12-

Defendants' Answer
CV06-6863 DOC (RNB)

1    response, Defendants admit that some of the Defendants were senior members

2    and/or directors of Quest and admit that Quest was a publicly held company whose

3    common stock was, at all relevant times registered with the SEC pursuant to the

4    Exchange Act, traded on the NASDAQ National Market, and governed by the

5    provisions of the federal securities laws.  Except as specifically admitted herein,

6    Defendants deny each and every allegation in Paragraph 65.

7            66.    Answering Paragraph 66, Defendants note that Paragraph 66

8    contains legal and/or accounting conclusions, which require no response.  To the

9    extent that Paragraph 66 purports to contain factual allegations requiring a

10   response, Defendants admit that Eyal M. Aronoff  ("Aronoff") was the Chief

11   Technical Officer of Quest from September 2000 until June 3, 2003, admit that

12   from March 1996 to September 2000, Aronoff served as Quest's Vice President of

13   Technology and Engineering, admit that Quest acquired R*Tech Systems in 1996,

14   and admit that Aronoff was granted at least 1,350,000 stock option grants.

15   Defendants admit that Aronoff founded R*Tech Systems in 1992 and served as its

16   president from 1992 to 1996, and that R*Tech Systems was a database management

17   company.  Except as specifically admitted herein, Defendants deny each and every

18   allegation in Paragraph 66.

19           67.    Answering Paragraph 67, Defendants note that Paragraph 67

20   contains legal and/or accounting conclusions, which require no response.  To the

21   extent that Paragraph 67 purports to contain factual allegations requiring a

22   response, Defendants admit that Anthony Foley ("Foley") has served as Quest's

23   Vice President of Worldwide Sales since April 2005, admit that Foley was

24   previously Quest's Vice President of Sales for Quest's Europe, Middle East and

25   Africa region beginning in 2000, and admit that Foley was granted at least 46,000

26   stock option grants.  Defendants lack knowledge or information sufficient to form a

27   belief as to the truth of Plaintiff's allegations that prior to joining Quest, Foley held

28   a variety of European management positions with Computer Associates, that Foley

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-13-                                    Defendants' Answer
                                        CV06-6863 DOC (RNB)

1    served as a business development director with GE Capital's European subsidiary,

2    and that Foley is a graduate in economics and political science from the University

3    of Sheffield, England and, on that basis, deny these allegations.    Except as

4    specifically admitted herein, Defendants deny each and every allegation in

5    Paragraph 67.

6         68.    Answering Paragraph 68, Defendants admit that Plaintiff

7    purports to bring this suit as a class action pursuant to Rules 23(a) and (b)(3) of the

8    Federal Rules of Civil Procedure on behalf of itself and all other persons who

9    purchased or otherwise acquired Quest common stock from November 9, 2001,

10   through July 3, 2006 ("purported Class Period").    Defendants also admit that

11   Plaintiff purports to exclude from the purported class Quest, its directors and

12   officers, subsidiaries and affiliates, Individual Defendants, members of the

13   immediate families of each of the Individual Defendants and Quest's directors and

14   officers, any entities in which the any of the defendants has a controlling interest,

15   and legal representatives, heirs, successors, affiliates, or assigns of any of the

16   foregoing excluded persons and entities.    Defendants deny that any putative class

17   member was damaged.    Except as specifically admitted herein, Defendants deny

18   each and every allegation in Paragraph 68.

19        69.    Answering Paragraph 69, Defendants note that Paragraph 69

20   sets forth Plaintiff's characterization of this action and contains legal conclusions,

21   which require no response.    To the extent that Paragraph 69 purports to contain

22   factual allegations requiring a response, Defendants admit that during the putative

23   class period, between approximately 89 and 101 million shares of Quest common

24   stock were outstanding and that approximately 60 million of these shares were

25   publicly held and actively traded on the NASDAQ National Market.    Except as

26   specifically admitted herein, Defendants deny each and every allegation in

27   Paragraph 69.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-14-

Defendants' Answer
CV06-6863 DOC (RNB)

70.    Answering Paragraph 70, Defendants note that Paragraph 70 contain legal conclusions, which require no response.  To the extent that Paragraph 70 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 70.

71.    Answering Paragraph 71, Defendants note that Paragraph 71 contains legal conclusions, which require no response.  To the extent that Paragraph 71 purports to contain factual allegations requiring a response, Defendants admit that Quest common stock was listed during the putative class period on the NASDAQ National Market, admit that during the putative class period millions of shares of Quest common stock were traded on the open market, and admit that Quest filed periodic public reports with the SEC and the NASDAQ National Market.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 71.

72.    Answering Paragraph 72, Defendants deny this allegation.

73.    Answering Paragraph 73, Defendants note that Paragraph 73 contains legal conclusions, which require no response.  To the extent that Paragraph 73 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 73.

74.    Answering Paragraph 74, Defendants note that Paragraph 74 sets forth Plaintiff's characterizations, hypotheticals, and legal conclusions, which require no response.  To the extent that Paragraph 74 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 74.

75.    Answering Paragraph 75, Defendants note that Paragraph 75 contains Plaintiff's characterization and legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 75 purports to contain factual allegations requiring a response, Defendants the allegations in Paragraph 75.

76.    Answering Paragraph 76, Defendants deny that Quest's 1999 Stock Incentive Plan provided that the exercise price of an option cannot be less

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-15-                                    Defendants' Answer
CV06-6863 DOC (RNB)

than the market price of the stock on the date on which the board of directors, or a committee thereof, grants the option.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and, on that basis, deny the allegations in Paragraph 76.

77.    Answering Paragraph 77, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, deny the allegations in Paragraph 77.

78.    Answering Paragraph 78, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, deny the allegations in Paragraph 78.

79.    Answering Paragraph 79, Defendants note that Paragraph 79 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 79 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 79.

80.    Answering Paragraph 80, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, deny the allegations in Paragraph 80.

81.    Answering Paragraph 81, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, deny the allegations in Paragraph 81.

82.    Answering Paragraph 82, Defendants note that Paragraph 82 contains legal conclusions, which require no response.  To the extent that Paragraph 82 purports to contain factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, deny the allegations in Paragraph 82.

83.    Answering Paragraph 83, Quest notes that Paragraph 83 contains legal conclusions, which require no response.  To the extent that Paragraph 83 purports to contain factual allegations requiring a response, Defendants lack

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-16-

Defendants' Answer
CV06-6863 DOC (RNB)

1    knowledge or information sufficient to form a belief as to the truth of the

2    allegations in Paragraph 83 and, on that basis, deny the allegations in Paragraph 83.

3          84.    Answering Paragraph 84, Defendants lack knowledge or

4    information sufficient to form a belief as to the truth of the allegations in Paragraph

5    84 and, on that basis, deny the allegations in Paragraph 84.

6          85.    Answering Paragraph 85, Defendants lack knowledge or

7    information sufficient to form a belief as to the truth of the allegations in Paragraph

8    85 and, on that basis, deny the allegations in Paragraph 85.

9          86.    Answering Paragraph 86, Defendants lack knowledge or

10   information sufficient to form a belief as to the truth of the allegations in Paragraph

11   86 and, on that basis, deny the allegations in Paragraph 86.

12         87.    Answering Paragraph 87, Defendants admit that on June 9,

13   1999, Quest stockholders adopted the 1999 Stock Incentive Plan for Quest

14   employees.

15         88.    Answering Paragraph 88, Defendants note that Paragraph 88

16   contains legal and/or accounting conclusions, which require no response.  To the

17   extent that Paragraph 88 purports to contain factual allegations requiring a

18   response, Defendants deny that "incentive options" are the proper characterization

19   for the stock options which are the subject of the complaint, and deny that Quest's

20   1999 Stock Incentive Plan required that all stock options which are the subject of

21   the complaint had to be granted with an exercise price of not less than one hundred

22   percent (100%) of fair market value per share of Quest common stock on the option

23   grant date.    Defendants also deny that Quest's historical stock option grants

24   violated the terms of the 1999 Stock Incentive Plan.  Defendants deny each and

25   every remaining allegation in Paragraph 88.

26         89.    Answering Paragraph 89, Defendants note that Paragraph 89

27   contains legal and/or accounting conclusions, which require no response.  To the

28   extent that Paragraph 89 purports to contain factual allegations requiring a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-17-                    Defendants' Answer
                       CV06-6863 DOC (RNB)

1    response, Defendants admit that the Stock Incentive Plan was attached as an exhibit
2    to Quest's Form S-8 filed with the SEC on November 22, 1999.    Except as
3    specifically admitted herein, Defendants deny each and every allegation in
4    Paragraph 89.

5         90.    Answering Paragraph 90, Defendants note that Paragraph 90
6    contains legal and/or accounting conclusions, which require no response.    To the
7    extent that Paragraph 90 purports to contain factual allegations requiring a
8    response, Defendants admit that the Compensation Committee of the Board
9    administered the Stock Incentive Plan.    Defendants deny that the exercise price per
10   share of each of those stock options were falsely and misleadingly reported to have
11   been measured by one hundred percent (100%) of the fair market price of Quest's
12   common stock on the date of the grant.    Except as specifically admitted herein,
13   Defendants deny each and every allegation in Paragraph 90.

14        91.    Answering Paragraph 91, Defendants admit that Quest issued
15   approximately 4 million stock options in 2000.    Defendants admit that Garn
16   received 80,000 option grants that reportedly had an exercise price based on the
17   April 14, 2000 closing market price for Quest stock.    Defendants admit that the
18   price of Quest's common stock traded at the prices reported by the NASDAQ stock
19   exchange on the relevant dates, which speak for themselves.    Except as specifically
20   admitted herein, Defendants deny each and every allegation in Paragraph 91.

21        92.    Answering Paragraph 92, Defendants admit that Quest issued
22   over 8.9 million options during 2001.    Defendants also admit that some of these
23   options had exercise prices based on the March 28, 2001, April 4, 2001, and
24   October 1, 2001 closing market prices for Quest stock.    Except as specifically
25   admitted herein, Defendants deny each and every allegation in Paragraph 92.

26        93.    Answering Paragraph 93, Defendants admit that Morse received
27   250,000 stock option grants based on the March 28, 2001, closing price for Quest
28   stock.    Defendants admit that the price of Quest's common stock traded at the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-18-                    Defendants' Answer
CV06-6863 DOC (RNB)

1    prices reported by the NASDAQ stock exchange on the relevant dates, which speak
2    for themselves.  Except as specifically admitted herein, Defendants deny each and
3    every allegation in Paragraph 93.

4          94.    Answering Paragraph 94, Defendants admit Smith received
5    300,000 stock options, Doyle received 100,000 stock options, Garn received
6    300,000 stock options, Aronoff received 200,000 stock options, and Morse received
7    100,000 stock options having reported exercise prices based on the April 4, 2001
8    closing market price for Quest stock.  Defendants admit that the price of Quest's
9    common stock traded at the prices reported by the NASDAQ stock exchange on the
10   relevant dates, which speak for themselves.  Except as specifically admitted herein,
11   Defendants deny each and every allegation in Paragraph 94.

12         95.    Answering Paragraph 95, Defendants admit that Smith received
13   485,000 stock options, Garn received 100,000 stock options, Aronoff received
14   550,000 stock options, Morse received 300,000 stock options, Foley received
15   28,000 stock options, and Brooks received at least 20,000 stock options having
16   reported exercise prices based on the October 1, 2001 closing market price for
17   Quest stock.  Defendants admit that the price of Quest's common stock traded at the
18   prices reported by the NASDAQ stock exchange on the relevant dates, which speak
19   for themselves.  Except as specifically admitted herein, Defendants deny each and
20   every allegation in Paragraph 95.

21         96.    Answering Paragraph 96, Defendants admit that in 2002 Brooks
22   received at least 20,000 stock options and Foley received at least 18,000 stock
23   options having reported exercise prices based on the August 6, 2002 closing market
24   price for Quest stock.  Defendants admit that the price of Quest's common stock
25   traded at the prices reported by the NASDAQ stock exchange on the relevant dates,
26   which speak for themselves.  Except as specifically admitted herein, Defendants
27   deny each and every allegation in Paragraph 96.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-19-                          Defendants' Answer
                             CV06-6863 DOC (RNB)

97.    Answering Paragraph 97, Defendants admit that in 2002, Smith received 800,000 stock options, Aronoff received 600,000 stock options, and Morse received 200,000 stock options having reported exercise prices based on the August 7, 2002 closing market price for Quest stock.  Defendants admit that the price of Quest's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 97.

98.    Answering Paragraph 98, Defendants note that Paragraph 98 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 98 purports to contain factual allegations requiring a response, Defendants admit that Smith received at least 1,585,000 option grants.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 98.

99.    Answering Paragraph 99, Defendants note that Paragraph 99 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 99 purports to contain factual allegations requiring a response, Defendants admit that Morse received at least 850,000 stock options.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 99.

100.    Answering Paragraph 100, Defendants note that Paragraph 100 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 100 purports to contain factual allegations requiring a response, Defendants admit that Aronoff received at least 1,350,000 stock option grants.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 100.

101.    Answering Paragraph 101, Defendants note that Paragraph 101 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 101 purports to contain factual allegations requiring a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-20-                                           Defendants' Answer
CV06-6863 DOC (RNB)

response, Defendants admit that Doyle received at least 100,000 stock option grants. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 101.

102. Answering Paragraph 102, Defendants note that Paragraph 102 contains legal and/or accounting conclusions, which require no response. To the extent that Paragraph 102 purports to contain factual allegations requiring a response, Defendants admit that Garn received at least 480,000 stock option grants. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 102.

103. Answering Paragraph 103, Defendants note that Paragraph 103 contains legal and/or accounting conclusions, which require no response. To the extent that Paragraph 103 purports to contain factual allegations requiring a response, Defendants admit that Brooks received at least 40,000 stock option grants. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 103.

104. Answering Paragraph 104, Defendants note that Paragraph 104 contains legal and/or accounting conclusions, which require no response. To the extent that Paragraph 104 purports to contain factual allegations requiring a response, Defendants admit that Foley received at least 46,000 stock option grants. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 104.

105. Answering Paragraph 105, Defendants note that Paragraph 105 contains legal and/or accounting conclusions, which require no response. To the extent that Paragraph 105 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 105.

106. Answering Paragraph 106, Defendants note that Paragraph 106 contains legal and/or accounting conclusions, which require no response. To the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-21-

Defendants' Answer
CV06-6863 DOC (RNB)

1    extent that Paragraph 106 purports to contain factual allegations requiring a

2    response, Defendants deny each and every allegation in Paragraph 106.

3        107.   Answering Paragraph 107, Defendants note that Paragraph 107

4    contains legal conclusions, which require no response.  To the extent that Paragraph

5    107 purports to contain factual allegations requiring a response, Defendants admit

6    that Murdock served on the Compensation Committee between 1999 and February

7    2005.  Defendants lack knowledge or information sufficient to form a belief as to

8    the truth of the allegations in Paragraph 107 and, on that basis, deny the allegations

9    in Paragraph 107 regarding Murdock's knowledge.  Except as specifically admitted

10   herein, Defendants deny each and every allegation in Paragraph 107.

11       108.   Answering Paragraph 108, Defendants note that Paragraph 108

12   contains legal and/or accounting conclusions, which require no response.  To the

13   extent that Paragraph 108 purports to contain factual allegations requiring a

14   response, Defendants admit that Quest's Charter of the Audit Committee of the

15   Board of Directors contains the quoted language.  Defendants also admit that Doyle

16   served on the Audit Committee from 1999 until 2001 and that Murdock began his

17   service on the Audit Committee in 1999.  Except as specifically admitted herein,

18   Defendants deny each and every allegation in Paragraph 108.

19       109.   Answering Paragraph 109, Defendants note that Paragraph 109

20   contains legal and/or accounting conclusions, which require no response.  To the

21   extent that Paragraph 109 purports to contain factual allegations requiring a

22   response, Defendants deny the allegations in Paragraph 109.

23       110.   Answering Paragraph 110, Defendants note that Paragraph 110

24   contains legal and/or accounting conclusions, which require no response.  To the

25   extent that Paragraph 110 purports to contain factual allegations requiring a

26   response, Defendants deny the allegations in Paragraph 110.

27       111.   Answering Paragraph 111, Defendants note that Paragraph 111

28   contains legal and/or accounting conclusions, require no response.  To the extent

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-22-                    Defendants' Answer
                       CV06-6863 DOC (RNB)

that Paragraph 111 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 111.

112.   Answering Paragraph 112, Defendants admit that Quest filed form 10-Qs from the third quarter of fiscal 2001 through the end of fiscal 2004 with the SEC.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 112.

113.   Answering Paragraph 113, Defendants note that Paragraph 113 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 113 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 113.

114.   Answering Paragraph 114, Defendants note that Paragraph 114 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 114 purports to contain factual allegations requiring a response, Defendants admit that Quest's Form 10-Qs filed for the quarters ended September 30, 2001, through September 20, 2002, contain the quoted language.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 114.

115.   Answering Paragraph 115, Defendants admit that Morse and Brooks signed each Form 10-Q filed by Quest for the third quarter of fiscal 2001 through the end of fiscal 2004.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 115.

116.   Answering Paragraph 116, Defendants note that Paragraph 116 contains legal conclusions, which require no response.  To the extent that Paragraph 116 purports to contain factual allegations requiring a response, Defendants admit that Smith and Morse signed certifications for each Form 10-Q for the second quarter of fiscal 2002 through the end of fiscal 2004.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 116.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-23-

Defendants' Answer
CV06-6863 DOC (RNB)

117.   Answering Paragraph 117, Defendants note that Paragraph 117 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 117 purports to contain factual allegations requiring a response, Defendants admit that Quest filed form 10-Qs for the first quarter of fiscal 2005 through the first quarter of fiscal 2006 with the SEC.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 117.

118.   Answering Paragraph 118, Defendants note that Paragraph 118 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 118 purports to contain factual allegations requiring a response, Defendants admit that Quest filed Form 10-Qs for the first quarter of fiscal 2005 through first quarter of fiscal 2006 with the SEC.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 118.

119.   Answering Paragraph 119, Defendants admit that Lambert and Brooks signed each Form 10-Q for the first quarter of fiscal 2005 through the first quarter of fiscal 2006.

120.   Answering Paragraph 120, Defendants note that Paragraph 120 contains legal conclusions, which require no response.  To the extent that Paragraph 120 purports to contain factual allegations requiring a response, Defendants admit that Smith and Lambert signed certifications for each Form 10-Q for the first quarter of fiscal 2005 through the first quarter of fiscal 2006.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 120.

121.   Answering Paragraph 121, Defendants note that Paragraph 121 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 121 purports to contain factual allegations requiring a response, Defendants admit that Quest filed its form 10-K405 for the year ended December 31, 2001 on April 1, 2002, and its form 10-Ks for the years ended December 31, 2002 and December 31, 2003 on March 31, 2003 and March 15,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-24-                    Defendants' Answer
CV06-6863 DOC (RNB)

2004, respectively, with the SEC.    Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 121.

122.    Answering Paragraph 122, Defendants note that Paragraph 122 contains legal and/or accounting conclusions, which require no response.    To the extent that Paragraph 122 purports to contain factual allegations requiring a response, Defendants admit that Quest filed its form 10-K for the year ended December 31, 2004 with the SEC on March 16, 2005.    Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 122.

123.    Answering Paragraph 123, Defendants notes that Paragraph 123 contains legal and/or accounting conclusions, which require no response.    To the extent that Paragraph 123 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 123.

124.    Answering Paragraph 124, Defendants note that Paragraph 124 contains legal and/or accounting conclusions, which require no response.    To the extent that Paragraph 124 purports to contain factual allegations requiring a response, Defendants admit that Quest's Form 10-K filed for the year ended December 31, 2001 contains the quoted language.    Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 124.

125.    Answering Paragraph 125, Defendants admit that the Form 10-K405 filed in 2002 and the Form 10-Ks filed in 2003 and 2004 were signed by Smith, Doyle, Morse, Brooks, and Murdock.

126.    Answering Paragraph 126, Defendants admit that the Form 10-K filed in 2005 was signed by Smith, Morse, Brooks, and Murdock.

127.    Answering Paragraph 127, Defendants note that Paragraph 127 contains legal conclusions, which require no response.    To the extent that Paragraph 127 purports to contain factual allegations requiring a response, Defendants admit that Smith and Morse signed certifications for each Form 10-K filed in years 2003

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-25-

Defendants' Answer
CV06-6863 DOC (RNB)

through 2005.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 127.

128.  Answering Paragraph 128, Defendants note that Paragraph 128 contains legal conclusions, which require no response.  To the extent that Paragraph 128 purports to contain factual allegations requiring a response, Defendants admit that Quest filed its form 10-K for the year ended December 31, 2005 with the SEC on March 16, 2006.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 128.

129.  Answering Paragraph 129, Defendants note that Paragraph 129 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 129 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 129.

130.  Answering Paragraph 130, Defendants admit that the Form 10-K filed in 2006 was signed by Smith, Lambert, Brooks, and Murdock.

131.  Answering Paragraph 131, Defendants note that Paragraph 131 contains legal conclusions, which require no response.  To the extent that Paragraph 131 purports to contain factual allegations requiring a response, Defendants admit that Smith and Lambert signed certification for Form 10-K for the year ended December 31, 2005.  Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 131.

132.  Answering Paragraph 132, Defendants note that Paragraph 132 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 132 purports to contain factual allegations requiring a response, Defendants admit that the proxy statement Quest filed with the SEC on April 30, 2002 (the "2002 Proxy Statement") contains the quoted language.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 132.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-26-

Defendants' Answer
CV06-6863 DOC (RNB)

133.   Answering Paragraph 133, Defendants note that Paragraph 133 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 133 purports to contain factual allegations requiring a response, Defendants admit that the proxy statement Quest filed with the SEC on April 30, 2003 (the "2003 Proxy Statement") contains the quoted language.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 133.

134.   Answering Paragraph 134, Defendants note that Paragraph 134 contains legal and/or accounting conclusions, which require no response.  To the extent Paragraph 134 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 134.

135.   Answering Paragraph 135, Defendants note that Paragraph 135 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 135 purports to contain factual allegations requiring a response, Defendants admit that the 2002 Proxy Statement disclosed the stock option grants to Smith, Doyle, Garn, Aronoff, and Morse in 2001.  Defendants also admit that the 2002 Proxy Statement contains the quoted language, although the language is not in bold or italicized.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 135.

136.   Answering Paragraph 136, Defendants note that Paragraph 136 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 136 purports to contain factual allegations requiring a response, Defendants admit that Quest filed a proxy statement with the SEC on May 19, 2004 (the "2004 Proxy Statement").  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 136.

137.   Answering Paragraph 137, Defendants admit that Murdock signed the Compensation Committee reports in the 2002 and 2004 Proxy Statements.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-27-

Defendants' Answer
CV06-6863 DOC (RNB)

138.  Answering Paragraph 138, Defendants admit that the proxy statements Quest filed in the years 2002 through 2005 contain the quoted language.

139.  Answering Paragraph 139, Defendants admit that Murdock signed the Audit Committee report in the 2002 Proxy Statement.

140.  Answering Paragraph 140, Defendants admit that Murdock signed the Audit Committee report in the 2003 Proxy Statement.

141.  Answering Paragraph 141, Defendants admit that Murdock signed the Audit Committee report in the 2004 Proxy Statement.

142.  Answering Paragraph 142, Defendants note that Paragraph 142 contains legal conclusions, which require no response.  To the extent that Paragraph 142 purports to contain factual allegations requiring a response, Defendants admit that Quest filed a proxy statement with the SEC on July 11, 2005 (the "2005 Proxy Statement").  Defendants also admit that Murdock signed the Audit Committee report in the 2005 Proxy Statement.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 142.

143.  Answering Paragraph 143, Defendants note that Paragraph 143 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 143 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 143.

144.  Answering Paragraph 144, Defendants note that Paragraph 144 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 144 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 144

145.  Answering Paragraph 145, Defendants note that Paragraph 145 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 145 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 145.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-28-

Defendants' Answer
CV06-6863 DOC (RNB)

146.   Answering Paragraph 146, Defendants note that Paragraph 146 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 146 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 146.

147.   Answering Paragraph 147, Defendants admit that every proxy statement filed by Quest during the putative class period contained a proposal to elect a slate of directors nominated by Quest's Board.  Defendants also admit that each year during the putative class period the shareholders of Quest elected the slate of directors proposed in the proxy statements.

148.   Answering Paragraph 148, Defendants admit that every proxy statement filed by Quest during the putative class period contained a proposal to ratify an independent auditor.  Defendants also admit that each year during the putative class period the shareholders of Quest ratified the independent auditor proposed in the proxy statements.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 148.

149.   Answering Paragraph 149, Defendants admit that the 2003 Proxy Statement contained a proposal to amend the Stock Incentive Plan to increase the shares for issuance under the Plan by an additional 6,000,000 shares. Defendants also admit that the Quest Board recommended that the shareholders vote "YES" on the proposal.  Defendants further admit the shareholders approved this amendment to the Plan.

150.   Answering Paragraph 150, Defendants admit that the 2004 Proxy Statement contained a proposal to amend the Stock Incentive Plan to increase the shares for issuance under the Plan by an additional 5,000,000 shares. Defendants also admit that the Quest Board recommended that the shareholders vote "YES" on the proposal.  Defendants further admit the shareholders approved this amendment to the Plan.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-29-

Defendants' Answer
CV06-6863 DOC (RNB)

151.   Answering Paragraph 151, Defendants note that Paragraph 151 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 151 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 151.

152.   Answering Paragraph 152, Defendants admit that on May 19, 2006 Goldman Sachs published an analyst report, admit that the report contains the quoted language, although the language is not in bold or italicized, and refer the Court to that document for its true and correct contents.

153.   Answering Paragraph 153, Defendants note that Paragraph 153 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 153 purports to contain factual allegations requiring a response, Defendants admit that the price of Quest's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 153.

154.   Answering Paragraph 154, Defendants admit that Quest issued a press release on May 22, 2006 announcing the formation of a Special Committee to investigate Quest's historical stock option granting practices, which contained the quoted language.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 154.

155.   Answering Paragraph 155, Defendants admit that the price of Quest's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 155.

156.   Answering Paragraph 156, Defendants note that Paragraph 156 contains legal conclusions, which require no response.  To the extent that Paragraph 156 purports to contain factual allegations requiring a response, Defendants admit that a report by an analyst for Stifel, Nicolaus & Company was issued on May 23,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-30-                    Defendants' Answer
CV06-6863 DOC (RNB)

1    2006, admit that the report contains the quoted language, and refer the Court to that

2    report for its true and correct contents.

3        157.  Answering Paragraph 157, Defendants admit that on June 1,

4    2006, Quest announced that it had been contacted by the SEC regarding an informal

5    inquiry relating to Quest's historical stock option granting practices and that Quest

6    would cooperate fully with the inquiry.

7        158.  Answering Paragraph 158, Defendants admit that on June 14,

8    2006, Quest announced that H. John Dirks had been elected as a director of Quest,

9    and would join a Special Committee to conduct an investigation into Quest's

10   historical stock option granting practices.  Except as specifically admitted herein,

11   Defendants deny each and every allegation in Paragraph 158.

12       159.  Answering Paragraph 159, Defendants note that Paragraph 159

13   contains legal and/or accounting conclusions, which require no response.  To the

14   extent that Paragraph 159 purports to contain factual allegations requiring a

15   response, Defendants admit that Quest issued a press release on July 5, 2006, admit

16   that the press released contained the quoted language, although the language is not

17   in bold or italicized, and refer the Court to that press release for its true and correct

18   contents.  Except as specifically admitted herein, Defendants deny each and every

19   allegation in Paragraph 159.

20       160.  Answering Paragraph 160, Defendants admit that the July 5,

21   2006 press release contained the quoted language, although the language is not in

22   bold or italicized.  Except as specifically admitted herein, Defendants deny each

23   and every allegation in Paragraph 160.

24       161.  Answering Paragraph 161, Defendants admit that the July 5,

25   2006 press release contained the quoted language.  Except as specifically admitted

26   herein, Defendants deny each and every allegation in Paragraph 161.

27       162.  Answering Paragraph 162, Defendants note that Paragraph 162

28   contains legal conclusions, which require no response.  To the extent that Paragraph

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-31-                    Defendants' Answer
                       CV06-6863 DOC (RNB)

162 purports to contain factual allegations requiring a response, Defendants admit that the price of Quest's common stock traded at the prices reported by the NASDAQ stock exchange on the relevant dates, which speak for themselves. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 162.

163.  Answering Paragraph 163, Defendants note that Paragraph 163 contains legal conclusions, which require no response.  To the extent that Paragraph 163 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 163.

164.  Answering Paragraph 164, Defendants note that Paragraph 164 contains legal conclusions, which require no response.  To the extent that Paragraph 163 purports to contain factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, deny the allegations in Paragraph 164.

165.  Answering Paragraph 165, Defendants admit that Quest did not timely file a Form 10-Q for the second quarter of 2006 because its internal investigation into its historical stock option granting practices was ongoing and Quest had yet to determine what restatements, if any, would be made.  Defendants also admit that Quest filed a Form NT 10-Q on August 10, 2006, containing the quoted language.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 165.

166.  Answering Paragraph 166, Defendants admit that on August 17, 2006, Quest filed a Form 8-K with the SEC and refers the Court to that document for its true and correct contents.  Defendants admit that the Form 8-K contains the quoted language.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 166.

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

-32-

Defendants' Answer
CV06-6863 DOC (RNB)

167. Answering Paragraph 167, Defendants admit that on October 26, 2006, Quest filed a Form 8-K with the SEC, stating that Brooks was reassigned from his role as Corporate Controller and Principal Accounting Officer of Quest as of October 20, 2006, and containing the quoted language. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 167.

168. Answering Paragraph 168, Defendants admit that on January 15, 2007, Quest issued a press release containing the quoted language, although the language is not in bold. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 168.

169. Answering Paragraph 169, Defendants admit that the January 15, 2007 press release stated that the Special Committee estimated the aggregate pre-tax, non-cash stock-based compensation expense arising from Quest's stock option granting practices to be approximately $150 million through the period ended March 31, 2006. Defendants admit that the press release contains the quoted language. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 169.

170. Answering Paragraph 170, Defendants admit that Quest announced on January 15, 2007, that Quest would reprice certain stock options using the corrected accounting measurement dates and attempt to recover gains realized by certain executive officers from exercising improperly priced options. Defendants admit that as of December 31, 2006, Quest had repriced stock options covering at least 1.6 million shares of common stock. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 170.

171. Answering Paragraph 171, Defendants admit that the January 15, 2007 press release stated that the SEC was conducting an investigation into Quest's stock option granting practices, and that Quest was cooperating with the United States Attorney's Office for the Central District of California.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

172.   Answering Paragraph 172, Defendants admit that Quest filed its Form 10-K for the year ended December 31, 2006, and its Form 10-Qs for the quarterly periods ended June 30, 2006, and September 30, 2006, with the SEC on December 7, 2007 (collectively, the "Restated Filings").   Defendants also admit that Quest filed its Form 10-Qs for the quarters ended March 31, 2007, June 30, 2007, and September 30, 2007, with the SEC on December 31, 2007.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 172.

173.   Answering Paragraph 173, Defendants admit that Quest's "restatement" Form 10-K contains the quoted language, although the language is not in bold.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 173.

174.   Answering Paragraph 174, Defendants note that Paragraph 174 contains legal and/or accounting conclusions, which require no response.   To the extent that Paragraph 174 purports to contain factual allegations requiring a response, Defendants admit that the Restated Filings stated that the Special Committee found that certain stock option grants were priced and dated "as of" the lowest date in either the month or the quarter.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 174.

175.   Answering Paragraph 175, Defendants admit that the Restated Filings contain the quoted language, although the language is not in bold or italicized.

176.   Answering Paragraph 176, Defendants admit that the Restated Filings contain the quoted language, although the language is not in bold or italicized.

177.   Answering Paragraph 177, Defendants admit that the Restated Filings contain the quoted language, although the language is not in bold or italicized.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

178. Answering Paragraph 178, Defendants note that Paragraph 178 contains legal and/or accounting conclusions, which require no response. Defendants admit that Quest filed Restated Filings and refer the Court to the Restated Filings for their true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 178.

179. Answering Paragraph 179, Defendants notes that Paragraph 179 contains legal and/or accounting conclusions, which require no response. To the extent that Paragraph 179 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 179.

180. Answering Paragraph 180, Defendants admit that Quest's Form 10-K for the year ended December 31, 2006, and Forms 10-Q for the periods ended June 30, 2006 and September 30, 2006 contain the quoted language, although the language is not in bold or italicized.

181. Answering Paragraph 181, Defendants note that Paragraph 181 contains legal conclusions, which require no response. To the extent that Paragraph 181 purports to contain factual allegations requiring a response, Defendants admit that Morse resigned from Quest. Defendants also admit that Morse refused to be interviewed by the Special Committee of the Board of Directors in connection with its investigation into historical option granting practices at Quest. Defendants also admit that Brooks was reassigned in connection with the Special Committee's investigation. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 181.

182. Answering Paragraph 182, Quest notes that Paragraph 182 contains legal and/or accounting conclusions, which require no response. To the extent that Paragraph 182 purports to contain factual allegations requiring a response, Defendants admit that Quest announced that the additional pre-tax stock-based compensation expense Quest as a result of Quest's historical stock option granting practices is approximately $136.9 million. Defendants admit that Quest

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-35-

Defendants' Answer
CV06-6863 DOC (RNB)

1    originally estimated such compensation expense to be approximately $150 million.

2    Defendants admit that Quest's Form 10-K for the year ended December 31, 2006,

3    contains the quoted language.  Except as specifically admitted herein, Defendants

4    deny each and every allegation in Paragraph 182.

5             183.    Answering Paragraph 183, Defendants note that Paragraph 183

6    contains legal and/or accounting conclusions, which require no response.  To the

7    extent that Paragraph 183 purports to contain factual allegations requiring a

8    response, Defendants admit the amounts of increases in pre-tax stock-based

9    compensation expense for years 1999 through 2005, as stated in Paragraph 183.

10            184.    Answering Paragraph 184, Defendants note that Paragraph 184

11   contains legal and/or accounting conclusions, which require no response.  To the

12   extent that Paragraph 184 purports to contain factual allegations requiring a

13   response, Defendants deny the allegations in Paragraph 184.

14            185.    Answering Paragraph 185, Defendants note that Paragraph 185

15   contains legal and/or accounting conclusions, which require no response.  To the

16   extent that Paragraph 185 purports to contain factual allegations requiring a

17   response, Defendants deny the allegations in Paragraph 185.

18            186.    Answering Paragraph 186, Defendants note that Paragraph 186

19   contains Plaintiff's characterization and legal conclusions, which require no

20   response.  To the extent that Paragraph 186 purports to contain factual allegations

21   requiring a response, Defendants deny the allegations in Paragraph 186.

22            187.    Answering Paragraph 187, Defendants note that this paragraph

23   contains Plaintiff's characterization of accounting principles, legal and/or

24   accounting conclusions, which require no response.  To the extent that Paragraph

25   187 purports to contain factual allegations requiring a response, Defendants deny

26   the allegations in Paragraph 187.

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-36-                        Defendants' Answer
                            CV06-6863 DOC (RNB)

188. Answering Paragraph 188, Defendants admit that Quest's financial statements throughout the purported class period were stated as having been prepared in accordance with GAAP.

189. Answering Paragraph 189, Defendants note that Paragraph 189 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 189 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 189.

190. Answering Paragraph 190, Defendants note that Paragraph 190 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 190 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 190.

191. Answering Paragraph 191, Defendants deny the allegations in Paragraph 191.

192. Answering Paragraph 192, Defendants admit that Quest must incur an aggregate pre-tax, non-cash stock-based compensation expense of $136.9 million.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 192.

193. Answering Paragraph 193, Defendants notes that Paragraph 193 contains legal and/or accounting conclusions, which require no response.  To the extent that Paragraph 193 purports to contain factual allegations requiring a response, Defendants admit that Quest's stated policy was to grant Incentive Options, as that term was defined in Quest's Stock Incentive Plan, at a price equal to or greater than the price of the underlying stock on the date of the grant. Defendants refer the Court to APB Statement No. 25 for its true and correct contents.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 193.

194. Answering Paragraph 194, Defendants note that Paragraph 194 contains legal and/or accounting conclusions, which require no response.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1  Defendants refer the Court to the cited documents for their true and correct
2  contents. To the extent that Paragraph 194 purports to contain factual allegations
3  requiring a response, Defendants deny the allegations in Paragraph 194.

4       195.  Answering Paragraph 195, Defendants note that Paragraph 195
5  contains Plaintiff's characterization and legal and/or accounting conclusions, which
6  require no response. To the extent that Paragraph 195 purports to contain factual
7  allegations requiring a response, Defendants deny the allegations in Paragraph 195.

8       196.  Answering Paragraph 196, Defendants note that Paragraph 196
9  contains legal and/or accounting conclusions, which require no response. To the
10  extent that Paragraph 196 purports to contain factual allegations requiring a
11  response, Defendants deny the allegations in Paragraph 196.

12       197.  Answering Paragraph 197, Defendants note that Paragraph 197
13  contains legal and/or accounting conclusions, which require no response. To the
14  extent that Paragraph 197 purports to contain factual allegations requiring a
15  response, Defendants deny the allegations in Paragraph 197.

16       198.  Answering Paragraph 198, Defendants note that Paragraph 198
17  contains legal conclusions, which require no response. To the extent that Paragraph
18  198 purports to contain factual allegations requiring a response, Defendants deny
19  the allegations in Paragraph 198.

20       199.  Answering Paragraph 199, Defendants note that Paragraph 199
21  contains legal and/or accounting conclusions, which require no response. To the
22  extent that Paragraph 199 purports to contain factual allegations requiring a
23  response, Defendants deny the allegations in Paragraph 199.

24       200.  Answering Paragraph 200, Defendants admit that Brooks was
25  Quest's Vice President and Corporate Controller from September 2000 until
26  October 20, 2006. Defendants also admit that Brooks was reassigned from his role
27  as Quest's Vice President and Corporate Controller on October 20, 2006. Except as

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-38-

1   specifically admitted herein, Defendants deny each and every allegation in
2   Paragraph 200.

3       201.   Answering Paragraph 201, Defendants admit that Smith, Morse,
4   Garn, Doyle, and Brooks received option grants that the Special Committee
5   determined had incorrect measurement dates.   Except as specifically admitted
6   herein, Defendants deny each and every allegation in Paragraph 201.

7       202.   Answering Paragraph 202, Defendants admit that Smith sold
8   shares of Quest stock, as reflected in Paragraph 202, and that Smith filed or caused
9   to be filed corresponding Form 4s with the SEC.   Defendants refer the Court to
10  those documents for their true and correct contents.

11      203.   Answering Paragraph 203, Defendants admit that Doyle sold
12  shares of Quest stock, as reflected in Paragraph 203, and that Doyle filed or caused
13  to be filed corresponding Form 4s with the SEC.   Defendants refer the Court to
14  those documents for their true and correct contents.

15      204.   Answering Paragraph 204, Defendants admit that Garn sold
16  shares of Quest stock, as reflected in Paragraph 204, and that Garn filed or caused
17  to be filed corresponding Form 4s with the SEC.   Defendants refer the Court to
18  those documents for their true and correct contents.

19      205.   Answering Paragraph 205, Defendants admit that Murdock sold
20  shares of Quest stock, as reflected in Paragraph 205, and that Murdock filed or
21  caused to be filed corresponding Form 4s with the SEC.   Defendants refer the Court
22  to those documents for their true and correct contents.

23      206.   Answering Paragraph 206, Defendants admit that Brooks sold
24  shares of Quest stock, as reflected in Paragraph 205, and that Brooks filed or caused
25  to be filed corresponding Form 4s with the SEC.   Defendants refer the Court to
26  those documents for their true and correct contents.

27      207.   Answering Paragraph 207, Defendants admit that Smith, Garn,
28  Doyle, Murdock, and Brooks together sold at least 2,744,737 shares of Quest

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-39-                    Defendants' Answer
CV06-6863 DOC (RNB)

common stock during the purported class period for proceeds of approximately $38,547,581.72. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 207.

208.   Answering Paragraph 208, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, deny the allegations in Paragraph 208.

209.   Answering Paragraph 209, Defendants note that Paragraph 209 contains legal and/or accounting conclusions, which require no response. To the extent that Paragraph 209 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 209.

210.   Answering Paragraph 210, Defendants deny the allegations in Paragraph 210.

211.   Answering Paragraph 211, Defendants note that Paragraph 211 contains Plaintiff's characterization and legal conclusions, which require no response. To the extent that Paragraph 211 purports to contain factual allegations requiring a response, Defendants admit that an article published in *The Wall Street Journal* contains the quoted language, although the language is not in bold. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 211.

212.   Answering Paragraph 212, Defendants note that Paragraph 212 contains legal conclusions, which require no response. To the extent that Paragraph 212 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 212.

213.   Answering Paragraph 213, Defendants deny the allegations in Paragraph 213.

214.   Answering Paragraph 214, Defendants deny the allegations in Paragraph 214.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-40-

Defendants' Answer
CV06-6863 DOC (RNB)

1    215.    Answering Paragraph 215, Defendants deny the allegations in

2    Paragraph 215.

3    216.    Answering Paragraph 216, Defendants note that Paragraph 216

4    contains legal and/or accounting conclusions, which require no response.  To the

5    extent that Paragraph 216 purports to contain factual allegations requiring a

6    response, Defendants deny the allegations in Paragraph 216.

7    217.    Answering Paragraph 217, Defendants note that Paragraph 217

8    contains legal conclusions to which no response is required.  To the extent that

9    Paragraph 217 purports to contain factual allegations requiring a response,

10   Defendants deny the allegations in Paragraph 217.

11   218.    Answering Paragraph 218, Defendants note that Paragraph 218

12   contains legal conclusions, which require no response.  To the extent that Paragraph

13   218 purports to contain factual allegations requiring a response, Defendants deny

14   the allegations in Paragraph 218.

15   219.    Answering Paragraph 219, Defendants note that Paragraph 219

16   contains legal and/or accounting conclusions, which require no response.  To the

17   extent that Paragraph 219 purports to contain factual allegations requiring a

18   response, Defendants deny the allegations in Paragraph 219.

19   220.    Answering Paragraph 220, Defendants notes that Paragraph 220

20   contains Plaintiff's characterization of this action, as well as legal conclusions,

21   which require no response.  To the extent that Paragraph 220 purports to contain

22   factual allegations requiring a response, Defendants admit that the price of Quest's

23   common stock traded at the prices reported by the NASDAQ stock exchange on the

24   relevant dates, which speak for themselves.  Except as specifically admitted herein,

25   Defendants deny each and every allegation in Paragraph 220.

26   221.    Answering Paragraph 221, Defendants note that Paragraph 221

27   contains legal and/or accounting conclusions, which require no response.  To the

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-41-                        **Defendants' Answer**
                            **CV06-6863 DOC (RNB)**

extent that Paragraph 221 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 221.

222.   Answering Paragraph 222, Defendants deny the allegation in Paragraph 222.

223.   Answering Paragraph 223, Defendants deny the allegations in Paragraph 223.

224.   Answering Paragraph 224, Defendants note that Paragraph 224 contains legal conclusions, which require no response.  To the extent that Paragraph 224 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 224.

225.   Answering Paragraph 225, Defendants that Paragraph 225 contains legal conclusions, which require no response.  To the extent that Paragraph 225 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 225.

226.   Answering Paragraph 226, Defendants incorporate their responses to Paragraphs 1 through 225 as though fully set forth herein.

227.   Answering Paragraph 227, Defendants note that Paragraph 227 sets forth Plaintiff's characterization of this action as well as legal conclusions, which require no response.  To the extent that Paragraph 227 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 227.

228.   Answering Paragraph 228, Defendants deny the allegations in Paragraph 228.

229.   Answering Paragraph 229, Defendants deny the allegations in Paragraph 229.

230.   Answering Paragraph 230, Defendants note that Paragraph 230 contains legal conclusions, which require no response.  To the extent that Paragraph

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-42-

Defendants' Answer
CV06-6863 DOC (RNB)

230 purports to contain factual allegations requiring a response, Defendants deny the allegations of Paragraph 230.

231. Answering Paragraph 231, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and, on that basis, deny the allegations in Paragraph 231.

232. Answering Paragraph 232, Defendants deny the allegations in Paragraph 232.

233. Answering Paragraph 233, Defendants deny the allegations in Paragraph 233.

234. Answering Paragraph 234, Defendants note that Paragraph 234 contains legal conclusions, which require no response. To the extent that Paragraph 234 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 234.

235. Answering Paragraph 235, Defendants incorporate their responses to Paragraphs 1 through 234 as though fully set forth herein.

236. Answering Paragraph 236, Defendants admit that Plaintiff purports to bring a claim pursuant to §20(a) of the Exchange Act, 15 U.S.C. §78t(a) against Smith, Morse, Lambert, Doyle, Murdock, and Brooks. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 236.

237. Answering Paragraph 237, Defendants note that Paragraph 237 contains legal conclusions, which require no response. To the extent that Paragraph 237 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 237.

238. Answering Paragraph 238, Defendants deny the allegations in Paragraph 238.

239. Answering Paragraph 239, Defendants deny the allegations in Paragraph 239.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-43-

Defendants' Answer
CV06-6863 DOC (RNB)

240.   Answering Paragraph 240, Defendants note that Paragraph 240 contains legal conclusions, which require no response.  To the extent that Paragraph 240 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 240.

241.   Answering Paragraph 241, Defendants note that Paragraph 241 contains legal conclusions, which require no response.  To the extent that Paragraph 241 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 241.

242. Answering Paragraph 242, Defendants  incorporate their responses to Paragraphs 1 through 241 as though fully set forth herein.

243.   Answering Paragraph 243, Defendants note that Paragraph 243 contains legal conclusions, which require no response.  To the extent that Paragraph 243 purports to contain factual allegations requiring a response, Defendants admit that Plaintiff purports to bring claims pursuant to §20(a) of the Exchange Act, 15 U.S.C. §78t(a) against Smith, Garn, Doyle, Murdock, and Brooks.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 243.

244.   Answering Paragraph 244, Defendants deny that Paragraph 244 contains legal conclusions, which require no response.  To the extent that Paragraph 244 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 244.

245.   Answering Paragraph 245, Quest notes that Paragraph 245 contains legal conclusions, which require no response.  To the extent that Paragraph 245 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 245.

246.   Answering Paragraph 246, Defendants admit that Plaintiff purports to have purchased shares of  Quest common stock, as stated in Paragraph 246.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-44-                                    **Defendants' Answer**
**CV06-6863 DOC (RNB)**

247. Answering Paragraph 247, Defendants admit that Smith sold 10,000 shares on January 24, 2006, Garn sold 15,000 shares within eight days of December 16, 2005, and Brooks sold 2,500 shares on November 25, 2005. Defendants admit that Plaintiff purports to have purchased shares of Quest common stock, as stated in Paragraph 246.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 247.

248. Answering Paragraph 248, Defendants note that Paragraph 248 contains legal conclusions, which require no response.  To the extent that Paragraph 248 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 248.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The SAC, and each cause of action therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

A portion or all of the alleged damages by Plaintiff and members of the putative plaintiff class are attributable to causes other than the depreciation in value of the stock resulting from any alleged false and misleading statements or omissions made during the putative Class Period.

### Third Affirmative Defense

The claims alleged in the SAC are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, and/or unclean hands.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-45-

Defendants' Answer
CV06-6863 DOC (RNB)

Fifth Affirmative Defense

Plaintiff and the members of the putative plaintiff class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

Sixth Affirmative Defense

Many of the matters now claimed by the SAC to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiff and other members of the putative plaintiff class and were at all times reflected in the price of Quest's stock.

Seventh Affirmative Defense

Plaintiff and members of the putative class were negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the Complaint upon which they assert liability against Defendants.  Thus, the actual and proximate cause of the damage to plaintiff, if any, in whole or in part, is Plaintiff's negligence and their failure to exercise reasonable care.

Eight Affirmative Defense

If any false or misleading statement was made, or any material fact required to be stated  or necessary to make any statement made not misleading was omitted, then Plaintiff and some or all of the putative plaintiff class were aware of that misstatement or omission and/or did not rely upon it in purchasing Quest's common stock.

Ninth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiff and members of the putative plaintiff class, if any, is subject to offset in the amount of any benefits received by Plaintiff or members of the putative plaintiff class through their investments.

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-46-

Defendants' Answer
CV06-6863 DOC (RNB)

1

Tenth Affirmative Defense

2        Plaintiffs' claims are barred, in whole or in part, because Quest acted in good

3 faith and in conformity with all applicable federal statutes, including the Securities

4 Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of

5 1995, and all applicable rules and regulations promulgated thereunder.

6

Eleventh Affirmative Defense

7        With respect to Plaintiff's claims under Section 10(b) of the Exchange Act,

8 any recovery for damages allegedly incurred by plaintiffs, if any, is limited to the

9 percentage of responsibility of the Defendants in proportion to the total fault of all

10 persons, named as parties to this action or not, who caused or contributed to

11 plaintiffs' alleged damages, pursuant to the Proportionate Liability provisions of the

12 Private Securities Litigation Reform Act of 1995, codified as 15 U.S.C. § 78u-

13 4(f)(2)(a).

14

Twelfth Affirmative Defense

15        Plaintiff's claims are barred, in whole or part, by the safe harbor provisions

16 of the Private Securities Litigation Reform Act of 1995, codified as 15 U.S.C. §

17 78u-5(c).

18

Thirteenth Affirmative Defense

19        Plaintiff's claims are barred, in whole or part, because none of the allegedly

20 false or misleading statements are material.

21

Fourteenth Affirmative Defense

22        Plaintiff's claims are barred, in whole or part, as Defendants in good faith

23 relied upon expert advice in determining the stock option accounting treatment that

24 is alleged to have resulted in false or misleading statements.

25

Fifteenth Affirmative Defense

26        Plaintiff's claims are barred, in whole or part, because the stock option grants

27 were compensation earned by Quest's employees.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

-47-

Defendants' Answer
CV06-6863 DOC (RNB)

1    <u>Additional Affirmative Defenses</u>

2        Quest reserves the right to assert additional affirmative defenses once the

3    precise nature of the relevant circumstances or events is determined through

4    discovery.

5        WHEREFORE, Defendants pray that the Court enter judgment as follows:

6        1.    That judgment be entered in favor of the Defendants;

7        2.    That Plaintiff and the putative plaintiff class take nothing from

8    Defendants by this Second Amended Complaint, and that the same be dismissed

9    with prejudice;

10       3.    For costs, attorney's fees, expert witness fees and court hearing costs

11   incurred herein; and

12       4.    For such other relief as the Court deems just and proper.

13       FURTHERMORE, Defendants demand a jury trial.

14

15   Dated:  July 24, 2008                    COOLEY GODWARD KRONISH LLP
                                              KOJI F. FUKUMURA (189719)
16                                            AARON F. OLSEN (224947)

17                                             /s/ Koji F. Fukumura
                                              _____
18                                                    Koji F. Fukumura

19                                            QUEST SOFTWARE, INC., VINCENT C.
                                              SMITH,  MICHAEL J. LAMBERT,
20                                            DOUGLAS F. GARN, DAVID M.
                                              DOYLE,  and KEVIN BROOKS
21

22   595637 v3/SD

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

<u>Defendants' Answer</u>
                                              CV06-6863 DOC (RNB)