1  DECHERT LLP

2  FREDERICK G. HEROLD (CSBN 229239)
   (frederick.herold@dechert.com)
3  RICHARD J. CUTLER (CSBN 146180)
   (richard.cutler@dechert.com)
4  2440 W. El Camino Real, Suite 700
   Mountain View, CA 94040-1499
5  Telephone: (650) 813-4800
   Facsimile: (650) 813-4848
6
   ANDREW J. LEVANDER (*admitted pro
7  hac vice*)
   (andrew.levander@dechert.com)
8  MICHAEL Z. GOLDMAN (*admitted pro
   hac vice*)
9  (michael.goldman@dechert.com)
   1095 Avenue of the Americas
10 New York, NY 10036
   Telephone: (212) 698-3500
11 Facsimile: (212) 698-3599

12 *Attorneys for Defendant Jerry Murdock, Jr.*

13

14              UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16                  SOUTHERN DIVISION

17

18 MIDDLESEX RETIREMENT              Case No.  CV06-6863 DOC (RNB)
   SYSTEM, Individually and on
   Behalf of All Others Similarly     **DEFENDANT JERRY MURDOCK,**
19 Situated,                          **JR.'S ANSWER TO THE SECOND**
                                      **AMENDED COMPLAINT**
20              Plaintiff,

21 v.                                 CTRM:        9D
                                      JUDGE:       Hon. David O. Carter
22 QUEST SOFTWARE, INC.,
   VINCENT C. SMITH, M.
23 BRINKLEY MORSE, MICHAEL J.          DEMAND FOR JURY TRIAL
   LAMBERT, DOUGLAS F. GARN,          RESERVED
24 DAVID M. DOYLE, JERRY
   MURDOCK, JR., and KEVIN
25 BROOKS,

26              Defendants.

27

28

Jerry Murdock, Jr. ("Murdock") hereby answers the Second Amended Complaint ("SAC").

1.     Admits that Plaintiff purports to bring this lawsuit as a class action, admits that Plaintiff purports to include certain persons or entities in the putative Class, admits that Plaintiff alleges a period of time that Plaintiff refers to as the "Class Period," and admits that Plaintiff purports to bring this action under federal securities laws.  Except as specifically admitted herein, Murdock denies the allegations set forth in Paragraph 1 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.     Admits that Plaintiff purports to allege that certain persons or entities failed to disclose, and concealed, that Quest did not properly account for issuing stock option grants at prices that were below fair market value on the actual dates that the grants were approved.  Except as specifically admitted herein, Murdock denies the allegations set forth in Paragraph 2 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.     States that Paragraph 3 contains legal and/or accounting conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and refers the Court to the Accounting Principles Board Statement ("APB") No. 25 for the true and correct contents of that document.

4.     States that Paragraph 4 contains legal and/or accounting conclusions, to which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 4 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.     States that Paragraph 5 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.     States that Paragraph 6 contains legal and/or accounting conclusions, to which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 6 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.     States that Paragraph 7 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 7 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.     States that Paragraph 8 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.     States that Paragraph 9 contains legal and/or accounting conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.     States that Paragraph 10 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     States that Paragraph 11 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     States that Paragraph 12 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock admits that this Court has subject matter jurisdiction over this action.

13.     States that Paragraph 13 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 except admits that venue is proper in this District.

14.     States that Paragraph 14 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Admits that Quest is a California Corporation, with offices located at 5 Polaris Way, Aliso Viejo, California, 92656.  Murdock also admits that Quest designs, develops, distributes, and supports software products that improve the performance and productivity of its customers' packaged and custom software applications and associated software infrastructure components. Murdock admits that Quest's products are used by more than 18,000 customers worldwide, and admits that at all relevant times, Quest's common stock actively traded on the NASDAQ National Market under the symbol "QSFT."  Except as specifically admitted herein, Murdock denies each and every allegation in Paragraph 16.

17.    States that Paragraph 17 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 17 except admits that he served on the Compensation Committee between 1999 and February 2005 and refers the Court to the Charter of the Compensation Committee of the Board of Directors for the true and correct contents of that document.

18.    States that Paragraph 18 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 18 except admits that he served on the Audit Committee at certain times during the Class Period and refers the Court to the Charter of the Audit Committee of the Board of Directors for the true and correct contents of that document.

19.    Admits that Plaintiff purports to bring a claim against Quest under §10(b) of the Exchange Act, as amended, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. §240.10b-5.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.    Admits that Plaintiff purports to bring claims against Vincent C. Smith pursuant to §§ 10(b) and 20(a) of the Exchange Act, as amended, 15 U.S.C. §78j(b) and §78t(a), Rule 10b-5, 17 C.F.R. §240.10b-5, and § 20A of the Exchange Act, 15 U.S.C. §78t-1.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.    Admits that Plaintiff purports to bring claims against Morse pursuant to §§ 10(b) and 20(a) of the Exchange Act, as amended, 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.    Admits that Plaintiff purports to bring a claim against Lambert pursuant to § 20(a) of the Exchange Act, as amended, 15 U.S.C. § 78t(a).

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.    Admits that Plaintiff purports to bring a claim against Garn pursuant to § 20A of the Exchange Act, as amended, 15 U.S.C. § 78t-1.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.    Admits that Plaintiff purports to bring claims against Doyle pursuant to §§ 10(b) and 20(a) of the Exchange Act, as amended, 15 U.S.C. § 78j(b) and § 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5, and  § 20A of the Exchange Act, 15 U.S.C. § 78t-1.

49.    Denies the allegations set forth in Paragraph 49 except admits that he has served as a Director of Quest from April 1999 until the present and was a member of the Compensation Committee of the Board from 1999 to February 2005, that he served as Chairman of the Audit Committee from 1999 to

1  July 2005, that he is a General Partner of Insight Capital Partners, that Insight
2  Capital Partners is an investment firm, and that he co-founded Insight Capital
3  Partners in 1995.

4          50.    Admits that he signed the reports of the Compensation
5  Committee of the Board of Directors contained in the proxy statements filed by
6  Quest with the United States Securities and Exchange Commission ("SEC") in
7  years 2002 through 2004.

8          51.    Admits that he signed the reports of the Audit Committee
9  of the Board of Directors contained in the proxy statements filed by Quest with the
10 SEC in years 2002 through 2005.

11         52.    Admits that he signed each Form 10-K and 10-K405 filed
12 during the purported Class Period.

13         53.    Denies the allegation set forth in Paragraph 53.

14         54.    Denies the allegation set forth in Paragraph 54.

15         55.    Admits that Plaintiff purports to bring claims against him
16 under §§ 10(b) and 20(a) of the Exchange Act, as amended, 15 U.S.C. § 78j(b) and
17 § 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5, and § 20A of the Exchange Act, 15
18 U.S.C. § 78t-1.

19         56.    Denies knowledge or information sufficient to form a
20 belief as to the truth of the allegations in Paragraph 56.

21         57.    Denies knowledge or information sufficient to form a
22 belief as to the truth of the allegations in Paragraph 57.

23         58.    Denies knowledge or information sufficient to form a
24 belief as to the truth of the allegations in Paragraph 58.

25         59.    Denies knowledge or information sufficient to form a
26 belief as to the truth of the allegations in Paragraph 59.

27         60.    Denies knowledge or information sufficient to form a
28 belief as to the truth of the allegations in Paragraph 60.

61.    Admits that Plaintiff purports to bring claims against Brooks pursuant to §§ 10(b) and 20(a) of the Exchange Act, as amended, 15 U.S.C. § 78j(b) and § 78t(a), Rule 10b-5, 17 C.F.R. §240.10b-5, and § 20A of the Exchange Act, 15 U.S.C. §78t-1.

62.    Admits that Plaintiff purports to refer to Smith, Morse, Lambert, Garn, Doyle, Murdock, and Brooks collectively as the "Individual Defendants."

63.    Denies the allegations set forth in Paragraph 63 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.    Denies the allegations set forth in Paragraph 64 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.    Denies the allegations set forth in Paragraph 65 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.    Denies the allegations set forth in Paragraph 66 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.    Denies the allegations set forth in Paragraph 67 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.    Admits that Plaintiff purports to bring this suit as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and all other persons who purchased or otherwise acquired Quest common stock from November 9, 2001, through July 3, 2006 ("purported Class Period").

69.    States that Paragraph 69 contains legal conclusions, to which no response is required.    To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.    States that Paragraph 71 contains legal conclusions, to which no response is required.    To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.    States that Paragraph 73 contains legal conclusions, to which no response is required.    To the extent a response is required, Murdock denies the allegations set forth in Paragraph 73 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.    Denies the allegations set forth in Paragraph 79 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.    States that Paragraph 83 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.    Denies the allegations set forth in Paragraph 88 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and refers the Court to the 1999 Stock Incentive Plan (the "Plan") for the true and correct contents of that document.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and refers the Court to the Plan for the true and correct contents of that document.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105.  Denies the allegations set forth in Paragraph 105 except admits that Quest has restated its financial statements.

106.  Denies the allegations set forth in Paragraph 106 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.  Denies the allegations set forth in Paragraph 107 except admits that he served on the Compensation Committee between 1999 and February 2005 and refers the Court to the Charter of the Compensation Committee of the Board of Directors for the true and correct contents of that document.

108.  Denies the allegations set forth in Paragraph 108 except admits that he served on the Audit Committee at certain times during the purported Class Period and refers the Court to the Charter of the Audit Committee of the Board of Directors for the true and correct contents of that document.

109.  Denies the allegations set forth in Paragraph 109.

110.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and refers the Court to the

cited Quest Form 10-Qs for their true and correct contents.

115.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 except admits that he signed Quest's Form 10-K405 for the year ended December 31, 2001 and Quest's Form 10-Ks for the years ended December 31, 2002 and December 31, 2003.

122.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 except admits that he signed Quest's Form 10-K for the year ended December 31, 2004.

123.   Denies the allegations set forth in Paragraph 123.

124.   Denies the allegations set forth in Paragraph 124 and refers the Court to the cited Quest Form 10-Ks for their true and correct contents.

125.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 except admits that he signed Quest's Form 10-K405 for the year ended December 31, 2001 and Quest's Form 10-Ks for the years ended December 31, 2002 and December 31, 2003.

126.   Denies knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 126 except admits that he signed Quest's Form 10-K for the year ended December 31, 2004.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 except admits that he signed the Compensation and Audit Committee reports contained in the 2002 Proxy Statement.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 except admits that he signed the Compensation and Audit Committee reports contained in the 2003 Proxy Statement.

134.    States that Paragraph 134 contains legal and/or accounting conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and refers the Court to the 2002 Proxy Statement for its true and correct contents.

136.    Denies knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 136 and refers the Court to the 2003 and 2004 Proxy Statements for their true and correct contents.

137.    Admits the allegation contained in Paragraph 137.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and refers the Court to the 2002, 2003, 2004 and 2005 Proxy Statements for their true and correct contents.

139.    Admits the allegation contained in Paragraph 139.

140.    Admits the allegation contained in Paragraph 140.

141.    Admits the allegation contained in Paragraph 141.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 except admits that he signed the Audit Committee reports contained in the 2005 Proxy Statement.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and refers the Court to the 2002 Proxy Statement for their true and correct contents.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and refers the Court to the 2003 Proxy Statement for its true and correct contents.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and refers the Court to the 2004 Proxy Statement for its true and correct contents.

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and refers the Court to the 2005 Proxy Statement for its true and correct contents.

147.    Admits the allegations contained in Paragraph 147.

148.    Admits the allegations contained in Paragraph 148.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.

152. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and refers the Court to the May 19, 2006 Goldman Sachs research report for its true and correct contents.

153. States that Paragraph 153 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.

154. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and refers the Court to the May 22, 2006 Quest press release for its true and correct contents.

155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and refers the Court to the May 23, 2006 Stifel, Nicolaus & Company report for its true and correct contents.

157. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157.

158. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and refers the Court to the July 5, 2006 Quest press release for its true and correct contents.

160. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and refers the Court to the

1  July 5, 2006 Quest press release for its true and correct contents.

2  161.  Denies knowledge or information sufficient to form a
3  belief as to the truth of the allegations in Paragraph 161 and refers the Court to the
4  July 5, 2006 Quest press release for its true and correct contents.

5  162.  Denies knowledge or information sufficient to form a
6  belief as to the truth of the allegations in Paragraph 162.

7  163.  States that Paragraph 163 contains legal conclusions, to
8  which no response is required.  To the extent a response is required, Murdock
9  denies knowledge or information sufficient to form a belief as to the truth of the
10  allegations in Paragraph 163.

11  164.  Denies knowledge or information sufficient to form a
12  belief as to the truth of the allegations in Paragraph 164.

13  165.  Denies knowledge or information sufficient to form a
14  belief as to the truth of the allegations in Paragraph 165 and refers the Court to the
15  August 10, 2006 Quest Form NT 10-Q for its true and correct contents.

16  166.  Denies knowledge or information sufficient to form a
17  belief as to the truth of the allegations in Paragraph 166 and refers the Court to the
18  August 17, 2006 Quest Form 8-K for its true and correct contents.

19  167.  Denies knowledge or information sufficient to form a
20  belief as to the truth of the allegations in Paragraph 167 and refers the Court to the
21  October 26, 2006 Quest Form 8-K for its true and correct contents.

22  168.  Denies knowledge or information sufficient to form a
23  belief as to the truth of the allegations in Paragraph 168 and refers the Court to the
24  January 15, 2007 Quest press release for its true and correct contents.

25  169.  Denies knowledge or information sufficient to form a
26  belief as to the truth of the allegations in Paragraph 169 and refers the Court to the
27  January 15, 2007 Quest press release for its true and correct contents.

28  170.  Denies knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 170 and refers the Court to the January 15, 2007 Quest press release for its true and correct contents.

171. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and refers the Court to the January 15, 2007 Quest press release for its true and correct contents.

172. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and refers the Court to the December 7, 2007 Quest "restatement" Form 10-K for its true and correct contents.

174. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and refers the Court to the Quest Restated Filings for their true and correct contents.

175. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and refers the Court to the Quest Restated Filings for their true and correct contents.

176. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and refers the Court to the Quest Restated Filings for their true and correct contents.

177. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and refers the Court to the Quest Restated Filings for their true and correct contents.

178. States that Paragraph 178 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies the allegations set forth in Paragraph 178 to the extent they are directed at him, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and refers the Court to the Quest Restated Filings for their true and correct contents.

179.  States that Paragraph 179 contains legal and/or accounting conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and refers the Court to the Quest Restated Filings for their true and correct contents.

181.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181.

182.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182.

183.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183.

184.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184.

185.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185.

186.  Denies the allegations set forth in Paragraph 186 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186.

187.  States that Paragraph 187 contains Plaintiff's characterization of accounting principles and legal and/or accounting conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187.

188.  Denies the allegations set forth in Paragraph 188 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188.

189. States that Paragraph 189 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.

190. States that Paragraph 190 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190.

191. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191.

192. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192.

193. States that Paragraph 193 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and refers the Court APB Statement No. 25 for its true and correct contents.

194. States that Paragraph 194 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and refers the Court to the accounting principles for their true and correct contents.

195. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195.

196. States that Paragraph 196 contains legal and/or accounting conclusions, to which no response is required. To the extent a response is required, Murdock denies the allegations set forth in Paragraph 196 to the extent they are directed at him and otherwise denies knowledge or information sufficient

1  to form a belief as to the truth of the allegations in Paragraph 196.

2          197.  States that Paragraph 197 contains legal and/or

3  accounting conclusions, to which no response is required.  To the extent a response

4  is required, Murdock denies the allegations set forth in Paragraph 197 to the extent

5  they are directed at him and otherwise denies knowledge or information sufficient

6  to form a belief as to the truth of the allegations in Paragraph 197.

7          198.  Denies knowledge or information sufficient to form a

8  belief as to the truth of the allegations in Paragraph 198.

9          199.  States that Paragraph 199 contains legal and/or

10  accounting conclusions, to which no response is required.  To the extent a response

11  is required, Murdock denies the allegations set forth in Paragraph 199 to the extent

12  they are directed at him and otherwise denies knowledge or information sufficient

13  to form a belief as to the truth of the allegations in Paragraph 199.

14          200.  Denies knowledge or information sufficient to form a

15  belief as to the truth of the allegations in Paragraph 200.

16          201.  Denies knowledge or information sufficient to form a

17  belief as to the truth of the allegations in Paragraph 201.

18          202.  Denies knowledge or information sufficient to form a

19  belief as to the truth of the allegations in Paragraph 202 and refers the Court to

20  Quest's Form 4s for their true and correct contents.

21          203.  Denies knowledge or information sufficient to form a

22  belief as to the truth of the allegations in Paragraph 203 and refers the Court to

23  Quest's Form 4s for their true and correct contents.

24          204.  Denies knowledge or information sufficient to form a

25  belief as to the truth of the allegations in Paragraph 204 and refers the Court to

26  Quest's Form 4s for their true and correct contents.

27          205.  Denies the allegations set forth in Paragraph 205 except

28  admits that the table in Paragraph 205 reflects Murdock's sales of Quest stock

1    during the purported Class Period.

2    206.    Denies knowledge or information sufficient to form a

3    belief as to the truth of the allegations in Paragraph 206 and refers the Court to

4    Quest's Form 4s for their true and correct contents.

5    207.    Denies the allegations set forth in Paragraph 207 to the

6    extent they are directed at him and otherwise denies knowledge or information

7    sufficient to form a belief as to the truth of the allegations in Paragraph 207.

8    208.    Denies the allegations contained in Paragraph 208.

9    209.    Denies the allegations set forth in Paragraph 209 to the

10    extent they are directed at him and otherwise denies knowledge or information

11    sufficient to form a belief as to the truth of the allegations in Paragraph 209.

12    210.    Denies the allegations set forth in Paragraph 210.

13    211.    Denies knowledge or information sufficient to form a

14    belief as to the truth of the allegations in Paragraph 211

15    212.    Denies the allegations set forth in Paragraph 212.

16    213.    Denies the allegations set forth in Paragraph 213 to the

17    extent they are directed at him and otherwise denies knowledge or information

18    sufficient to form a belief as to the truth of the allegations in Paragraph 213.

19    214.    Denies the allegations set forth in Paragraph 214 to the

20    extent they are directed at him and otherwise denies knowledge or information

21    sufficient to form a belief as to the truth of the allegations in Paragraph 214.

22    215.    Denies the allegations set forth in Paragraph 215 to the

23    extent they are directed at him and otherwise denies knowledge or information

24    sufficient to form a belief as to the truth of the allegations in Paragraph 215.

25    216.    Denies the allegations set forth in Paragraph 216 to the

26    extent they are directed at him and otherwise denies knowledge or information

27    sufficient to form a belief as to the truth of the allegations in Paragraph 216.

28    217.    States that Paragraph 217 contains legal conclusions, to

which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 217 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217.

218.  States that Paragraph 218 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218.

219.  States that Paragraph 219 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219.

220.  Denies the allegations set forth in Paragraph 220 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220.

221.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221.

222.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222.

223.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223.

224.  Denies the allegations set forth in Paragraph 224 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224.

225.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225.

226.  Murdock incorporates his responses to Paragraphs 1 through 225 as though fully set forth herein.

227.    States   that   Paragraph   227   sets   forth   Plaintiff's characterization of this action as well as legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 227 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

228.   Murdock denies the allegations set forth in Paragraph 228 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228.

229.   Murdock denies the allegations set forth in Paragraph 229 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.

230.   States that Paragraph 230 contains legal conclusions, to which no response is required.  To the extent a response is required, Murdock denies the allegations set forth in Paragraph 230 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230.

231.   Murdock denies the allegations set forth in Paragraph 231 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231.

232.   Murdock denies the allegations set forth in Paragraph 232 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232.

233.   Murdock denies the allegations set forth in Paragraph 233

1    to the extent they are directed at him and otherwise denies knowledge or
2    information sufficient to form a belief as to the truth of the allegations in Paragraph
3    233.

4         234.  States that Paragraph 234 contains legal conclusions, to
5    which no response is required.  To the extent a response is required, Murdock
6    denies the allegations set forth in Paragraph 234 to the extent they are directed at
7    him and otherwise denies knowledge or information sufficient to form a belief as to
8    the truth of the allegations in Paragraph 234.

9         235.  Murdock incorporates his responses to Paragraphs 1
10   through 234 as though fully set forth herein.

11        236.  Murdock admits that Plaintiff purports to bring a claim
12   pursuant to §20(a) of the Exchange Act, 15 U.S.C. §78t(a) against Smith, Morse,
13   Lambert, Doyle, Murdock, and Brooks.

14        237.  States that Paragraph 237 contains legal conclusions, to
15   which no response is required.  To the extent a response is required, Murdock
16   denies the allegations set forth in Paragraph 237 to the extent they are directed at
17   him and otherwise denies knowledge or information sufficient to form a belief as to
18   the truth of the allegations in Paragraph 237.

19        238.  Murdock denies the allegations set forth in Paragraph 238
20   to the extent they are directed at him and otherwise denies knowledge or
21   information sufficient to form a belief as to the truth of the allegations in Paragraph
22   238.

23        239.  Murdock denies the allegations set forth in Paragraph 239
24   to the extent they are directed at him and otherwise denies knowledge or
25   information sufficient to form a belief as to the truth of the allegations in Paragraph
26   239.

27        240.  States that Paragraph 240 contains legal conclusions, to
28   which no response is required.  To the extent a response is required, Murdock

denies the allegations set forth in Paragraph 240 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240.

241.    States that Paragraph 241 contains legal conclusions, to which no response is required.    To the extent a response is required, Murdock denies the allegations set forth in Paragraph 241 to the extent they are directed at him and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241.

242.    Murdock incorporates his responses to Paragraphs 1 through 241 as though fully set forth herein.

243.    States that Count III was dismissed by the Court by Order dated July 10, 2008 and therefore no response is required to the allegations set forth in Paragraph 243.

244.    States that Count III was dismissed by the Court by Order dated July 10, 2008 and therefore no response is required to the allegations set forth in Paragraph 244.

245.    States that Count III was dismissed by the Court by Order dated July 10, 2008 and therefore no response is required to the allegations set forth in Paragraph 245.

246.    States that Count III was dismissed by the Court by Order dated July 10, 2008 and therefore no response is required to the allegations set forth in Paragraph 246.

247.    States that Count III was dismissed by the Court by Order dated July 10, 2008 and therefore no response is required to the allegations set forth in Paragraph 247.

248.    States that Count III was dismissed by the Court by Order dated July 10, 2008 and therefore no response is required to the allegations set forth in Paragraph 248.

## **AFFIRMATIVE AND OTHER DEFENSES**

As separate and distinct defenses to the causes of action asserted in the SAC, Murdock alleges, without assuming any burden of proof that would otherwise rest on Plaintiff, as follows:

1.      Plaintiff's SAC fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.      Any damage, loss or liability sustained by Plaintiff must be reduced, diminished and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Murdock.

4.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, ratification or failure to use due care.

5.      Plaintiff has failed to fulfill its duty to mitigate, reduce or otherwise avoid the alleged damages and Plaintiff is therefore barred from recovering such damages, if any.

6.      Plaintiff lacks standing to bring the causes of action asserted in the SAC.

7.      Any portion, or all of, Plaintiff's alleged damages resulting from the alleged violations of Section 10(b) of the Securities Exchange Act of 1934 shall be limited as set forth in 15 U.S.C. § 78u-4(e).

8.      Plaintiff's claims are barred to the extent they are based on public statements made by others.

9.      Any recovery for damages allegedly incurred by Plaintiff, if any, is subject to offset in the amount of any benefit actually received by Plaintiff through its investments.

10.     Under the principles of contribution and indemnity, persons or entities other than Murdock are wholly or partially responsible for the purported damages, if any, Plaintiff may have sustained.

11.     Plaintiff's losses, if any, were caused by Plaintiff's assumption of the risks of the investment, including but not limited to the material facts and risks that were disclosed or were in the public domain.

12.     Plaintiff's claims against Murdock are barred, in whole or in part, due to Plaintiff's lack of justifiable reliance in that Plaintiff did not purchase or sell any securities in reasonable or justifiable reliance on any representation, act or omission by Murdock.

13.     Plaintiff's claims against Murdock are barred because Murdock did not directly or proximately cause or contribute to any damage, loss or injury sustained by Plaintiff.

14.     Plaintiff's claims are barred, in whole or in part, because none of the allegedly false or misleading statements are material.

15.     Plaintiff's claims are barred, in whole or in part, because the stock option grants were compensation earned by Quest's employees.

16.     Murdock reserves the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

1          WHEREFORE, Defendant Jerry Murdock, Jr. requests that this Court

2   dismiss the SAC with prejudice and grant such other and further relief as the Court

3   deems just and proper.

4   Dated:  July 24, 2008          DECHERT LLP

5

6                                By:/s/ Richard J. Cutler
                                      RICHARD J. CUTLER
7                                     2440 W. El Camino Real, Suite 700
                                      Mountain View, CA 94040-1499
8                                     Telephone: (650) 813-4800
                                      Facsimile: (650) 813-4848
9
                                      ANDREW J. LEVANDER (*admitted pro hac vice*)
10                                    MICHAEL Z. GOLDMAN (*admitted pro hac vice*)
                                      1095 Avenue of the Americas
11                                    New York, NY 10036
                                      Telephone: (212) 698-3500
12                                    Facsimile:  (212) 698-3599

13
                                      *Attorneys for Defendant Jerry Murdock, Jr.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28