SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ROBERT D. ROSE, Cal. Bar No. 62559
Email: rrose@sheppardmullin.com
VINCENT J. BROWN, Cal. Bar No. 226105
Email: vbrown@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendant
M. BRINKLEY MORSE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>QUEST SOFTWARE, INC.; VINCENT C. SMITH; M. BRINKLEY MORSE; MICHAEL J. LAMBERT; DOUGLAS F. GARN; DAVID M. DOYLE; JERRY MURDOCK, JR.; and KEVIN BROOKS,<br><br>            Defendants. | Case No. 06-06863 DOC (RNBx)<br><br>**DEFENDANT M. BRINKLEY MORSE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ACTION AS TO MORSE PENDING RESOLUTION OF PARALLEL CRIMINAL MATTER**<br><br>DATE:    September 22, 2008<br>TIME:    8:30 a.m.<br>CTRM:   9-D<br><br>Honorable David O. Carter |

Defendant M. Brinkley Morse ("Morse") hereby moves to stay this action as to himself in order to preserve his constitutional rights.

## I.  INTRODUCTION AND STATEMENT OF FACTS

Morse moves to stay this matter pending resolution of a parallel criminal investigation and any resulting criminal case.  It will be impossible for Morse to respond to discovery or otherwise participate meaningfully in this matter, without implicating his Fifth Amendment rights against self-incrimination.

Morse is one of seven individual defendants in this civil action.  He is the former Chief Financial Officer and Vice President of Finance and Operations at co-defendant Quest Software, Inc. ("Quest" or the "Company").  Plaintiffs have sued Quest, Morse and the others for violations of § 10(b) of the Securities Exchange Act of 1934.  He and several other individual defendants have also been sued for "control person" liability under § 20(a).[1]  Morse resigned from Quest after declining to be interviewed by a Special Committee of the Quest Board of Directors investigating as allegations of stock options backdating.

Plaintiff's theory is, in essence, that the defendants committed fraud on the market by improperly pricing stock option grants for senior management, thus causing the price of Quest's stock to be overpriced when purchased by the Plaintiff.  According to Plaintiff, Plaintiff suffered damage when the price of its shares subsequently declined.  Plaintiff brings this case as a putative class action.  *See generally,* Plaintiff's Second Amended Complaint ("SAC").  No class has been certified.

---

[1]  Morse is not named in the third cause of action under § 20A.

The United States Attorney's Office for the Central District of California is currently investigating Quest's past stock option granting practices, including the time period when Morse was Vice President of Finance and Operations and Chief Financial Officer, and Quest is currently cooperating with that investigation. *See* Declaration of Vincent J. Brown filed concurrently herewith at ¶ 2 and Exhibit A. The SEC is also conducting a formal investigation and has issued subpoenas to the Company and various individuals, including Morse. Id.

## II. A STAY SHOULD ISSUE TO PROTECT MORSE'S CONSTITUTIONAL RIGHTS

A.  <u>This Court has discretion to grant a stay in the interests of justice</u>.

As a general rule, a court has the inherent power, in its discretion, to stay civil proceedings "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), *cert. denied*, 133 L.Ed.2d 49, 116 S.Ct. 94 (1995) quoting *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 993, 66 L. Ed. 2d 289 (1980); *see also United States v. Kordel*, 397 U.S. 1, 12, fn. 27 (1970).

The rationale underlying this remedy supports Morse's request for a stay:

> The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

*Securities and Exchange Commission v. Dresser Indus., supra*, 628 F.2d at 1376.

A stay is appropriate where a federal criminal investigation, rather than a criminal prosecution, is pending. *See Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc*. 490 F.3d 718, 723-24 (9th Cir. 2007) (upholding grant of stay to defendants who had requested one "pending the resolution of the criminal investigations and/or prosecutions that have arisen in connection with the acts alleged in plaintiffs' complaint.").

B.  <u>The interests of justice require a stay for Morse</u>.

The decision whether to stay criminal proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). The Court should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id., cited in Keating*, 45 F.3d at 324.

Although Morse has not been formally charged with any crime, the United States Attorney's Office is investigating the options granting practices at Quest during the time Morse was Vice President for Finance and Operations. In addition to the United States Attorney's investigation, the SEC is conducting a formal investigation.[2] If Morse must respond to discovery in this action, he likely will be required to defend himself against the very charges being considered by the Government, thereby undermining and waiving his privilege against self-incrimination. On the other hand, if Morse asserts his Fifth Amendment privilege against self-incrimination, the jury at the trial of this action may be permitted to

---

[2] "Congress has expressly authorized the SEC to share information with the Department of Justice to facilitate the investigation and prosecution of crimes." *U.S. v. Stringer*, 2008 WL 2925032, *9 (9th Cir. 2008).

draw adverse inferences from his exercise of the privilege. He will be unable to adequately defend himself due to a reasonable fear of self-incrimination. Either way, he will be severely prejudiced if a stay does not issue.

In deciding whether to grant a stay of civil proceedings because of a parallel criminal proceeding, a court should generally consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
>
> (2) the burden which any particular aspect of the proceedings may impose on defendants;
>
> (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
>
> (4) the interest of persons or entities not parties to the civil litigation; and
>
> (5) the interest of the public in the pending civil and criminal litigation.

*Keating, supra,* at 324-325, citing *Molinaro*, 889 F.2d at 903; *Bureerong v. Uvawas*, 167 F.R.D. at 87. These considerations support the granting of a stay.

1. Plaintiff's Interests

While the plaintiff naturally has an interest in obtaining a resolution of his allegations, plaintiff will not be prejudiced here because the matter may continue against the non-moving defendants. Plaintiff will suffer no particular prejudice (other than delay as to Morse) if a stay is granted as to one individual defendant. Thus, Plaintiff could still proceed with discovery against Quest and the other individual defendants, and could seek discovery and depositions from any third-

-4-

party witnesses. Because Quest will likely be producing the vast majority of documents, and the only deposition affected would be that of Mr. Morse, staying discovery against him would not materially delay the overall case.

### 2. The Burden On Defendant

On the other hand, the burden that this proceeding would impose on Morse, absent a stay, is enormous. As noted above, any discovery would seriously implicate Morse's Fifth Amendment rights and would impair his ability to defend himself both in this action and in any criminal action that may be filed against him. Because any discovery conducted in this action can be obtained by the government and be used in the criminal investigation, the scope of discovery in any resulting criminal action could be expanded to far more than is allowed by the Federal Rules of Criminal Procedure, and impinge on Morse's rights to defend himself against criminal charges.

Further, a deposition of Morse would provide the government with a prior sworn statement of the defendant, which could be used against him in a criminal proceeding. Morse's responses to discovery and the production of documents could also be used against him in a criminal proceeding. *See United States v. Doe*, 465 U.S. 605, 612 (1984) (the act of producing documents is testimonial and therefore covered by the Fifth Amendment privilege against compelled testimony).

On the other hand, if the requested stay is not granted and Morse asserts his Fifth Amendment privilege against compelled testimony, then, Plaintiff may be able to draw an adverse inference against him.

Absent the threat of a criminal prosecution, Morse could defend himself in the present case.  Thus, whatever choice Morse makes—whether to invoke his Fifth Amendment privilege or not—while both this action and the investigation are pending, he faces serious adverse consequences.  Thus, this factor weighs hevily in favor of a stay.

### 3. The Convenience Of The Court

There will be little or no waste of judicial resources if the requested stay is granted.  The request is being made at an early stage in this case; no discovery has occurred.  Further, a stay will likely serve the interests of judicial economy.  As noted by Judge Wilken in *AWS Management v. United States of America*, 2006 WL 824506, *3 (N.D. Cal. 2006), and equally applicable here, "[g]iven the related nature of the criminal case and this case, the resolution of the criminal case may narrow the issues in this case and streamline discovery."

### 4. The Interests Of Third Parties

The only potential third party which could be involved in the consideration of this motion would be the Government.  As noted above, the Government would have an interest in protecting its criminal investigation from potential interference by this civil proceeding.

### 5. The Interest Of The Public

The final consideration is whether a delay of the civil proceeding would "seriously injure the public interest."  If not, the Court may be justified in deferring the civil proceeding.  *SEC v. Dresser*, 628 F.2d at 1374.  In this case, any interest

-6-

the general public may have in this action is non-existent, as it is currently a private matter. No class has been certified.

Furthermore, Morse is no longer an officer or employee of Quest. He cannot influence how the Company behaves.

Finally, the public has an interest in assuring that a defendant receives a fair trial without jeopardizing his constitutional rights, including his Fifth Amendment rights, as a matter of principle. The public has an interest in seeing criminal charges litigated free from any interference, including from a civil case. *See AWS Management v. United States*, 2006 WL 824506, *2. Indeed, nothing about this case mandates overriding the public's interest in protecting a person's constitutional right to avoid self-incrimination and in ensuring an individual a fair trial.

## III.
## CONCLUSION

For all of the foregoing reasons, the interests of justice require that a stay of these proceedings as to Morse should issue, pending resolution of a parallel criminal investigation and any resulting criminal case.

Dated:  August 11, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          /s/ Robert D. Rose
ROBERT D. ROSE
VINCENT J. BROWN

Attorneys for Defendant
M. BRINKLEY MORSE