BLAKE MUIR HARPER, SBN: 115756
e-mail: bmh@hulettharper.com
SARAH P. WEBER, SBN: 239979
e-mail: sweber@hulettharper.com
HULETT HARPER STEWART LLP
525 B Street, Suite 760
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

MARIAN P. ROSNER (admitted *pro hac vice*)
e-mail: mrosner@wolfpopper.com
PATRICIA I. AVERY (admitted *pro hac vice*)
e-mail: pavery@wolfpopper.com
CHET B. WALDMAN (admitted *pro hac vice*)
e-mail: cwaldman@wolfpopper.com
ANTHONY D. GREEN (admitted *pro hac vice*)
e-mail: agreen@wolfpopper.com
WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
Firm E-mail:      IRRep@wolfpopper.com

Attorneys for Lead Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST SOFTWARE, INC., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DOUGLAS F. GARN, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS,<br><br>Defendants. | Case No. 06-06863-DOC(RNBx)<br><br>CLASS ACTION<br><br>**DECLARATION OF PATRICIA I. AVERY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**VOLUME I OF III (EXHIBITS A-D)**<br><br><u>Hearing</u>:<br><br>Date: July 6, 2009<br>Time: 8:30 a.m.<br>Judge: Hon. David O. Carter<br>Ctrm: 9D |

1    I, Patricia I. Avery, declare as follows:

2        1.    I am a member of the law firm of Wolf Popper LLP, one of Plaintiff's

3    counsel in the above-captioned action, and am admitted pro hac vice in this action.

4    I submit this Declaration in support of Lead Plaintiff's Motion for Class Certification

5    (the "Motion").

6        2.    Plaintiff makes this Motion after having met and conferred with various

7    Defendants' counsel in writing and by telephone, including most recently by

8    telephone on May 28 and briefly on June 4, 2009, where Plaintiff's and Defendants'

9    counsel, after failing to reach a final resolution on the issue of class certification,

10   agreed that Plaintiff would file a motion for class certification.

11                       **VOLUME I OF III** [1]

12       3.    Attached hereto as Exhibit A are a true and correct copy of (a) the Final

13   Judgments entered against Quest Software, Inc. ("Quest"), Vincent Smith, and Kevin

14   Brooks in the action taken against it by the SEC in the U.S. District Court for the

15   Central District of California, Case No. 09-cv-00315-AG-MLG; (b) the Consents of

16   Quest, Vincent Smith, and Kevin Brooks to entry of Final Judgments; and (c) the

17   Complaint filed by the SEC in that proceeding.

18       4.    Attached hereto as Exhibit B are copies of cover pages of various Forms

19   10-K filed by Quest during the Class Period as printed from the Edgar Database of the

20   U.S. Securities and Exchange Commission ("SEC").

21       5.    Attached hereto as Exhibit C is a true and correct copy of a Daily Stock

22   Price schedule which was printed from Yahoo! Finance, which reflects the high, low,

23   and closing prices, and trading volume, for the common stock of Quest Software, Inc.

24   ("Quest") as traded on the NASDAQ National Market System during the period

25   November 9, 2001 through July 5, 2006.

26       6.    Attached hereto as Exhibit D is a true and correct copy of excerpts from

27

28   _____

[1]The Declaration lists all the documents, but due to the size of the document it has been divided into three volumes in order to comply with ECF size filing requirements. Volume I consists of Exhibits A-D; Volume II consists of Exhibit E; and Volume III consists of Exhibits F-H.

1    Defendants Quest Software, Inc., Vincent C. Smith, Michael J. Lambert, Douglas F.

2    Garn, David M. Doyle, Jerry Murdock, Jr., M. Brinkley Morse, and Kevin Brooks'

3    General Objections and Response to Plaintiff's First Set of Requests for Admission

4    in which such Defendants admit that the document attached as Exhibit C hereto

5    reflects the high, low, and closing prices, and trading volume, for the common stock

6    of Quest as traded on the NASDAQ during the period November 9, 2001 through July

7    5, 2006.

8                                    **VOLUME II OF III**

9                7.    Attached hereto as Exhibit E is a true and correct copy of the Expert

10    Report of Professor Steven P. Feinstein, PH.D., CFA on Market Efficiency.

11                                   **VOLUME III OF III**

12               8.    Attached hereto as Exhibit F are true and correct copies of (a) the

13    Opening memorandum of points and authorities of plaintiff in *In re Brocade Sec.*

14    *Litig.*, 05-cv-02042-CRB (N.D. Cal.), filed on June 22, 2007; and (b) the Oct. 12,

15    2007 Minute Opinion in *Brocade* certifying the class.

16               9.    Attached hereto as Exhibit G is a true and correct copy of the firm resume

17    for Wolf Popper LLP.

18               10.    Attached hereto as Exhibit H is a true and correct copy of the firm resume

19    for Hulett Harper Stewart LLP.

20               I hereby declare under penalty of perjury under the laws of the United States

21    and the State of California that the foregoing is true and correct to the best of my

22    knowledge, information, and belief.

23
      Dated: June 12, 2009
24

25

26                                          S/ Patricia I. Avery
                                            Patricia I. Avery
27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   Email: mccoyj@sec.gov
2  FINOLA MANVELIAN, Cal. Bar No. 180681
   Email: manvelianf@sec.gov
3  MARSHALL S. SPRUNG, Cal. Bar No. 188253
   Email: sprungm@sec.gov
4  SAM S. PUATHASNANON, Cal. Bar No. 198430
   Email: puathasnanons@sec.gov

5  Attorneys for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
7  Andrew G. Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036-3648
   Telephone:  (323) 965-3998
9  Facsimile:  (323) 965-3908

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                   SOUTHERN DIVISION

14  SECURITIES AND EXCHANGE          )  Case No. SA CV 09-315- AG (MLGx)
    COMMISSION,                      )
15                                   )  [PROPOSED] FINAL JUDGMENT
              Plaintiff,             )  AGAINST QUEST SOFTWARE,
16                                   )  INC.
         v.                          )
17                                   )
    QUEST SOFTWARE, INC.,            )
18  VINCENT C. SMITH, JOHN J.        )
    LASKEY, and KEVIN E. BROOKS,     )
19                                   )
              Defendant.             )
20

21

22

23

24

25

26

27

28

EXHIBIT A PAGE 4

1    The Securities and Exchange Commission having filed a Complaint and
2  Defendant Quest Software, Inc. ("Quest") having entered a general appearance,
3  consented to the Court's jurisdiction over Quest and the subject matter of this
4  action, consented to entry of this Final Judgment without admitting or denying the
5  allegations of the Complaint (except as to jurisdiction), waived findings of fact and
6  conclusions of law, and waived any right to appeal from this Final Judgment:

7                                           I.

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Quest and
9  its agents, servants, employees, attorneys, and all persons other in active concert or
10 participation with them who receive actual notice of this Final Judgment by
11 personal service or otherwise are permanently restrained and enjoined from
12 violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the
13 "Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3), in the offer or sale of any
14 security by the use of any means or instruments of transportation or
15 communication in interstate commerce or by use of the mails, directly or
16 indirectly, to obtain money or property by means of any untrue statement of a
17 material fact or any omission of a material fact necessary in order to make the
18 statements made, in light of the circumstances under which they were made, not
19 misleading; or to engage in any transaction, practice, or course of business which
20 operates or would operate as a fraud or deceit upon the purchaser.

21                                          II.

22    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
23 and its agents, servants, employees, attorneys, and all persons other in active concert or
24 participation with them who receive actual notice of this Final Judgment by
25 personal service or otherwise are permanently restrained and enjoined from
26 directly or indirectly filing, or causing to be filed annual reports with the
27 Commission on Forms 10-K and quarterly reports with the Commission on Forms
28 10-Q that fail to contain material information necessary to make the required

                                   1

                                        EXHIBIT A PAGE 5

1   statements in the Forms 10-K and 10-Q, in light of the circumstances under which

2   they are made, not misleading, in violation of Section 13(a) of the Exchange Act,

3   15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R.

4   §§ 240.12b-20, 240.13a-1, and 240.13a-13.

5                                              III.

6          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
           other

7   and its agents, servants, employees, attorneys, and all persons in active concert or

8   participation with them who receive actual notice of this Final Judgment by

9   personal service or otherwise are permanently restrained and enjoined from

10  directly or indirectly failing to make and keep accurate books, records, and

11  accounts which, in reasonable detail, accurately and fairly reflect financial

12  transactions and disposition of assets in violation of Section 13(b)(2)(A) of the

13  Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

14                                            IV.

15         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
           other

16  and its agents, servants, employees and attorneys, and all persons in active concert

17  or participation with them, who receive actual notice of this Final Judgment by

18  personal service or otherwise are permanently restrained and enjoined from

19  directly or indirectly failing to devise and maintain a system of internal accounting

20  controls sufficient to provide reasonable assurances that financial statements are

21  prepared in conformity with Generally Accepted Accounting Principles in

22  violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §78m(b)(2)(B).

23                                            V.

24         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
           other

25  and its agents, servants, employees, attorneys, and all persons in active concert or

26  participation with them who receive actual notice of this Final Judgment by

27  personal service or otherwise are permanently restrained and enjoined from

28  violating, directly or indirectly, Section 14(a) of the Exchange Act, 15 U.S.C.

                                          2                    EXHIBIT  1  PAGE  6

1 | § 78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, by using
2 | the mails or by any means or instrumentality of interstate commerce or of any
3 | facility of a national securities exchange to solicit by means of any proxy
4 | statement, form of proxy, notice of meeting or other communication, written or
5 | oral, containing any statement which, at the time and in the light of the
6 | circumstances under which it is made, is false or misleading with respect to any
7 | material fact, or which omits to state any material fact necessary in order to make
8 | the statements therein not false or misleading or necessary to correct any statement
9 | in any earlier communications with respect to the solicitation of a proxy for the
10 | same meeting or subject matter which has become false or misleading.

11 | VI.

12 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
13 | Consent is incorporated herein with the same force and effect as if fully set forth
14 | herein, and that Quest shall comply with all of the undertakings and agreements set
15 | forth therein.

16 | VII.

17 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
18 | Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
19 | of this Final Judgment.

20 | VIII.

21 | There being no just reason for delay, pursuant to Rule 54(b) of the Federal
22 | Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment
23 | forthwith and without further notice.

24 |

25 | Dated: APRIL  1      , 2009
26 |
27 | UNITED STATES DISTRICT JUDGE
28 |

3

EXHIBIT A PAGE 7

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   Email: mccoyj@sec.gov
2  FINOLA MANVELIAN, Cal. Bar No. 180681
   Email: manvelianf@sec.gov
3  MARSHALL S. SPRUNG, Cal. Bar No. 188253
   Email: sprungm@sec.gov
4  SAM S. PUATHASNANON, Cal. Bar No. 198430
   Email: puathasnanons@sec.gov
5
   Attorneys for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
7  Andrew G. Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036-3648
   Telephone: (323) 965-3998
9  Facsimile: (323) 965-3908

10

11                 UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                      SOUTHERN DIVISION

14  SECURITIES AND EXCHANGE            Case No. SA CV 09-315-AG (MLGx)
    COMMISSION,
15                                     [PROPOSED] FINAL JUDGMENT
              Plaintiff,               AS TO DEFENDANT VINCENT C.
16                                     SMITH
         v.
17
    QUEST SOFTWARE, INC.,
18  VINCENT C. SMITH, JOHN J.
    LASKEY, and KEVIN E. BROOKS,
19
              Defendant.
20

21

22

23

24

25

26

27

28

EXHIBIT _A_ PAGE _8_

1    The Securities and Exchange Commission having filed a Complaint and
2  Defendant Vincent C. Smith ("Smith") having entered a general appearance,
3  consented to the Court's jurisdiction over Smith and the subject matter of this
4  action, consented to entry of this Final Judgment without admitting or denying the
5  allegations of the Complaint (except as to jurisdiction), waived findings of fact and
6  conclusions of law, and waived any right to appeal from this Final Judgment:

7                                                  I.

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Smith and
9  his agents, servants, employees, attorneys, and all other persons in active concert or
10  participation with them who receive actual notice of this Final Judgment by
11  personal service or otherwise are permanently restrained and enjoined from
12  violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the
13  "Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3), in the offer or sale of any
14  security by the use of any means or instruments of transportation or
15  communication in interstate commerce or by use of the mails, directly or
16  indirectly, to obtain money or property by means of any untrue statement of a
17  material fact or any omission of a material fact necessary in order to make the
18  statements made, in light of the circumstances under which they were made, not
19  misleading; or to engage in any transaction, practice, or course of business which
20  operates or would operate as a fraud or deceit upon the purchaser.

21                                                II.

22    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
23  that Smith and his agents, servants, employees, attorneys, and all other persons in active
24  concert or participation with them who receive actual notice of this Final Judgment
25  by personal service or otherwise are permanently restrained and enjoined from
26  violating Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange
27  Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to
28  implement a system of internal accounting controls or knowingly falsifying any

1

EXHIBIT. A PAGE. 9 -

1  book, record, or account described in Section 13(b)(2) of the Exchange Act, 15
2  U.S.C. § 78m(b)(2).

3                                    III.

4      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
5  that Smith and his agents, servants, employees, attorneys, and all persons in active
6  concert or participation with them who receive actual notice of this Final Judgment
7  by personal service or otherwise are permanently restrained and enjoined from
8  violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, directly or
9  indirectly, by falsely signing personal certifications indicating that he has reviewed
10 periodic reports containing financial statements which an issuer filed with the
11 Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a),
12 and that, based on his knowledge,

13     (a)    these reports do not contain any untrue statement of material fact or
14            omit to state a material fact necessary to make the statements made, in
15            light of the circumstances under which such statements were made,
16            not misleading with respect to the period covered by the report; and
17     (b)    that information contained in these reports fairly present, in all
18            material respects, the financial condition and results of the issuer's
19            operations.

20                                   IV.

21      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
22 that Smith and his agents, servants, employees, attorneys, and all persons in active
23 concert or participation with them who receive actual notice of this Final Judgment
24 by personal service or otherwise are permanently restrained and enjoined from
25 violating Exchange Act Rule 13b2-1, 17 C.F.R. § 240.13b2-1 by, directly or
26 indirectly, falsifying or causing to be falsified, any book, record or account subject
27 to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).
28

EXHIBIT A PAGE 10

**V.**

1

2    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

3    that Smith and his agents, servants, employees, attorneys, and all other persons in active

4    concert or participation with them who receive actual notice of this Final Judgment

5    by personal service or otherwise are permanently restrained and enjoined from

6    violating Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-2 by, directly or

7    indirectly:

8        (a)    making or causing to be made a materially false or misleading

9               statement, or omitting to state or causing another person to omit to

10              state any material fact necessary in order to make such statements

11              true, in light of the circumstances under which such statements were

12              made, not misleading, to an accountant in connection with the

13              following: (i) any audit, review or examination of the financial

14              statements of an issuer, or (ii) in the preparation or filing of any

15              document or report required to be filed with the Commission; or

16       (b)    taking action, or directing another to take action, to coerce,

17              manipulate, mislead, or fraudulently influence any independent public

18              or certified public accountant engaged in the performance of an audit

19              or review of an issuer's financial statements required to be filed with

20              the Commission, while knowing or while it should have been known

21              that such action, if successful, could result in rendering the issuer's

22              financial statements materially misleading.

**VI.**

23

24   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Smith

25   and his agents, servants, employees, attorneys, and all other persons in active concert or

26   participation with them who receive actual notice of this Final Judgment by

27   personal service or otherwise are permanently restrained and enjoined from

28   violating, directly or indirectly, Section 14(a) of the Exchange Act, 15 U.S.C. §

3

EXHIBIT A PAGE 11

1   78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, by using
2   the mails or by any means or instrumentality of interstate commerce or of any
3   facility of a national securities exchange to solicit by means of any proxy
4   statement, form of proxy, notice of meeting or other communication, written or
5   oral, containing any statement which, at the time and in the light of the
6   circumstances under which it is made, is false or misleading with respect to any
7   material fact, or which omits to state any material fact necessary in order to make
8   the statements therein not false or misleading or necessary to correct any statement
9   in any earlier communications with respect to the solicitation of a proxy for the
10  same meeting or subject matter which has become false or misleading.

11                                    VII.

12        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
13  that Smith and his agents, servants, employees, attorneys, and all persons in active
14  concert or participation with them who receive actual notice of this Final Judgment
15  by personal service or otherwise are permanently restrained and enjoined from
16  violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3
17  thereunder, 17 C.F.R. § 240.16a-3, directly or indirectly, by failing to file, by
18  improperly filing, or by filing inaccurate information in statements with the
19  Commission regarding ownership of an issuer's securities, registered pursuant to
20  Section 12 of the Exchange Act, 15 U.S.C. § 78l, as well as any changes in the
21  ownership of such securities.

22                                   VIII.

23        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
24  that Smith and his agents, servants, employees, attorneys, and all persons in active
25  concert or participation with them who receive actual notice of this Final Judgment
26  by personal service or otherwise are permanently restrained and enjoined from
27  aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C.
28  § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-

                                      4

                              EXHIBIT _A_ PAGE _12_

1  20, 240.13a-1, and 240.13a-13, by knowingly providing substantial assistance to an

2  issuer which has a class of securities registered pursuant to Section 12 of the

3  Exchange Act, 15 U.S.C. § 78l, that files quarterly and annual reports with the

4  Commission on Forms 10-Q and Forms 10-K that fail to contain material

5  information necessary to make the required statements in the Forms 10-Q and

6  Forms 10-K, in light of the circumstances under which they are made, not

7  misleading.

## IX.

9      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

10  that Smith and his agents, servants, employees, attorneys, and all other persons in active

11  concert or participation with them who receive actual notice of this Final Judgment

12  by personal service or otherwise are permanently restrained and enjoined from

13  aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15

14  U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer

15  which has a class of securities registered pursuant to Section 12 of the Exchange

16  Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of

17  the Exchange Act, 15 U.S.C. § 78o(d), in failing to make and keep books, records,

18  and accounts, which, in reasonable detail, accurately and fairly reflect the

19  transactions and disposition of the assets of the issuer.

## X.

21      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

22  that Smith and his agents, servants, employees, attorneys, and all other persons in active

23  concert or participation with them who receive actual notice of this Final Judgment

24  by personal service or otherwise are permanently restrained and enjoined from

25  aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15

26  U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer

27  which has a class of securities registered pursuant to Section 12 of the Exchange

28  Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of

EXHIBIT A PAGE 13

1  the Exchange Act, 15 U.S.C. § 78o(d), in failing to devise and maintain a system

2  of internal accounting controls sufficient to provide reasonable assurances that

3  (i) transactions are executed in accordance with management's general or specific

4  authorization; (ii) transactions are recorded as necessary (a) to permit preparation

5  of financial statements in conformity with generally accepted accounting principles

6  or any other criteria applicable to such statements, and (b) to maintain

7  accountability for assets; (iii) access to assets is permitted only in accordance with

8  management's general or specific authorization; and (iv) the recorded

9  accountability for assets is compared with the existing assets at reasonable

10  intervals and appropriate action is taken with respect to any differences.

11                                          XI.

12        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

13  that Smith is liable for a civil penalty in the amount of $150,000.00 pursuant to

14  Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the

15  Exchange Act, 15 U.S.C. § 78u(d)(3). Smith shall satisfy this obligation by paying

16  $150,000 within ten (10) business days after entry of this Final Judgment by

17  certified check, bank cashier's check, or United States postal money order payable

18  to the Securities and Exchange Commission. The payment shall be delivered or

19  mailed to the Office of Financial Management, Securities and Exchange

20  Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3,

21  Alexandria, Virginia 22312, and shall be accompanied by a letter identifying

22  Vincent C. Smith as a defendant in this action, setting forth the title and civil action

23  number of this action and the name of this Court, and specifying that payment is

24  made pursuant to this Final Judgment. Smith shall pay post-judgment interest on

25  any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall

26  remit the funds paid pursuant to this paragraph to the United States Treasury.

27

28

EXHIBIT $A$ PAGE 14

1

## XII.

2       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

3   that the Consent is incorporated herein with the same force and effect as if fully set

4   forth herein, and that Smith shall comply with all of the undertakings and

5   agreements set forth therein.

6

## XIII.

7       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

8   that this Court shall retain jurisdiction of this matter for the purposes of enforcing

9   the terms of this Final Judgment.

10

## XIV.

11      There being no just reason for delay, pursuant to Rule 54(b) of the Federal

12  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

13  forthwith and without further notice.

14

15  Dated: April 1 , 2009

16

17                          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

7

EXHIBIT A PAGE 15

FILED · SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   Email: mccoyj@sec.gov
2  FINOLA H. MANVELIAN, Cal. Bar No. 180681
   Email: manvelianf@sec.gov
3  MARSHALL S. SPRUNG, Cal. Bar No. 188253
   Email: sprungm@sec.gov
4  SAM S. PUATHASNANON, Cal. Bar No. 198430
   Email: puathasnanons@sec.gov
5
   Attorneys for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
7  Andrew G. Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036-3648
   Telephone:  (323) 965-3998
9  Facsimile:  (323) 965-3908

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13                          SOUTHERN DIVISION

14  SECURITIES AND EXCHANGE           Case No. SA CV 09-315-AG (MLGx)
    COMMISSION,
15                                    [PROPOSED] FINAL JUDGMENT
              Plaintiff,              AS TO KEVIN E. BROOKS
16
         v.
17
    QUEST SOFTWARE, INC.,
18  VINCENT C. SMITH, JOHN J.
    LASKEY, and KEVIN E. BROOKS,
19
              Defendant.
20

21

22

23

24

25

26

27

28

                              EXHIBIT A PAGE 16

1       The Securities and Exchange Commission having filed a Complaint

2 and Defendant Kevin E. Brooks ("Brooks") having entered a general appearance,

3 consented to the Court's jurisdiction over Brooks and the subject matter of this

4 action, consented to entry of this Final Judgment without admitting or denying the

5 allegations of the Complaint (except as to jurisdiction), waived findings of fact and

6 conclusions of law, and waived any right to appeal from this Final Judgment:

7                         I.

8      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Brooks

9 and his agents, servants, employees, attorneys, and all other persons in active concert or

10 participation with them who receive actual notice of this Final Judgment by

11 personal service or otherwise are permanently restrained and enjoined from

12 violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the

13 "Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3), in the offer or sale of any

14 security by the use of any means or instruments of transportation or

15 communication in interstate commerce or by use of the mails, directly or

16 indirectly, to obtain money or property by means of any untrue statement of a

17 material fact or any omission of a material fact necessary in order to make the

18 statements made, in light of the circumstances under which they were made, not

19 misleading; or to engage in any transaction, practice, or course of business which

20 operates or would operate as a fraud or deceit upon the purchaser.

21                         II.

22      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

23 that Brooks and his agents, servants, employees, attorneys, and all other persons in

24 active concert or participation with them who receive actual notice of this Final

25 Judgment by personal service or otherwise are permanently restrained and enjoined

26 from violating Section 13(b)(5) of the Securities Exchange Act of 1934 (the

27 "Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or

28 knowingly failing to implement a system of internal accounting controls or

1

EXHIBIT A PAGE 17

1 | knowingly falsifying any book, record, or account described in Section 13(b)(2) of
2 | the Exchange Act, 15 U.S.C. § 78m(b)(2).

3 | III.

4 |    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
5 | that Brooks and his agents, servants, employees, attorneys, and all persons in
6 | active concert or participation with them who receive actual notice of this Final
7 | Judgment by personal service or otherwise are permanently restrained and enjoined
8 | from violating Exchange Act Rule 13b2-1, 17 C.F.R. § 240.13b2-1 by, directly or
9 | indirectly, falsifying or causing to be falsified, any book, record or account subject
10 | to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

11 | IV.

12 |    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
13 | that Brooks and his agents, servants, employees, attorneys, and all persons in
14 | active concert or participation with them who receive actual notice of this Final
15 | Judgment by personal service or otherwise are permanently restrained and enjoined
16 | from violating Exchange Act Rule 13b2-2, 17 C.F.R. § 240.3b2-2 by, directly or
17 | indirectly,

18 |    (a)   making or causing to be made a materially false or misleading
19 | statement, or omitting to state or causing another person to omit to
20 | state any material fact necessary in order to make such statements
21 | true, in light of the circumstances under which such statements were
22 | made, not misleading, to an accountant in connection with the
23 | following: (i) any audit, review or examination of the financial
24 | statements of an issuer, or (ii) in the preparation or filing of any
25 | document or report required to be filed with the Commission; or
26 |    (b)   taking action, or directing another to take action, to coerce,
27 | manipulate, mislead, or fraudulently influence any independent public
28 | or certified public accountant engaged in the performance of an audit

2

EXHIBIT A PAGE 18

1         or review of an issuer's financial statements required to be filed with

2         the Commission, while knowing or while it should have been known

3         that such action, if successful, could result in rendering the issuer's

4         financial statements materially misleading.

5                             V.

6         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

7 that Brooks and his agents, servants, employees, attorneys, and all other persons in

8 active concert or participation with them who receive actual notice of this Final

9 Judgment by personal service or otherwise are permanently restrained and enjoined

10 from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule

11 16a-3 thereunder, 17 C.F.R. § 240.16a-3, directly or indirectly, by failing to file, by

12 improperly filing, or by filing inaccurate information in statements with the

13 Commission regarding ownership of an issuer's securities, registered pursuant to

14 Section 12 of the Exchange Act, 15 U.S.C. § 78l, as well as any changes in the

15 ownership of such securities.

16                            VI.

17         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

18 that Brooks and his agents, servants, employees, attorneys, and all other persons in

19 active concert or participation with them who receive actual notice of this Final

20 Judgment by personal service or otherwise are permanently restrained and enjoined

21 from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15

22 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§

23 240.12b-20, 240.13a-1, and 240.13a-13, by knowingly providing substantial

24 assistance to an issuer which has a class of securities registered pursuant to Section

25 12 of the Exchange Act, 15 U.S.C. § 78l, that files quarterly and annual reports

26 with the Commission on Forms 10-Q and Forms 10-K that fail to contain material

27 information necessary to make the required statements in the Forms 10-Q and

28

3

EXHIBIT $A$ PAGE 19

1   accounting principles or any other criteria applicable to such statements, and (b) to

2   maintain accountability for assets; (iii) access to assets is permitted only in

3   accordance with management's general or specific authorization; and (iv) the

4   recorded accountability for assets is compared with the existing assets at

5   reasonable intervals and appropriate action is taken with respect to any differences.

6                                      IX.

7        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

8   that Brooks is liable for disgorgement of $34,775, representing profits gained as a

9   result of the conduct alleged in the Complaint, together with prejudgment interest

10  thereon in the amount of $5,808.29, for a total of $40,583.29 (the "Disgorgement

11  Amount").  Brooks shall be deemed to have disgorged the Disgorgement Amount

12  on September 19, 2008, the date on which Brooks paid the Disgorgement Amount

13  to Quest Software, Inc.

14                                      X.

15       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

16  that Brooks shall pay a civil penalty in the amount of $60,000.00 pursuant to

17  Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the

18  Exchange Act, 15 U.S.C. § 78u(d)(3).  Brooks shall make this payment within ten

19  (10) business days after entry of this Final Judgment by certified check, bank

20  cashier's check, or United States postal money order payable to the Securities and

21  Exchange Commission.  The payment shall be delivered or mailed to the Office of

22  Financial Management, Securities and Exchange Commission, Operations Center,

23  6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

24  accompanied by a letter identifying Kevin E. Brooks as a defendant in this action;

25  setting forth the title and civil action number of this action and the name of this

26  Court; and specifying that payment is made pursuant to this Final Judgment.

27  Brooks shall pay post-judgment interest on any delinquent amounts pursuant to 28

28

5

EXHIBIT A PAGE 20

1  Forms 10-K, in light of the circumstances under which they are made, not
2  misleading.

### VII.

4       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
5  that Brooks and his agents, servants, employees, attorneys, and all persons in
6  active concert or participation with them who receive actual notice of this Final
7  Judgment by personal service or otherwise are permanently restrained and enjoined
8  from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act,
9  15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an
10  issuer which has a class of securities registered pursuant to Section 12 of the
11  Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to
12  Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), in failing to make and keep
13  books, records, and accounts, which, in reasonable detail, accurately and fairly
14  reflect the transactions and disposition of the assets of the issuer.

### VIII.

16       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
17  that Brooks and his agents, servants, employees, attorneys, and all persons in
18  active concert or participation with them who receive actual notice of this Final
19  Judgment by personal service or otherwise are permanently restrained and enjoined
20  from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act,
21  15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an
22  issuer which has a class of securities registered pursuant to Section 12 of the
23  Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to
24  Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), in failing to devise and
25  maintain a system of internal accounting controls sufficient to provide reasonable
26  assurances that (i) transactions are executed in accordance with management's
27  general or specific authorization; (ii) transactions are recorded as necessary (a) to
28  permit preparation of financial statements in conformity with generally accepted

EXHIBIT A PAGE 21

1 | U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this
2 | paragraph to the United States Treasury.

3 | ## XI.

4 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
5 | that the Consent is incorporated herein with the same force and effect as if fully set
6 | forth herein, and that Brooks shall comply with all of the undertakings and
7 | agreements set forth therein.

8 | ## XII.

9 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
10 | that this Court shall retain jurisdiction of this matter for the purposes of enforcing
11 | the terms of this Final Judgment.

12 | ## XIII.

13 | There being no just reason for delay, pursuant to Rule 54(b) of the Federal
14 | Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment
15 | forthwith and without further notice.

16 |

17 | Dated: APRIL 1, 2009

18 |
19 |
20 | UNITED STATES DISTRICT JUDGE
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

EXHIBIT A PAGE 22

6

Case 8:09-cv-00315-AG-MLG    Document 2    Filed 03/12/2009    Page 1 of 10

1   JOHN M. MCCOY III, Cal. Bar No. 166244
    E-mail: mccoyj@sec.gov
2   FINOLA MANVELIAN, Cal. Bar No. 180681
    E-mail: manvelianf@sec.gov
3   MARSHALL SPRUNG, Cal. Bar No. 188253
    E-mail: sprungm@sec.gov
4   SAM S. PUATHASNANON, Cal. Bar No. 198430
    E-mail: puathasnanons@sec.gov
5
6   Attorneys for Plaintiff
    Securities and Exchange Commission
7   Rosalind R. Tyson, Regional Director
    Andrew G. Petillon, Associate Regional Director
8   5670 Wilshire Boulevard, 11th Floor
    Los Angeles, California 90036-3648
9   Telephone: (323) 965-3998
    Facsimile:  (323) 965-3908
10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                        SOUTHERN DIVISION
                                    SACV09-0315 AG MLGx
14  SECURITIES AND EXCHANGE            Case No.
    COMMISSION,
15                                     CONSENT OF DEFENDANT
            Plaintiff,                 QUEST SOFTWARE, INC. TO
16                                     ENTRY OF FINAL JUDGMENT
            vs.
17
    QUEST SOFTWARE, INC.,
18  VINCENT C. SMITH, JOHN J.
    LASKEY, and KEVIN E. BROOKS,
19
            Defendants.
20

21

22

23

24

25

26

27

28

                                    EXHIBIT A PAGE 23

1     1.    Defendant Quest Software, Inc. ("Quest") waives service of a

2  summons and the complaint in this action, enters a general appearance, and admits

3  the Court's jurisdiction over Quest and over the subject matter of this action.

4     2.    Without admitting or denying the allegations of the complaint (except

5  as to personal and subject matter jurisdiction, which Quest admits), Quest hereby

6  consents to the entry of the final Judgment in the form attached hereto (the "Final

7  Judgment") and incorporated by reference herein, which, among other things,

8  permanently restrains and enjoins Quest from violations of Section 17(a)(2) and

9  17(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a)(2)

10  and 77q(a)(3), Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Securities

11  Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78m(a), 78m(b)(2)(A),

12  78m(b)(2)(B), and 78n(a), and Rules 12b-20, 13a-1, 13a-13, and 14a-9 thereunder,

13  17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, and 240.14a-9.

14     3.    Quest waives the entry of findings of fact and conclusions of law

15  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

16     4.    Quest waives the right, if any, to a jury trial and to appeal from the

17  entry of the Final Judgment.

18     5.    Quest enters into this Consent voluntarily and represents that no

19  threats, offers, promises, or inducements of any kind have been made by the

20  Commission or any member, officer, employee, agent, or representative of the

21  Commission to induce Quest to enter into this Consent.

22     6.    Quest agrees that this Consent shall be incorporated into the Final

23  Judgment with the same force and effect as if fully set forth therein.

24     7.    Quest will not oppose the enforcement of the Final Judgment on the

25  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

26  Civil Procedure, and hereby waives any objection based thereon.

27     8.    Quest waives service of the Final Judgment and agrees that entry of

28  the Final Judgment by the Court and filing with the Clerk of the Court will

EXHIBIT A PAGE 24

1   constitute notice to Quest of its terms and conditions. Quest further agrees to
2   provide counsel for the Commission, within thirty days after the Final Judgment is
3   filed with the Clerk of the Court, with an affidavit or declaration stating that Quest
4   has received and read a copy of the Final Judgment.

5        9.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the
6   claims asserted against Quest in this civil proceeding. Quest acknowledges that no
7   promise or representation has been made by the Commission or any member,
8   officer, employee, agent, or representative of the Commission with regard to any
9   criminal liability that may have arisen or may arise from the facts underlying this
10  action or immunity from any such criminal liability. Quest waives any claim of
11  Double Jeopardy based upon the settlement of this proceeding, including the
12  imposition of any remedy or civil penalty herein. Quest further acknowledges that
13  the Court's entry of a permanent injunction may have collateral consequences
14  under federal or state law and the rules and regulations of self-regulatory
15  organizations, licensing boards, and other regulatory organizations. Such collateral
16  consequences include, but are not limited to, a statutory disqualification with
17  respect to membership or participation in, or association with a member of, a self-
18  regulatory organization. This statutory disqualification has consequences that are
19  separate from any sanction imposed in an administrative proceeding.

20       10.    Quest understands and agrees to comply with the Commission's policy
21  "not to permit a defendant or respondent to consent to a judgment or order that
22  imposes a sanction while denying the allegation in the complaint or order for
23  proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Quest agrees: (i)
24  not to take any action or to make or permit to be made any public statement
25  denying, directly or indirectly, any allegation in the complaint or creating the
26  impression that the complaint is without factual basis; and (ii) that upon the filing
27  of this Consent, Quest hereby withdraws any papers filed in this action to the
28  extent that they deny any allegation in the complaint. If Quest breaches this

EXHIBIT _A_ PAGE 25

1 | agreement, the Commission may petition the Court to vacate the Final Judgment
2 | and restore this action to its active docket. Nothing in this paragraph affects
3 | Quest's: (i) testimonial obligations; or (ii) right to take legal or factual positions in
4 | litigation or other legal proceedings in which the Commission is not a party.

5 | 11.    Quest hereby waives any rights under the Equal Access to Justice Act,
6 | the Small Business Regulatory Enforcement Fairness Act of 1996, or any other
7 | provision of law to seek from the United States, or any agency, or any official of
8 | the United States acting in his or her official capacity, directly or indirectly,
9 | reimbursement of attorney's fees or other fees, expenses, or costs expended by
10 | Quest to defend against this action. For these purposes, Quest agrees that it is not
11 | the prevailing party in this action since the parties have reached a good faith
12 | settlement.

13 | 12.    Quest agrees that it will cooperate fully with the staff of the
14 | Commission in any and all investigations, litigation, or other formal or informal
15 | proceedings of the Commission relating to or arising from the matters described in
16 | the Commission's complaint filed in district court against Quest by undertaking to
17 | do the following:

18 |          a.    Produce, without service of a notice or subpoena, any and all
19 |                non-privileged documents and other information reasonably requested
20 |                by the Commission's staff;

21 |          b.    To be interviewed, and to make its officers, directors,
22 |                employees, agents, and other representatives available (and to use its
23 |                reasonable best efforts to make its former officers, directors,
24 |                employees, agents, and other representatives available) to be
25 |                interviewed, by the Commission's staff at such times as the
26 |                Commission's staff reasonably may direct;

27 |          c.    To make its officers, directors, employees, agents, and other
28 |                representatives available (and to use its reasonable best efforts to

1    make its former officers, directors, employees, agents, and other
2    representatives available) to appear and testify in such investigations,
3    depositions, hearings, or trials as the Commission's staff reasonably
4    may direct; and

5    d.    That in connection with any testimony of Quest's officers,
6    directors, employees, agents, and other representatives or requests for
7    documents or other information, that any notice or subpoena for such
8    may be addressed to its counsel, and be served by mail or facsimile;
9    with respect to such notices and subpoenas, Quest waives the
10    territorial limits on service contained within Rule 45 of the Federal
11    Rules of Civil Procedure and any applicable local rules, provided that
12    the party requesting the testimony reimburses Quest's travel, lodging,
13    and subsistence expenses at the then-prevailing United States
14    Government per diem rates; and Quest consents to personal
15    jurisdiction over it in any United States District Court for purposes of
16    enforcing any such notice or subpoena.

17    13.    Quest agrees that the Commission may present the Final Judgment to
18    the Court for signature and entry without further notice.

19    14.    Quest agrees that this Court shall retain jurisdiction over this matter
20    for the purpose of enforcing the terms of the Final Judgment.

21

22    Dated:  11-19-2008                    Quest Software, Inc.
23
24                                          By:
25                                          Douglas F. Garn
                                            President and CEO
26                                          Quest Software, Inc.
27                                          5 Polaris Way
                                            Aliso Viejo, California 92656
28    State of California

4

EXHIBIT A PAGE 27

1   County of Orange

2   On Nov. 19, 2008 before me, personally appeared Doug Gram

3

4   who proved to me on the basis of satisfactory evidence to be the person(s) whose
    name(s) is/are subscribed to the within instrument and acknowledged to me that
5   he/she/they executed the same in his/her/their authorized capacity(ies), and that by
    his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
6   of which the person(s) acted, executed the instrument.

7

8   I certify under PENALTY OF PERJURY under the laws of the State of California
    that the foregoing paragraph is true and correct.
9   WITNESS my hand and official seal.

10

11  Signature _____ (Seal)

12  Approved as to form:

13

14  KOJI FUKUMURA
    COOLEY GODWARD KRONISH LLP
15  4401 Eastgate Mall
    San Diego, CA 92121
16  (858) 550-6008
    Attorneys for Defendant
17  QUEST SOFTWARE, INC.

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A PAGE 28

## QUEST SOFTWARE, INC.

### SECRETARY'S CERTIFICATE

The undersigned, David P. Cramer, being the duly elected Secretary of QUEST SOFTWARE, INC., a California corporation (the "*Company*"), does hereby certify as follows:

1.     Attached as Exhibit A hereto is a true and complete copy of the resolutions duly adopted by the Special Committee of the Board of Directors of the Company by Unanimous Written Consent to Action dated November 16, 2008, which resolutions remain in full force and effect and have not been rescinded, modified or supplemented.

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate as of November 14, 2008.

Name: David P. Cramer
Title:   Vice President, General Counsel and
            Secretary

EXHIBIT A   PAGE 29

## EXHIBIT A

RESOLUTIONS ADOPTED BY THE
SPECIAL COMMITTEE OF THE
BOARD OF DIRECTORS OF
QUEST SOFTWARE, INC.

NOVEMBER 16, 2008

611303 v1/SD

EXHIBIT $\underline{A}$ PAGE $\underline{30}$

UNANIMOUS WRITTEN CONSENT TO ACTION
OF THE SPECIAL COMMITTEE
OF THE
BOARD OF DIRECTORS OF
QUEST SOFTWARE, INC.
TAKEN WITHOUT A MEETING

Pursuant to Section 307(b) of the California Corporations Code, the undersigned, constituting all of the members of the Special Committee of the Board of Directors of Quest Software, Inc., a California corporation (the "Corporation"), hereby adopt the following recitals and resolutions:

WHEREAS, the Special Committee of the Board of Directors of Quest Software, Inc. (the "Corporation") deems it advisable and in the best interest of the Corporation to execute, approve and adopt that certain Consent of Defendant Quest Software, Inc. to Entry of Final Judgment (the "Consent"),

NOW THEREFORE, BE IT RESOLVED, that the Chief Executive Officer be and he hereby is duly authorized and directed to execute, in the name of the Corporation, the Consent, attached hereto and made a part hereof, for submission to the United States District Court, Central District of California (the "Court") in a civil action to be filed entitled "Securities and Exchange Commission v. Quest Software, Inc." and the aforementioned officer be, and he hereby is, duly authorized and directed to undertake such further actions, for and on behalf of the Corporation as he may deem necessary or advisable, including the execution of such documents as may be required by the Securities and Exchange Commission or the Court, in order to effectuate the foregoing Consent;

AND FURTHER RESOLVED, that the proper officers of the Corporation be, and each of them hereby is, duly authorized and directed, in the name and on behalf of the Corporation, to take or cause to be taken, any and all action such proper officer may deem necessary, advisable or appropriate in order to carry out the intent of the foregoing resolution, and to make, execute and deliver or cause to be made, executed or delivered by any such officer, any and all instruments in the name and on behalf of the Corporation as each such proper officer shall, in his or her sole discretion, deem to be necessary, advisable or appropriate, as conclusively evidenced by the execution thereof;

AND FURTHER RESOLVED, that any and all actions by any proper officer to effect the purposes of or in furtherance of these resolutions taken prior to the date hereof is hereby ratified, approved, confirmed and adopted in all respects.

This Unanimous Written Consent to Action may be executed in counterparts and shall be effective for all purposes as of the date of the last signature hereto,

EXHIBIT 4 PAGE 31

John Dirks
Date executed:   11/16/2008

Kevin Klausmeyer
Date executed:   11/14/08

EXHIBIT _A_ PAGE 32

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   E-mail: mccoyj@sec.gov
2  FINOLA MANVELIAN, Cal. Bar No. 180681
   E-mail: manvelianf@sec.gov
3  MARSHALL SPRUNG, Cal. Bar No. 188253
   E-mail: sprungm@sec.gov
4  SAM S. PUATHASNANON, Cal. Bar No. 198430
   E-mail: puathasnanons@sec.gov

5

6  Attorneys for Plaintiff
   Securities and Exchange Commission
7  Rosalind R. Tyson, Regional Director
   Andrew G. Petillon, Associate Regional Director
8  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
9  Telephone:  (323) 965-3998
   Facsimile:   (323) 965-3908

10

11             UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                  SOUTHERN DIVISION

14  SECURITIES AND EXCHANGE          SACV09-0315 AG MLGx
    COMMISSION,
15                                   CONSENT OF DEFENDANT
            Plaintiff,               VINCENT C. SMITH TO ENTRY OF
16                                   FINAL JUDGMENT
            vs.
17
    QUEST SOFTWARE, INC.,
18  VINCENT C. SMITH, JOHN J.
    LASKEY, and KEVIN E. BROOKS,
19
            Defendants.
20

21

22

23

24

25

26

27

28
                                      EXHIBIT _4_ PAGE _33_

1      1.    Defendant Vincent C. Smith ("Smith") waives service of a summons

2  and the complaint in this action, enters a general appearance, and admits the

3  Court's jurisdiction over Smith and over the subject matter of this action.

4      2.    Without admitting or denying the allegations of the complaint (except

5  as to personal and subject matter jurisdiction, which Smith admits), Smith hereby

6  consents to the entry of the final Judgment in the form attached hereto (the "Final

7  Judgment") and incorporated by reference herein, which, among other things:

8          (a)   permanently restrains and enjoins Smith from violation of

9                Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933

10                ("Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3),

11                Sections 13(b)(5), 14(a), and 16(a) of the Securities Exchange

12                Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78m(b)(5), 78n(a),

13                and 78p(a), and Rules 13a-14, 13b2-1, 13b2-2, 14a-9, and 16a-

14                3 thereunder, 17 C.F.R. §§ 240.13a-14, 240.13b2-1, 240.13b2-

15                2, 240.14a-9, and 240.16a-3; and aiding and abetting violations

16                of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange

17                Act, §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B), and Rules

18                12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-

19                20, 240.13a-1, and 240.13a-13; and

20          (b)   orders Smith to pay a civil penalty in the amount of $150,000

21                under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d),

22                and Section 21(d)(3) of the Exchange Act, 15 U.S.C.

23                § 78u(d)(3).

24      3.    Smith agrees that he shall not seek or accept, directly or indirectly,

25  reimbursement or indemnification from any source, including but not limited to

26  payment made pursuant to any insurance policy, with regard to any civil penalty

27  amounts that Smith pays pursuant to the Final Judgment, regardless of whether

28  such penalty amounts or any part thereof are added to a distribution fund or

1

1  otherwise used for the benefit of investors. Smith further agrees that he shall not

2  claim, assert, or apply for a tax deduction or tax credit with regard to any federal,

3  state, or local tax for any penalty amounts that Smith pays pursuant to the Final

4  Judgment, regardless of whether such penalty amounts or any part thereof are

5  added to a distribution fund or otherwise used for the benefit of investors.

6      4.    Smith waives the entry of findings of fact and conclusions of law

7  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8      5.    Smith waives the right, if any, to a jury trial and to appeal from the

9  entry of the Final Judgment.

10      6.    Smith enters into this Consent voluntarily and represents that no

11  threats, offers, promises, or inducements of any kind have been made by the

12  Commission or any member, officer, employee, agent, or representative of the

13  Commission to induce Smith to enter into this Consent.

14      7.    Smith agrees that this Consent shall be incorporated into the Final

15  Judgment with the same force and effect as if fully set forth therein.

16      8.    Smith will not oppose the enforcement of the Final Judgment on the

17  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

18  Civil Procedure, and hereby waives any objection based thereon.

19      9.    Smith waives service of the Final Judgment and agrees that entry of

20  the Final Judgment by the Court and filing with the Clerk of the Court will

21  constitute notice to Smith of its terms and conditions. Smith further agrees to

22  provide counsel for the Commission, within thirty days after the Final Judgment is

23  filed with the Clerk of the Court, with an affidavit or declaration stating that Smith

24  has received and read a copy of the Final Judgment.

25      10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the

26  claims asserted against Smith in this civil proceeding. Smith acknowledges that no

27  promise or representation has been made by the Commission or any member,

28  officer, employee, agent, or representative of the Commission with regard to any

2

EXHIBIT _A_ PAGE _35_

1  criminal liability that may have arisen or may arise from the facts underlying this
2  action or immunity from any such criminal liability. Smith waives any claim of
3  Double Jeopardy based upon the settlement of this proceeding, including the
4  imposition of any remedy or civil penalty herein. Smith further acknowledges that
5  the Court's entry of a permanent injunction may have collateral consequences
6  under federal or state law and the rules and regulations of self-regulatory
7  organizations, licensing boards, and other regulatory organizations. Such collateral
8  consequences include, but are not limited to, a statutory disqualification with
9  respect to membership or participation in, or association with a member of, a self-
10 regulatory organization. This statutory disqualification has consequences that are
11 separate from any sanction imposed in an administrative proceeding. In addition,
12 in any disciplinary proceeding before the Commission based on the entry of the
13 injunction in this action, Smith understands that he shall not be permitted to contest
14 the factual allegations of the complaint in this action.

15      11.    Smith understands and agrees to comply with the Commission's
16 policy "not to permit a defendant or respondent to consent to a judgment or order
17 that imposes a sanction while denying the allegation in the complaint or order for
18 proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Smith agrees: (i)
19 not to take any action or to make or permit to be made any public statement
20 denying, directly or indirectly, any allegation in the complaint or creating the
21 impression that the complaint is without factual basis; and (ii) that upon the filing
22 of this Consent, Smith hereby withdraws any papers filed in this action to the
23 extent that they deny any allegation in the complaint. If Smith breaches this
24 agreement, the Commission may petition the Court to vacate the Final Judgment
25 and restore this action to its active docket. Nothing in this paragraph affects
26 Smith's: (i) testimonial obligations; or (ii) right to take legal or factual positions in
27 litigation or other legal proceedings in which the Commission is not a party.
28

3

EXHIBIT _A_ PAGE _36_

1    12.    Smith hereby waives any rights under the Equal Access to Justice Act,

2  the Small Business Regulatory Enforcement Fairness Act of 1996, or any other

3  provision of law to seek from the United States, or any agency, or any official of

4  the United States acting in his or her official capacity, directly or indirectly,

5  reimbursement of attorney's fees or other fees, expenses, or costs expended by

6  Smith to defend against this action. For these purposes, Smith agrees that Smith is

7  not the prevailing party in this action since the parties have reached a good faith

8  settlement.

9    13.    In connection with this action and any related judicial or

10  administrative proceeding or investigation commenced by the Commission or to

11  which the Commission is a party, Smith (i) agrees to appear and be interviewed by

12  Commission staff at such times and places as the staff requests upon reasonable

13  notice; (ii) will accept service by mail or facsimile transmission of notices or

14  subpoenas issued by the Commission for documents or testimony at depositions,

15  hearings, or trials, or in connection with any related investigation by Commission

16  staff; (iii) appoints Smith's undersigned attorney as agent to receive service of such

17  notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the

18  territorial limits on service contained in Rule 45 of the Federal Rules of Civil

19  Procedure and any applicable local rules, provided that the party requesting the

20  testimony reimburses Smith's travel, lodging, and subsistence expenses at the then-

21  prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction

22  over Smith in any United States District Court for purposes of enforcing any such

23  subpoena.

24    14.    Smith agrees that the Commission may present the Final Judgment to

25  the Court for signature and entry without further notice.

26    15.    Smith agrees that this Court shall retain jurisdiction over this matter

27

28

4

EXHIBIT $\underline{A}$ PAGE $\underline{37}$

1   for the purpose of enforcing the terms of the Final Judgment.

2

3   Dated: 9/10/2008                    _Vincent C Smith_

4                                              Vincent C. Smith

5   State of California

6   County of Orange

7

8   On 9-10-08 _____ before me, (here insert name and title of the officer),

9   personally appeared VINCENT C SMITH

10

11  who proved to me on the basis of satisfactory evidence to be the person(s) whose

12  name(s) is/are subscribed to the within instrument and acknowledged to me that

13  he/she/they executed the same in his/her/their authorized capacity(ies), and that by

14  his/her/their signature(s) on the instrument the person(s), or the entity upon behalf

15  of which the person(s) acted, executed the instrument.

16  I certify under PENALTY OF PERJURY under the laws of the State of California

17  that the foregoing paragraph is true and correct.

18  WITNESS my hand and official seal.

19

20  Signature _____        (Seal)

21  Approved as to form:

22                                    STEVEN P. BEYROOTY
                                      COMM. # 1757084
23                                    NOTARY PUBLIC-CALIFORNIA
                                      ORANGE COUNTY
24  DAVID SCHINDLER                   COMM. EXPIRES JULY 14, 2011
    LATHAM & WATKINS LLP
25  355 South Grand Avenue
    Los Angeles, CA 90071
26  (213) 485-1234
    Attorneys for Defendant
27  VINCENT C. SMITH

28

                                      EXHIBIT A PAGE 38

                        5

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   E-mail: mccoyj@sec.gov
2  FINOLA MANVELIAN, Cal. Bar No. 180681
   E-mail: manvelianf@sec.gov
3  MARSHALL SPRUNG, Cal. Bar No. 188253
   E-mail: sprungm@sec.gov
4  SAM S. PUATHASNANON, Cal. Bar No. 198430
   E-mail: puathasnanons@sec.gov
5

6  Attorneys for Plaintiff
   Securities and Exchange Commission
7  Rosalind R. Tyson, Regional Director
   Andrew G. Petillon, Associate Regional Director
8  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
9  Telephone: (323) 965-3998
   Facsimile: (323) 965-3908
10

11                 UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                      SOUTHERN DIVISION

14  SECURITIES AND EXCHANGE       Case No. SACV09-0315 AG MLGx
    COMMISSION,
15                                CONSENT OF DEFENDANT
             Plaintiff,           KEVIN E. BROOKS TO ENTRY OF
16                                FINAL JUDGMENT

17         vs.

18  QUEST SOFTWARE, INC.,
    VINCENT C. SMITH, JOHN J.
19  LASKEY, and KEVIN E. BROOKS,

             Defendants.
20

21

22

23

24

25

26

27

28

EXHIBIT  4  PAGE 39

1      1.     Defendant Kevin E. Brooks ("Brooks") waives service of a summons
2  and the complaint in this action, enters a general appearance, and admits the
3  Court's jurisdiction over Brooks and over the subject matter of this action.
4      2.     Without admitting or denying the allegations of the complaint (except
5  as to personal and subject matter jurisdiction, which Brooks admits), Brooks
6  hereby consents to the entry of the final Judgment in the form attached hereto (the
7  "Final Judgment") and incorporated by reference herein, which, among other
8  things:

9              (a)    permanently restrains and enjoins Brooks from violation of
10                    Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933
11                    ("Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3),
12                    Sections 13(b)(5) and 16(a) of the Securities Exchange Act of
13                    1934 ("Exchange Act"), 15 U.S.C. §§ 78m(b)(5) and 78p(a),
14                    and Rules 13b2-1, 13b2-2, and 16a-3 thereunder, 17 C.F.R. §§
15                    240.13b2-1, 240.13b2-2, and 240.16a-3; and aiding and
16                    abetting violations of Sections 13(a), 13(b)(2)(A), and
17                    13(b)(2)(B) of the Exchange Act, §§ 78m(a), 78m(b)(2)(A), and
18                    78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13 thereunder,
19                    17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13;
20             (b)    orders Brooks to pay disgorgement in the amount of $34,775,
21                    plus prejudgment interest thereon in the amount of $ 5,808.29
22                    for a total of $40,583.29 (the "Disgorgement Amount"), which
23                    will be deemed to have been disgorged on September 19, 2008,
24                    the date on which Brooks paid the Disgorgement Amount to
25                    Quest Software, Inc.; and
26             (c)    orders Brooks to pay a civil penalty in the amount of $60,000
27                    under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d),
28

1

EXHIBIT  A  PAGE 40

1                    and Section 21(d)(3) of the Exchange Act, 15 U.S.C.

2                    § 78u(d)(3).

3        3.      Brooks agrees that he shall not seek or accept, directly or indirectly,

4 reimbursement or indemnification from any source, including but not limited to

5 payment made pursuant to any insurance policy, with regard to any civil penalty

6 amounts that Brooks pays pursuant to the Final Judgment, regardless of whether

7 such penalty amounts or any part thereof are added to a distribution fund or

8 otherwise used for the benefit of investors. Brooks further agrees that he shall not

9 claim, assert, or apply for a tax deduction or tax credit with regard to any federal,

10 state, or local tax for any civil penalty amounts that Brooks pays pursuant to the

11 Final Judgment, regardless of whether such penalty amounts or any part thereof are·

12 added to a distribution fund or otherwise used for the benefit of investors.

13        4.      Brooks waives the entry of findings of fact and conclusions of law

14 pursuant to Rule 52 of the Federal Rules of Civil Procedure.

15        5. `     Brooks waives the right, if any, to a jury trial and to appeal from the

16 entry of the Final Judgment.

17        6.      Brooks enters into this Consent voluntarily and represents that no

18 threats, offers, promises, or inducements of any kind have been made by the

19 Commission or any member, officer, employee, agent, or representative of the

20 Commission to induce Brooks to enter into this Consent.

21        7.      Brooks agrees that this Consent shall be incorporated into the Final

22 Judgment with the same force and effect as if fully set forth therein.

23        8.      Brooks will not oppose the enforcement of the Final Judgment on the

24 ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

25 Civil Procedure, and hereby waives any objection based thereon.

26        9.      Brooks waives service of the Final Judgment and agrees that entry of

27 the Final Judgment by the Court and filing with the Clerk of the Court will

28 constitute notice to Brooks of its terms and conditions. Brooks further agrees to

EXHIBIT A PAGE 41

1 | provide counsel for the Commission, within thirty days after the Final Judgment is
2 | filed with the Clerk of the Court, with an affidavit or declaration stating that
3 | Brooks has received and read a copy of the Final Judgment.

4 |     10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the
5 | claims asserted against Brooks in this civil proceeding. Brooks acknowledges that
6 | no promise or representation has been made by the Commission or any member,
7 | officer, employee, agent, or representative of the Commission with regard to any
8 | criminal liability that may have arisen or may arise from the facts underlying this
9 | action or immunity from any such criminal liability. Brooks waives any claim of
10 | Double Jeopardy based upon the settlement of this proceeding, including the
11 | imposition of any remedy or civil penalty herein. Brooks further acknowledges
12 | that the Court's entry of a permanent injunction may have collateral consequences
13 | under federal or state law and the rules and regulations of self-regulatory
14 | organizations, licensing boards, and other regulatory organizations. Such collateral
15 | consequences include, but are not limited to, a statutory disqualification with
16 | respect to membership or participation in, or association with a member of, a self-
17 | regulatory organization. This statutory disqualification has consequences that are
18 | separate from any sanction imposed in an administrative proceeding. In addition,
19 | in any disciplinary proceeding before the Commission based on the entry of the
20 | injunction in this action, Brooks understands that he shall not be permitted to
21 | contest the factual allegations of the complaint in this action.

22 |     11.    Brooks understands and agrees to comply with the Commission's
23 | policy "not to permit a defendant or respondent to consent to a judgment or order
24 | that imposes a sanction while denying the allegation in the complaint or order for
25 | proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Brooks agrees:
26 | (i) not to take any action or to make or permit to be made any public statement
27 | denying, directly or indirectly, any allegation in the complaint or creating the
28 | impression that the complaint is without factual basis; and (ii) that upon the filing

EXHIBIT $A$ PAGE 42

1    of this Consent, Brooks hereby withdraws any papers filed in this action to the
2    extent that they deny any allegation in the complaint. If Brooks breaches this
3    agreement, the Commission may petition the Court to vacate the Final Judgment
4    and restore this action to its active docket. Nothing in this paragraph affects
5    Brooks': (i) testimonial obligations; or (ii) right to take legal or factual positions in
6    litigation or other legal proceedings in which the Commission is not a party.

7        12.    Brooks hereby waives any rights under the Equal Access to Justice
8    Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any
9    other provision of law to seek from the United States, or any agency, or any
10   official of the United States acting in his or her official capacity, directly or
11   indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
12   expended by Brooks to defend against this action. For these purposes, Brooks
13   agrees that Brooks is not the prevailing party in this action since the parties have
14   reached a good faith settlement.

15       13.    In connection with this action and any related judicial or
16   administrative proceeding or investigation commenced by the Commission or to
17   which the Commission is a party, Brooks (i) agrees to appear and be interviewed
18   by Commission staff at such times and places as the staff requests upon reasonable
19   notice; (ii) will accept service by mail or facsimile transmission of notices or
20   subpoenas issued by the Commission for documents or testimony at depositions,
21   hearings, or trials, or in connection with any related investigation by Commission
22   staff; (iii) appoints Brooks' undersigned attorney as agent to receive service of such
23   notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the
24   territorial limits on service contained in Rule 45 of the Federal Rules of Civil
25   Procedure and any applicable local rules, provided that the party requesting the
26   testimony reimburses Brooks' travel, lodging, and subsistence expenses at the then-
27   prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction
28

4

EXHIBIT _A_ PAGE _42_

1 | over Brooks in any United States District Court for purposes of enforcing any such

2 | subpoena.

3 |     14.    Brooks agrees that the Commission may present the Final Judgment to

4 | the Court for signature and entry without further notice.

5 |     15.    Brooks agrees that this Court shall retain jurisdiction over this matter

6 | for the purpose of enforcing the terms of the Final Judgment.

7

8 | Dated: _October 22, 2008_                    _____
                                                         Kevin E. Brooks

9

10 | State of California

11 | County of _Orange_

12

13 | On __October 22, 2008___ before me, A. O. Trent, California Notary, personally

14 | appeared____KEVIN E. BROOKS_____

15 | _____,

16 | who proved to me on the basis of satisfactory evidence to be the person(s) whose

17 | name(s) is/are subscribed to the within instrument and acknowledged to me that .

18 | he/she/they executed the same in his/her/their authorized capacity(ies); and that by

19 | his/her/their signature(s) on the instrument the person(s), or the entity upon behalf

20 | of which the person(s) acted, executed the instrument.

21 | I certify under PENALTY OF PERJURY under the laws of the State of California

22 | that the foregoing paragraph is true and correct.

23 | WITNESS my hand and official seal.

24

25 | Signature _____ .. (Seal)

26 | Approved as to form:

27

28 | _____

                                                 5

EXHIBIT _A_ PAGE _44_

A. O. TRENT
Commission # 1654621
Notary Public - California
Orange County
My Comm. Expires Mar 27, 2010

MICHAEL PERLIS
WRENN CHAIS
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 556-5800
Attorneys for Defendant
KEVIN E. BROOKS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

EXHIBIT $A$ PAGE 45

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   E-mail: mccoyj@sec.gov
2  FINOLA MANVELIAN, Cal. Bar No. 180681
   E-mail: manvelianf@sec.gov
3  MARSHALL SPRUNG, Cal. Bar No. 188253
   E-mail: sprungm@sec.gov
4  SAM S. PUATHASNANON, Cal. Bar No. 198430
   E-mail: puathasnanons@sec.gov
5

6  Attorneys for Plaintiff
   Securities and Exchange Commission
7  Rosalind R. Tyson, Regional Director
   Andrew G. Petillon, Associate Regional Director
8  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
9  Telephone:  (323) 965-3998
   Facsimile:   (323) 965-3908
10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                      SOUTHERN DIVISION

14                                      SACV09-0315    AG MLGx

15  SECURITIES AND EXCHANGE          Case No.
    COMMISSION,
16                                   COMPLAINT
            Plaintiff,
17
         vs.
18
    QUEST SOFTWARE, INC.,
19  VINCENT C. SMITH, JOHN J.
    LASKEY, and KEVIN E. BROOKS,
20
            Defendants.
21

22

23

24

25

26

27

28

EXHIBIT A PAGE 46

1      1.    This action involves improper stock option backdating at Quest

2 Software, Inc. ("Quest"), which resulted in the issuance of financial statements that

3 misstated stock-based compensation expenses by over $100 million. Between

4 December 1999 and August 2002, Quest regularly backdated employee stock

5 option grants to obtain low exercise prices without recording compensation

6 expenses, which allowed it to report materially inflated income or understated

7 losses. The fraudulent scheme, facilitated by Quest's most senior executives,

8 involved options to acquire approximately 11 million shares of common stock

9 spread over 28 separate grants, resulting in a $113.6 million restatement of

10 operating income for the fiscal periods 1999 through 2005.

11     2.    The executives involved in the backdating include Vincent C. Smith

12 ("Smith"), Quest's former chief executive officer and chairman, and current

13 executive chairman; John J. Laskey ("Laskey"), its former chief financial officer;

14 and Kevin E. Brooks ("Brooks"), the former controller and chief accounting

15 officer, and currently Quest's vice president for sales programs (collectively, the

16 "Individual Defendants"; collectively with Quest, "Defendants").

17     3.    During the relevant period, Laskey created, with Smith's approval,

18 Quest's policy of using hindsight to date stock option grants to coincide with

19 monthly low stock prices.

20     4.    Smith served on the board of directors and signed unanimous written

21 consents ("UWCs") memorializing numerous grants. These UWCs were false

22 because they used grant dates selected with hindsight and claimed that the grants

23 were made with strike prices at the "current fair market value" even though no

24 approvals were obtained on the alleged grant date and the board did not execute the

25 documents until well after the alleged grant date.

26     5.    Smith, Laskey, and Brooks each knew about the use of hindsight to

27 backdate stock option grants, and all understood that options granted below fair

28 market value, or "in-the-money", required Quest to record compensation expense.

-2-

EXHIBIT A PAGE 47

1      6.     Moreover, each of the Individual Defendants knew that Quest's

2 outside auditors reviewed option grants, and each engaged in efforts that made

3 detection of the backdating more difficult for the auditors.

4      7.     As a result of the acts alleged in the Complaint, Quest, among other

5 things, violated Section 17(a)(2) and 17(a)(3) of the Securities Act of 1933

6 ("Securities Act"), falsified books and records, and falsely reported its financial

7 results.

8      8.     By engaging in the acts alleged in this Complaint, Smith, Laskey, and

9 Brooks, among other things, violated Section 17(a)(2) and 17(a)(3) of the

10 Securities Act, falsified books and records, made false statements to Quest's

11 outside auditors, and aided Quest's filing of false financial results. The

12 Commission seeks an order (1) enjoining the Defendants from future violations of

13 the securities laws, (2) requiring Brooks to disgorge his ill-gotten gains and pay

14 prejudgment interest, (3) requiring the Individual Defendants to pay civil monetary

15 penalties, and (4) providing other appropriate relief.

16 **JURISDICTION AND VENUE**

17      9.     This Court has jurisdiction over this action pursuant to Sections 20(b),

18 20(d)(1), and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d)(1), and

19 77v(a), and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934

20 ("Exchange Act"), 15 U.S.C. §§ 78u(d), 78u(e), and 78aa. Defendants have

21 directly or indirectly made use of the means or instrumentalities of interstate

22 commerce, of the mails, or of the facilities of a national securities exchange in

23 connection with the transactions, acts, practices, and courses of business alleged in

24 this Complaint.

25      10.    Venue is proper in this district pursuant to Section 22(a) of the

26 Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C.

27 § 78aa, because Defendants resided within this district during the relevant time

28 period and certain of the transactions, acts, practices, and courses of conduct

EXHIBIT A PAGE 48

1  constituting violations of the laws alleged in this Complaint occurred within this
2  district.

### DEFENDANTS

3
4       11.    Quest Software, Inc. is a California corporation headquartered in
5  Aliso Viejo, California.  Founded in 1987, Quest creates and sells productivity
6  software designed to manage its clients' existing applications and databases.  Since
7  its initial public offering on August 13, 1999, and throughout the relevant period,
8  Quest's common stock was registered under Section 12(g) of the Exchange Act
9  and traded on the Nasdaq National Market under symbol "QSFT."

10      12.    Vincent C. Smith, age 44, resides in Newport Beach, California.  He
11 served as Quest's chairman and CEO from 1998 until October 10, 2008, when he
12 was appointed executive chairman of the board of directors.  As reported in a Form
13 4 filed on May 8, 2008, Smith holds directly and indirectly 31,062,004 shares of
14 Quest stock, approximately 29% of the company.

15      13.    John J. Laskey, age 59, is a resident of Newport Coast, California.  He
16 served as Quest's chief financial officer from October 1998 until he resigned in
17 February 2001.

18      14.    Kevin E. Brooks, age 38, is a resident of Rancho Santa Margarita,
19 California.  He served as Quest's controller and principal accounting officer from
20 1999 until October 26, 2006, when he was reassigned to a non-accounting/finance
21 role as a result of Quest's internal investigation into its stock option grant
22 practices.  Brooks has been licensed as a CPA in California since November 1992,
23 although his license is currently inactive.

### FACTS

24
25 A.    Backdating of Stock Options at Quest

26      15.    In December 1999, Laskey recommended to Smith a policy under
27 which the company would pool new hires by month and grant stock options to
28 each pool using the lowest price of that particular month.  Smith approved the

1  policy, and the company applied it retroactively so that the October 1999 pool
2  received a $22.94 exercise price, the November 1999 pool received a $32.06
3  exercise price, and the December 1999 pool received a $40.25 exercise price.

4      16.     This practice continued through August 2002, resulting in over 8
5  million shares of backdated stock options to rank-and-file employees, accounting
6  for $89.6 million of the restatement.

7      17.     Quest documented approval of its stock option grants almost
8  exclusively through UWCs, which contained a date that purported to be the grant
9  date. However, no approvals were obtained from the board or the compensation
10 committee on the purported grant dates. Laskey prepared or directed the
11 preparation of the UWCs until about April 2000.

12     18.     During the relevant period, UWCs were typically circulated for
13 signature long after the alleged grant date. Some UWCs contain fax headers that
14 reflect transmission dates long after the grant date, indicating that the UWCs were
15 signed on the day set forth in the fax transmission header.

16     19.     Moreover, the UWCs stated that the "Board hereby determines that
17 the **current** fair market value per share of the common stock is . . ." (emphasis
18 supplied), a statement rendered false by the fact that the Board did not actually
19 meet, discuss, or approve the grant on the alleged grant date and the UWCs were
20 not executed until much later.

21     20.     The UWCs typically referred to an attached exhibit that listed the
22 names of the grantees and the number of shares each would receive. During the
23 relevant period, however, many UWCs presented to the directors for signature
24 lacked the exhibits. Board members, knowing that Smith had reviewed or would
25 review the grantee lists, did not concern themselves with the identities of the
26 grantees, relying instead on the efforts of Smith and others in compiling the
27 grantee lists. On occasion, the grantee list was changed even after the UWC was
28 signed, and long after the date of the UWC. Once the UWC was formally signed,

-5-

EXHIBIT _A_ PAGE 50 .

1  the CFO would inform the stock plan administrator to process the grants and send
2  out the award notices to the option grantees.

3      21.    Quest did not uniformly apply the policy that Laskey created, instead
4  using hindsight to postpone certain grants for a particular month if it meant lower
5  exercise prices could be obtained.

6      22.    In the first quarter of 2000, Quest's stock price, on the rise since the
7  IPO, became more volatile, reaching a high of $97.50 on March 10, 2000 and a
8  low of $26.50 on April 14, 2000. As a result, the stock plan administrator reported
9  to Laskey on April 4, 2000, "Also another note from Vinny [Smith].... There will
10  NOT be any options grants for March. He wants them to be granted on April 3rd,
11  due to the price being lower then the 'lowest price' in March [sic]." The company
12  ultimately made the grant on April 14, 2000, which was the lowest price in April
13  and included the first post-IPO, company-wide grant.

14      23.    The list of grantees, though, was not finalized until at least July 3,
15  2000. On that day, the stock plan administrator informed Laskey and Brooks that
16  she needed to revise the grantee list for April and asked whether she should send
17  revised minutes to the outside directors. Laskey responded, "I would just change
18  the exhibit to reflect the additions, no need to recycle them." The April 14, 2000
19  grants resulted in the largest unreported compensation expense, approximately $51
20  million, nearly half of the restatement.

21      24.    Brooks, although incorrectly remembering the grant date to have been
22  in March, refers to this grant nearly one year later in a January 3, 2001 e-mail
23  asking whether Quest will move a grant from December 2000:

24           Are we going to move the big option grant to yesterday? If we
25           do, then I don't have to worry about it for this year's audit.
26           That would buy you guys more time to decide. However, I
27           think it would be good to get the info out to the staff soon since
28           we passed on the traditional holiday bonus. Additionally in

EXHIBIT _A_ PAGE _51_

1           March when we had the last big drop, we actually granted 0 .
2           options in February even to new starts and made them March to
3           take advantage of the $26 price. We need to let [the stock plan
4           administrator] know if we are going to do that again for
5           December new starts.

6       25.     Quest did, in fact, delay the December 2000 grant to January 2, 2001,
7   when Quest stock closed at $23.69, the lowest price in December 2000 and January
8   2001. The UWC approving the grant was dated January 2, even though no
9   approvals were obtained on the purported grant date. Indeed, the UWC was not
10  signed by the two compensation committee members until May 9, 2001.

11      26.     Grantees who should have received options in January, February, and
12  March 2001 became part of a March 28, 2001 grant, a date selected with hindsight
13  delayed to take advantage of Quest's falling stock price.

14      27.     During the relevant period, the board or the compensation committee
15  approved a total of 28 stock option grants to officers under Section 16 of the
16  Exchange Act and rank-and-file employees, which resulted in a $113.6 million
17  restatement of operating income for the fiscal periods 1999 through 2005. Other
18  than one grant approved during an actual board meeting on March 28, 2001, no
19  contemporaneous documentation exists to support the grant dates.

20  **B.    Quest's Efforts to Avoid Compensation Expenses**

21      28.     Quest's stock option practices during the relevant period were
22  designed to avoid or reduce accounting charges for compensation expense
23  associated with stock options. Smith, Laskey, and Brooks knew that in-the-money
24  options resulted in compensation expense. Smith, Laskey, and Brooks were also
25  aware that the company granted non-backdated, in-the-money options, which the
26  company properly expensed. Such options usually arose out of an agreement to
27  provide a specific exercise price in connection with an acquisition or to recruit a
28  key employee. To track such compensation, Quest's accounting department

-7-

EXHIBIT A PAGE 52

1  maintained a spreadsheet entitled "Cheap Stock Amortization."

2      29.    Even when a particular exercise price was promised, Quest sometimes

3  attempted to reduce the compensation expense by manipulating grant dates. For

4  example, in recruiting one employee, the company promised 40,000 stock options

5  with a negotiated strike price of $26.50. In response to an e-mail seeking approval

6  to make the grant on October 4, 2000, Smith wrote:

7         There may be a way to avoid the comp charge. Give me until

8         Tuesday of next week to look into this one. Make sure we get it

9         down then. I would like to make the grant in September

10        because the strike price is $46 so worst case the comp charge is

11        only $20 per share or a MERE $800K.

12     30.    Nine days later, Smith wrote, "we may push out further. . . . as I said

13 we may try to capture a lower price." Eventually, a decision was made to grant the

14 options on October 30, 2000, when Quest's stock closed at $35.98. However, on

15 November 29, 2000, Brooks suggested that the options should be "erased" and

16 granted on that day because the stock price, $28.81, would help to reduce the

17 compensation expense further.

18 C.    <u>Quest's Efforts to Avoid Auditor Scrutiny of the Backdating</u>

19     31.    The close of fiscal quarters created urgency to complete the grant

20 process at Quest. Management was aware that stock options had to be finalized

21 prior to the end of quarterly audits by Quest's outside auditors. Numerous written

22 communications reflect the Individual Defendants' concern that backdated option

23 grants be finalized before the review or audit so as not to arouse the auditors'

24 suspicions. For example:

25       a.    On January 9, 2000, Smith asks Laskey "how many more days

26           can we still give out Q4 options?" Laskey asks Smith to finish

27           by January 11 because he needs "to give [the UWCs] to the

28           auditors and also finish off the diluted shares calculation."

EXHIBIT A PAGE 53

    b.    On June 22, 2000, Brooks tells a department head that he must obtain approval from Smith for additional option grants before the end of June "or it will be impossible to give them the April price," suggesting that paperwork supporting the grant had to be completed before the outside auditors began their work in early July.

    c.    On November 29, 2000, in connection with finalizing a grant to a particular employee, Brooks states that "crossing quarters is what we really need to avoid."

    d.    On January 4, 2001, Smith agrees to an e-mail suggestion that the company pull back grants purportedly made on October 30, 2000 with an exercise price of $36 and instead grant them at $27, the lowest price in November, because "auditors have not yet seen them."

32.    By November 2000, the auditors had become suspicious of Quest's accounting for stock options generally, as reflected in an e-mail from Brooks to Smith and Laskey, among others:

> Due to the numerous changes we have been making to past periods [of stock option grants, the auditors are] growing very skeptical that we are properly accounting for our stock option activity. As a result, they are testing a higher percentage of activity than they normally would. We really should try and regain their confidence so that the level of scrutiny drops back down. Ultimately, less scrutiny gives us more flexibility, . . .

33.    Despite apparent skepticism, the outside auditors did not uncover Quest's stock option backdating, in part due to the efforts of Smith, Laskey, and Brooks, which prevented the auditors from detecting the misconduct.

-9-

EXHIBIT $A$ PAGE 54

**D.**   **Quest's Misleading Disclosures and Concealment of Accounting**
**Consequences**

34.   Quest, through Smith, Laskey, and Brooks, made false and misleading
disclosures related to stock option grants in its periodic reports and proxy
statements, which were incorporated into its registration statements. In addition,
financial statements rendered false and misleading through omission of the
compensation expenses continued to appear in Quest's periodic reports through
2005.

**1.**   **Forms 10-K and 10-Q**

35.   In all of its periodic reports during the relevant period, Quest
represented that it applied Accounting Principles Board Opinion No. 25,
*Accounting for Stock Issued to Employees* ("APB 25"). Under APB 25, a public
company is allowed to grant stock options to employees without recording an
expense so long as the options are granted at-the-money. However, if a company
grants "in-the-money" options, it is required to record as an expense on its
financial statements the difference between the exercise price and the quoted
market price on the "measurement date" over the vesting period of the options.
The measurement date, as defined by APB 25, is the first date on which the
following information is known: (i) the number of options that an individual
employee is entitled to receive, and (ii) the exercise price.

36.   Quest's financial statements included in its Forms 10-K and 10-Q
were not prepared in accordance with APB 25 because Quest failed to record
compensation expenses for backdated stock options that were in-the-money at the
time of grant. As a result, none of Quest's audited financial statements between
1999 and 2005 or its unaudited quarterly financial statements during that period
were prepared in accordance with Generally Accepted Accounting Principles, or
GAAP. Quest's restatement disclosed that it failed to report material amounts of
compensation expenses required by GAAP, and thus overstated (understated) its

EXHIBIT  *4*  PAGE  55

operating income (loss) between 1999 and 2005, as follows:

| Fiscal Year Ended 12/31 | Quest's Operating Income (Loss) As Originally Stated | Unrecognized Compensation Expense | Percentage By Which Operating Income (Loss) Was Overstated (Understated) |
|---|---|---|---|
| 1999 | $4,468,000 | $184,127 | 4% |
| 2000 | ($29,876,000) | $12,444,871 | (29.4%) |
| 2001 | ($53,701,000) | $18,981,087 | (26.12%) |
| 2002 | $9,857,000 | $28,110,278 | (154%) |
| 2003 | $25,982,000 | $23,538,001 | 963.1% |
| 2004 | $63,634,000 | $19,789,110 | 45.1% |
| 2005 | $74,076,000 | $10,579,087 | 16.7% |
| Total | $94,440,000 | $113,626,561 | |

### 2. Registration Statements

37.     Quest's registration statements effective from November 1999 through 2005 included and/or incorporated by reference the consolidated financial statements as well as the misrepresentations in Quest's Forms 10-K and 10-Q, and its proxy statements. These registration statements include one Form S-1, one Form S-3, and 11 Forms S-8, which were filed primarily in connection with Quest's acquisitions during the period.

### 3. Proxy Statements

38.     In 2000 and 2001, Quest's proxy statements falsely disclosed that the option grants to its named executive officers were made at fair market value on the date of grant. In addition, the 2000 proxy statement falsely represented that options to Quest's employees were granted at fair market value on the date of grant. These proxy statements were also materially misleading because they failed to disclose that Quest granted backdated, in-the-money options.

### 4. The Individual Defendants' Roles in Quest's Public Filings

39.     During the relevant period, Smith signed the following public filings:

-11-

EXHIBIT __A__ PAGE 56

1       •    Forms 10-K for fiscal years 1999 through 2005;

2       •    Letters to shareholders in the 2000 and 2001 proxy statements;

3       •    Forms S-8 filed on November 22, 1999, February 4, 2000, May

4             26, 2000, November 9, 2000, February 14, 2002, February 6,

5             2003, July 15, 2003, March 25, 2004, June 23, 2004, June 1,

6             2005, and July 14, 2005;

7       •    Power of attorney included in Form S-1 filed on February 22,

8             2000;

9       •    Form S-3 filed on September 26, 2000; and

10      •    Sarbanes-Oxley Section 302 certifications in Forms 10-K from

11            2002 through 2005.

12    40.    During the relevant period, Laskey signed the following public filings:

13       •    Form 10-K for fiscal year 1999;

14       •    Forms 10-Q filed in 2000; and

15       •    Power of attorney included in Form S-1 filed on February 22,

16             2000, Form S-3 filed on September 26, 2000, and Forms S-8

17             filed on November 22, 1999, February 4, 2000, May 26, 2000,

18             and November 9, 2000.

19    41.    During the relevant period, Brooks signed the following public filings:

20       •    Forms 10-K for fiscal years 2000 through 2005;

21       •    Forms 10-Q from the third quarter 2001 through 2005; and

22       •    Power of attorney included in Form S-3 filed on September 26,

23             2000 and Forms S-8 filed on November 9, 2000, February 14,

24             2002, February 6, 2003, July 15, 2003, March 25, 2004, June

25             23, 2004, June 1, 2005, and July 14, 2005.

26    5.    <u>Misrepresentations to Auditors</u>

27    42.    During the relevant period, Smith, Laskey, and Brooks signed

28 management representation letters to Quest's outside auditors in connection with

-12-

1  the annual audits and quarterly reviews that contained false and misleading

2  statements and omissions. These letters falsely represented that Quest's financial

3  statements were presented in conformity with GAAP, that there had been no fraud

4  involving management or employees who played significant roles in internal

5  controls, and that the company had disclosed all information related to stock option

6  grants.

7       43.    Beginning in April 2001, the letters falsely represented that all stock

8  options were made with an exercise price equal to fair market value of Quest stock

9  on the date of grant and that "all required approvals had been received for stock

10  option grants as of the date of grant." These disclosures were materially

11  misleading because Smith and Brooks were aware of the backdating at Quest and

12  that UWCs with false grant dates were provided to the auditors, but they did not

13  disclose this information to the auditors.

14  **E.    The Individual Defendants Benefited From the Fraud**

15       44.    Smith, Laskey, and Brooks personally benefited from the fraud by

16  receiving backdated options that were in-the-money by approximately $10.1

17  million (Smith), $98,000 (Laskey), and $270,000 (Brooks).

18       45.    Smith did not exercise any backdated options, which were repriced as

19  a result of Quest's internal investigation. Laskey's options expired. By exercising

20  certain backdated options, Brooks profited from backdated options by a total of

21  $69,550, $34,775 of which he reimbursed to Quest as a result of its internal

22  investigation.

23       46.    Smith, Laskey, and Brooks filed false Forms 4 and 5 with the

24  Commission, which misreported the grant dates of stock options they received and

25  the expiration dates of those options.

26                        FIRST CLAIM FOR RELIEF

27             FRAUD IN THE OFFER OR SALE OF SECURITIES

28             Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act

EXHIBIT A PAGE 58

1                (Against All Defendants)

2       47.    The Commission realleges and incorporates by reference ¶¶ 1 through

3 46 above.

4       48.    Quest, Smith, Laskey, and Brooks, and each of them, by engaging in

5 the conduct described above, directly or indirectly, in the offer or sale of securities

6 by the use of means or instruments of transportation or communication in interstate

7 commerce or by the use of the mails:

8            a.    obtained money or property by means of untrue statements of a

9               material fact or by omitting to state a material fact necessary in

10               order to make the statements made, in light of the

11               circumstances under which they were made, not misleading; or

12            b.    engaged in transactions, practices, or courses of business which

13               operated or would operate as a fraud or deceit upon the

14               purchaser.

15       49.    By engaging in the conduct described above, Quest, Smith, Laskey,

16 and Brooks violated, and unless restrained and enjoined will continue to violate,

17 Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(2) and

18 77q(a)(3).

19                 SECOND CLAIM FOR RELIEF

20                   PROXY VIOLATIONS

21   Violations of Section 14(a) of the Exchange Act and Rule 14a-9 thereunder

22                (Against Quest and Smith)

23       50.    The Commission realleges and incorporates by reference ¶¶ 1 through

24 49 above.

25       51.    Quest and Smith, by the use of the mails or by any means or

26 instrumentality of interstate commerce or of any facility of a national securities

27 exchange or otherwise, knowingly, recklessly or negligently, solicited proxies by

28 means of a proxy statement, form of proxy, notice of meeting or other

EXHIBIT A PAGE 59

1              (Against All Defendants)

2      47.    The Commission realleges and incorporates by reference ¶¶ 1 through
3  46 above.

4      48.    Quest, Smith, Laskey, and Brooks, and each of them, by engaging in
5  the conduct described above, directly or indirectly, in the offer or sale of securities
6  by the use of means or instruments of transportation or communication in interstate
7  commerce or by the use of the mails:

8              a.    obtained money or property by means of untrue statements of a
9                    material fact or by omitting to state a material fact necessary in
10                   order to make the statements made, in light of the
11                   circumstances under which they were made, not misleading; or

12             b.    engaged in transactions, practices, or courses of business which
13                   operated or would operate as a fraud or deceit upon the
14                   purchaser.

15     49.    By engaging in the conduct described above, Quest, Smith, Laskey,
16  and Brooks violated, and unless restrained and enjoined will continue to violate,
17  Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(2) and
18  77q(a)(3).

19                    SECOND CLAIM FOR RELIEF
20                      PROXY VIOLATIONS
21  Violations of Section 14(a) of the Exchange Act and Rule 14a-9 thereunder
22                    (Against Quest and Smith)

23     50.    The Commission realleges and incorporates by reference ¶¶ 1 through
24  49 above.

25     51.    Quest and Smith, by the use of the mails or by any means or
26  instrumentality of interstate commerce or of any facility of a national securities
27  exchange or otherwise, knowingly, recklessly or negligently, solicited proxies by
28  means of a proxy statement, form of proxy, notice of meeting or other

-14-

EXHIBIT _A_ PAGE _60_

1  communication, written or oral, containing statements which, at the time and in
2  light of the circumstances under which they were made, were false and misleading
3  with respect to material facts, or omitted to state material facts necessary in order
4  to make the statements therein not false or misleading or necessary to correct
5  statements in earlier communications with respect to the solicitation of the proxy
6  for the same meeting or subject matter which was false or misleading.

7       52.    By engaging in the conduct alleged above, Quest and Smith violated,
8  and unless restrained and enjoined will continue to violate, Section 14(a) of the
9  Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 thereunder, 17 C.F.R. §
10  240.14a-9.

11                    THIRD CLAIM FOR RELIEF
12                    FALSIFICATION OF RECORDS
13          Violations of Sections 13(b)(5) of the Exchange Act
14                    and Rule 13b2-1 thereunder
15               (Against Smith, Laskey, and Brooks)

16       53.    The Commission realleges and incorporates by reference ¶¶ 1 through
17  52 above.

18       54.    Smith, Laskey, and Brooks, directly or indirectly, falsified or caused
19  to be falsified Quest's books, records and accounts subject to Section 13(b)(2)(A)
20  of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

21       55.    By engaging in the conduct alleged above, Smith, Laskey, and Brooks
22  violated, and unless restrained and enjoined will continue to violate, Section
23  13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), and Rule 13b2-1 thereunder,
24  17 C.F.R. § 240.13b2-1.

25                    FOURTH CLAIM FOR RELIEF
26               FALSE STATEMENT TO ACCOUNTANTS
27               Violations of Exchange Act Rule 13b2-2
28               (Against Smith, Laskey, and Brooks)

-15-

EXHIBIT 4 PAGE 61

1    56.    The Commission realleges and incorporates by reference ¶¶ 1 through
2  55 above.

3    57.    Smith, Laskey, and Brooks, directly or indirectly, (i) made, or caused
4  to be made, materially false or misleading statements or (ii) omitted to state, or
5  caused others to omit to state, material facts necessary in order to make statements
6  made, in light of the circumstances under which they were made, not misleading,
7  to an accountant in connection with an audit, review or examination of financial
8  statements or the preparation or filing of a document or report required to be filed
9  with the Commission.

10    58.    By engaging in the conduct alleged above, Smith, Laskey, and Brooks
11  violated, and unless restrained and enjoined will continue to violate, Exchange Act
12  Rule 13b2-2, 17 C.F.R. § 240.13b2-2.

13                        **FIFTH CLAIM FOR RELIEF**
14                          **FALSE CERTIFICATION**
15                    **Violations of Exchange Act Rule 13a-14**
16                              (Against Smith)

17    59.    The Commission realleges and incorporates by reference ¶¶ 1 through
18  58 above.

19    60.    Smith certified in each annual report filed by Quest from 2002
20  through 2005 that, among other things, he reviewed each of these reports and,
21  based on his knowledge, these reports (i) did not contain any untrue statement of
22  material fact or omit to state a material fact necessary to make the statements
23  made, in light of the circumstances under which such statements were made, not
24  misleading and (ii) included financial statements and other financial information
25  which fairly presented, in all material respects, Quest's financial condition, results
26  of operations and cash flows.

27    61.    By engaging in the conduct alleged above, Smith violated, and unless
28  restrained and enjoined will continue to violate, Exchange Act Rule 13a-14, 17

-16-

EXHIBIT A PAGE 62

1  C.F.R. § 240.13a-14.

2  SIXTH CLAIM FOR RELIEF

3  EQUITY BENEFICIAL OWNERSHIP REPORTING VIOLATION

4  Violations of Section 16(a) of the Exchange Act and Rule 16a-3 thereunder

5  (Against Smith, Laskey, and Brooks)

6  62.  The Commission realleges and incorporates by reference ¶¶ 1 through
7  61 above.

8  63.  Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-
9  3 thereunder, 17 C.F.R. § 240.16a-3, require officers, directors and beneficial
10  owners of more than ten percent of any class of equity security registered pursuant
11  to Section 12 of the Exchange Act, 15 U.S.C. § 78l, to file periodic reports
12  disclosing any change of beneficial ownership of those securities.

13  64.  Smith, Laskey, and Brooks failed to accurately report changes of
14  beneficial ownership of their Quest securities by filing Forms 4 and 5 with the
15  Commission that contained false or misleading statements with regard to their
16  options' grant dates and expiration dates.

17  65.  By engaging in the conduct alleged above, Smith, Laskey, and Brooks
18  violated, and unless restrained and enjoined will continue to violate, Section 16(a)
19  of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3 thereunder, 17 C.F.R. §
20  240.16a-3.

21  SEVENTH CLAIM FOR RELIEF

22  VIOLATIONS OF COMMISSION PERIODIC

23  REPORTING REQUIREMENTS

24  Violations of Section 13(a) of the Exchange Act,

25  and Rules 12b-20, 13a-1, and 13a-13 thereunder

26  (Against Quest)

27  66.  The Commission realleges and incorporates by reference ¶¶ 1 through
28  65 above.

-17-

EXHIBIT A PAGE 63

67.    By filing with the Commission materially false and misleading periodic reports, including annual and quarterly reports on Forms 10-K and 10-Q for fiscal years 1999 through 2005, Quest violated, and unless restrained and enjoined will continue to violate, Section 13(a) of the Exchange Act; 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13.

## EIGHTH CLAIM FOR RELIEF
## VIOLATIONS OF COMMISSION PERIODIC
## REPORTING REQUIREMENTS
### Aiding and Abetting Violations of Section 13(a) of the Exchange Act,
### and Rules 12b-20, 13a-1, and 13a-13 thereunder
### (Against Smith, Laskey, and Brooks)

68.    The Commission realleges and incorporates by reference ¶¶ 1 through 67 above.

69.    Quest violated Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, by filing with the Commission materially false and misleading periodic reports, including annual and quarterly reports on Forms 10-K and 10-Q for the fiscal years from 1999 through 2005.

70.    Smith, Laskey, and Brooks knowingly provided substantial assistance to Quest's violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13.

71.    By engaging in the conduct described above and pursuant to Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(e), Smith, Laskey, and Brooks aided and abetted Quest's violations, and unless restrained and enjoined will continue to aid and abet violations, of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20,

-18-

1   240.13a-1, and 240.13a-13.

2                     <u>NINTH CLAIM FOR RELIEF</u>

3                     RECORD KEEPING VIOLATIONS

4        Violations of Section 13(b)(2)(A) of the Exchange Act

5                     (Against Quest)

6      72.    The Commission realleges and incorporates by reference ¶¶ 1 through

7   71 above.

8      73.    By failing to make or keep books, records and accounts that in

9   reasonable detail accurately and fairly reflected its transactions and disposition of

10   its assets, Quest violated, and unless restrained and enjoined will continue to

11   violate, Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

12                     <u>TENTH CLAIM FOR RELIEF</u>

13                     RECORD KEEPING VIOLATIONS

14   Aiding and Abetting Violations of Section 13(b)(2)(A) of the Exchange Act

15           (Against Smith, Laskey, and Brooks)

16      74.    The Commission realleges and incorporates by reference ¶¶ 1 through

17   73 above.

18      75.    Quest violated Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §

19   78m(b)(2)(A), by failing to make or keep books, records and accounts that in

20   reasonable detail accurately and fairly reflected its transactions and disposition of

21   its assets.

22      76.    Smith, Laskey, and Brooks knowingly provided substantial assistance

23   to Quest's violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §

24   78m(b)(2)(A).

25      77.    By engaging in the conduct described above and pursuant to Section

26   20(e) of the Exchange Act, 15 U.S.C. § 78t(e), Smith, Laskey, and Brooks aided

27   and abetted Quest's violations, and unless restrained and enjoined will continue to

28   aid and abet violations, of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §

EXHIBIT A PAGE 65

1   78m(b)(2)(A).

2                    ELEVENTH CLAIM FOR RELIEF

3                    INTERNAL CONTROL VIOLATIONS

4             Violations of Section 13(b)(2)(B) of the Exchange Act

5                            (Against Quest)

6       78.   The Commission realleges and incorporates by reference ¶¶ 1 through

7   77 above.

8       79.   By failing to devise and maintain a system of internal accounting

9   controls sufficient to provide reasonable assurances that transactions were recorded

10  as necessary to permit preparation of financial statements in conformity with

11  GAAP and to maintain accountability of assets, Quest violated, and unless

12  restrained and enjoined will continue to violate, Section 13(b)(2)(B) of the

13  Exchange Act, 15 U.S.C. § 78m(b)(2)(B).

14                   TWELFTH CLAIM FOR RELIEF

15                  INTERNAL CONTROLS VIOLATIONS

16    Aiding and Abetting Violations of Sections 13(b)(2)(B) of the Exchange Act

17                   (Against Smith, Laskey, and Brooks)

18      80.   The Commission realleges and incorporates by reference ¶¶ 1 through

19  79 above.

20      81.   Quest violated Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §

21  78m(b)(2)(B), by failing to devise and maintain a system of internal accounting

22  controls sufficient to provide reasonable assurances that transactions were recorded

23  as necessary to permit preparation of financial statements in conformity with

24  GAAP and to maintain the accountability of assets.

25      82.   Smith, Laskey, and Brooks knowingly provided substantial assistance

26  to Quest's violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §

27  78m(b)(2)(B).

28      83.   By engaging in the conduct described above and pursuant to Section

-20-

EXHIBIT 4 PAGE 66

1  20(e) of the Exchange Act, 15 U.S.C. § 78t(e), Smith, Laskey, and Brooks aided

2  and abetted Quest's violations, and unless restrained and enjoined will continue to

3  aid and abet violations, of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §

4  78m(b)(2)(B).

5                          PRAYER FOR RELIEF

6        WHEREFORE, the Commission respectfully requests that the Court:

7        (a)    Issue findings of fact and conclusions of law that Defendants

8  committed the alleged violations.

9        (b)    Issue judgment, in a form consistent with Rule 65(d) of the Federal

10 Rules of Civil Procedure, permanently enjoining Quest, its agents, servants,

11 employees, attorneys, and those persons in active concert or participation with it,

12 who receive actual notice of the order by personal service or otherwise, from

13 violating Sections 17(a)(2) and (a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2)

14 and (a)(3), Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange

15 Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and 78n(a), and Rules

16 12b-20, 13a-1, 13a-13, and 14a-9 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1,

17 240.13a-13, and 240.14a-9.

18       (c)    Issue judgment, in a form consistent with Rule 65(d) of the Federal

19 Rules of Civil Procedure, (1) permanently enjoining Smith, his agents, servants,

20 employees, attorneys, and those persons in active concert or participation with him,

21 who receive actual notice of the order by personal service or otherwise, from

22 violating Sections 17(a)(2) and (a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2)

23 and (a)(3), Sections 13(b)(5), 14(a), and 16(a) of the Exchange Act, 15 U.S.C. §§

24 78m(b)(5), 78n(a), and 78p(a) and Rules 13a-14, 13b2-1, 13b2-2, 14a-9, and 16a-3

25 thereunder, 17 C.F.R. §§ 240.13a-14, 240.13b2-1, 240.13b2-2, 240.14a-9, and

26 240.16a-3 and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A),

27 and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and

28 78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§

-21-

EXHIBIT _A_ PAGE _67_

1  240.12b-20, 240.13a-1, and 240.13a-13, and (2) ordering Smith to pay civil

2  penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and/or

3  Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

4      (d)    Issue judgment, in a form consistent with Rule 65(d) of the Federal

5  Rules of Civil Procedure, (1) permanently enjoining Laskey, his agents, servants,

6  employees, attorneys, and those persons in active concert or participation with him,

7  who receive actual notice of the order by personal service or otherwise, from

8  violating Sections 17(a)(2) and (a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2)

9  and (a)(3), Sections 13(b)(5) and 16(a) of the Exchange Act, 15 U.S.C. §§

10 78m(b)(5) and 78p(a), and Rules 13b2-1, 13b2-2, and 16a-3 thereunder, 17 C.F.R.

11 §§ 240.13b2-1, 240.13b2-2, and 240.16a-3 and from aiding and abetting violations

12 of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§

13 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13

14 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, and (2) ordering

15 Laskey to pay civil penalties pursuant to Section 20(d) of the Securities Act, 15

16 U.S.C. § 77t(d), and/or Section 21(d)(3) of the Exchange Act, 15 U.S.C. §

17 78u(d)(3).

18      (e)    Issue judgment, in a form consistent with Rule 65(d) of the Federal

19 Rules of Civil Procedure, permanently enjoining Brooks, his agents, servants,

20 employees, attorneys, and those persons in active concert or participation with him,

21 who receive actual notice of the order by personal service or otherwise, from

22 violating Sections 17(a)(2) and (a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2)

23 and (a)(3), Sections 13(b)(5) and 15(a) of the Exchange Act, 15 U.S.C. §§

24 78m(b)(5) and 78p(a), and Rules 13b2-1, 13b2-2, and 16a-3 thereunder, 17 C.F.R.

25 §§ 240.13b2-1, 240.13b2-2, and 240.16a-3 and from aiding and abetting violations

26 of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§

27 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13

28 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13; (2) ordering

EXHIBIT A PAGE 68

1  Brooks to pay civil penalties pursuant to Section 20(d) of the Securities Act, 15

2  U.S.C. § 77t(d), and/or Section 21(d)(3) of the Exchange Act, 15 U.S.C. §

3  78u(d)(3); and (3) ordering Brooks to disgorge all ill-gotten gains from his illegal

4  conduct, together with prejudgment interest thereon.

5      (f)    Retain jurisdiction of this action in accordance with the principles of

6  equity and the Federal Rules of Civil Procedure in order to implement and carry

7  out the terms of all orders and decrees that may be entered, or to entertain any

8  suitable application or motion for additional relief within the jurisdiction of this

9  Court.

10      (g)    Grant such other and further relief as this Court may determine to be

11  just and necessary.

12

13  DATED: March   , 2009

14                         SAM S. PUATHASNANON

                       Attorney for Plaintiff

15                         Securities and Exchange Commission

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-

EXHIBIT A PAGE 69

# EXHIBIT B

Doc.

<u>Table of Contents</u>

# SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

## FORM 10-K

(Mark One)

☒    ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE
SECURITIES EXCHANGE ACT OF 1934

For the Fiscal Year Ended December 31, 2001

OR

☐    TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE
SECURITIES EXCHANGE ACT OF 1934

For the Transition Period from _____ to _____ .

Commission File No. 000-26937

# QUEST SOFTWARE, INC.
(Exact Name of Registrant as Specified in its Charter)

| | |
|---|---|
| California | 33-0231678 |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |

| | |
|---|---|
| 8001 Irvine Center Drive Irvine, California | 92618 |
| (Address of Principal Executive Offices) | (Zip Code) |

Registrant's Telephone Number, Including Area Code: (949) 754-8000

Securities Registered Pursuant to Section 12(b) of the Act:  None

Securities Registered Pursuant to Section 12(g) of the Act:  Common Stock

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.  Yes ☒  No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ☒

As of March 13, 2002, 89,735,502 shares of the Registrant's Common Stock were outstanding. The aggregate market value of the common stock held by nonaffiliates of the Registrant as of March 13, 2002 was approximately $737.4 million.

EXHIBIT B PAGE 70

Table of Contents

*John R. Newsom* is our Vice President of Sales, Americas. Mr. Newsom has served Quest in a variety of sales and sales management positions for more than five years, including positions as a regional sales director from 1999 through 2000, a regional vice president in 2001 and his current position since January 2002. Before joining Quest in July 1996, Mr. Newsom served in software program management functions at Tandem Computers.

*Anthony Foley* is our Vice President of Sales, EMEA, and has held this position since April 2000. From February 1997 until he joined Quest, Mr. Foley served in senior sales and operations management positions for the European operations of Computer Associates International, Inc. Prior to his employment with CA, Mr. Foley served in business development positions for European subsidiaries of GE Capital and IBM.

## Item 2. *Properties*

Our principal administrative, sales, marketing, support and research and development facilities are currently located in approximately 132,500 square feet of space in Irvine, California. One of these facilities is under a six-year lease which includes an option to renew this lease for an additional five-year term. The other facility is under a 3 1/2 year lease.

We also lease sales offices in several major metropolitan areas of the U.S., including Atlanta, Boston, Chicago, Dallas, Houston, New York, San Francisco and Washington, D.C. Our Canadian subsidiaries currently operate from three leased facilities in Calgary, Alberta; Ottawa, Ontario and Halifax, Nova Scotia. Our German subsidiary currently operates from a leased facility in Cologne. Our Australian subsidiary operates from two leased facilities in Melbourne and Sydney, which total approximately 10,000 square feet. Our UK subsidiary leases a 5,300 square-foot office in the London metropolitan area.

## Item 3. *Legal Proceedings*

We are involved from time to time in a variety of legal and administrative proceedings and claims which arise in the ordinary course of business. While the outcome of these claims can not be predicted with certainty, we do not believe that the outcome of any currently pending legal matters will have a material adverse effect on Quest.

## Item 4. *Submission of Matters to a Vote of Security Holders*

No matters were submitted to a vote of security holders during the fourth quarter of 2001.

### PART II

## Item 5. *Market for the Registrant's Common Equity and Related Shareholder Matters*

Our common stock has been listed on the Nasdaq National Market since August 13, 1999 under the symbol "QSFT." The following table sets forth the high and low sale prices on the Nasdaq National Market for our common stock for the periods indicated. All prices are adjusted to reflect our two-for-one stock split effected in March 2000.

|  | PRICE RANGE OF COMMON STOCK | |
| --- | --- | --- |
|  | HIGH | LOW |
| 2000: |  |  |
| First Quarter | $98.13 | $36.50 |
| Second Quarter | 60.63 | 23.63 |
| Third Quarter | 69.56 | 43.50 |
| Fourth Quarter | 64.38 | 25.63 |
| 2001: |  |  |
| First Quarter | $40.00 | $14.81 |
| Second Quarter | 38.13 | 14.63 |
| Third Quarter | 37.50 | 9.70 |

EXHIBIT B PAGE 71

Case 2:06-cv-06863-DOC-RNB    Document 152    Filed 06/12/2009    Page 75 of 112

10-K 1 d10k.htm PERIOD ENDING 12/31/2002

# SECURITIES AND EXCHANGE COMMISSION
## WASHINGTON, D.C. 20549

# FORM 10-K

**(Mark One)**

☒   **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES  EXCHANGE ACT OF 1934**

For the Fiscal Year Ended December 31, 2002

OR

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the Transition Period from _____ to _____.

Commission File No. 000-26937

# QUEST SOFTWARE, INC.
(Exact Name of Registrant as Specified in its Charter)

| | |
|---|---|
| **California** | **33-0231678** |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| **8001 Irvine Center Drive** | **92618** |
| **Irvine, California** | (Zip Code) |
| (Address of Principal Executive Offices) | |

**Registrant's Telephone Number, Including Area Code: (949) 754-8000**

**Securities Registered Pursuant to Section 12(b) of the Act: None**

**Securities Registered Pursuant to Section 12(g) of the Act: Common Stock**

Indicate by check mark whether the Registrant: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.   ☐

Indicate by check mark whether the Registrant is an accelerated filer (as defined in Exchange Act Rule 12b-2).   Yes ☒   No ☐

As of March 20, 2003, 91,396,135 shares of the Registrant's Common Stock were outstanding. The aggregate market value of the common stock held by nonaffiliates of the Registrant as of June 28, 2002 was approximately $550.9 million.

**Documents Incorporated by Reference**

Portions of the Registrant's definitive proxy statement, to be delivered to shareholders in connection with the Registrant's 2003 Annual Meeting of Shareholders, are incorporated by reference into Part III of this Report.

EXHIBIT <u>B</u> PAGE <u>72</u>

## PART II

**Item 5.** *Market for the Registrant's Common Equity and Related Shareholder Matters*

Our common stock is listed on the NASDAQ National Market under the symbol "*QSFT*." The following table sets forth the high and low sale prices on the NASDAQ National Market for our common stock for the periods indicated. 

|  | Price Range of Common Stock | |
|---|---|---|
|  | High | Low |
| **2001:** | | |
| First Quarter | $ 40.00 | $ 14.81 |
| Second Quarter | 38.13 | 14.63 |
| Third Quarter | 37.50 | 9.70 |
| Fourth Quarter | 27.20 | 10.32 |
| **2002:** | | |
| First Quarter | $ 27.68 | $ 14.68 |
| Second Quarter | 15.35 | 11.01 |
| Third Quarter | 14.31 | 8.12 |
| Fourth Quarter | 13.65 | 7.30 |

On March 21, 2003, the closing price of our common stock on the NASDAQ National Market was $9.65 per share. As of March 21, 2003, there were 259 holders of record of our common stock (not including beneficial holders of shares held in "*street name*").

We have not declared or paid any cash dividends on our common stock in the last two fiscal years and do not expect to do so in the foreseeable future. We currently intend to retain all available funds for use in the operation and expansion of our business. Any future determination to pay dividends will be at the discretion of our board of directors and will depend on our results of operations, financial conditions, contractual and legal restrictions and other factors the board deems relevant.

11

EXHIBIT *B* PAGE 73

10-K 1 d10k.htm FORM 10-K FOR QUEST SOFTWARE

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

# FORM 10-K

(Mark One)

☒ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the Fiscal Year Ended December 31, 2003**

**OR**

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the Transition Period from _____ to _____.**

**Commission File No. 000-26937**

# QUEST SOFTWARE, INC.
(Exact Name of Registrant as Specified in its Charter)

| | |
|---|---|
| **California** | **33-0231678** |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| **8001 Irvine Center Drive Irvine, California** | **92618** |
| (Address of Principal Executive Offices) | (Zip Code) |

**Registrant's Telephone Number, Including Area Code: (949) 754-8000**

**Securities Registered Pursuant to Section 12(b) of the Act: None**

**Securities Registered Pursuant to Section 12(g) of the Act: Common Stock**

Indicate by check mark whether the Registrant: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ☐

Indicate by check mark whether the Registrant is an accelerated filer (as defined in Exchange Act Rule 12b-2).   Yes ☒   No ☐

The aggregate market value of the voting stock held by non-affiliates of the Registrant was approximately $593.9 million as of June 30, 2003, based upon the closing sale price reported for that date on the NASDAQ National Market. Shares of Common Stock held by each officer and director and by each person who owns 5% or more of the outstanding Common Stock have been excluded because such persons may be deemed to be affiliates. This determination of affiliate status is not necessarily conclusive for other purposes.

As of March 1, 2004, 93,973,422 shares of the Registrant's common stock were outstanding.

EXHIBIT B PAGE 74

**Table of Contents**

## PART II

**Item 5.  *Market for the Registrant's Common Equity and Related Shareholder Matters***

Our common stock is listed on the NASDAQ National Market under the symbol "*QSFT*." The following table sets forth  the high and low sale prices on the NASDAQ National Market for our common stock for the periods indicated.

|  | Price Range of Common Stock | |
|---|---|---|
|  | High | Low |
| 2002: |  |  |
| First Quarter | $27.68 | $14.68 |
| Second Quarter | 15.35 | 11.01 |
| Third Quarter | 14.31 | 8.12 |
| Fourth Quarter | 13.65 | 7.30 |
| 2003: |  |  |
| First Quarter | $12.79 | $ 8.92 |
| Second Quarter | 13.56 | 8.90 |
| Third Quarter | 13.50 | 8.50 |
| Fourth Quarter | 16.14 | 12.13 |

On March 1, 2004, the closing price of our common stock on the NASDAQ National Market was $16.18 per share. As of March 2, 2004, there were 234 holders of record of our common stock (not including beneficial holders of shares held in "*street name*").

We have never declared or paid any cash dividends on our common stock and do not expect to do so in the foreseeable future. We currently intend to retain all available funds for use in the operation and expansion of our business. Any future determination to pay dividends will be at the discretion of our board of directors and will depend on our results of operations, financial conditions, contractual and legal restrictions and other factors the board deems relevant.

12

EXHIBIT B PAGE 75

10-K 1 d10k.htm FORM 10-K FOR QUEST SOFTWARE, INC. (FYE 12/31/2004)

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

# FORM 10-K

**(Mark One)**

☒   **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the Fiscal Year Ended December 31, 2004**

**OR**

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the Transition Period from _____ to _____.**

**Commission File No. 000-26937**

# QUEST SOFTWARE, INC.

(Exact Name of Registrant as Specified in its Charter)

| | |
|---|---|
| **California** | **33-0231678** |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| **8001 Irvine Center Drive** | **92618** |
| **Irvine, California** | (Zip Code) |
| (Address of Principal Executive Offices) | |

**Registrant's Telephone Number, Including Area Code: (949) 754-8000**

**Securities Registered Pursuant to Section 12(b) of the Act: None**

**Securities Registered Pursuant to Section 12(g) of the Act: Common Stock**

Indicate by check mark whether the Registrant: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the Registrant is an accelerated filer (as defined in Exchange Act Rule 12b-2). Yes ☒   No ☐

The aggregate market value of the voting stock held by non-affiliates of the Registrant was approximately $690.8 million as of June 30, 2004, based upon the closing sale price reported for that date on the NASDAQ National Market. Shares of Common Stock held by each officer and director and by each person who owns 5% or more of the outstanding Common Stock have been excluded because such persons may be deemed to be affiliates. This determination of affiliate status is not necessarily conclusive for other purposes.

As of February 22, 2005, 96,549,026 shares of the Registrant's common stock were outstanding.

EXHIBIT B PAGE 76

**Table of Contents**

**PART II**

**Item 5.**  *Market for the Registrant's Common Equity and Related Shareholder Matters and Issuer Purchases of Equity Securities*

Our common stock is listed on the NASDAQ National Market under the symbol "*QSFT*." The following table sets forth  the high and low sale prices on the NASDAQ National Market for our common stock for the periods indicated.

| | | Price Range of Common Stock | |
| --- | --- | --- | --- |
| | | High | Low |
| **2003:** | | | |
| | First Quarter | $12.79 | $ 8.92 |
| | Second Quarter | 13.56 | 8.90 |
| | Third Quarter | 13.50 | 8.50 |
| | Fourth Quarter | 16.14 | 12.13 |
| **2004:** | | | |
| | First Quarter | $17.81 | $13.99 |
| | Second Quarter | 16.90 | 11.00 |
| | Third Quarter | 12.91 | 9.61 |
| | Fourth Quarter | 16.59 | 11.19 |

On February 22, 2005, the closing price of our common stock on the NASDAQ National Market was $14.04 per share. As of February 22, 2005, there were 197 holders of record of our common stock (not including beneficial holders of shares held in "*street name*").

We have never declared or paid any cash dividends on our common stock and do not expect to do so in the foreseeable future. We currently intend to retain all available funds for use in the operation and expansion of our business. Any future determination to pay dividends will be at the discretion of our board of directors and will depend on our results of operations, financial condition, contractual and legal restrictions and other factors the board deems relevant.

11

EXHIBIT B PAGE 77

10-K 1 d10k.htm FORM 10-K FOR QUEST SOFTWARE, INC.

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

# FORM 10-K

**(Mark One)**

☒  **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the Fiscal Year Ended December 31, 2005

OR

☐  **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the Transition Period from          to          .

Commission File No. 000-26937

# QUEST SOFTWARE, INC.
### (Exact Name of Registrant as Specified in its Charter)

| | |
|---|---|
| **California** | **33-0231678** |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| **5 Polaris Way** | |
| **Aliso Viejo, California** | **92656** |
| (Address of Principal Executive Offices) | (Zip Code) |

**Registrant's Telephone Number, Including Area Code: (949) 754-8000**

**Securities Registered Pursuant to Section 12(b) of the Act: None**

**Securities Registered Pursuant to Section 12(g) of the Act: Common Stock**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒  No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15 (d) of the Act. Yes ☐  No ☒

Indicate by check mark whether the Registrant: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.  Yes ☒  No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ☐

Indicate by check mark whether the Registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act.   Large accelerated filer ☒   Accelerated filer ☐   Non-accelerated filer ☐

Indicate by check mark whether the Registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).

EXHIBIT _B_ PAGE _78_

Yes ☐    No ☒

The aggregate market value of the voting stock held by non-affiliates of the Registrant was approximately $881.2 million as of June 30, 2005, based upon the closing sale price reported for that date on The NASDAQ National Market.

As of February 21, 2006, 100,815,794 shares of the Registrant's common stock were outstanding.

## Documents Incorporated by Reference

Portions of the Registrant's definitive proxy statement, to be delivered to shareholders in connection with the Registrant's 2006 Annual Meeting of Shareholders, are incorporated by reference into Part III of this Report.

EXHIBIT B PAGE 79

**Table of Contents**

## PART II

**Item 5.    *Market for the Registrant's Common Equity, Related Shareholder Matters and Issuer Purchases of Equity Securities***

Our common stock is listed on the NASDAQ National Market under the symbol "*QSFT*." The following table sets forth the high and low sale prices on the NASDAQ National Market for our common stock for the periods indicated.



|  | Price Range of Common Stock | |
|---|---|---|
|  | High | Low |
| 2005: | | |
| First Quarter | $16.15 | $13.03 |
| Second Quarter | 14.01 | 11.44 |
| Third Quarter | 15.43 | 12.80 |
| Fourth Quarter | 15.95 | 13.33 |
| 2004: | | |
| First Quarter | $17.81 | $13.99 |
| Second Quarter | 16.90 | 11.00 |
| Third Quarter | 12.91 | 9.61 |
| Fourth Quarter | 16.59 | 11.19 |

On February 21, 2006, the closing price of our common stock on the NASDAQ National Market was $14.90 per share. As of February 21, 2006, there were 189 holders of record of our common stock (not including beneficial holders of shares held in "*street name*").

We have never declared or paid any cash dividends on our common stock and do not expect to do so in the foreseeable future. We currently intend to retain all available funds for use in the operation and expansion of our business. Any future determination to pay dividends will be at the discretion of our board of directors and will depend on our results of operations, financial condition, contractual and legal restrictions and other factors the board deems relevant.

22

EXHIBIT _B_ PAGE _80_

# EXHIBIT C

Doc.

| Date | Open | High | Low | Close | Volume | Adj Close |
|---|---|---|---|---|---|---|
| 11/9/2001 | 19.55 | 19.75 | 18.57 | 18.57 | 863400 | 18.57 |
| 11/12/2001 | 18.85 | 19.88 | 17.7 | 19.61 | 1529400 | 19.61 |
| 11/13/2001 | 20.35 | 24.29 | 20.3 | 23.76 | 4092300 | 23.76 |
| 11/14/2001 | 24.2 | 24.2 | 21.88 | 23.27 | 1806300 | 23.27 |
| 11/15/2001 | 22.95 | 23.15 | 21.09 | 22.24 | 1081100 | 22.24 |
| 11/16/2001 | 22.25 | 22.99 | 21.6 | 22.64 | 685200 | 22.64 |
| 11/19/2001 | 23 | 23.75 | 21.6 | 21.95 | 1793100 | 21.95 |
| 11/20/2001 | 22 | 23.19 | 21.32 | 21.8 | 2354300 | 21.8 |
| 11/21/2001 | 21.3 | 22.4 | 20.4 | 20.9 | 921700 | 20.9 |
| 11/23/2001 | 21.44 | 21.66 | 20.67 | 21.66 | 252400 | 21.66 |
| 11/26/2001 | 21.69 | 23.56 | 21.66 | 22.83 | 1376200 | 22.83 |
| 11/27/2001 | 21.91 | 23.05 | 20.64 | 22.24 | 3067200 | 22.24 |
| 11/28/2001 | 20.85 | 23.44 | 20.45 | 23.13 | 1856500 | 23.13 |
| 11/29/2001 | 23 | 24.49 | 22.95 | 23.22 | 1779800 | 23.22 |
| 11/30/2001 | 23.48 | 24.93 | 22.8 | 24.31 | 1645400 | 24.31 |
| 12/3/2001 | 23.61 | 24.3 | 22.64 | 22.81 | 1530800 | 22.81 |
| 12/4/2001 | 21.35 | 23.98 | 21.25 | 23.21 | 1992500 | 23.21 |
| 12/5/2001 | 24.1 | 26.55 | 24.05 | 25.29 | 1493200 | 25.29 |
| 12/6/2001 | 25.3 | 27.2 | 25.29 | 26.95 | 1448000 | 26.95 |
| 12/7/2001 | 26.5 | 26.5 | 25.01 | 25.17 | 871300 | 25.17 |
| 12/10/2001 | 25.14 | 25.3 | 23.55 | 23.9 | 1447800 | 23.9 |
| 12/11/2001 | 24.2 | 24.7 | 23.19 | 23.2 | 1539300 | 23.2 |
| 12/12/2001 | 23.4 | 24.41 | 23.35 | 24.25 | 643300 | 24.25 |
| 12/13/2001 | 23.88 | 24.25 | 23 | 23.87 | 941500 | 23.87 |
| 12/14/2001 | 23.91 | 23.93 | 22.5 | 23.2 | 793200 | 23.2 |
| 12/17/2001 | 23.07 | 23.95 | 23.06 | 23.31 | 458900 | 23.31 |
| 12/18/2001 | 24.27 | 24.49 | 23.35 | 23.58 | 1090600 | 23.58 |
| 12/19/2001 | 22.7 | 23.62 | 22.6 | 23.5 | 601500 | 23.5 |
| 12/20/2001 | 23.25 | 23.37 | 21.83 | 22.42 | 1454100 | 22.42 |
| 12/21/2001 | 22.96 | 23.05 | 21.63 | 22.3 | 1011700 | 22.3 |
| 12/24/2001 | 22.31 | 22.65 | 21.29 | 21.32 | 858200 | 21.32 |
| 12/26/2001 | 21.61 | 22.13 | 20.82 | 21 | 553600 | 21 |
| 12/27/2001 | 21.56 | 21.6 | 20.51 | 20.69 | 1090500 | 20.69 |
| 12/28/2001 | 21.08 | 23.59 | 20.97 | 23.44 | 1890200 | 23.44 |
| 12/31/2001 | 23.56 | 23.57 | 21.64 | 22.11 | 710200 | 22.11 |
| 1/2/2002 | 22.2 | 22.31 | 20.28 | 22 | 1109400 | 22 |
| 1/3/2002 | 22 | 22.92 | 21.41 | 22.7 | 1019300 | 22.7 |
| 1/4/2002 | 24.12 | 25.7 | 22.55 | 23 | 1600900 | 23 |
| 1/7/2002 | 23.1 | 23.25 | 22 | 22.09 | 501600 | 22.09 |
| 1/8/2002 | 21.61 | 22.73 | 21.34 | 22.44 | 580300 | 22.44 |
| 1/9/2002 | 23.5 | 26.47 | 23.5 | 24.5 | 3828300 | 24.5 |
| 1/10/2002 | 24.68 | 25.21 | 23.6 | 25.03 | 1535300 | 25.03 |
| 1/11/2002 | 25.03 | 25.82 | 24.66 | 25 | 1000900 | 25 |
| 1/14/2002 | 24.96 | 24.96 | 24.16 | 24.4 | 710800 | 24.4 |
| 1/15/2002 | 24.5 | 25.74 | 24.2 | 25.22 | 814400 | 25.22 |
| 1/16/2002 | 24.7 | 24.8 | 23.54 | 23.66 | 780100 | 23.66 |
| 1/17/2002 | 25.25 | 25.35 | 23.65 | 25.24 | 762900 | 25.24 |
| 1/18/2002 | 23.91 | 25.29 | 23.9 | 24.45 | 1597400 | 24.45 |
| 1/22/2002 | 24.6 | 25.07 | 23.36 | 23.69 | 904100 | 23.69 |
| 1/23/2002 | 23.95 | 25.48 | 23.77 | 25.14 | 881800 | 25.14 |
| 1/24/2002 | 25.29 | 27.68 | 25.26 | 26.95 | 1635800 | 26.95 |

EXHIBIT _A_ PAGE _5_

EXHIBIT _C_ PAGE _81_

| | | | | | | |
|---|---|---|---|---|---|---|
| 1/25/2002 | 26.4 | 26.75 | 25.46 | 25.52 | 845500 | 25.52 |
| 1/28/2002 | 25.87 | 26.06 | 25.7 | 25.99 | 536500 | 25.99 |
| 1/29/2002 | 26.55 | 26.9 | 24.14 | 24.22 | 1364600 | 24.22 |
| 1/30/2002 | 23.5 | 23.5 | 20.4 | 22.14 | 4875400 | 22.14 |
| 1/31/2002 | 22.47 | 24.3 | 22.26 | 23.83 | 1663400 | 23.83 |
| 2/4/2002 | 22.25 | 22.75 | 21.98 | 22.3 | 750000 | 22.3 |
| 2/5/2002 | 22.17 | 22.67 | 21.21 | 21.44 | 637000 | 21.44 |
| 2/6/2002 | 21.88 | 22.1 | 20.18 | 20.19 | 1032600 | 20.19 |
| 2/7/2002 | 20.25 | 21.1 | 19.55 | 20.42 | 1279000 | 20.42 |
| 2/8/2002 | 20.46 | 22.58 | 20.24 | 22.18 | 1043300 | 22.18 |
| 2/11/2002 | 22.14 | 22.6 | 21.75 | 22.36 | 489300 | 22.36 |
| 2/12/2002 | 21.8 | 22.8 | 21.75 | 22.48 | 513200 | 22.48 |
| 2/13/2002 | 22.4 | 23 | 22.35 | 22.46 | 978100 | 22.46 |
| 2/14/2002 | 22.74 | 22.93 | 22.06 | 22.17 | 1324900 | 22.17 |
| 2/15/2002 | 22.1 | 22.1 | 20.5 | 20.51 | 912200 | 20.51 |
| 2/19/2002 | 20.45 | 20.5 | 18.63 | 19.03 | 1784900 | 19.03 |
| 2/20/2002 | 19.2 | 20.05 | 19.15 | 19.93 | 916500 | 19.93 |
| 2/21/2002 | 19.94 | 19.94 | 18.41 | 18.72 | 615100 | 18.72 |
| 2/22/2002 | 18.51 | 19.35 | 17.76 | 18.86 | 1432500 | 18.86 |
| 2/25/2002 | 19.05 | 20.15 | 18.57 | 19.97 | 569000 | 19.97 |
| 2/26/2002 | 20 | 20.27 | 19.5 | 19.79 | 727600 | 19.79 |
| 2/27/2002 | 20.21 | 20.27 | 18.6 | 18.6 | 1310900 | 18.6 |
| 2/28/2002 | 18.6 | 19 | 17.57 | 17.86 | 1162700 | 17.86 |
| 3/1/2002 | 17.95 | 20.23 | 17.94 | 20.14 | 888400 | 20.14 |
| 3/4/2002 | 19.85 | 21.99 | 18.96 | 20.77 | 1768200 | 20.77 |
| 3/5/2002 | 20.63 | 21.23 | 20.27 | 20.38 | 1122100 | 20.38 |
| 3/6/2002 | 20.44 | 20.55 | 19.69 | 20.28 | 1118700 | 20.28 |
| 3/7/2002 | 20.56 | 21.18 | 20.21 | 20.7 | 1587000 | 20.7 |
| 3/8/2002 | 20.98 | 21.24 | 20.25 | 20.97 | 1000100 | 20.97 |
| 3/11/2002 | 20.32 | 21.95 | 20.32 | 21.38 | 1054000 | 21.38 |
| 3/12/2002 | 20.96 | 21.24 | 20.1 | 20.11 | 987600 | 20.11 |
| 3/13/2002 | 19.88 | 20.43 | 19.22 | 20.01 | 643100 | 20.01 |
| 3/14/2002 | 20.81 | 21.05 | 18.35 | 18.43 | 2437100 | 18.43 |
| 3/15/2002 | 18.36 | 18.55 | 17.47 | 17.6 | 1141300 | 17.6 |
| 3/18/2002 | 18.25 | 18.3 | 16.65 | 16.81 | 1963600 | 16.81 |
| 3/19/2002 | 16.95 | 17.73 | 16.75 | 17.07 | 1337200 | 17.07 |
| 3/20/2002 | 17.08 | 17.13 | 16.14 | 16.15 | 849800 | 16.15 |
| 3/21/2002 | 16.42 | 17.07 | 16.08 | 16.95 | 1037800 | 16.95 |
| 3/22/2002 | 16.84 | 17.02 | 16.38 | 16.53 | 1370300 | 16.53 |
| 3/25/2002 | 16.63 | 16.73 | 16.04 | 16.23 | 1203200 | 16.23 |
| 3/26/2002 | 16.15 | 16.15 | 14.87 | 15.3 | 3094100 | 15.3 |
| 3/27/2002 | 15.4 | 15.5 | 14.68 | 14.8 | 1910100 | 14.8 |
| 3/28/2002 | 15.02 | 15.94 | 14.9 | 15.11 | 1978500 | 15.11 |
| 4/1/2002 | 15.25 | 15.35 | 14.24 | 15.13 | 1247100 | 15.13 |
| 4/2/2002 | 14.83 | 14.85 | 13.81 | 14.72 | 2173400 | 14.72 |
| 4/3/2002 | 14.55 | 15.1 | 13.83 | 14.57 | 1933000 | 14.57 |
| 4/4/2002 | 14.39 | 14.39 | 13.5 | 14.3 | 1065800 | 14.3 |
| 4/5/2002 | 14.3 | 14.89 | 13.63 | 13.79 | 1688800 | 13.79 |
| 4/8/2002 | 13.61 | 14.95 | 13.26 | 14.6 | 1358200 | 14.6 |
| 4/9/2002 | 15.04 | 15.19 | 14 | 14.25 | 819200 | 14.25 |
| 4/10/2002 | 14.18 | 14.7 | 13.4 | 13.72 | 1242600 | 13.72 |
| 4/11/2002 | 13.71 | 13.71 | 12.68 | 12.75 | 1746200 | 12.75 |

EXHIBIT __A__ PAGE __6__

EXHIBIT __C__ PAGE __82__

| 4/12/2002 | 13.19 | 14.66 | 13.15 | 14.64 | 1430900 | 14.64 |
| 4/15/2002 | 14.36 | 14.73 | 13.67 | 13.94 | 806400 | 13.94 |
| 4/16/2002 | 14.48 | 15.2 | 14.27 | 14.75 | 1110800 | 14.75 |
| 4/17/2002 | 14.75 | 14.85 | 13.47 | 13.9 | 1376300 | 13.9 |
| 4/18/2002 | 13.9 | 14.25 | 13.39 | 13.9 | 593700 | 13.9 |
| 4/19/2002 | 14.39 | 14.46 | 13.4 | 13.8 | 792900 | 13.8 |
| 4/22/2002 | 13.41 | 13.91 | 13.19 | 13.67 | 1149500 | 13.67 |
| 4/23/2002 | 13.47 | 14 | 13.14 | 13.28 | 874300 | 13.28 |
| 4/24/2002 | 13.28 | 13.53 | 12.58 | 12.7 | 764500 | 12.7 |
| 4/25/2002 | 12.4 | 13.19 | 12.4 | 12.8 | 923400 | 12.8 |
| 4/26/2002 | 12.79 | 13.06 | 12.27 | 12.44 | 788700 | 12.44 |
| 4/29/2002 | 12.2 | 12.95 | 11.7 | 11.91 | 806200 | 11.91 |
| 4/30/2002 | 11.78 | 13.26 | 11.75 | 13 | 1185100 | 13 |
| 5/1/2002 | 13.03 | 13.7 | 12.53 | 12.97 | 1833100 | 12.97 |
| 5/2/2002 | 13.08 | 13.64 | 12.35 | 12.77 | 1563100 | 12.77 |
| 5/3/2002 | 12.6 | 13.25 | 12.35 | 13.25 | 864700 | 13.25 |
| 5/6/2002 | 13.36 | 13.37 | 12.36 | 12.47 | 920900 | 12.47 |
| 5/7/2002 | 12.61 | 12.75 | 11.5 | 11.6 | 1359700 | 11.6 |
| 5/8/2002 | 12.08 | 13.39 | 11.9 | 12.8 | 1017500 | 12.8 |
| 5/9/2002 | 12.9 | 13.2 | 11.62 | 11.78 | 1055600 | 11.78 |
| 5/10/2002 | 12 | 12.25 | 11.01 | 11.65 | 1057900 | 11.65 |
| 5/13/2002 | 11.73 | 12.5 | 11.4 | 12.45 | 535300 | 12.45 |
| 5/14/2002 | 12.6 | 14.14 | 12.35 | 13.91 | 1605500 | 13.91 |
| 5/15/2002 | 13.09 | 14.39 | 13.08 | 13.91 | 1163500 | 13.91 |
| 5/16/2002 | 13.53 | 14.55 | 13.53 | 14.06 | 1186500 | 14.06 |
| 5/17/2002 | 14.33 | 15.15 | 14.25 | 15.06 | 1719600 | 15.06 |
| 5/20/2002 | 15 | 15 | 14.03 | 14.18 | 849200 | 14.18 |
| 5/21/2002 | 14.26 | 14.6 | 13.9 | 13.96 | 1461400 | 13.96 |
| 5/22/2002 | 13.36 | 14.48 | 13.11 | 14.45 | 1766900 | 14.45 |
| 5/23/2002 | 14.5 | 14.7 | 13.92 | 14.29 | 1009600 | 14.29 |
| 5/24/2002 | 14.04 | 14.35 | 14.02 | 14.17 | 382400 | 14.17 |
| 5/28/2002 | 14.21 | 14.75 | 14.2 | 14.6 | 939100 | 14.6 |
| 5/29/2002 | 14.18 | 14.59 | 13.91 | 14.04 | 416000 | 14.04 |
| 5/30/2002 | 13.94 | 14.87 | 13.84 | 14.48 | 772900 | 14.48 |
| 5/31/2002 | 14.4 | 14.5 | 14 | 14 | 863100 | 14 |
| 6/3/2002 | 13.95 | 13.95 | 12.95 | 12.96 | 1766000 | 12.96 |
| 6/4/2002 | 12.95 | 13.77 | 12.68 | 13.1 | 1573200 | 13.1 |
| 6/5/2002 | 13.14 | 14.25 | 12.75 | 13.8 | 926300 | 13.8 |
| 6/6/2002 | 13.46 | 13.86 | 13 | 13.3 | 872500 | 13.3 |
| 6/7/2002 | 12.81 | 14.35 | 12.77 | 13.91 | 1071400 | 13.91 |
| 6/10/2002 | 14.2 | 14.37 | 13.75 | 14.05 | 1019600 | 14.05 |
| 6/11/2002 | 14.13 | 14.45 | 13.75 | 13.98 | 754500 | 13.98 |
| 6/12/2002 | 13.5 | 13.68 | 11.92 | 12.22 | 1865200 | 12.22 |
| 6/13/2002 | 12.23 | 12.8 | 12.2 | 12.35 | 1074200 | 12.35 |
| 6/14/2002 | 12.27 | 12.51 | 11.76 | 12.43 | 980700 | 12.43 |
| 6/17/2002 | 12.67 | 13.94 | 12.62 | 13.86 | 1102600 | 13.86 |
| 6/18/2002 | 13.59 | 13.8 | 13.31 | 13.71 | 1501200 | 13.71 |
| 6/19/2002 | 13.73 | 13.95 | 12.99 | 13.31 | 1291400 | 13.31 |
| 6/20/2002 | 13.22 | 13.72 | 12.75 | 12.92 | 1147800 | 12.92 |
| 6/21/2002 | 12.88 | 13.1 | 12.34 | 12.55 | 740300 | 12.55 |
| 6/24/2002 | 12.45 | 13.18 | 12.15 | 12.69 | 883200 | 12.69 |
| 6/25/2002 | 12.75 | 13.25 | 12.4 | 12.66 | 429300 | 12.66 |

EXHIBIT A PAGE 7

EXHIBIT C PAGE 83

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/26/2002 | 12.32 | 13.4 | 12.32 | 13.3 | 970900 | 13.3 |
| 6/27/2002 | 13.31 | 13.6 | 12.57 | 13.36 | 1156500 | 13.36 |
| 6/28/2002 | 13.25 | 14.55 | 13.2 | 14.53 | 2085900 | 14.53 |
| 7/1/2002 | 14.31 | 14.31 | 12.5 | 12.59 | 1001400 | 12.59 |
| 7/2/2002 | 12.55 | 13.26 | 12.28 | 13.19 | 899900 | 13.19 |
| 7/3/2002 | 13.05 | 13.18 | 12.59 | 12.8 | 775700 | 12.8 |
| 7/5/2002 | 12.98 | 13.67 | 12.98 | 13.5 | 395700 | 13.5 |
| 7/8/2002 | 13.52 | 13.65 | 12.36 | 12.41 | 1189700 | 12.41 |
| 7/9/2002 | 12.29 | 12.29 | 8.12 | 9.38 | 8682400 | 9.38 |
| 7/10/2002 | 9.65 | 9.68 | 8.5 | 8.91 | 2388600 | 8.91 |
| 7/11/2002 | 8.9 | 9.33 | 8.57 | 9.19 | 1668500 | 9.19 |
| 7/12/2002 | 9.34 | 10.24 | 9.02 | 10.11 | 2165900 | 10.11 |
| 7/15/2002 | 9.88 | 10 | 9.03 | 9.14 | 1051500 | 9.14 |
| 7/16/2002 | 9.19 | 10.36 | 9.07 | 10 | 2715500 | 10 |
| 7/17/2002 | 10.2 | 10.69 | 9.93 | 10.45 | 1040700 | 10.45 |
| 7/18/2002 | 10.45 | 10.53 | 9.64 | 9.7 | 1047800 | 9.7 |
| 7/19/2002 | 9.88 | 10.44 | 9.51 | 10.02 | 829100 | 10.02 |
| 7/22/2002 | 10.07 | 10.6 | 9.8 | 10.49 | 694500 | 10.49 |
| 7/23/2002 | 10.35 | 10.43 | 9.69 | 10 | 621700 | 10 |
| 7/24/2002 | 9.92 | 10.9 | 9.75 | 10.87 | 628200 | 10.87 |
| 7/25/2002 | 10.7 | 10.76 | 10 | 10.5 | 1941100 | 10.5 |
| 7/26/2002 | 10.7 | 10.74 | 8.86 | 9.61 | 1800900 | 9.61 |
| 7/29/2002 | 10.01 | 10.31 | 9.75 | 9.88 | 665100 | 9.88 |
| 7/30/2002 | 9.92 | 10.43 | 9.47 | 10.28 | 904400 | 10.28 |
| 7/31/2002 | 10.08 | 10.23 | 9.65 | 9.68 | 793500 | 9.68 |
| 8/1/2002 | 9.49 | 9.77 | 9.38 | 9.38 | 652500 | 9.38 |
| 8/2/2002 | 9.35 | 9.42 | 8.8 | 8.99 | 483300 | 8.99 |
| 8/5/2002 | 8.9 | 8.99 | 8.24 | 8.27 | 764400 | 8.27 |
| 8/6/2002 | 8.26 | 8.71 | 8.26 | 8.4 | 780800 | 8.4 |
| 8/7/2002 | 8.61 | 8.78 | 8.25 | 8.3 | 691500 | 8.3 |
| 8/8/2002 | 8.25 | 9.4 | 8.25 | 9.25 | 1471800 | 9.25 |
| 8/9/2002 | 8.7 | 9.4 | 8.37 | 9 | 620500 | 9 |
| 8/12/2002 | 8.98 | 9.4 | 8.98 | 9.33 | 304100 | 9.33 |
| 8/13/2002 | 8.9 | 9.34 | 8.88 | 8.95 | 513200 | 8.95 |
| 8/14/2002 | 9 | 9.88 | 8.88 | 9.87 | 379400 | 9.87 |
| 8/15/2002 | 9.81 | 10.25 | 9.44 | 9.57 | 509100 | 9.57 |
| 8/16/2002 | 9.55 | 10.05 | 9.33 | 10.05 | 708000 | 10.05 |
| 8/19/2002 | 10.1 | 11.25 | 9.79 | 11.22 | 895000 | 11.22 |
| 8/20/2002 | 11.22 | 11.38 | 11.02 | 11.2 | 1249100 | 11.2 |
| 8/21/2002 | 11.23 | 11.63 | 10.88 | 11.61 | 869000 | 11.61 |
| 8/22/2002 | 11.5 | 12.23 | 11.43 | 11.59 | 853300 | 11.59 |
| 8/23/2002 | 11.53 | 11.58 | 10.67 | 10.74 | 472700 | 10.74 |
| 8/26/2002 | 11.19 | 11.26 | 10.76 | 11.09 | 331400 | 11.09 |
| 8/27/2002 | 11.2 | 11.24 | 10.25 | 10.47 | 234000 | 10.47 |
| 8/28/2002 | 10.37 | 10.44 | 10.05 | 10.09 | 296900 | 10.09 |
| 8/29/2002 | 10.08 | 10.75 | 9.97 | 10.57 | 292100 | 10.57 |
| 8/30/2002 | 10.54 | 10.54 | 10.28 | 10.36 | 242200 | 10.36 |
| 9/3/2002 | 10.4 | 10.4 | 9.96 | 10.1 | 758600 | 10.1 |
| 9/4/2002 | 10.14 | 11.02 | 9.95 | 10.9 | 1128500 | 10.9 |
| 9/5/2002 | 11.05 | 11.05 | 10.5 | 10.7 | 571200 | 10.7 |
| 9/6/2002 | 11.01 | 11.37 | 10.87 | 11.21 | 979400 | 11.21 |
| 9/9/2002 | 10.86 | 11.25 | 10.37 | 11.14 | 380700 | 11.14 |

EXHIBIT _A_ PAGE _8_

EXHIBIT _C_ PAGE _84_

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/10/2002 | 11 | 11.4 | 10.55 | 10.91 | 690200 | 10.91 |
| 9/11/2002 | 10.95 | 11.3 | 10.62 | 11.16 | 347100 | 11.16 |
| 9/12/2002 | 11.1 | 11.1 | 10.72 | 10.94 | 210900 | 10.94 |
| 9/13/2002 | 10.81 | 11.02 | 10.75 | 10.86 | 161100 | 10.86 |
| 9/16/2002 | 10.84 | 10.95 | 10.5 | 10.6 | 382100 | 10.6 |
| 9/17/2002 | 10.63 | 10.85 | 10.28 | 10.3 | 862700 | 10.3 |
| 9/18/2002 | 10.15 | 10.19 | 9.69 | 9.72 | 716200 | 9.72 |
| 9/19/2002 | 9.66 | 9.9 | 9.52 | 9.67 | 361000 | 9.67 |
| 9/20/2002 | 10 | 10 | 9.5 | 9.63 | 686000 | 9.63 |
| 9/23/2002 | 9.49 | 9.64 | 9.2 | 9.24 | 562400 | 9.24 |
| 9/24/2002 | 9.19 | 9.19 | 8.66 | 8.67 | 504700 | 8.67 |
| 9/25/2002 | 8.83 | 9.35 | 8.68 | 9.06 | 579300 | 9.06 |
| 9/26/2002 | 9.2 | 9.6 | 9.01 | 9.33 | 711700 | 9.33 |
| 9/27/2002 | 9.31 | 9.65 | 9.22 | 9.34 | 405800 | 9.34 |
| 9/30/2002 | 9.33 | 9.76 | 8.81 | 9.4 | 571300 | 9.4 |
| 10/1/2002 | 9.36 | 9.5 | 8.6 | 9.13 | 903400 | 9.13 |
| 10/2/2002 | 9.09 | 9.46 | 8.37 | 8.58 | 841800 | 8.58 |
| 10/3/2002 | 8.56 | 8.82 | 7.76 | 8.13 | 1561200 | 8.13 |
| 10/4/2002 | 8.42 | 8.48 | 7.94 | 8.1 | 866700 | 8.1 |
| 10/7/2002 | 7.91 | 8.38 | 7.91 | 8.03 | 369100 | 8.03 |
| 10/8/2002 | 8.09 | 8.32 | 7.67 | 7.89 | 1616800 | 7.89 |
| 10/9/2002 | 7.86 | 8.06 | 7.3 | 7.77 | 1177300 | 7.77 |
| 10/10/2002 | 7.89 | 8.59 | 7.62 | 8.26 | 784900 | 8.26 |
| 10/11/2002 | 8.56 | 9.84 | 8.55 | 9.45 | 637400 | 9.45 |
| 10/14/2002 | 9.34 | 9.52 | 9.16 | 9.51 | 365100 | 9.51 |
| 10/15/2002 | 9.76 | 10.85 | 9.75 | 10.26 | 1011600 | 10.26 |
| 10/16/2002 | 10.2 | 10.2 | 9.65 | 9.75 | 907000 | 9.75 |
| 10/17/2002 | 10.04 | 10.57 | 9.99 | 10.56 | 739000 | 10.56 |
| 10/18/2002 | 10.47 | 10.61 | 10.06 | 10.41 | 1018200 | 10.41 |
| 10/21/2002 | 10.37 | 11.25 | 10.2 | 11.23 | 1205300 | 11.23 |
| 10/22/2002 | 11 | 11 | 10.05 | 10.22 | 1574000 | 10.22 |
| 10/23/2002 | 10.24 | 10.36 | 9.3 | 9.95 | 1651300 | 9.95 |
| 10/24/2002 | 10.21 | 11.64 | 10.2 | 10.84 | 3651300 | 10.84 |
| 10/25/2002 | 10.73 | 11.35 | 10.29 | 11.07 | 1054500 | 11.07 |
| 10/28/2002 | 11.16 | 11.39 | 11.08 | 11.08 | 850900 | 11.08 |
| 10/29/2002 | 10.6 | 11.06 | 10.54 | 10.84 | 551700 | 10.84 |
| 10/30/2002 | 10.86 | 11.04 | 10.57 | 11 | 703300 | 11 |
| 10/31/2002 | 11.05 | 11.32 | 10.74 | 10.92 | 1066500 | 10.92 |
| 11/1/2002 | 10.8 | 10.99 | 10.52 | 10.82 | 1340500 | 10.82 |
| 11/4/2002 | 11.1 | 12.05 | 11 | 11.9 | 1825300 | 11.9 |
| 11/5/2002 | 11.44 | 12.18 | 11.3 | 12.12 | 991500 | 12.12 |
| 11/6/2002 | 12.11 | 12.48 | 11.84 | 12.31 | 1047700 | 12.31 |
| 11/7/2002 | 12.16 | 12.27 | 11.84 | 12 | 1293500 | 12 |
| 11/8/2002 | 11.4 | 11.59 | 10.84 | 11.08 | 556300 | 11.08 |
| 11/11/2002 | 11.01 | 11.01 | 10.46 | 11 | 749900 | 11 |
| 11/12/2002 | 11.03 | 11.59 | 11.03 | 11.59 | 681200 | 11.59 |
| 11/13/2002 | 11.52 | 12 | 11.32 | 11.79 | 794500 | 11.79 |
| 11/14/2002 | 11.85 | 12.01 | 11.77 | 12 | 903500 | 12 |
| 11/15/2002 | 11.95 | 12.29 | 11.23 | 12.01 | 1016400 | 12.01 |
| 11/18/2002 | 12 | 12.06 | 11.4 | 11.4 | 453400 | 11.4 |
| 11/19/2002 | 11.4 | 11.88 | 11.06 | 11.61 | 501800 | 11.61 |
| 11/20/2002 | 11.61 | 12.67 | 11.6 | 12.67 | 553100 | 12.67 |

EXHIBIT _A_ PAGE _9_

EXHIBIT _C_ PAGE _85_

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/21/2002 | 12.86 | 13.65 | 12.42 | 13.29 | 1459300 | 13.29 |
| 11/22/2002 | 12.84 | 13.04 | 12.67 | 12.9 | 547300 | 12.9 |
| 11/25/2002 | 13.08 | 13.33 | 12.74 | 13.07 | 931500 | 13.07 |
| 11/26/2002 | 13.02 | 13.1 | 12.38 | 12.39 | 873800 | 12.39 |
| 11/27/2002 | 12.55 | 13.2 | 12.5 | 13.1 | 529100 | 13.1 |
| 11/29/2002 | 13.25 | 13.25 | 12.91 | 13.02 | 171600 | 13.02 |
| 12/2/2002 | 13.06 | 13.35 | 12.4 | 12.78 | 757000 | 12.78 |
| 12/3/2002 | 12.7 | 12.75 | 11.49 | 11.7 | 1339000 | 11.7 |
| 12/4/2002 | 11.64 | 11.64 | 10.24 | 10.87 | 2806600 | 10.87 |
| 12/5/2002 | 11.03 | 11.14 | 10.52 | 10.92 | 982600 | 10.92 |
| 12/6/2002 | 10.84 | 10.84 | 10 | 10.45 | 1497400 | 10.45 |
| 12/9/2002 | 10.16 | 10.25 | 9.7 | 9.77 | 1533600 | 9.77 |
| 12/10/2002 | 9.86 | 10.38 | 9.86 | 10.24 | 570400 | 10.24 |
| 12/11/2002 | 10.18 | 10.76 | 10.13 | 10.55 | 962200 | 10.55 |
| 12/12/2002 | 10.5 | 10.78 | 10.5 | 10.67 | 517600 | 10.67 |
| 12/13/2002 | 10.6 | 10.69 | 10.39 | 10.51 | 518300 | 10.51 |
| 12/16/2002 | 10.5 | 10.86 | 10.5 | 10.85 | 388600 | 10.85 |
| 12/17/2002 | 10.64 | 10.94 | 10.54 | 10.64 | 356300 | 10.64 |
| 12/18/2002 | 10.52 | 10.56 | 10.23 | 10.44 | 1131900 | 10.44 |
| 12/19/2002 | 10.71 | 11.2 | 10.11 | 10.47 | 1820700 | 10.47 |
| 12/20/2002 | 10.61 | 10.98 | 10.34 | 10.9 | 715500 | 10.9 |
| 12/23/2002 | 10.92 | 11.33 | 10.83 | 11.31 | 297200 | 11.31 |
| 12/24/2002 | 11.3 | 11.38 | 10.93 | 11.07 | 315800 | 11.07 |
| 12/26/2002 | 11.18 | 11.3 | 10.8 | 10.9 | 221700 | 10.9 |
| 12/27/2002 | 10.89 | 10.97 | 10.64 | 10.74 | 443800 | 10.74 |
| 12/30/2002 | 10.66 | 10.75 | 10.28 | 10.38 | 355800 | 10.38 |
| 12/31/2002 | 10.25 | 10.61 | 10.24 | 10.31 | 718100 | 10.31 |
| 1/2/2003 | 10.45 | 10.47 | 10.14 | 10.43 | 825100 | 10.43 |
| 1/3/2003 | 10.42 | 10.44 | 10.2 | 10.36 | 854200 | 10.36 |
| 1/6/2003 | 10.38 | 10.9 | 10.35 | 10.78 | 1310800 | 10.78 |
| 1/7/2003 | 10.84 | 11.93 | 10.83 | 11.48 | 1488400 | 11.48 |
| 1/8/2003 | 11.48 | 11.55 | 11.03 | 11.1 | 479700 | 11.1 |
| 1/9/2003 | 11.16 | 11.89 | 11.16 | 11.71 | 870400 | 11.71 |
| 1/10/2003 | 11.66 | 12.58 | 11.41 | 12.57 | 1846700 | 12.57 |
| 1/13/2003 | 12.79 | 12.79 | 12.03 | 12.14 | 1689900 | 12.14 |
| 1/14/2003 | 12.15 | 12.51 | 11.98 | 12.5 | 1432500 | 12.5 |
| 1/15/2003 | 12.65 | 12.65 | 12.17 | 12.43 | 478800 | 12.43 |
| 1/16/2003 | 12.45 | 12.48 | 11.68 | 11.76 | 931800 | 11.76 |
| 1/17/2003 | 11.4 | 11.43 | 10.29 | 10.57 | 2377600 | 10.57 |
| 1/21/2003 | 10.63 | 10.86 | 9.95 | 10.79 | 2879900 | 10.79 |
| 1/22/2003 | 10.7 | 11 | 10.53 | 10.76 | 608400 | 10.76 |
| 1/23/2003 | 11.02 | 11.25 | 10.57 | 10.88 | 878800 | 10.88 |
| 1/24/2003 | 10.82 | 10.9 | 10.45 | 10.51 | 804300 | 10.51 |
| 1/27/2003 | 10.45 | 10.48 | 10.03 | 10.19 | 635100 | 10.19 |
| 1/28/2003 | 10.36 | 10.64 | 10.1 | 10.55 | 732500 | 10.55 |
| 1/29/2003 | 10.54 | 10.54 | 9.8 | 10.17 | 1637400 | 10.17 |
| 1/30/2003 | 10.66 | 11 | 10.31 | 10.41 | 1760400 | 10.41 |
| 1/31/2003 | 10.38 | 10.5 | 10.1 | 10.14 | 585500 | 10.14 |
| 2/3/2003 | 9.9 | 10.19 | 9.64 | 10 | 560800 | 10 |
| 2/4/2003 | 9.97 | 10.13 | 9.7 | 10.03 | 785800 | 10.03 |
| 2/5/2003 | 10.12 | 10.43 | 10.05 | 10.25 | 449200 | 10.25 |
| 2/6/2003 | 10.2 | 10.3 | 9.98 | 10.17 | 326100 | 10.17 |

EXHIBIT A PAGE 10

EXHIBIT C PAGE 86

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/7/2003 | 10.17 | 10.33 | 9.93 | 10.09 | 350600 | 10.09 |
| 2/10/2003 | 10.02 | 10.1 | 9.83 | 10.1 | 367000 | 10.1 |
| 2/11/2003 | 10.1 | 10.74 | 10.09 | 10.5 | 998900 | 10.5 |
| 2/12/2003 | 10.51 | 10.7 | 10.17 | 10.2 | 295900 | 10.2 |
| 2/13/2003 | 10.25 | 10.37 | 10 | 10.21 | 540100 | 10.21 |
| 2/14/2003 | 10.2 | 10.63 | 10.2 | 10.53 | 322200 | 10.53 |
| 2/18/2003 | 10.59 | 10.93 | 10.53 | 10.8 | 437400 | 10.8 |
| 2/19/2003 | 10.79 | 10.8 | 10.53 | 10.6 | 177300 | 10.6 |
| 2/20/2003 | 10.64 | 10.99 | 10.64 | 10.95 | 598500 | 10.95 |
| 2/21/2003 | 10.9 | 10.98 | 10.59 | 10.77 | 859800 | 10.77 |
| 2/24/2003 | 10.87 | 10.98 | 10.48 | 10.51 | 487300 | 10.51 |
| 2/25/2003 | 10.48 | 10.63 | 10.1 | 10.53 | 346500 | 10.53 |
| 2/26/2003 | 10.59 | 10.8 | 10.49 | 10.68 | 478100 | 10.68 |
| 2/27/2003 | 10.61 | 10.65 | 9.94 | 10.02 | 1172200 | 10.02 |
| 2/28/2003 | 10.06 | 10.12 | 9.69 | 9.88 | 878600 | 9.88 |
| 3/3/2003 | 9.98 | 10.07 | 9.85 | 9.94 | 847500 | 9.94 |
| 3/4/2003 | 9.83 | 10.01 | 9.75 | 9.87 | 1380300 | 9.87 |
| 3/5/2003 | 9.84 | 9.92 | 9.15 | 9.41 | 835800 | 9.41 |
| 3/6/2003 | 9.3 | 9.57 | 9.17 | 9.34 | 1022300 | 9.34 |
| 3/7/2003 | 9.15 | 9.36 | 9.08 | 9.23 | 722700 | 9.23 |
| 3/10/2003 | 9.2 | 9.22 | 8.94 | 9.15 | 404800 | 9.15 |
| 3/11/2003 | 9.4 | 9.4 | 8.99 | 9 | 487500 | 9 |
| 3/12/2003 | 9.02 | 9.29 | 8.92 | 9 | 459600 | 9 |
| 3/13/2003 | 9.11 | 10 | 8.96 | 9.77 | 887300 | 9.77 |
| 3/14/2003 | 9.92 | 10.31 | 9.91 | 10.03 | 1397700 | 10.03 |
| 3/17/2003 | 9.84 | 10.3 | 9.8 | 10.23 | 759000 | 10.23 |
| 3/18/2003 | 10.29 | 10.39 | 9.95 | 10.26 | 549500 | 10.26 |
| 3/19/2003 | 9.7 | 9.92 | 9.45 | 9.73 | 829100 | 9.73 |
| 3/20/2003 | 9.65 | 9.99 | 9.43 | 9.9 | 738400 | 9.9 |
| 3/21/2003 | 9.93 | 10 | 9.6 | 9.65 | 1068700 | 9.65 |
| 3/24/2003 | 9.38 | 9.39 | 9.16 | 9.29 | 819800 | 9.29 |
| 3/25/2003 | 9.29 | 9.55 | 9.16 | 9.46 | 673000 | 9.46 |
| 3/26/2003 | 9.44 | 9.68 | 9.42 | 9.48 | 463200 | 9.48 |
| 3/27/2003 | 9.26 | 9.59 | 9.23 | 9.33 | 341500 | 9.33 |
| 3/28/2003 | 9.3 | 9.45 | 9.14 | 9.27 | 458800 | 9.27 |
| 3/31/2003 | 9.27 | 9.3 | 8.95 | 9 | 1014400 | 9 |
| 4/1/2003 | 9.02 | 9.1 | 8.9 | 9 | 690800 | 9 |
| 4/2/2003 | 9.29 | 9.81 | 9.29 | 9.55 | 917100 | 9.55 |
| 4/3/2003 | 9.58 | 10.04 | 9.58 | 9.98 | 847700 | 9.98 |
| 4/4/2003 | 10.01 | 10.03 | 9.42 | 9.42 | 699700 | 9.42 |
| 4/7/2003 | 9.72 | 9.89 | 9.38 | 9.39 | 367000 | 9.39 |
| 4/8/2003 | 9.4 | 9.5 | 9.22 | 9.25 | 271800 | 9.25 |
| 4/9/2003 | 9.22 | 9.37 | 9 | 9.04 | 534900 | 9.04 |
| 4/10/2003 | 9.03 | 9.25 | 9 | 9.03 | 184200 | 9.03 |
| 4/11/2003 | 9.13 | 9.3 | 9.09 | 9.25 | 203700 | 9.25 |
| 4/14/2003 | 9.2 | 9.71 | 9.2 | 9.67 | 408200 | 9.67 |
| 4/15/2003 | 9.65 | 9.9 | 9.56 | 9.79 | 339800 | 9.79 |
| 4/16/2003 | 9.9 | 10.05 | 9.77 | 9.82 | 323100 | 9.82 |
| 4/17/2003 | 9.95 | 10 | 9.64 | 10 | 335300 | 10 |
| 4/21/2003 | 9.95 | 10.21 | 9.8 | 10.2 | 680800 | 10.2 |
| 4/22/2003 | 9.85 | 10.25 | 9.81 | 10.1 | 537300 | 10.1 |
| 4/23/2003 | 10 | 10.19 | 9.88 | 10.01 | 955700 | 10.01 |

EXHIBIT _A_ PAGE _11_

EXHIBIT _C_ PAGE _87_

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/24/2003 | 9.9 | 11.07 | 9.8 | 10.55 | 2646200 | 10.55 |
| 4/25/2003 | 10.5 | 10.61 | 10.2 | 10.56 | 1251300 | 10.56 |
| 4/28/2003 | 10.62 | 10.82 | 10.4 | 10.76 | 449400 | 10.76 |
| 4/29/2003 | 10.8 | 11.2 | 10.75 | 11.11 | 883000 | 11.11 |
| 4/30/2003 | 10.93 | 11.09 | 10.55 | 10.71 | 1181700 | 10.71 |
| 5/1/2003 | 10.66 | 10.89 | 10.44 | 10.84 | 777300 | 10.84 |
| 5/2/2003 | 10.85 | 11.58 | 10.8 | 11.39 | 838600 | 11.39 |
| 5/5/2003 | 11.45 | 11.49 | 11.24 | 11.41 | 684200 | 11.41 |
| 5/6/2003 | 11.35 | 11.35 | 10.94 | 11.09 | 1114000 | 11.09 |
| 5/7/2003 | 11.06 | 11.45 | 10.84 | 11.14 | 817000 | 11.14 |
| 5/8/2003 | 11.15 | 11.4 | 10.94 | 11.26 | 491500 | 11.26 |
| 5/9/2003 | 11.34 | 11.44 | 11.15 | 11.34 | 334600 | 11.34 |
| 5/12/2003 | 11.01 | 11.49 | 11 | 11.4 | 247800 | 11.4 |
| 5/13/2003 | 11.38 | 11.44 | 11.2 | 11.43 | 227500 | 11.43 |
| 5/14/2003 | 11.43 | 11.5 | 11.08 | 11.12 | 300100 | 11.12 |
| 5/15/2003 | 11.1 | 11.38 | 11.05 | 11.24 | 481600 | 11.24 |
| 5/16/2003 | 11.13 | 11.24 | 10.9 | 10.95 | 463000 | 10.95 |
| 5/19/2003 | 10.92 | 10.92 | 10.26 | 10.29 | 470300 | 10.29 |
| 5/20/2003 | 10.35 | 10.43 | 9.86 | 9.87 | 818200 | 9.87 |
| 5/21/2003 | 9.85 | 9.9 | 9.5 | 9.68 | 904700 | 9.68 |
| 5/22/2003 | 9.77 | 10.23 | 9.75 | 10.2 | 426900 | 10.2 |
| 5/23/2003 | 10.22 | 10.39 | 10.12 | 10.24 | 498000 | 10.24 |
| 5/27/2003 | 10.18 | 10.97 | 10.1 | 10.93 | 1124800 | 10.93 |
| 5/28/2003 | 10.95 | 11.19 | 10.95 | 11.16 | 592600 | 11.16 |
| 5/29/2003 | 11.16 | 11.7 | 11.08 | 11.67 | 1042200 | 11.67 |
| 5/30/2003 | 10.85 | 11.57 | 10.8 | 11.2 | 1653400 | 11.2 |
| 6/2/2003 | 11.36 | 12.15 | 11.19 | 11.51 | 1611800 | 11.51 |
| 6/3/2003 | 11.44 | 11.75 | 11.29 | 11.62 | 553500 | 11.62 |
| 6/4/2003 | 11.65 | 12.19 | 11.6 | 12 | 2035200 | 12 |
| 6/5/2003 | 11.84 | 12.39 | 11.43 | 12.08 | 681000 | 12.08 |
| 6/6/2003 | 12.52 | 13.56 | 12.51 | 12.58 | 3885100 | 12.58 |
| 6/9/2003 | 12.43 | 12.49 | 11.93 | 12.07 | 632900 | 12.07 |
| 6/10/2003 | 12.03 | 12.22 | 11.95 | 12.07 | 689200 | 12.07 |
| 6/11/2003 | 12.06 | 12.16 | 11.8 | 12.1 | 561600 | 12.1 |
| 6/12/2003 | 12.1 | 12.23 | 11.9 | 12.13 | 635400 | 12.13 |
| 6/13/2003 | 12.61 | 12.68 | 11.97 | 11.99 | 1127100 | 11.99 |
| 6/16/2003 | 12.07 | 12.58 | 11.95 | 12.47 | 527500 | 12.47 |
| 6/17/2003 | 12.61 | 13.1 | 12.59 | 13 | 1269200 | 13 |
| 6/18/2003 | 12.7 | 13.16 | 12.48 | 12.77 | 1173800 | 12.77 |
| 6/19/2003 | 12.8 | 12.97 | 12.05 | 12.16 | 452700 | 12.16 |
| 6/20/2003 | 12.23 | 12.46 | 12.22 | 12.41 | 544100 | 12.41 |
| 6/23/2003 | 12.45 | 12.45 | 11.7 | 11.78 | 720300 | 11.78 |
| 6/24/2003 | 11.77 | 11.91 | 11.6 | 11.7 | 237300 | 11.7 |
| 6/25/2003 | 11.66 | 12.07 | 11.65 | 11.87 | 335200 | 11.87 |
| 6/26/2003 | 11.94 | 12.18 | 11.7 | 12.11 | 382700 | 12.11 |
| 6/27/2003 | 12.1 | 12.32 | 12 | 12.12 | 465000 | 12.12 |
| 6/30/2003 | 12.06 | 12.26 | 11.59 | 11.85 | 572000 | 11.85 |
| 7/1/2003 | 11.69 | 11.71 | 11.37 | 11.61 | 1008500 | 11.61 |
| 7/2/2003 | 11.8 | 12.85 | 11.71 | 12.11 | 679500 | 12.11 |
| 7/3/2003 | 12.08 | 12.08 | 11.57 | 11.63 | 343000 | 11.63 |
| 7/7/2003 | 11.69 | 11.92 | 11.57 | 11.6 | 1337400 | 11.6 |
| 7/8/2003 | 11.72 | 12.4 | 11.7 | 12.34 | 1711600 | 12.34 |

EXHIBIT _A_ PAGE _12_

EXHIBIT _C_ PAGE _88_

| | | | | | | |
|---|---|---|---|---|---|---|
| 7/9/2003 | 12.44 | 12.54 | 12.14 | 12.31 | 686200 | 12.31 |
| 7/10/2003 | 12.29 | 12.51 | 11.92 | 12.27 | 1011000 | 12.27 |
| 7/11/2003 | 12.3 | 12.6 | 11.96 | 12.03 | 567900 | 12.03 |
| 7/14/2003 | 12.27 | 12.55 | 12.21 | 12.3 | 644600 | 12.3 |
| 7/15/2003 | 12.46 | 12.5 | 12.05 | 12.19 | 314300 | 12.19 |
| 7/16/2003 | 12.38 | 12.43 | 11.72 | 11.84 | 457100 | 11.84 |
| 7/17/2003 | 11.67 | 11.78 | 10.96 | 11.08 | 920400 | 11.08 |
| 7/18/2003 | 11.36 | 11.37 | 10.93 | 11.25 | 508100 | 11.25 |
| 7/21/2003 | 11.3 | 11.37 | 10.7 | 10.81 | 512900 | 10.81 |
| 7/22/2003 | 10.82 | 10.85 | 10.17 | 10.35 | 1508100 | 10.35 |
| 7/23/2003 | 10.36 | 11.08 | 9.87 | 10.79 | 1995000 | 10.79 |
| 7/24/2003 | 9.45 | 9.77 | 8.74 | 8.84 | 6001400 | 8.84 |
| 7/25/2003 | 8.98 | 9.07 | 8.5 | 9.05 | 3140600 | 9.05 |
| 7/28/2003 | 9.05 | 9.16 | 8.78 | 8.87 | 1042000 | 8.87 |
| 7/29/2003 | 8.93 | 9.03 | 8.72 | 9.01 | 995200 | 9.01 |
| 7/30/2003 | 9.04 | 9.06 | 8.59 | 8.94 | 1536800 | 8.94 |
| 7/31/2003 | 8.98 | 9.03 | 8.75 | 8.85 | 985800 | 8.85 |
| 8/1/2003 | 8.75 | 9.47 | 8.71 | 9.28 | 1784400 | 9.28 |
| 8/4/2003 | 9.17 | 9.45 | 8.98 | 9.1 | 1577500 | 9.1 |
| 8/5/2003 | 9.17 | 9.19 | 8.69 | 8.79 | 1388200 | 8.79 |
| 8/6/2003 | 8.75 | 9.03 | 8.66 | 8.83 | 557700 | 8.83 |
| 8/7/2003 | 9.61 | 9.69 | 8.87 | 9.19 | 2068200 | 9.19 |
| 8/8/2003 | 9.26 | 9.45 | 9.01 | 9.28 | 761200 | 9.28 |
| 8/11/2003 | 9.27 | 9.49 | 9.26 | 9.45 | 632400 | 9.45 |
| 8/12/2003 | 9.45 | 9.52 | 9.15 | 9.41 | 1479900 | 9.41 |
| 8/13/2003 | 9.41 | 9.64 | 9.41 | 9.52 | 470400 | 9.52 |
| 8/14/2003 | 9.54 | 9.6 | 9.4 | 9.56 | 461000 | 9.56 |
| 8/15/2003 | 9.5 | 9.65 | 8.77 | 9.62 | 188100 | 9.62 |
| 8/18/2003 | 9.6 | 9.73 | 9.18 | 9.28 | 2148100 | 9.28 |
| 8/19/2003 | 9.34 | 9.63 | 9.29 | 9.6 | 1172200 | 9.6 |
| 8/20/2003 | 9.63 | 10.32 | 9.49 | 10.06 | 1540100 | 10.06 |
| 8/21/2003 | 10.13 | 10.5 | 9.93 | 10.04 | 1511300 | 10.04 |
| 8/22/2003 | 10.23 | 10.31 | 9.91 | 9.95 | 923900 | 9.95 |
| 8/25/2003 | 9.95 | 9.95 | 9.75 | 9.79 | 401100 | 9.79 |
| 8/26/2003 | 9.85 | 9.97 | 9.67 | 9.96 | 752500 | 9.96 |
| 8/27/2003 | 9.95 | 10.07 | 9.8 | 10.05 | 676200 | 10.05 |
| 8/28/2003 | 10.13 | 10.45 | 9.95 | 10.42 | 1171000 | 10.42 |
| 8/29/2003 | 10.4 | 10.72 | 10.38 | 10.61 | 761400 | 10.61 |
| 9/2/2003 | 10.65 | 11 | 10.45 | 10.99 | 1871900 | 10.99 |
| 9/3/2003 | 11.07 | 11.93 | 11.02 | 11.91 | 3286100 | 11.91 |
| 9/4/2003 | 11.85 | 12.61 | 11.3 | 12.39 | 3432300 | 12.39 |
| 9/5/2003 | 12.28 | 12.57 | 12.1 | 12.5 | 2053000 | 12.5 |
| 9/8/2003 | 12.5 | 12.7 | 12.31 | 12.62 | 1244900 | 12.62 |
| 9/9/2003 | 12.44 | 12.54 | 12.13 | 12.51 | 902000 | 12.51 |
| 9/10/2003 | 12.25 | 12.3 | 11.29 | 11.56 | 1841000 | 11.56 |
| 9/11/2003 | 12.4 | 12.41 | 11.83 | 12.03 | 1341300 | 12.03 |
| 9/12/2003 | 11.55 | 12.15 | 11.31 | 12.06 | 1493900 | 12.06 |
| 9/15/2003 | 12.1 | 12.17 | 11.78 | 11.82 | 566100 | 11.82 |
| 9/16/2003 | 11.93 | 12.07 | 11.9 | 11.95 | 1095900 | 11.95 |
| 9/17/2003 | 11.95 | 12.55 | 11.95 | 12.15 | 1105300 | 12.15 |
| 9/18/2003 | 12.15 | 12.45 | 11.97 | 12.42 | 761500 | 12.42 |
| 9/19/2003 | 12.31 | 12.35 | 12.19 | 12.26 | 289000 | 12.26 |

EXHIBIT __A__ PAGE __13__

EXHIBIT __C__ PAGE __89__

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/22/2003 | 12.08 | 12.12 | 11.73 | 11.8 | 646500 | 11.8 |
| 9/23/2003 | 11.89 | 12.6 | 11.89 | 12.56 | 2269700 | 12.56 |
| 9/24/2003 | 12.74 | 13.5 | 12.39 | 12.77 | 5408600 | 12.77 |
| 9/25/2003 | 12.79 | 13.11 | 12.39 | 12.55 | 1103500 | 12.55 |
| 9/26/2003 | 13.05 | 13.05 | 12.33 | 12.44 | 1406700 | 12.44 |
| 9/29/2003 | 12.61 | 12.68 | 12.15 | 12.55 | 1194800 | 12.55 |
| 9/30/2003 | 12.5 | 12.56 | 12.03 | 12.16 | 1203600 | 12.16 |
| 10/1/2003 | 12.22 | 13.15 | 12.13 | 12.93 | 2928600 | 12.93 |
| 10/2/2003 | 12.75 | 12.96 | 12.71 | 12.8 | 574200 | 12.8 |
| 10/3/2003 | 13.05 | 13.62 | 12.98 | 13.39 | 1078000 | 13.39 |
| 10/6/2003 | 13.57 | 13.61 | 13.18 | 13.33 | 1050800 | 13.33 |
| 10/7/2003 | 13.26 | 13.5 | 13.04 | 13.38 | 667400 | 13.38 |
| 10/8/2003 | 13.45 | 14.06 | 13.42 | 13.8 | 2964600 | 13.8 |
| 10/9/2003 | 14 | 14.05 | 13.51 | 13.7 | 1190000 | 13.7 |
| 10/10/2003 | 13.68 | 13.75 | 13.32 | 13.43 | 374600 | 13.43 |
| 10/13/2003 | 13.57 | 13.8 | 13.51 | 13.8 | 863500 | 13.8 |
| 10/14/2003 | 13.75 | 13.89 | 13.57 | 13.88 | 827000 | 13.88 |
| 10/15/2003 | 13.9 | 13.9 | 13.75 | 13.9 | 655000 | 13.9 |
| 10/16/2003 | 13.81 | 13.94 | 13.7 | 13.89 | 707800 | 13.89 |
| 10/17/2003 | 13.76 | 13.9 | 13.55 | 13.71 | 589400 | 13.71 |
| 10/20/2003 | 13.71 | 13.87 | 13.59 | 13.79 | 506200 | 13.79 |
| 10/21/2003 | 13.78 | 13.95 | 13.67 | 13.9 | 407500 | 13.9 |
| 10/22/2003 | 13.76 | 13.77 | 13.43 | 13.46 | 694000 | 13.46 |
| 10/23/2003 | 13.62 | 15 | 13.57 | 14.71 | 3905700 | 14.71 |
| 10/24/2003 | 14.6 | 15.03 | 14.48 | 14.9 | 1401400 | 14.9 |
| 10/27/2003 | 14.98 | 15.26 | 14.57 | 14.73 | 1290700 | 14.73 |
| 10/28/2003 | 14.63 | 15.03 | 14.6 | 14.99 | 976400 | 14.99 |
| 10/29/2003 | 15.03 | 15.35 | 14.9 | 15.31 | 762800 | 15.31 |
| 10/30/2003 | 15.39 | 16.14 | 15.18 | 15.72 | 1397300 | 15.72 |
| 10/31/2003 | 15.61 | 15.8 | 14.79 | 14.9 | 1359300 | 14.9 |
| 11/3/2003 | 14.95 | 15.15 | 14.8 | 15.08 | 1646300 | 15.08 |
| 11/4/2003 | 15.07 | 15.3 | 14.85 | 15.06 | 1031300 | 15.06 |
| 11/5/2003 | 15 | 15.43 | 14.87 | 15.24 | 824700 | 15.24 |
| 11/6/2003 | 15.26 | 15.56 | 15.05 | 15.4 | 472700 | 15.4 |
| 11/7/2003 | 15.36 | 15.75 | 15.08 | 15.14 | 868000 | 15.14 |
| 11/10/2003 | 15.15 | 15.24 | 14.76 | 14.8 | 386100 | 14.8 |
| 11/11/2003 | 14.75 | 14.89 | 14.28 | 14.31 | 1293400 | 14.31 |
| 11/12/2003 | 14.32 | 14.97 | 14.32 | 14.91 | 765200 | 14.91 |
| 11/13/2003 | 14.72 | 15.05 | 14.51 | 14.7 | 1247700 | 14.7 |
| 11/14/2003 | 14.61 | 14.85 | 14.22 | 14.33 | 336600 | 14.33 |
| 11/17/2003 | 14.17 | 14.2 | 13.94 | 14.04 | 995700 | 14.04 |
| 11/18/2003 | 14 | 14.54 | 13.95 | 14.03 | 797600 | 14.03 |
| 11/19/2003 | 14.07 | 14.12 | 13.68 | 13.7 | 788300 | 13.7 |
| 11/20/2003 | 13.6 | 14.45 | 13.22 | 13.92 | 948800 | 13.92 |
| 11/21/2003 | 13.93 | 14.26 | 13.92 | 14.14 | 534000 | 14.14 |
| 11/24/2003 | 14.35 | 14.7 | 14.29 | 14.52 | 425600 | 14.52 |
| 11/25/2003 | 14.74 | 14.93 | 14.4 | 14.68 | 613900 | 14.68 |
| 11/26/2003 | 14.77 | 14.91 | 14.52 | 14.8 | 552000 | 14.8 |
| 11/28/2003 | 14.71 | 14.92 | 14.69 | 14.8 | 250400 | 14.8 |
| 12/1/2003 | 14.97 | 15.29 | 14.97 | 15.28 | 720700 | 15.28 |
| 12/2/2003 | 15.2 | 15.36 | 15.03 | 15.12 | 582700 | 15.12 |
| 12/3/2003 | 15.1 | 15.69 | 14.99 | 15 | 856500 | 15 |

EXHIBIT _A_ PAGE _14_

EXHIBIT _C_ PAGE _90_

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/4/2003 | 15 | 15.09 | 14.23 | 14.61 | 654300 | 14.61 |
| 12/5/2003 | 14.44 | 14.45 | 13.93 | 14.04 | 556600 | 14.04 |
| 12/8/2003 | 14 | 14.05 | 13.68 | 13.89 | 410400 | 13.89 |
| 12/9/2003 | 13.95 | 14.17 | 13.58 | 13.61 | 526400 | 13.61 |
| 12/10/2003 | 13.53 | 13.83 | 13.53 | 13.7 | 366400 | 13.7 |
| 12/11/2003 | 13.63 | 14.56 | 13.63 | 14.51 | 573700 | 14.51 |
| 12/12/2003 | 14.56 | 14.79 | 14.37 | 14.51 | 550400 | 14.51 |
| 12/15/2003 | 14.91 | 14.96 | 13.95 | 14 | 282400 | 14 |
| 12/16/2003 | 14.28 | 14.31 | 13.56 | 14.12 | 523900 | 14.12 |
| 12/17/2003 | 14.12 | 14.13 | 13.78 | 13.93 | 235600 | 13.93 |
| 12/18/2003 | 13.92 | 14.15 | 13.85 | 14 | 474600 | 14 |
| 12/19/2003 | 14.28 | 14.42 | 13.89 | 14.13 | 432500 | 14.13 |
| 12/22/2003 | 14.19 | 14.2 | 13.81 | 14.2 | 417200 | 14.2 |
| 12/23/2003 | 14.02 | 14.33 | 13.85 | 14.15 | 423200 | 14.15 |
| 12/24/2003 | 14.25 | 14.64 | 13.98 | 14 | 206700 | 14 |
| 12/26/2003 | 14.07 | 14.2 | 13.93 | 14 | 132900 | 14 |
| 12/29/2003 | 14.06 | 14.52 | 14.03 | 14.49 | 1053900 | 14.49 |
| 12/30/2003 | 14.5 | 14.51 | 14.26 | 14.4 | 424700 | 14.4 |
| 12/31/2003 | 14.26 | 14.55 | 14.18 | 14.2 | 224100 | 14.2 |
| 1/2/2004 | 14.33 | 14.5 | 13.99 | 14.14 | 657600 | 14.14 |
| 1/5/2004 | 14.3 | 15.66 | 14.29 | 15.5 | 1581300 | 15.5 |
| 1/6/2004 | 15.44 | 15.66 | 15.28 | 15.55 | 876400 | 15.55 |
| 1/7/2004 | 15.5 | 16.83 | 15.17 | 16.58 | 3017600 | 16.58 |
| 1/8/2004 | 16.71 | 17.17 | 16.13 | 16.47 | 977100 | 16.47 |
| 1/9/2004 | 16.35 | 16.79 | 16.15 | 16.15 | 978300 | 16.15 |
| 1/12/2004 | 16.2 | 16.63 | 16.15 | 16.58 | 488900 | 16.58 |
| 1/13/2004 | 16.49 | 16.49 | 15.69 | 15.79 | 612900 | 15.79 |
| 1/14/2004 | 15.8 | 16.44 | 15.63 | 16.36 | 792600 | 16.36 |
| 1/15/2004 | 16.32 | 17.03 | 15.91 | 16.99 | 1039600 | 16.99 |
| 1/16/2004 | 16.6 | 17.29 | 16.27 | 16.56 | 1601200 | 16.56 |
| 1/20/2004 | 16.61 | 17.08 | 16.6 | 17 | 1268900 | 17 |
| 1/21/2004 | 16.88 | 17 | 16.52 | 16.65 | 1129100 | 16.65 |
| 1/22/2004 | 16.67 | 16.74 | 16.26 | 16.35 | 628300 | 16.35 |
| 1/23/2004 | 16.46 | 16.67 | 16.17 | 16.3 | 1064600 | 16.3 |
| 1/26/2004 | 16.25 | 16.86 | 16.11 | 16.86 | 1282000 | 16.86 |
| 1/27/2004 | 16.85 | 16.86 | 16.16 | 16.4 | 1088000 | 16.4 |
| 1/28/2004 | 16.36 | 16.79 | 15.91 | 16.79 | 2548700 | 16.79 |
| 1/29/2004 | 17.07 | 17.65 | 15.04 | 16.37 | 4267500 | 16.37 |
| 1/30/2004 | 16.38 | 17.81 | 16.34 | 16.76 | 3629400 | 16.76 |
| 2/2/2004 | 16.91 | 17 | 16.09 | 16.63 | 1581000 | 16.63 |
| 2/3/2004 | 16.4 | 16.48 | 15.59 | 15.7 | 1835200 | 15.7 |
| 2/4/2004 | 15.54 | 15.63 | 14.72 | 14.94 | 1341300 | 14.94 |
| 2/5/2004 | 15.13 | 15.42 | 15 | 15.37 | 902100 | 15.37 |
| 2/6/2004 | 15.3 | 15.8 | 15.25 | 15.77 | 552100 | 15.77 |
| 2/9/2004 | 15.77 | 16.15 | 15.75 | 15.92 | 751800 | 15.92 |
| 2/10/2004 | 15.9 | 16.21 | 15.89 | 16.09 | 546800 | 16.09 |
| 2/11/2004 | 16.1 | 16.38 | 15.97 | 16.34 | 1107300 | 16.34 |
| 2/12/2004 | 16.34 | 16.34 | 15.85 | 16.06 | 1113100 | 16.06 |
| 2/13/2004 | 16.02 | 16.24 | 15.89 | 16.11 | 859200 | 16.11 |
| 2/17/2004 | 16.1 | 16.54 | 16.1 | 16.53 | 845800 | 16.53 |
| 2/18/2004 | 16.21 | 16.47 | 16.18 | 16.35 | 455200 | 16.35 |
| 2/19/2004 | 16.44 | 16.73 | 15.74 | 15.94 | 626200 | 15.94 |

EXHIBIT A PAGE 15

EXHIBIT C PAGE 91

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/20/2004 | 15.9 | 16.19 | 15.43 | 15.85 | 810500 | 15.85 |
| 2/23/2004 | 15.75 | 15.89 | 15.31 | 15.5 | 829700 | 15.5 |
| 2/24/2004 | 15.43 | 15.48 | 15.22 | 15.39 | 984300 | 15.39 |
| 2/25/2004 | 15.41 | 15.74 | 15.29 | 15.49 | 866800 | 15.49 |
| 2/26/2004 | 15.44 | 16 | 15.44 | 15.72 | 338900 | 15.72 |
| 2/27/2004 | 15.66 | 16.21 | 15.64 | 15.81 | 551600 | 15.81 |
| 3/1/2004 | 15.8 | 16.25 | 15.8 | 16.18 | 440900 | 16.18 |
| 3/2/2004 | 16.12 | 16.45 | 15.83 | 15.92 | 861500 | 15.92 |
| 3/3/2004 | 15.91 | 15.91 | 15.42 | 15.52 | 876100 | 15.52 |
| 3/4/2004 | 15.5 | 15.65 | 15.45 | 15.55 | 1161700 | 15.55 |
| 3/5/2004 | 15.35 | 16.16 | 15.35 | 15.6 | 404000 | 15.6 |
| 3/8/2004 | 15.6 | 15.96 | 15.32 | 15.5 | 892000 | 15.5 |
| 3/9/2004 | 15.5 | 15.54 | 14.43 | 14.74 | 1706200 | 14.74 |
| 3/10/2004 | 14.91 | 15.3 | 14.7 | 14.75 | 888700 | 14.75 |
| 3/11/2004 | 14.71 | 15.36 | 14.53 | 14.93 | 992000 | 14.93 |
| 3/12/2004 | 15.18 | 15.42 | 15.1 | 15.42 | 685100 | 15.42 |
| 3/15/2004 | 15.32 | 15.4 | 14.65 | 14.74 | 516700 | 14.74 |
| 3/16/2004 | 14.86 | 15.18 | 14.55 | 14.78 | 425400 | 14.78 |
| 3/17/2004 | 14.87 | 15.18 | 14.87 | 15.14 | 327000 | 15.14 |
| 3/18/2004 | 15.1 | 15.19 | 14.58 | 14.8 | 544200 | 14.8 |
| 3/19/2004 | 15 | 15.35 | 14.83 | 15.17 | 1562300 | 15.17 |
| 3/22/2004 | 14.91 | 14.94 | 14.33 | 14.69 | 1040700 | 14.69 |
| 3/23/2004 | 14.9 | 15.12 | 14.66 | 15.01 | 876900 | 15.01 |
| 3/24/2004 | 14.95 | 15.3 | 14.88 | 15.03 | 946600 | 15.03 |
| 3/25/2004 | 15.14 | 15.7 | 15.13 | 15.66 | 448800 | 15.66 |
| 3/26/2004 | 15.69 | 16.11 | 15.55 | 16.01 | 704100 | 16.01 |
| 3/29/2004 | 16.11 | 16.46 | 16.06 | 16.33 | 720700 | 16.33 |
| 3/30/2004 | 16.25 | 16.58 | 16.02 | 16.58 | 1166900 | 16.58 |
| 3/31/2004 | 16.5 | 16.71 | 16.35 | 16.35 | 1010300 | 16.35 |
| 4/1/2004 | 16.35 | 16.53 | 16.2 | 16.28 | 1101400 | 16.28 |
| 4/2/2004 | 16.2 | 16.9 | 16.12 | 16.74 | 902500 | 16.74 |
| 4/5/2004 | 16.71 | 16.8 | 16.6 | 16.77 | 639200 | 16.77 |
| 4/6/2004 | 16.51 | 16.7 | 16.31 | 16.53 | 715500 | 16.53 |
| 4/7/2004 | 16.45 | 16.53 | 15.97 | 16.2 | 1112400 | 16.2 |
| 4/8/2004 | 16.34 | 16.5 | 16.05 | 16.25 | 1195200 | 16.25 |
| 4/12/2004 | 16.12 | 16.49 | 16 | 16.42 | 583300 | 16.42 |
| 4/13/2004 | 16.35 | 16.49 | 16.08 | 16.18 | 514000 | 16.18 |
| 4/14/2004 | 16.06 | 16.28 | 15.92 | 16.08 | 272900 | 16.08 |
| 4/15/2004 | 15.98 | 16.07 | 15.44 | 15.78 | 392900 | 15.78 |
| 4/16/2004 | 15.77 | 15.85 | 15.35 | 15.54 | 501600 | 15.54 |
| 4/19/2004 | 15.51 | 15.65 | 15.2 | 15.5 | 638300 | 15.5 |
| 4/20/2004 | 15.55 | 15.62 | 15.1 | 15.1 | 302600 | 15.1 |
| 4/21/2004 | 15.18 | 15.34 | 14.98 | 15.11 | 435600 | 15.11 |
| 4/22/2004 | 15.1 | 15.34 | 15.08 | 15.2 | 848100 | 15.2 |
| 4/23/2004 | 15.22 | 15.72 | 15.22 | 15.7 | 1769400 | 15.7 |
| 4/26/2004 | 15.73 | 16.18 | 15.67 | 15.93 | 809100 | 15.93 |
| 4/27/2004 | 15.88 | 16.1 | 15.1 | 15.16 | 1096400 | 15.16 |
| 4/28/2004 | 13.46 | 13.48 | 11.83 | 12.96 | 7326500 | 12.96 |
| 4/29/2004 | 12.95 | 13.09 | 12 | 12.19 | 2911300 | 12.19 |
| 4/30/2004 | 12.2 | 12.29 | 11 | 11.36 | 4565900 | 11.36 |
| 5/3/2004 | 11.51 | 12.42 | 11.3 | 12.4 | 2562300 | 12.4 |
| 5/4/2004 | 12.42 | 12.48 | 11.92 | 12.3 | 2666200 | 12.3 |

EXHIBIT _A_ PAGE _16_

EXHIBIT _C_ PAGE _92_

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/5/2004 | 12.35 | 12.56 | 11.99 | 12.4 | 713900 | 12.4 |
| 5/6/2004 | 12.33 | 12.35 | 11.8 | 12.15 | 597600 | 12.15 |
| 5/7/2004 | 12.01 | 12.34 | 11.9 | 12.01 | 575700 | 12.01 |
| 5/10/2004 | 12.3 | 12.34 | 11.91 | 12.05 | 1421800 | 12.05 |
| 5/11/2004 | 12.27 | 12.66 | 12.2 | 12.58 | 650700 | 12.58 |
| 5/12/2004 | 12.48 | 12.65 | 12.15 | 12.43 | 438300 | 12.43 |
| 5/13/2004 | 12.43 | 12.81 | 12.26 | 12.66 | 594700 | 12.66 |
| 5/14/2004 | 12.72 | 12.72 | 12.21 | 12.36 | 595600 | 12.36 |
| 5/17/2004 | 12.35 | 12.36 | 12.05 | 12.11 | 548400 | 12.11 |
| 5/18/2004 | 12.23 | 12.53 | 12.13 | 12.16 | 694400 | 12.16 |
| 5/19/2004 | 12.37 | 12.65 | 12.36 | 12.42 | 552700 | 12.42 |
| 5/20/2004 | 12.49 | 12.61 | 12.25 | 12.44 | 465300 | 12.44 |
| 5/21/2004 | 12.63 | 12.74 | 12.54 | 12.71 | 487400 | 12.71 |
| 5/24/2004 | 12.8 | 12.95 | 12.52 | 12.68 | 1239200 | 12.68 |
| 5/25/2004 | 12.5 | 13.07 | 12.41 | 13.05 | 536400 | 13.05 |
| 5/26/2004 | 13 | 13.24 | 12.83 | 13.22 | 421700 | 13.22 |
| 5/27/2004 | 13.28 | 13.41 | 13.04 | 13.35 | 367700 | 13.35 |
| 5/28/2004 | 13.31 | 13.34 | 13.2 | 13.31 | 187900 | 13.31 |
| 6/1/2004 | 13.16 | 13.28 | 12.62 | 12.97 | 869300 | 12.97 |
| 6/2/2004 | 12.95 | 12.99 | 12.7 | 12.82 | 491300 | 12.82 |
| 6/3/2004 | 12.7 | 12.8 | 12.45 | 12.45 | 464600 | 12.45 |
| 6/4/2004 | 12.5 | 12.87 | 12.44 | 12.65 | 402500 | 12.65 |
| 6/7/2004 | 12.65 | 12.93 | 12.6 | 12.93 | 571300 | 12.93 |
| 6/8/2004 | 12.77 | 12.88 | 12.65 | 12.8 | 445100 | 12.8 |
| 6/9/2004 | 12.56 | 12.74 | 12.35 | 12.35 | 536700 | 12.35 |
| 6/10/2004 | 12.41 | 12.6 | 12.34 | 12.43 | 665300 | 12.43 |
| 6/14/2004 | 12.33 | 12.45 | 12.08 | 12.17 | 455000 | 12.17 |
| 6/15/2004 | 12.22 | 12.71 | 12.22 | 12.61 | 1418300 | 12.61 |
| 6/16/2004 | 12.73 | 12.88 | 12.55 | 12.84 | 741200 | 12.84 |
| 6/17/2004 | 12.71 | 12.99 | 12.7 | 12.86 | 587900 | 12.86 |
| 6/18/2004 | 12.87 | 13.07 | 12.78 | 13 | 563200 | 13 |
| 6/21/2004 | 13.02 | 13.13 | 12.87 | 12.99 | 751900 | 12.99 |
| 6/22/2004 | 12.9 | 13.08 | 12.71 | 12.89 | 803400 | 12.89 |
| 6/23/2004 | 12.83 | 12.97 | 12.69 | 12.95 | 377100 | 12.95 |
| 6/24/2004 | 12.85 | 13.05 | 12.85 | 13 | 221300 | 13 |
| 6/25/2004 | 13.01 | 13.15 | 11.94 | 12.83 | 812600 | 12.83 |
| 6/28/2004 | 13.01 | 13.13 | 12.92 | 13.02 | 527800 | 13.02 |
| 6/29/2004 | 13 | 13.3 | 12.99 | 13.17 | 540500 | 13.17 |
| 6/30/2004 | 13.1 | 13.33 | 12.82 | 12.9 | 413600 | 12.9 |
| 7/1/2004 | 12.85 | 12.91 | 12.38 | 12.46 | 629000 | 12.46 |
| 7/2/2004 | 12.53 | 12.54 | 12.08 | 12.22 | 611400 | 12.22 |
| 7/6/2004 | 12.04 | 12.04 | 10.5 | 11.11 | 2330500 | 11.11 |
| 7/7/2004 | 11.95 | 12.39 | 11.17 | 11.63 | 4159200 | 11.63 |
| 7/8/2004 | 11.38 | 11.85 | 11.38 | 11.53 | 1939400 | 11.53 |
| 7/9/2004 | 11.63 | 11.87 | 11.47 | 11.55 | 1135000 | 11.55 |
| 7/12/2004 | 11.55 | 11.7 | 11.46 | 11.57 | 1048400 | 11.57 |
| 7/13/2004 | 11.55 | 11.71 | 11.5 | 11.54 | 619400 | 11.54 |
| 7/14/2004 | 11.4 | 11.64 | 11.28 | 11.52 | 840500 | 11.52 |
| 7/15/2004 | 11.57 | 11.79 | 11.55 | 11.65 | 352700 | 11.65 |
| 7/16/2004 | 11.74 | 11.8 | 11.51 | 11.66 | 1141400 | 11.66 |
| 7/19/2004 | 11.6 | 11.82 | 11.49 | 11.53 | 1692000 | 11.53 |
| 7/20/2004 | 11.49 | 11.8 | 11.44 | 11.8 | 453000 | 11.8 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7/21/2004 | 11.85 | 11.93 | 11.1 | 11.16 | 872500 | 11.16 |
| 7/22/2004 | 11.2 | 11.52 | 11.09 | 11.35 | 570900 | 11.35 |
| 7/23/2004 | 11.3 | 11.3 | 10.93 | 10.96 | 1361000 | 10.96 |
| 7/26/2004 | 11.05 | 11.39 | 10.93 | 11.03 | 1045300 | 11.03 |
| 7/27/2004 | 11.09 | 11.29 | 11.03 | 11.2 | 1154200 | 11.2 |
| 7/28/2004 | 11.08 | 11.21 | 10.71 | 11.21 | 1561500 | 11.21 |
| 7/29/2004 | 10.78 | 12.35 | 10.76 | 12.14 | 2155600 | 12.14 |
| 7/30/2004 | 12.05 | 12.42 | 11.93 | 12.06 | 673600 | 12.06 |
| 8/2/2004 | 11.88 | 12.03 | 11.67 | 11.79 | 1011100 | 11.79 |
| 8/3/2004 | 11.75 | 11.83 | 11.3 | 11.36 | 695400 | 11.36 |
| 8/4/2004 | 11.34 | 11.55 | 11.15 | 11.34 | 487700 | 11.34 |
| 8/5/2004 | 11.37 | 11.45 | 11.15 | 11.18 | 356500 | 11.18 |
| 8/6/2004 | 11.1 | 11.19 | 10.95 | 10.95 | 369900 | 10.95 |
| 8/9/2004 | 11.11 | 11.11 | 10.53 | 10.6 | 548400 | 10.6 |
| 8/10/2004 | 10.55 | 10.7 | 10.39 | 10.52 | 1259900 | 10.52 |
| 8/11/2004 | 10.38 | 10.39 | 9.88 | 10 | 1129900 | 10 |
| 8/12/2004 | 9.95 | 10.11 | 9.79 | 9.87 | 1074500 | 9.87 |
| 8/13/2004 | 9.94 | 10 | 9.7 | 9.72 | 877000 | 9.72 |
| 8/16/2004 | 9.71 | 9.99 | 9.7 | 9.95 | 827000 | 9.95 |
| 8/17/2004 | 9.95 | 10.01 | 9.78 | 9.84 | 1236500 | 9.84 |
| 8/18/2004 | 9.88 | 10.09 | 9.67 | 10.06 | 1188100 | 10.06 |
| 8/19/2004 | 10.01 | 10.2 | 9.92 | 9.95 | 599100 | 9.95 |
| 8/20/2004 | 10 | 10.13 | 9.95 | 9.98 | 671400 | 9.98 |
| 8/23/2004 | 10.05 | 10.37 | 10.01 | 10.3 | 676200 | 10.3 |
| 8/24/2004 | 10.32 | 10.4 | 10.1 | 10.38 | 781100 | 10.38 |
| 8/25/2004 | 10.35 | 10.56 | 10.23 | 10.49 | 423900 | 10.49 |
| 8/26/2004 | 10.48 | 10.6 | 10.39 | 10.42 | 716300 | 10.42 |
| 8/27/2004 | 10.38 | 10.6 | 10.38 | 10.41 | 231300 | 10.41 |
| 8/30/2004 | 10.39 | 10.39 | 10.03 | 10.15 | 444200 | 10.15 |
| 8/31/2004 | 10.18 | 10.19 | 10.06 | 10.12 | 452700 | 10.12 |
| 9/1/2004 | 10.15 | 10.72 | 9.85 | 9.9 | 823600 | 9.9 |
| 9/2/2004 | 9.93 | 10.06 | 9.85 | 10 | 395000 | 10 |
| 9/3/2004 | 9.85 | 9.96 | 9.61 | 9.7 | 758900 | 9.7 |
| 9/7/2004 | 9.85 | 10.13 | 9.81 | 9.94 | 663700 | 9.94 |
| 9/8/2004 | 9.88 | 10.14 | 9.88 | 9.98 | 396400 | 9.98 |
| 9/9/2004 | 10 | 10.33 | 9.84 | 10.25 | 527600 | 10.25 |
| 9/10/2004 | 10.36 | 11.28 | 10.27 | 11.27 | 2056500 | 11.27 |
| 9/13/2004 | 11.26 | 12.05 | 11.18 | 12 | 2125000 | 12 |
| 9/14/2004 | 11.9 | 12.2 | 11.9 | 12.13 | 1647300 | 12.13 |
| 9/15/2004 | 11.93 | 11.93 | 11.21 | 11.64 | 1148700 | 11.64 |
| 9/16/2004 | 11.56 | 12.01 | 11.53 | 11.73 | 973500 | 11.73 |
| 9/17/2004 | 11.88 | 12.04 | 11.51 | 11.7 | 882400 | 11.7 |
| 9/20/2004 | 11.75 | 11.75 | 11.5 | 11.68 | 574400 | 11.68 |
| 9/21/2004 | 11.7 | 11.7 | 11.4 | 11.5 | 778600 | 11.5 |
| 9/22/2004 | 11.38 | 11.38 | 10.92 | 10.99 | 955000 | 10.99 |
| 9/23/2004 | 10.98 | 11.01 | 10.77 | 10.89 | 1293700 | 10.89 |
| 9/24/2004 | 10.86 | 10.86 | 10.5 | 10.54 | 1265200 | 10.54 |
| 9/27/2004 | 10.4 | 10.89 | 10.27 | 10.55 | 904500 | 10.55 |
| 9/28/2004 | 10.62 | 10.68 | 10.43 | 10.57 | 1220300 | 10.57 |
| 9/29/2004 | 10.63 | 11.09 | 10.62 | 11.09 | 926100 | 11.09 |
| 9/30/2004 | 11.1 | 11.25 | 11.02 | 11.12 | 531700 | 11.12 |
| 10/1/2004 | 11.26 | 11.72 | 11.19 | 11.69 | 820500 | 11.69 |

EXHIBIT _A_ PAGE _18_

EXHIBIT _C_ PAGE _94_

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 10/4/2004 | 12 | 12.84 | 11.86 | 12.37 | 2108400 | 12.37 |
| 10/5/2004 | 12.03 | 12.41 | 11.96 | 12.33 | 515800 | 12.33 |
| 10/6/2004 | 12.34 | 12.92 | 12.27 | 12.91 | 1121500 | 12.91 |
| 10/7/2004 | 12.79 | 12.99 | 12.39 | 12.63 | 716700 | 12.63 |
| 10/8/2004 | 12.55 | 12.67 | 12.2 | 12.34 | 857400 | 12.34 |
| 10/11/2004 | 12.27 | 12.65 | 12.24 | 12.64 | 375500 | 12.64 |
| 10/12/2004 | 12.41 | 12.7 | 12.25 | 12.6 | 375800 | 12.6 |
| 10/13/2004 | 12.6 | 12.84 | 12.29 | 12.33 | 509500 | 12.33 |
| 10/14/2004 | 12.39 | 12.39 | 12.07 | 12.16 | 293800 | 12.16 |
| 10/15/2004 | 12.15 | 12.46 | 12.08 | 12.2 | 288200 | 12.2 |
| 10/18/2004 | 12.19 | 12.75 | 12.19 | 12.71 | 288100 | 12.71 |
| 10/19/2004 | 12.87 | 13.12 | 12.48 | 12.56 | 463500 | 12.56 |
| 10/20/2004 | 12.43 | 12.62 | 12.34 | 12.6 | 307700 | 12.6 |
| 10/21/2004 | 12.7 | 13.2 | 12.62 | 12.95 | 654900 | 12.95 |
| 10/22/2004 | 12.82 | 13.13 | 12.82 | 12.86 | 600000 | 12.86 |
| 10/25/2004 | 12.8 | 12.98 | 12.68 | 12.8 | 538900 | 12.8 |
| 10/26/2004 | 12.85 | 12.88 | 12.42 | 12.65 | 762700 | 12.65 |
| 10/27/2004 | 12.63 | 14.58 | 12.58 | 13.99 | 4014400 | 13.99 |
| 10/28/2004 | 14.7 | 14.88 | 14.33 | 14.68 | 3094400 | 14.68 |
| 10/29/2004 | 14.56 | 14.91 | 14.54 | 14.67 | 1284200 | 14.67 |
| 11/1/2004 | 14.11 | 15.11 | 13.82 | 15.01 | 1276300 | 15.01 |
| 11/2/2004 | 15 | 15.21 | 14.91 | 14.96 | 1384900 | 14.96 |
| 11/3/2004 | 15.15 | 15.5 | 14.91 | 15.01 | 1576500 | 15.01 |
| 11/4/2004 | 15 | 15.2 | 14.81 | 15.17 | 797100 | 15.17 |
| 11/5/2004 | 15.25 | 15.63 | 15.18 | 15.39 | 715800 | 15.39 |
| 11/8/2004 | 15.2 | 15.6 | 14.96 | 15.11 | 910100 | 15.11 |
| 11/9/2004 | 15.01 | 15.23 | 14.96 | 15.06 | 683400 | 15.06 |
| 11/10/2004 | 15 | 15.13 | 14.82 | 14.93 | 980600 | 14.93 |
| 11/11/2004 | 14.87 | 16.02 | 14.85 | 16.01 | 1692400 | 16.01 |
| 11/12/2004 | 15.84 | 16 | 15.6 | 15.93 | 909800 | 15.93 |
| 11/15/2004 | 15.8 | 15.95 | 15.64 | 15.95 | 470000 | 15.95 |
| 11/16/2004 | 15.88 | 15.9 | 15.5 | 15.56 | 530200 | 15.56 |
| 11/17/2004 | 15.64 | 16 | 15.63 | 15.96 | 461600 | 15.96 |
| 11/18/2004 | 15.82 | 15.95 | 15.55 | 15.76 | 488300 | 15.76 |
| 11/19/2004 | 15.65 | 15.77 | 15.31 | 15.41 | 407400 | 15.41 |
| 11/22/2004 | 15.33 | 15.44 | 15.08 | 15.38 | 792200 | 15.38 |
| 11/23/2004 | 15.35 | 15.61 | 15.19 | 15.6 | 444200 | 15.6 |
| 11/24/2004 | 15.62 | 15.75 | 15.49 | 15.69 | 420600 | 15.69 |
| 11/26/2004 | 15.59 | 15.9 | 15.59 | 15.75 | 236800 | 15.75 |
| 11/29/2004 | 15.84 | 16.18 | 15.58 | 16.03 | 1053000 | 16.03 |
| 11/30/2004 | 15.79 | 16.09 | 15.47 | 15.48 | 881800 | 15.48 |
| 12/1/2004 | 15.62 | 16.35 | 15.58 | 16.32 | 980600 | 16.32 |
| 12/2/2004 | 16.34 | 16.59 | 15.58 | 15.7 | 957100 | 15.7 |
| 12/3/2004 | 15.99 | 16.03 | 15.53 | 15.72 | 639000 | 15.72 |
| 12/6/2004 | 15.7 | 15.73 | 15.25 | 15.58 | 1071400 | 15.58 |
| 12/7/2004 | 15.56 | 15.61 | 15.08 | 15.08 | 939700 | 15.08 |
| 12/8/2004 | 15.08 | 15.27 | 14.97 | 15.02 | 824000 | 15.02 |
| 12/9/2004 | 14.89 | 15.05 | 14.66 | 14.86 | 1009000 | 14.86 |
| 12/10/2004 | 14.84 | 14.95 | 14.75 | 14.79 | 732500 | 14.79 |
| 12/13/2004 | 14.98 | 15.49 | 14.8 | 15.45 | 584000 | 15.45 |
| 12/14/2004 | 15.49 | 16.31 | 15.4 | 16.09 | 1742300 | 16.09 |
| 12/15/2004 | 16.05 | 16.4 | 15.99 | 16.26 | 758200 | 16.26 |

EXHIBIT _A_ PAGE _19_

EXHIBIT _C_ PAGE_95_

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 12/16/2004 | 16.28 | 16.5 | 16.12 | 16.2 | 1268400 | 16.2 |
| 12/17/2004 | 16.05 | 16.21 | 15.88 | 16.04 | 1276400 | 16.04 |
| 12/20/2004 | 16 | 16.15 | 15.79 | 15.82 | 914400 | 15.82 |
| 12/21/2004 | 15.8 | 16.07 | 15.78 | 16.03 | 797700 | 16.03 |
| 12/22/2004 | 15.95 | 16.12 | 15.95 | 16.05 | 577200 | 16.05 |
| 12/23/2004 | 16.15 | 16.15 | 16 | 16.05 | 147100 | 16.05 |
| 12/27/2004 | 16.02 | 16.24 | 15.99 | 16.03 | 647500 | 16.03 |
| 12/28/2004 | 15.97 | 16.38 | 15.97 | 16.27 | 531300 | 16.27 |
| 12/29/2004 | 16.2 | 16.35 | 16.04 | 16.15 | 358100 | 16.15 |
| 12/30/2004 | 16.23 | 16.23 | 16.01 | 16.09 | 262300 | 16.09 |
| 12/31/2004 | 16.05 | 16.17 | 15.92 | 15.95 | 311300 | 15.95 |
| 1/3/2005 | 15.94 | 16.15 | 15.64 | 15.75 | 584500 | 15.75 |
| 1/4/2005 | 15.72 | 15.9 | 15.01 | 15.26 | 1538400 | 15.26 |
| 1/5/2005 | 15.15 | 15.55 | 15.1 | 15.15 | 720000 | 15.15 |
| 1/6/2005 | 15.3 | 15.3 | 15.07 | 15.12 | 487000 | 15.12 |
| 1/7/2005 | 15.33 | 15.33 | 14.46 | 14.8 | 933400 | 14.8 |
| 1/10/2005 | 14.62 | 14.79 | 14.35 | 14.4 | 795300 | 14.4 |
| 1/11/2005 | 14.33 | 14.45 | 13.74 | 13.75 | 1522100 | 13.75 |
| 1/12/2005 | 13.85 | 13.94 | 13.44 | 13.76 | 1256600 | 13.76 |
| 1/13/2005 | 13.8 | 14 | 13.63 | 13.89 | 634100 | 13.89 |
| 1/14/2005 | 14 | 14.36 | 13.91 | 14.3 | 675600 | 14.3 |
| 1/18/2005 | 14.3 | 14.74 | 14.15 | 14.64 | 647300 | 14.64 |
| 1/19/2005 | 14.75 | 14.77 | 13.99 | 14.05 | 1003000 | 14.05 |
| 1/20/2005 | 13.98 | 14.28 | 13.87 | 13.98 | 467200 | 13.98 |
| 1/21/2005 | 13.99 | 14.29 | 13.77 | 13.95 | 735700 | 13.95 |
| 1/24/2005 | 14.06 | 14.29 | 13.86 | 13.98 | 776200 | 13.98 |
| 1/25/2005 | 14.14 | 14.28 | 13.93 | 14.07 | 946600 | 14.07 |
| 1/26/2005 | 14.13 | 14.5 | 14.08 | 14.5 | 781200 | 14.5 |
| 1/27/2005 | 14.54 | 14.6 | 14.29 | 14.54 | 879000 | 14.54 |
| 1/28/2005 | 14.48 | 14.7 | 14.17 | 14.19 | 858100 | 14.19 |
| 1/31/2005 | 14.44 | 14.44 | 14.08 | 14.2 | 952500 | 14.2 |
| 2/1/2005 | 14.15 | 14.35 | 13.91 | 14.25 | 1046200 | 14.25 |
| 2/2/2005 | 14.38 | 14.38 | 13.84 | 13.86 | 1681300 | 13.86 |
| 2/3/2005 | 14.89 | 15.31 | 14.38 | 14.94 | 3653000 | 14.94 |
| 2/4/2005 | 14.87 | 15.46 | 14.86 | 15.35 | 912500 | 15.35 |
| 2/7/2005 | 15.31 | 15.39 | 15.05 | 15.14 | 454600 | 15.14 |
| 2/8/2005 | 15.26 | 15.89 | 15 | 15.4 | 633100 | 15.4 |
| 2/9/2005 | 15.45 | 15.5 | 15.21 | 15.28 | 1273000 | 15.28 |
| 2/10/2005 | 15.29 | 15.34 | 14.84 | 14.88 | 878600 | 14.88 |
| 2/11/2005 | 14.9 | 15.41 | 14.72 | 15.25 | 590800 | 15.25 |
| 2/14/2005 | 15.18 | 15.32 | 14.94 | 15.12 | 376800 | 15.12 |
| 2/15/2005 | 14.87 | 15.19 | 14.7 | 14.91 | 541000 | 14.91 |
| 2/16/2005 | 14.8 | 14.95 | 14.56 | 14.65 | 749900 | 14.65 |
| 2/17/2005 | 14.6 | 14.95 | 14.28 | 14.37 | 997100 | 14.37 |
| 2/18/2005 | 14.35 | 14.64 | 14.23 | 14.28 | 747400 | 14.28 |
| 2/22/2005 | 14.18 | 14.45 | 13.99 | 14.04 | 646700 | 14.04 |
| 2/23/2005 | 14.04 | 14.21 | 13.8 | 13.89 | 701800 | 13.89 |
| 2/24/2005 | 13.9 | 14.19 | 13.58 | 13.77 | 950900 | 13.77 |
| 2/25/2005 | 13.84 | 13.84 | 13.56 | 13.61 | 638800 | 13.61 |
| 2/28/2005 | 13.63 | 13.77 | 13.5 | 13.57 | 783500 | 13.57 |
| 3/1/2005 | 13.64 | 13.68 | 13.5 | 13.58 | 873800 | 13.58 |
| 3/2/2005 | 13.55 | 13.8 | 13.44 | 13.52 | 995500 | 13.52 |

EXHIBIT __A__ PAGE __20__

EXHIBIT __C__ PAGE __96__

| | | | | | | |
|---|---|---|---|---|---|---|
| 3/3/2005 | 13.54 | 13.69 | 13.51 | 13.56 | 884000 | 13.56 |
| 3/4/2005 | 13.67 | 13.86 | 13.5 | 13.58 | 635900 | 13.58 |
| 3/7/2005 | 13.64 | 13.64 | 13.43 | 13.47 | 617700 | 13.47 |
| 3/8/2005 | 13.42 | 13.57 | 13.27 | 13.38 | 584000 | 13.38 |
| 3/9/2005 | 13.4 | 13.68 | 13.36 | 13.48 | 665900 | 13.48 |
| 3/10/2005 | 13.47 | 13.59 | 13.4 | 13.46 | 661400 | 13.46 |
| 3/11/2005 | 13.4 | 13.58 | 13.28 | 13.35 | 839500 | 13.35 |
| 3/14/2005 | 13.4 | 13.63 | 13.29 | 13.38 | 800600 | 13.38 |
| 3/15/2005 | 13.5 | 13.56 | 13.13 | 13.2 | 602800 | 13.2 |
| 3/16/2005 | 13.2 | 13.33 | 13.03 | 13.06 | 1333300 | 13.06 |
| 3/17/2005 | 13.15 | 13.6 | 13.1 | 13.32 | 1237400 | 13.32 |
| 3/18/2005 | 13.29 | 13.37 | 13.05 | 13.1 | 536900 | 13.1 |
| 3/21/2005 | 13.2 | 13.31 | 13.05 | 13.24 | 246300 | 13.24 |
| 3/22/2005 | 13.3 | 13.61 | 13.26 | 13.44 | 898900 | 13.44 |
| 3/23/2005 | 13.36 | 13.71 | 13.35 | 13.66 | 927600 | 13.66 |
| 3/24/2005 | 13.63 | 14.09 | 13.63 | 13.93 | 1003100 | 13.93 |
| 3/28/2005 | 13.94 | 13.99 | 13.72 | 13.74 | 771000 | 13.74 |
| 3/29/2005 | 13.75 | 13.81 | 13.6 | 13.66 | 895700 | 13.66 |
| 3/30/2005 | 13.65 | 13.9 | 13.65 | 13.89 | 441600 | 13.89 |
| 3/31/2005 | 13.8 | 14.03 | 13.75 | 13.84 | 616000 | 13.84 |
| 4/1/2005 | 13.94 | 13.94 | 13.47 | 13.56 | 757500 | 13.56 |
| 4/4/2005 | 13.43 | 13.48 | 12.92 | 13.26 | 1255000 | 13.26 |
| 4/5/2005 | 13.25 | 13.28 | 12.23 | 12.51 | 2866400 | 12.51 |
| 4/6/2005 | 12.55 | 12.64 | 12.16 | 12.3 | 1106200 | 12.3 |
| 4/7/2005 | 12.2 | 12.41 | 12.06 | 12.23 | 1098400 | 12.23 |
| 4/8/2005 | 12.2 | 12.76 | 12.06 | 12.62 | 2068300 | 12.62 |
| 4/11/2005 | 12.5 | 12.87 | 12.49 | 12.75 | 882500 | 12.75 |
| 4/12/2005 | 12.72 | 12.76 | 12.47 | 12.71 | 952300 | 12.71 |
| 4/13/2005 | 12.64 | 12.7 | 12.46 | 12.47 | 1006100 | 12.47 |
| 4/14/2005 | 12.5 | 12.5 | 12.19 | 12.33 | 998600 | 12.33 |
| 4/15/2005 | 12.23 | 12.34 | 11.98 | 11.99 | 1051900 | 11.99 |
| 4/18/2005 | 11.94 | 12.07 | 11.66 | 11.84 | 578900 | 11.84 |
| 4/19/2005 | 11.78 | 12.16 | 11.78 | 12.07 | 432800 | 12.07 |
| 4/20/2005 | 12.1 | 12.3 | 11.89 | 11.9 | 524200 | 11.9 |
| 4/21/2005 | 11.99 | 12.17 | 11.86 | 12.06 | 662700 | 12.06 |
| 4/22/2005 | 12.06 | 12.1 | 11.65 | 11.97 | 792700 | 11.97 |
| 4/25/2005 | 11.96 | 12.26 | 11.92 | 12.02 | 527000 | 12.02 |
| 4/26/2005 | 12.05 | 12.07 | 11.44 | 11.5 | 1113400 | 11.5 |
| 4/27/2005 | 11.45 | 11.74 | 11.45 | 11.67 | 595300 | 11.67 |
| 4/28/2005 | 12.02 | 12.05 | 11.76 | 11.81 | 1059600 | 11.81 |
| 4/29/2005 | 11.9 | 12.2 | 11.68 | 11.84 | 1076000 | 11.84 |
| 5/2/2005 | 11.85 | 12.2 | 11.85 | 11.99 | 1053800 | 11.99 |
| 5/3/2005 | 11.99 | 12.15 | 11.93 | 12.02 | 598400 | 12.02 |
| 5/4/2005 | 11.93 | 12.13 | 11.75 | 11.78 | 1110700 | 11.78 |
| 5/5/2005 | 11.69 | 12.43 | 11.52 | 12.19 | 1503900 | 12.19 |
| 5/6/2005 | 12.3 | 12.42 | 12.12 | 12.17 | 777700 | 12.17 |
| 5/9/2005 | 12.2 | 12.48 | 12.19 | 12.33 | 681900 | 12.33 |
| 5/10/2005 | 12.24 | 12.3 | 12.05 | 12.1 | 493200 | 12.1 |
| 5/11/2005 | 12.1 | 12.44 | 12.06 | 12.27 | 313300 | 12.27 |
| 5/12/2005 | 12.33 | 12.45 | 12.15 | 12.24 | 338600 | 12.24 |
| 5/13/2005 | 12.25 | 12.42 | 12.16 | 12.26 | 618000 | 12.26 |
| 5/16/2005 | 12.28 | 12.47 | 12.26 | 12.35 | 550300 | 12.35 |

EXHIBIT __A__ PAGE __21__

EXHIBIT __C__ PAGE __97__

| | | | | | |
|---|---|---|---|---|---|
| 5/17/2005 | 12.3 | 12.61 | 12.3 | 12.58 | 475000 | 12.58 |
| 5/18/2005 | 12.54 | 12.96 | 12.53 | 12.89 | 694600 | 12.89 |
| 5/19/2005 | 12.84 | 13.4 | 12.84 | 13.18 | 1197600 | 13.18 |
| 5/20/2005 | 13.2 | 13.37 | 13.06 | 13.35 | 376800 | 13.35 |
| 5/23/2005 | 13.4 | 13.49 | 13.16 | 13.18 | 780900 | 13.18 |
| 5/24/2005 | 13.18 | 13.18 | 12.97 | 13.04 | 563300 | 13.04 |
| 5/25/2005 | 13.02 | 13.05 | 12.83 | 12.87 | 353000 | 12.87 |
| 5/26/2005 | 12.9 | 13.13 | 12.9 | 13.1 | 408700 | 13.1 |
| 5/27/2005 | 13.18 | 13.18 | 12.87 | 12.98 | 137900 | 12.98 |
| 5/31/2005 | 12.93 | 13.23 | 12.9 | 13.15 | 508500 | 13.15 |
| 6/1/2005 | 13.1 | 13.16 | 12.85 | 12.91 | 646200 | 12.91 |
| 6/2/2005 | 12.85 | 13.11 | 12.82 | 13.08 | 661300 | 13.08 |
| 6/3/2005 | 13.08 | 13.08 | 12.75 | 12.78 | 592700 | 12.78 |
| 6/6/2005 | 12.73 | 12.78 | 12.6 | 12.62 | 308600 | 12.62 |
| 6/7/2005 | 12.62 | 12.86 | 12.55 | 12.56 | 293400 | 12.56 |
| 6/8/2005 | 12.62 | 12.82 | 12.6 | 12.8 | 469700 | 12.8 |
| 6/9/2005 | 12.77 | 12.99 | 12.68 | 12.96 | 535100 | 12.96 |
| 6/10/2005 | 12.95 | 13.05 | 12.92 | 13.03 | 618200 | 13.03 |
| 6/13/2005 | 12.93 | 13.06 | 12.83 | 12.97 | 1506400 | 12.97 |
| 6/14/2005 | 13 | 13.03 | 12.75 | 12.99 | 1083700 | 12.99 |
| 6/15/2005 | 13.02 | 13.37 | 12.95 | 13.25 | 1774100 | 13.25 |
| 6/16/2005 | 13.38 | 13.73 | 13.27 | 13.71 | 1388100 | 13.71 |
| 6/17/2005 | 13.7 | 13.84 | 13.65 | 13.67 | 1235000 | 13.67 |
| 6/20/2005 | 13.66 | 13.76 | 13.65 | 13.68 | 544700 | 13.68 |
| 6/21/2005 | 13.73 | 14.01 | 13.69 | 13.75 | 1132500 | 13.75 |
| 6/22/2005 | 13.78 | 13.85 | 13.25 | 13.54 | 1747700 | 13.54 |
| 6/23/2005 | 13.55 | 13.88 | 13.46 | 13.47 | 687500 | 13.47 |
| 6/24/2005 | 13.5 | 13.64 | 13.29 | 13.48 | 1280300 | 13.48 |
| 6/27/2005 | 13.38 | 13.44 | 13.24 | 13.31 | 362000 | 13.31 |
| 6/28/2005 | 13.27 | 13.66 | 13.27 | 13.63 | 560100 | 13.63 |
| 6/29/2005 | 13.91 | 14.01 | 13.7 | 13.75 | 2143100 | 13.75 |
| 6/30/2005 | 13.74 | 13.9 | 13.57 | 13.63 | 401800 | 13.63 |
| 7/1/2005 | 13.66 | 13.7 | 13.28 | 13.69 | 1136000 | 13.69 |
| 7/5/2005 | 13.55 | 13.84 | 13.48 | 13.84 | 606000 | 13.84 |
| 7/6/2005 | 13.84 | 13.91 | 13.71 | 13.87 | 494200 | 13.87 |
| 7/7/2005 | 13.77 | 13.95 | 13.7 | 13.93 | 702800 | 13.93 |
| 7/8/2005 | 13.95 | 14.22 | 13.71 | 14.15 | 960200 | 14.15 |
| 7/11/2005 | 14.15 | 14.31 | 14.05 | 14.29 | 850500 | 14.29 |
| 7/12/2005 | 14.25 | 14.61 | 14.2 | 14.54 | 654400 | 14.54 |
| 7/13/2005 | 14.61 | 14.7 | 14.51 | 14.59 | 686600 | 14.59 |
| 7/14/2005 | 14.6 | 14.7 | 14.54 | 14.56 | 660100 | 14.56 |
| 7/15/2005 | 14.48 | 14.58 | 14.18 | 14.49 | 638000 | 14.49 |
| 7/18/2005 | 14.51 | 14.66 | 14.5 | 14.5 | 754500 | 14.5 |
| 7/19/2005 | 14.6 | 14.84 | 14.52 | 14.83 | 777100 | 14.83 |
| 7/20/2005 | 14.1 | 14.79 | 14.09 | 14.74 | 666700 | 14.74 |
| 7/21/2005 | 14.74 | 14.74 | 14.26 | 14.4 | 803100 | 14.4 |
| 7/22/2005 | 14.37 | 14.41 | 14 | 14.25 | 546200 | 14.25 |
| 7/25/2005 | 14.13 | 14.24 | 14.1 | 14.16 | 325100 | 14.16 |
| 7/26/2005 | 14.01 | 14.25 | 14.01 | 14.22 | 294600 | 14.22 |
| 7/27/2005 | 14.25 | 14.3 | 14.15 | 14.3 | 436100 | 14.3 |
| 7/28/2005 | 14.15 | 14.23 | 13.95 | 14.14 | 691200 | 14.14 |
| 7/29/2005 | 14.11 | 14.35 | 14 | 14.25 | 577700 | 14.25 |

EXHIBIT __A__ PAGE _22_

EXHIBIT __C__ PAGE _98_

| | | | | | | |
|---|---|---|---|---|---|---|
| 8/1/2005 | 14.25 | 14.43 | 14.25 | 14.41 | 488000 | 14.41 |
| 8/2/2005 | 14.45 | 14.47 | 14.34 | 14.47 | 293000 | 14.47 |
| 8/3/2005 | 14.39 | 14.52 | 14.34 | 14.45 | 518700 | 14.45 |
| 8/4/2005 | 14.49 | 14.49 | 14.02 | 14.24 | 804000 | 14.24 |
| 8/5/2005 | 13.28 | 14.14 | 13.2 | 13.62 | 2612400 | 13.62 |
| 8/8/2005 | 13.62 | 13.85 | 13.26 | 13.39 | 783700 | 13.39 |
| 8/9/2005 | 13.4 | 13.55 | 13.23 | 13.46 | 409600 | 13.46 |
| 8/10/2005 | 13.45 | 13.61 | 13.25 | 13.31 | 612800 | 13.31 |
| 8/11/2005 | 13.25 | 13.27 | 12.99 | 13.1 | 1328800 | 13.1 |
| 8/12/2005 | 13.05 | 13.41 | 12.84 | 13.35 | 864800 | 13.35 |
| 8/15/2005 | 13.29 | 13.62 | 13.05 | 13.54 | 450000 | 13.54 |
| 8/16/2005 | 13.46 | 13.58 | 13.41 | 13.5 | 678600 | 13.5 |
| 8/17/2005 | 13.5 | 13.57 | 13.44 | 13.46 | 660500 | 13.46 |
| 8/18/2005 | 13.42 | 13.5 | 13.35 | 13.37 | 316400 | 13.37 |
| 8/19/2005 | 13.29 | 13.47 | 13.22 | 13.22 | 349800 | 13.22 |
| 8/22/2005 | 13.3 | 13.31 | 13.18 | 13.28 | 401400 | 13.28 |
| 8/23/2005 | 13.41 | 13.71 | 13.41 | 13.52 | 509300 | 13.52 |
| 8/24/2005 | 13.46 | 13.51 | 13.08 | 13.12 | 685800 | 13.12 |
| 8/25/2005 | 13.11 | 13.22 | 12.97 | 13.08 | 572400 | 13.08 |
| 8/26/2005 | 13.05 | 13.06 | 12.8 | 13 | 572900 | 13 |
| 8/29/2005 | 12.91 | 13.33 | 12.88 | 13.3 | 339100 | 13.3 |
| 8/30/2005 | 13.25 | 13.47 | 13.23 | 13.46 | 667300 | 13.46 |
| 8/31/2005 | 13.39 | 13.56 | 13.25 | 13.56 | 583900 | 13.56 |
| 9/1/2005 | 13.53 | 14 | 13.53 | 13.93 | 737500 | 13.93 |
| 9/2/2005 | 13.88 | 14.19 | 13.88 | 14 | 565400 | 14 |
| 9/6/2005 | 14.44 | 14.92 | 14.44 | 14.7 | 1085000 | 14.7 |
| 9/7/2005 | 14.67 | 15.11 | 14.67 | 15.04 | 2079000 | 15.04 |
| 9/8/2005 | 15 | 15.3 | 14.95 | 15.11 | 1132400 | 15.11 |
| 9/9/2005 | 15.1 | 15.28 | 14.97 | 15.22 | 946500 | 15.22 |
| 9/12/2005 | 15.25 | 15.43 | 15.2 | 15.38 | 566600 | 15.38 |
| 9/13/2005 | 15.3 | 15.35 | 14.95 | 15.14 | 670200 | 15.14 |
| 9/14/2005 | 15.1 | 15.23 | 15.03 | 15.1 | 876100 | 15.1 |
| 9/15/2005 | 15.09 | 15.2 | 15.05 | 15.2 | 796600 | 15.2 |
| 9/16/2005 | 15.25 | 15.28 | 15.06 | 15.2 | 781400 | 15.2 |
| 9/19/2005 | 15.1 | 15.21 | 14.84 | 14.97 | 936700 | 14.97 |
| 9/20/2005 | 15 | 15.12 | 14.83 | 14.9 | 557300 | 14.9 |
| 9/21/2005 | 14.83 | 15 | 14.64 | 14.87 | 554900 | 14.87 |
| 9/22/2005 | 14.85 | 15.14 | 14.7 | 15.12 | 840900 | 15.12 |
| 9/23/2005 | 14.94 | 14.95 | 14.6 | 14.84 | 940800 | 14.84 |
| 9/26/2005 | 14.9 | 14.95 | 14.66 | 14.8 | 667600 | 14.8 |
| 9/27/2005 | 14.91 | 14.95 | 14.69 | 14.85 | 794800 | 14.85 |
| 9/28/2005 | 14.85 | 14.91 | 14.62 | 14.78 | 583100 | 14.78 |
| 9/29/2005 | 14.82 | 14.97 | 14.52 | 14.92 | 768000 | 14.92 |
| 9/30/2005 | 14.85 | 15.08 | 14.61 | 15.07 | 443300 | 15.07 |
| 10/3/2005 | 15 | 15.43 | 15 | 15.36 | 655600 | 15.36 |
| 10/4/2005 | 15.29 | 15.39 | 15.14 | 15.2 | 614200 | 15.2 |
| 10/5/2005 | 15.16 | 15.2 | 14.43 | 14.49 | 779500 | 14.49 |
| 10/6/2005 | 14.42 | 14.66 | 14.27 | 14.4 | 577500 | 14.4 |
| 10/7/2005 | 14.45 | 14.75 | 14.4 | 14.68 | 545000 | 14.68 |
| 10/10/2005 | 14.75 | 14.89 | 14.28 | 14.46 | 477700 | 14.46 |
| 10/11/2005 | 14.49 | 14.54 | 14.2 | 14.33 | 648400 | 14.33 |
| 10/12/2005 | 14.3 | 14.63 | 14.11 | 14.29 | 579600 | 14.29 |

EXHIBIT __A__ PAGE __23__

EXHIBIT __C__ PAGE __99__

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/13/2005 | 14.25 | 14.25 | 13.75 | 14.13 | 1134600 | 14.13 |
| 10/14/2005 | 14.22 | 14.71 | 14.14 | 14.67 | 950400 | 14.67 |
| 10/17/2005 | 14.65 | 14.85 | 14.5 | 14.73 | 668500 | 14.73 |
| 10/18/2005 | 14.75 | 14.75 | 14.2 | 14.23 | 688800 | 14.23 |
| 10/19/2005 | 14.19 | 14.33 | 13.81 | 14.25 | 755800 | 14.25 |
| 10/20/2005 | 14.25 | 14.45 | 14.09 | 14.21 | 657500 | 14.21 |
| 10/21/2005 | 14.15 | 14.57 | 14.01 | 14.31 | 817300 | 14.31 |
| 10/24/2005 | 14.34 | 14.55 | 14.12 | 14.3 | 806900 | 14.3 |
| 10/25/2005 | 14.3 | 14.46 | 14.14 | 14.26 | 651000 | 14.26 |
| 10/26/2005 | 14.17 | 14.63 | 14.17 | 14.38 | 901700 | 14.38 |
| 10/27/2005 | 14.32 | 14.43 | 13.79 | 13.83 | 760500 | 13.83 |
| 10/28/2005 | 13.89 | 14.07 | 13.33 | 13.59 | 2290100 | 13.59 |
| 10/31/2005 | 13.68 | 14 | 13.54 | 13.91 | 1384100 | 13.91 |
| 11/1/2005 | 14 | 14.17 | 13.78 | 14.01 | 902100 | 14.01 |
| 11/2/2005 | 14 | 14.29 | 13.95 | 14.26 | 1266600 | 14.26 |
| 11/3/2005 | 14.35 | 14.39 | 14.2 | 14.27 | 2150500 | 14.27 |
| 11/4/2005 | 14.21 | 14.29 | 13.55 | 13.81 | 2765300 | 13.81 |
| 11/7/2005 | 13.85 | 13.94 | 13.53 | 13.55 | 3042800 | 13.55 |
| 11/8/2005 | 14.13 | 14.8 | 14 | 14.63 | 5243100 | 14.63 |
| 11/9/2005 | 14.51 | 14.85 | 14.45 | 14.79 | 1704300 | 14.79 |
| 11/10/2005 | 14.77 | 14.94 | 14.55 | 14.83 | 1661100 | 14.83 |
| 11/11/2005 | 14.8 | 15.05 | 14.75 | 14.87 | 651200 | 14.87 |
| 11/14/2005 | 14.8 | 15.25 | 14.8 | 14.93 | 1055800 | 14.93 |
| 11/15/2005 | 14.9 | 15.03 | 14.73 | 14.88 | 898700 | 14.88 |
| 11/16/2005 | 14.85 | 14.92 | 14.56 | 14.59 | 1160300 | 14.59 |
| 11/17/2005 | 14.66 | 14.81 | 14.62 | 14.69 | 542700 | 14.69 |
| 11/18/2005 | 14.79 | 14.96 | 14.64 | 14.92 | 830300 | 14.92 |
| 11/21/2005 | 14.9 | 14.9 | 14.68 | 14.75 | 684600 | 14.75 |
| 11/22/2005 | 14.73 | 15.07 | 14.72 | 15.01 | 932000 | 15.01 |
| 11/23/2005 | 14.95 | 15.76 | 14.95 | 15.74 | 1896500 | 15.74 |
| 11/25/2005 | 15.8 | 15.9 | 15.71 | 15.79 | 484800 | 15.79 |
| 11/28/2005 | 15.78 | 15.8 | 15.49 | 15.56 | 1127200 | 15.56 |
| 11/29/2005 | 15.66 | 15.71 | 15.53 | 15.65 | 622200 | 15.65 |
| 11/30/2005 | 15.65 | 15.95 | 15.57 | 15.75 | 1416300 | 15.75 |
| 12/1/2005 | 15.85 | 15.85 | 15.56 | 15.65 | 1451600 | 15.65 |
| 12/2/2005 | 15.57 | 15.67 | 15.19 | 15.29 | 1494200 | 15.29 |
| 12/5/2005 | 15.23 | 15.31 | 14.96 | 15.09 | 1319300 | 15.09 |
| 12/6/2005 | 15.13 | 15.17 | 14.93 | 15.05 | 1457000 | 15.05 |
| 12/7/2005 | 15.05 | 15.07 | 14.5 | 14.52 | 1425700 | 14.52 |
| 12/8/2005 | 14.52 | 14.9 | 14.45 | 14.59 | 1337300 | 14.59 |
| 12/9/2005 | 14.51 | 14.75 | 14.5 | 14.71 | 600800 | 14.71 |
| 12/12/2005 | 14.79 | 14.87 | 14.55 | 14.65 | 970600 | 14.65 |
| 12/13/2005 | 14.62 | 14.73 | 14.3 | 14.61 | 1694600 | 14.61 |
| 12/14/2005 | 14.6 | 14.6 | 14.19 | 14.23 | 1252400 | 14.23 |
| 12/15/2005 | 14.29 | 14.3 | 14 | 14.06 | 724300 | 14.06 |
| 12/16/2005 | 14.13 | 15.04 | 14.06 | 15 | 2071300 | 15 |
| 12/19/2005 | 14.99 | 15.13 | 14.92 | 15.01 | 1357100 | 15.01 |
| 12/20/2005 | 14.98 | 15.19 | 14.93 | 15.02 | 1081200 | 15.02 |
| 12/21/2005 | 15.06 | 15.2 | 14.96 | 15.16 | 907100 | 15.16 |
| 12/22/2005 | 15.27 | 15.31 | 15 | 15.25 | 527200 | 15.25 |
| 12/23/2005 | 15.31 | 15.34 | 14.95 | 15.16 | 359800 | 15.16 |
| 12/27/2005 | 15.18 | 15.23 | 14.75 | 14.76 | 708500 | 14.76 |

EXHIBIT __A__ PAGE __24__

EXHIBIT __C__ PAGE __100__

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/28/2005 | 14.72 | 14.89 | 14.51 | 14.75 | 353000 | 14.75 |
| 12/29/2005 | 14.77 | 14.97 | 14.67 | 14.75 | 262100 | 14.75 |
| 12/30/2005 | 14.65 | 14.77 | 14.35 | 14.59 | 411000 | 14.59 |
| 1/3/2006 | 14.72 | 14.95 | 14.41 | 14.77 | 965900 | 14.77 |
| 1/4/2006 | 14.79 | 14.79 | 14.5 | 14.69 | 897100 | 14.69 |
| 1/5/2006 | 14.75 | 15.11 | 14.4 | 14.98 | 1796500 | 14.98 |
| 1/6/2006 | 15.15 | 15.26 | 14.82 | 15.05 | 880200 | 15.05 |
| 1/9/2006 | 15.13 | 15.49 | 14.95 | 15.45 | 866800 | 15.45 |
| 1/10/2006 | 15.41 | 15.62 | 15.19 | 15.55 | 712400 | 15.55 |
| 1/11/2006 | 16.4 | 16.44 | 15.75 | 16.01 | 2622800 | 16.01 |
| 1/12/2006 | 16.05 | 16.07 | 15.78 | 15.9 | 1376600 | 15.9 |
| 1/13/2006 | 15.9 | 15.93 | 15.68 | 15.91 | 765700 | 15.91 |
| 1/17/2006 | 15.86 | 15.86 | 15.45 | 15.75 | 737500 | 15.75 |
| 1/18/2006 | 15.58 | 15.82 | 15.49 | 15.76 | 379400 | 15.76 |
| 1/19/2006 | 15.8 | 16.11 | 15.75 | 16.1 | 732200 | 16.1 |
| 1/20/2006 | 16.1 | 16.15 | 15.8 | 15.86 | 656300 | 15.86 |
| 1/23/2006 | 15.95 | 15.98 | 15.7 | 15.79 | 757500 | 15.79 |
| 1/24/2006 | 15.9 | 16.14 | 15.77 | 16.11 | 845800 | 16.11 |
| 1/25/2006 | 16.17 | 16.3 | 16.05 | 16.21 | 1052400 | 16.21 |
| 1/26/2006 | 16.35 | 16.35 | 16.15 | 16.28 | 1309300 | 16.28 |
| 1/27/2006 | 16.3 | 16.7 | 16.2 | 16.63 | 1287500 | 16.63 |
| 1/30/2006 | 16.6 | 16.69 | 16.24 | 16.27 | 675500 | 16.27 |
| 1/31/2006 | 16.31 | 16.31 | 15.79 | 15.84 | 727600 | 15.84 |
| 2/1/2006 | 15.89 | 16.29 | 15.71 | 16.11 | 1350800 | 16.11 |
| 2/2/2006 | 16.02 | 16.13 | 15.57 | 15.59 | 1082400 | 15.59 |
| 2/3/2006 | 15.59 | 15.8 | 15.37 | 15.8 | 753600 | 15.8 |
| 2/6/2006 | 15.92 | 16.03 | 15.47 | 15.67 | 573700 | 15.67 |
| 2/7/2006 | 15.65 | 15.92 | 15.47 | 15.69 | 525600 | 15.69 |
| 2/8/2006 | 15.85 | 15.98 | 15.23 | 15.5 | 1309700 | 15.5 |
| 2/9/2006 | 15.15 | 15.57 | 14.88 | 15.2 | 2080500 | 15.2 |
| 2/10/2006 | 15.25 | 15.32 | 14.54 | 14.97 | 1230300 | 14.97 |
| 2/13/2006 | 14.97 | 15.2 | 14.45 | 14.74 | 1237000 | 14.74 |
| 2/14/2006 | 14.75 | 15.02 | 14.66 | 15 | 740300 | 15 |
| 2/15/2006 | 14.96 | 15.49 | 14.87 | 15.43 | 970000 | 15.43 |
| 2/16/2006 | 15.42 | 15.77 | 15.32 | 15.56 | 962900 | 15.56 |
| 2/17/2006 | 15.59 | 15.59 | 15.1 | 15.2 | 798200 | 15.2 |
| 2/21/2006 | 15.29 | 15.29 | 14.8 | 14.9 | 449500 | 14.9 |
| 2/22/2006 | 14.9 | 15.28 | 14.65 | 15.14 | 1035400 | 15.14 |
| 2/23/2006 | 15.2 | 15.36 | 14.82 | 15.07 | 1093900 | 15.07 |
| 2/24/2006 | 15.05 | 15.07 | 14.65 | 14.7 | 1242500 | 14.7 |
| 2/27/2006 | 14.69 | 14.92 | 14.44 | 14.9 | 1172600 | 14.9 |
| 2/28/2006 | 14.9 | 14.94 | 14.34 | 14.57 | 1295200 | 14.57 |
| 3/1/2006 | 14.56 | 15.16 | 14.4 | 15.13 | 1379200 | 15.13 |
| 3/2/2006 | 14.99 | 15.55 | 14.98 | 15.52 | 1779900 | 15.52 |
| 3/3/2006 | 15.31 | 15.55 | 15.15 | 15.51 | 987800 | 15.51 |
| 3/6/2006 | 15.5 | 15.72 | 15.22 | 15.5 | 1109700 | 15.5 |
| 3/7/2006 | 15.43 | 15.49 | 15.13 | 15.3 | 981300 | 15.3 |
| 3/8/2006 | 15.31 | 15.76 | 15.14 | 15.7 | 1466900 | 15.7 |
| 3/9/2006 | 15.68 | 15.69 | 15.09 | 15.22 | 788500 | 15.22 |
| 3/10/2006 | 15.21 | 15.62 | 15.15 | 15.54 | 534600 | 15.54 |
| 3/13/2006 | 15.6 | 15.76 | 15.38 | 15.44 | 1007900 | 15.44 |
| 3/14/2006 | 15.45 | 15.84 | 15.41 | 15.77 | 1002000 | 15.77 |

EXHIBIT __A__ PAGE __25__

EXHIBIT __C__ PAGE __101__

| | | | | | | |
|---|---|---|---|---|---|---|
| 3/15/2006 | 15.77 | 16.26 | 15.76 | 16.21 | 1461400 | 16.21 |
| 3/16/2006 | 16.2 | 16.44 | 15.99 | 16.08 | 1099100 | 16.08 |
| 3/17/2006 | 16.16 | 16.41 | 15.9 | 16.23 | 1327800 | 16.23 |
| 3/20/2006 | 16.21 | 16.46 | 15.92 | 16.35 | 705900 | 16.35 |
| 3/21/2006 | 16.3 | 16.44 | 15.9 | 15.94 | 841800 | 15.94 |
| 3/22/2006 | 15.91 | 16.14 | 15.73 | 16.03 | 601000 | 16.03 |
| 3/23/2006 | 16.05 | 16.14 | 15.8 | 16.11 | 436100 | 16.11 |
| 3/24/2006 | 16.11 | 16.41 | 16.06 | 16.41 | 596700 | 16.41 |
| 3/27/2006 | 16.45 | 16.45 | 16.11 | 16.4 | 966700 | 16.4 |
| 3/28/2006 | 16.4 | 16.4 | 15.97 | 16.09 | 589400 | 16.09 |
| 3/29/2006 | 16.13 | 16.56 | 16.05 | 16.55 | 737200 | 16.55 |
| 3/30/2006 | 16.55 | 16.79 | 16.46 | 16.67 | 1022900 | 16.67 |
| 3/31/2006 | 16.68 | 16.95 | 16.59 | 16.7 | 1060000 | 16.7 |
| 4/3/2006 | 16.75 | 16.91 | 16.58 | 16.66 | 949500 | 16.66 |
| 4/4/2006 | 16.69 | 16.77 | 16.14 | 16.25 | 848400 | 16.25 |
| 4/5/2006 | 16.31 | 16.55 | 16.06 | 16.52 | 798500 | 16.52 |
| 4/6/2006 | 16.48 | 16.48 | 16.11 | 16.37 | 730900 | 16.37 |
| 4/7/2006 | 16.47 | 16.58 | 15.98 | 16.04 | 544300 | 16.04 |
| 4/10/2006 | 16.04 | 16.13 | 15.87 | 15.93 | 412600 | 15.93 |
| 4/11/2006 | 15.94 | 16 | 15.47 | 15.63 | 1086500 | 15.63 |
| 4/12/2006 | 15.59 | 15.87 | 15.5 | 15.79 | 579400 | 15.79 |
| 4/13/2006 | 15.8 | 16.15 | 15.56 | 16.08 | 371800 | 16.08 |
| 4/17/2006 | 16.06 | 16.28 | 15.96 | 16.05 | 828500 | 16.05 |
| 4/18/2006 | 16.13 | 16.61 | 16.1 | 16.56 | 663500 | 16.56 |
| 4/19/2006 | 16.51 | 16.79 | 16.5 | 16.75 | 429700 | 16.75 |
| 4/20/2006 | 16.73 | 16.87 | 16.46 | 16.82 | 649100 | 16.82 |
| 4/21/2006 | 16.91 | 16.91 | 16.36 | 16.66 | 919400 | 16.66 |
| 4/24/2006 | 16.62 | 16.7 | 16.3 | 16.6 | 521200 | 16.6 |
| 4/25/2006 | 16.65 | 16.65 | 16.07 | 16.51 | 894100 | 16.51 |
| 4/26/2006 | 16.55 | 16.8 | 16.26 | 16.52 | 1083100 | 16.52 |
| 4/27/2006 | 16.52 | 16.88 | 16.43 | 16.65 | 705100 | 16.65 |
| 4/28/2006 | 16.7 | 17.27 | 16.57 | 17.21 | 1586800 | 17.21 |
| 5/1/2006 | 17.15 | 17.19 | 16.88 | 17 | 1060200 | 17 |
| 5/2/2006 | 17 | 17.21 | 16.76 | 17.2 | 1083200 | 17.2 |
| 5/3/2006 | 17.15 | 17.25 | 17.03 | 17.23 | 657100 | 17.23 |
| 5/4/2006 | 17.15 | 17.45 | 16.68 | 17.45 | 2254000 | 17.45 |
| 5/5/2006 | 17.79 | 18.2 | 17.18 | 17.72 | 2290300 | 17.72 |
| 5/8/2006 | 17.66 | 17.92 | 17.53 | 17.82 | 734500 | 17.82 |
| 5/9/2006 | 17.75 | 17.94 | 17.47 | 17.86 | 1002500 | 17.86 |
| 5/10/2006 | 17.76 | 17.92 | 17.6 | 17.83 | 788500 | 17.83 |
| 5/11/2006 | 17.8 | 17.82 | 17.23 | 17.41 | 737100 | 17.41 |
| 5/12/2006 | 17.41 | 17.44 | 16.84 | 16.98 | 578600 | 16.98 |
| 5/15/2006 | 16.86 | 17.04 | 16.66 | 16.9 | 530500 | 16.9 |
| 5/16/2006 | 16.98 | 17.1 | 16.53 | 16.7 | 529300 | 16.7 |
| 5/17/2006 | 16.3 | 16.3 | 15.24 | 15.5 | 4185400 | 15.5 |
| 5/18/2006 | 15.84 | 16.43 | 15.79 | 15.98 | 2142800 | 15.98 |
| 5/19/2006 | 15.92 | 15.99 | 14 | 14.16 | 9035000 | 14.16 |
| 5/22/2006 | 13.85 | 14 | 13.39 | 13.72 | 2371700 | 13.72 |
| 5/23/2006 | 13.89 | 14.13 | 13.14 | 13.32 | 2450700 | 13.32 |
| 5/24/2006 | 13.5 | 13.97 | 13.4 | 13.77 | 2046300 | 13.77 |
| 5/25/2006 | 14.15 | 14.28 | 13.88 | 14.08 | 954700 | 14.08 |
| 5/26/2006 | 14.16 | 14.23 | 13.9 | 14.08 | 660300 | 14.08 |

EXHIBIT __A__ PAGE _26_

EXHIBIT __C__ PAGE _102_

| | | | | | |
|---|---|---|---|---|---|
| 5/30/2006 | 14 | 14.12 | 13.56 | 13.6 | 985700 | 13.6 |
| 5/31/2006 | 13.7 | 14.19 | 13.7 | 13.88 | 1144600 | 13.88 |
| 6/1/2006 | 13.75 | 14.02 | 13.6 | 14 | 835000 | 14 |
| 6/2/2006 | 14.1 | 14.1 | 13.62 | 13.8 | 1019300 | 13.8 |
| 6/5/2006 | 13.75 | 13.84 | 13.42 | 13.46 | 890700 | 13.46 |
| 6/6/2006 | 13.58 | 13.87 | 13.38 | 13.67 | 1147100 | 13.67 |
| 6/7/2006 | 13.68 | 13.92 | 13.44 | 13.5 | 1010200 | 13.5 |
| 6/8/2006 | 13.46 | 13.61 | 13.04 | 13.51 | 1176000 | 13.51 |
| 6/9/2006 | 13.57 | 13.63 | 13.17 | 13.28 | 477000 | 13.28 |
| 6/12/2006 | 13.33 | 13.38 | 12.91 | 12.97 | 812200 | 12.97 |
| 6/13/2006 | 12.95 | 13.07 | 12.5 | 12.64 | 1076500 | 12.64 |
| 6/14/2006 | 12.6 | 13.03 | 12.5 | 12.91 | 788200 | 12.91 |
| 6/15/2006 | 13.01 | 13.52 | 12.88 | 13.41 | 749700 | 13.41 |
| 6/16/2006 | 13.42 | 13.88 | 13.42 | 13.48 | 1787300 | 13.48 |
| 6/19/2006 | 13.55 | 13.6 | 13.27 | 13.47 | 917200 | 13.47 |
| 6/20/2006 | 13.43 | 13.49 | 13.15 | 13.2 | 408700 | 13.2 |
| 6/21/2006 | 13.19 | 13.8 | 13.18 | 13.48 | 1111000 | 13.48 |
| 6/22/2006 | 13.4 | 13.7 | 13.39 | 13.58 | 430600 | 13.58 |
| 6/23/2006 | 13.45 | 13.9 | 13.19 | 13.74 | 590200 | 13.74 |
| 6/26/2006 | 13.81 | 13.95 | 13.6 | 13.76 | 445700 | 13.76 |
| 6/27/2006 | 13.79 | 13.87 | 13.42 | 13.56 | 433200 | 13.56 |
| 6/28/2006 | 13.6 | 13.67 | 13.46 | 13.57 | 568700 | 13.57 |
| 6/29/2006 | 13.61 | 14.36 | 13.61 | 14.25 | 869300 | 14.25 |
| 6/30/2006 | 14.36 | 14.36 | 13.96 | 14 | 761800 | 14 |
| 7/3/2006 | 13.95 | 14.19 | 13.95 | 14.18 | 340000 | 14.18 |
| 7/5/2006 | 12.75 | 13.09 | 12.7 | 12.78 | 3816800 | 12.78 |

EXHIBIT A PAGE 27

EXHIBIT C PAGE 103

# EXHIBIT D

3196

8-11-08

127.

1 COOLEY GODWARD KRONISH LLP
KOJI F. FUKUMURA (189719)
2 (kfukumura@cooley.com)
AARON F. OLSEN (224947)
3 (aolsen@cooley.com)
4401 Eastgate Mall
4 San Diego, CA 92121
Telephone:(858) 550-6000
5 Facsimile: (858) 550-6420

6
Attorneys for Defendants
7 Quest Software, Inc.,
Vincent C. Smith, Michael J. Lambert,
8 Douglas F. Garn, David M. Doyle,
and Kevin Brooks

9

10                UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT

12                    SOUTHERN DIVISION

13

14 MIDDLESEX RETIREMENT                | Case No. CV06-6863 DOC (RNB)
SYSTEM, Individually and on Behalf   |
15 of All Others Similarly Situated,   | **DEFENDANTS QUEST SOFTWARE,
                                     | INC., VINCENT C. SMITH, MICHAEL
16         Plaintiff,                  | J. LAMBERT, DOUGLAS F. GARN,
                                     | DAVID M. DOYLE, AND KEVIN
17 v.                                 | BROOKS' GENERAL OBJECTIONS AND
                                     | RESPONSE TO PLAINTIFF'S FIRST SET
18 QUEST SOFTWARE, INC.,              | OF REQUESTS FOR ADMISSIONS**
VINCENT C. SMITH, M.                 |
19 BRINKLEY MORSE, MICHAEL J.         |
LAMBERT, DOUGLAS F. GARN,            |
20 DAVID M. DOYLE, JERRY              | CTRM:    9D
MURDOCK, JR., and KEVIN              | JUDGE:   Hon. David O. Carter
21 BROOKS,                            |
                                     |
22         Defendants.                |

23

24 **PROPOUNDING PARTY:    MIDDLESEX RETIREMENT SYSTEM**

25

26 **RESPONDING PARTY:     DEFENDANTS – QUEST SOFTWARE, INC., VINCENT C.
SMITH, MICHAEL J. LAMBERT, DOUGLAS F. GARN,
DAVID M. DOYLE, AND KEVIN BROOKS**

27

28 **SET NUMBER:           One**

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

599476 v1/SD                      -1-                    DEFTS' OBJ/RSPNS TO PLFF'S FIRST SET OF
REQUESTS FOR ADMISSIONS
CV06-6863 DOC (RNB)


EXHIBIT D PAGE 104

1   Pursuant to Federal Rule of Civil Procedure 36, Defendants Quest Software,
2   Inc., Vincent C. Smith, Michael J. Lambert, Douglas F. Garn, David M. Doyle, and
3   Kevin Brooks ("Defendants") respond as follows to plaintiff's First Set of Requests
4   for Admissions (the "Requests for Admissions"):

5   **I.   GENERAL RESPONSES.**

6       **1.**   "Defendants" as used herein refers to Defendants Quest Software, Inc.,
7   Vincent C. Smith, Michael J. Lambert, Douglas F. Garn, David M. Doyle, and
8   Kevin Brooks.

9       **2.**   Defendants' responses to the Requests for Admissions are made to the
10  best of Defendants' present knowledge, information and belief. Said responses are
11  at all times subject to such additional or different information that discovery or
12  further investigation may disclose and, while based on the present state of
13  Defendants' recollection, are subject to such refreshing of recollection, and such
14  additional knowledge of facts, as may result from Defendants' further discovery or
15  investigation. Defendants reserve the right to make any use of, or to introduce at
16  any hearing and at trial, information and/or documents responsive to plaintiff's
17  Requests for Admission but discovered subsequent to the date of this response,
18  including, but not limited to, any such information or documents obtained in
19  discovery herein.

20      **3.**   To the extent that Defendants respond to the Requests for Admissions
21  by stating that Defendants will provide information and/or documents which
22  Defendants or any other party to this litigation deems to embody material that is
23  private, business confidential, proprietary, trade secret, or otherwise protected from
24  disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7), Federal Rule of
25  Evidence 501, California Evidence Code section 1060, or California Constitution,
26  article I, section 1, Defendants will do so only upon the entry of an appropriate
27  protective order against the unauthorized use or disclosure of such information.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

599476 v1/SD

2

DEFTS' OBJ/RSPNS TO PLFF'S FIRST SET OF
REQUESTS FOR ADMISSIONS
CV06-6863 DOC (RNB)

EXHIBIT _D_ PAGE _105_

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

2         Defendants object to this request on the grounds that it calls for a conclusion

3    of law and responding would require subjective judgment on the part of

4    Defendants' attorneys and a conclusion or opinion of counsel in violation of the

5    attorney work product doctrine.

6    **REQUEST FOR ADMISSION NO. 11:**

7         Admit that the Daily Stock Price schedule attached hereto as Exhibit A,

8    which was printed from Yahoo! Finance, accurately reflects the high, low, and

9    closing prices for the common stock of Quest as traded on the NASDAQ during the

10   Period November 9, 2001 through July 5, 2006.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

12        Defendants admit that the Daily Stock Price schedule attached hereto as

13   Exhibit A, accurately reflects the high, low, and closing prices for the common

14   stock of Quest as traded on the NASDAQ during the Period November 9, 2001

15   through July 5, 2006.

16   **REQUEST FOR ADMISSION NO. 12:**

17        Admit that the Daily Stock Price schedule attached hereto as Exhibit A,

18   which was printed from Yahoo! Finance, accurately reflects the volume of trading

19   for the common stock of Quest as traded on the NASDAQ during the Period

20   November 9, 2001 through July 5, 2006.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

22        Defendants admit that the Daily Stock Price schedule attached hereto as

23   Exhibit A, which was printed from Yahoo! Finance, accurately reflects the volume

24   of trading for the common stock of Quest as traded on the NASDAQ during the

25   Period November 9, 2001 through July 5, 2006.

26   **REQUEST FOR ADMISSION NO. 13:**

27        Admit that Quest's Forms 10-Q and 10-K filed during the Class Period

28   accurately represented the number of outstanding shares of Quest's common stock

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

599476 v1/SD

7

DEFTS' OBJ/RSPNS TO PLFF'S FIRST SET OF
REQUESTS FOR ADMISSIONS
CV06-6863 DOC (RNB)

EXHIBIT _D_ PAGE _106_

1   as of the dates indicated on the cover pages for each such Form 10-Q and 10-K,

2   copies of which cover pages for the Forms 10-Q and 10-K are annexed hereto as

3   Exhibits B and C, respectively.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

5      Denied

6   **REQUEST FOR ADMISSION NO. 14:**

7      Admit that it was not part of the mandate of the Special Committee to make

8   any findings of fraud or intentional misconduct by any current or former director,

9   officer, or employee of Quest.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

11     Denied

12

13  Dated: August 11, 2008              COOLEY GODWARD KRONISH LLP
                                        KOJI F. FUKUMURA (189719)
14                                      AARON F. OLSEN (224947)

15

16                                      _____
                                              Aaron F. Olsen

17                                      Attorneys for Defendants
18                                      Quest Software, Inc.,
                                        Vincent C. Smith, Michael J. Lambert,
19                                      Douglas F. Garn, David M. Doyle,
                                        and Kevin Brooks

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

599476 v1/SD                                8              DEFTS' OBJ/RSPNS TO PLFF'S FIRST SET OF
                                                          REQUESTS FOR ADMISSIONS
                                                          CV06-6863 DOC (RNB)

EXHIBIT _D_ PAGE _107_