COOLEY GODWARD KRONISH LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
MEGHAN O. SPIEKER (197239)
(mspieker@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:(858) 550-6000
Facsimile:(858) 550-6420

Attorneys for Defendants Quest Software, Inc. and Michael J. Lambert and on behalf of all Defendants

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST SOFTWARE, INC., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS,<br><br>Defendants. | Case No. CV06-6863 DOC (RNB)<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**[REDACTED PUBLIC VERSION]**<br><br>Hearing Date:   August 31, 2009<br>Time:                8:30 a.m.<br>Courtroom:       9D<br>Judge:              Hon. David O. Carter |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ...................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................ 2

III.   LEGAL STANDARD .............................................................................. 6

IV.   ARGUMENT ............................................................................................ 7

     A.     Middlesex Does Not Have Standing to Sue Under Rule 10b-5 Because It Was Not a "Purchaser." ........................................................ 7

     B.     Middlesex's Claims Are Atypical Because It Will Be Subject to Unique Defenses ................................................................................ 10

     C.     Middlesex's Inappropriate Relationship With Its Counsel and Lack of Investment-Related Diligence Render It Inadequate ............. 14

         1.     Middlesex's ███████████████████████ Is a Conflict of Interest ........................................................... 14

         2.     Middlesex Has Not, and Will Not, Adequately Monitor This Litigation ............................................................................ 17

             a.     Middlesex Failed to Follow Its Own Class Action Litigation Policies and Procedures ................................. 18

             b.     Middlesex's Previous Violations of Its Fiduciary Duties Renders It Inadequate to Represent the Class ..... 19

V.     CONCLUSION ...................................................................................... 21

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

i.

**DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)**

# TABLE OF AUTHORITIES

PAGE

CASES

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997)............................................................................11

*Blue Chips Stamps v. Manor Drug Stores,*
   421 U.S. 723 (1975)..........................................................................7, 8

*Brown v. Sibley,*
   650 F.2d 760 (5th Cir. 1981) ..............................................................6

*Cobb v. Avon Products, Inc.,*
   71 F.R.D. 652 (W.D. Pa. 1976) ........................................................19

*Cohen v. Beneficial Industrial Loan Corp.,*
   337 U.S. 541 (1949)..........................................................................19

*Congregation of the Passion, Holy Cross Province v. Kidder Peabody & Co.,*
   800 F.2d 177 (7th Cir. 1986) ......................................................7, 8, 9

*Cox v. Bateman Eichler, Hill Richards, Inc.,*
   765 F. Supp. 601 (N.D. Cal. 1990)..................................................9, 10

*Dorchester Investors v. Peak Trends Trust,*
   2002 WL 272404 (S.D.N.Y. Feb. 26, 2002) ......................................12

*EZRA Charitable Trust v. Rent-Way, Inc.,*
   136 F. Supp. 2d 435 (W.D. Pa. 2001) .................................................8

*Feldman v. Simkins Indus., Inc.,*
   679 F.2d 1299 (9th Cir. 1982) ........................................................7, 10

*Fendler v. Westgate-California Corp.,*
   527 F.2d 1168 (9th Cir. 1975) ...........................................................17

*Fry v. UAL Corp.,*
   136 F.R.D. 626 (N.D. Ill. 1991) .....................................................11, 14

*Gen. Tel. Co. of Sw. v. Falcon,*
   457 U.S. 147 (1982)...........................................................6, 7, 10, 21

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) .................................................................. 14

*Hanon v. Dataproducts, Inc.,*
976 F.2d 497 (9th Cir. 1992) .................................................................. 10

*In re Caremark Int'l, Inc. Sec. Litig.,*
1996 WL 351182 (N.D. Ill. Jun. 24, 2006) ..................................... 11, 14

*In re HiEnergy Tech., Inc. Sec. Litig.,*
2006 WL 2780058 (C.D. Cal. Sept. 26, 2006) ................................... 7, 10

*In re Retek Inc. Sec. Litig.,*
236 F.R.D. 431 (D. Minn. 2006) ............................................................ 12

*In re VeriSign, Inc. Sec. Litig.,*
2005 WL 88969 (N.D. Cal. Jan. 13, 2005) ............................................ 10

*In re Vicuron Pharm., Inc. Sec. Litig.,*
233 F.R.D. 421 (E.D. Pa. 2006) ............................................................ 12

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing &
Securitization, LLC,*
2009 WL 1444400 (S.D.N.Y. May 26, 2009) ........................ 15, 16, 17, 18

*London v. Wal-Mart Stores, Inc.,*
340 F.3d 1246 (11th Cir. 2003) ............................................................ 14

*Malone v. Addison Ins. Mktg., Inc.,*
225 F. Supp. 2d 743 (W.D. Ky. 2002) ...................................................... 8

*Medline Indus., Inc. v. Blunt, Ellis & Loewi, Inc.,*
1993 WL 13436 (N.D. Ill. Jan 21, 1993) ............................................ 8, 10

*Pinter v. Dahl,*
486 U.S. 622 (1988) ................................................................................ 8

*Plumbers & Pipefitters Local 572 Pension Fund V. Cisco Sys., Inc.,*
2004 WL 5326262 (N.D. Cal. May 27, 2004) ........................................ 15

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

# TABLE OF AUTHORITIES
## (continued)

Page

*Ravens v. Iftikar,*
    174 F.R.D. 651 (N.D. Cal. 1997) ................................................................15

*Retsky Family Ltd. P'ship v. Price Waterhouse LLP,*
    1999 WL 543209 (N.D. Ill. 1999) ..............................................................13

*Rutledge v. Elec. Hose & Rubber Co.,*
    511 F.2d 668 (9th Cir. 1975) .....................................................................14

*Sheldon Co. Profit Sharing Plan & Trust v. Smith,*
    828 F. Supp. 1262 (W.D. Mich. 1993).........................................................8

*Street v PSB Lending Corp.,*
    2002 WL 1797773 (W.D. Tenn. Jul. 31, 2002)............................................6

## RULES

Disciplinary Rule 5-101 of the ABA Code of Professional Responsibility ............15

Fed. R. Civ. P.
    23(a) ....................................................................................................passim
    23(a)(3) .......................................................................................................10
    23(a)(4) .......................................................................................................14
    23(b)..............................................................................................................6

Securities and Exchange Commission Rule 10b-5.....................................1, 7, 9, 10

## STATUTES

15 U.S.C. §78j(b) ....................................................................................1, 7, 9, 10

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1  **I.    INTRODUCTION**

2          Middlesex Retirement System's ("Middlesex") motion for class certification

3  fails for three reasons: (1) Middlesex lacks standing to assert a Rule 10b-5 claim;

4  and (2) Middlesex does not satisfy Rule 23(a)'s typicality requirement; and (3)

5  Middlesex is not an adequate class representative under Rule 23(a).

6          **Standing**: Middlesex is not a "purchaser" under Section 10(b) and therefore

7  lacks standing to assert a federal securities claim against Defendants.   Where an

8  institutional investor plays no role in an investment decision and fails to monitor its

9  investment, it cannot pursue a claim under Section 10(b). ████████████████

10 ██████████████████████████████████████████████████████

11 ████████████████████████████████████ J&W Seligman & Co.

12 ("Seligman"), one of Middlesex's 50 investment managers during the Class Period.

13 ██████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████

18 █████████████  As such, Middlesex lacks standing and cannot represent the

19 interests of the absent class members.

20         **Typicality**: Middlesex's ████████████████████████ to Seligman

21 and its deficient monitoring procedures also renders it atypical under Rule 23(a)

22 because it is subject to unique defenses – namely, because ████████████████

23 ██████████████████, Middlesex did not rely on Defendants' alleged

24 misstatements or omissions.

25         **Adequacy**: Moreover, Middlesex is inadequate to represent the class in this

26 litigation because: (1) both ████████████████████████████ and its

27 failure to ensure that Wolf Popper's advice was disinterested created an

28 unacceptable conflict of interest; (2) its disregard for its own litigation policies casts

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

doubt on its ability to monitor this litigation; and (3) its history of fiduciary shortcomings calls into question the propriety of entrusting it to safeguard the rights and interests of the putative class members.

## II.     STATEMENT OF FACTS

Between November 2005 and May 2006, Middlesex possessed up to nearly 75,000 shares of Quest common stock. (*See* Declaration of Ryan E. Blair in Support of Defendants' Opposition to Middlesex's Motion for Class Certification ("Blair Decl."), Exh. A at 2.)



COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)



COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1

2

3

4

5      Both the Massachusetts Public Employee Retirement Administration

Commission ("PERAC")[5] and an independent auditor agreed that Middlesex failed

6  to adequately monitor its investments during the Class Period.

7

8

9

10

11

12                                                                              PERAC

13  immediately conducted an investigation into the circumstances surrounding the

14  Cambridge Scheme and issued a report in October 2005 finding several instances of

15  Middlesex's failure to monitor Cambridge including, *inter alia*: (1) Middlesex

16  failed to use a compliance monitoring program offered by State Street Bank (Blair

17  Decl., Exh. I at 106-07); (2) Middlesex and the Board knew Cambridge was writing

18  options in violation of its own investment guidelines but did nothing to stop

19  Cambridge from continuing with this activity (*id.* at 152); (3) neither Middlesex nor

20  Wainwright adequately monitored the reconciliation process for its investments

21  with Cambridge (*id.* at 167); (4) Cambridge failed to provide Middlesex with

22  sufficient reports regarding its currency investments (*id.* at 176-77); and (5)

23

24

25

26

27  [5] PERAC is a state governmental agency "created for and is dedicated to the oversight, guidance, monitoring, and regulation of the Massachusetts Public Pension Systems." *See* http://www.mass.gov/perac/index.htm (last visited Aug. 3, 2009).

28

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego                                    4.        Defendants' Opposition to Lead
                                                       Plaintiff's Mot. for Class Certification
                                                       CV06-6863 DOC (RNB)

1   Middlesex failed to independently verify the numbers provided in the reports

2   provided to the Board (*id.*).



COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15  **III.  LEGAL STANDARD**

16      A class action cannot be certified unless "the trial court is satisfied, after a

17  *rigorous analysis,* that the prerequisites of Rule 23(a) have been satisfied." *Gen.*

18  *Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982) (emphasis added).  Middlesex

19  bears the burden in demonstrating that the action satisfies the four threshold

20  requirements of Federal Rule of Civil Procedure 23(a): (1) numerosity; (2)

21  commonality; (3) typicality; and (4) adequacy of representation.  Fed. R. Civ. P.

22  23(a).[7]  If all four of the above prerequisites are satisfied, the Court must also

23  determine that Middlesex satisfies one of the requirements of Fed. R. Civ. P. 23(b).

24      Although the Court should not conduct an inquiry into the "merits" of a case

25  before certifying a class, the Court is required to make findings on all required

26  _____

[7] Courts must consider the threshold issue of standing before evaluating the
27  requirements of Rule 23(a).  *See Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir.
1981); *see also Street v PSB Lending Corp.,* 2002 WL 1797773, at *13 (W.D.
28  Tenn. Jul. 31, 2002) ("[T]he individual standing of each named plaintiff vis-à-vis
each defendant is a threshold issue.")

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO
6.
DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1  elements for certification.    Middlesex must show these elements by a

2  preponderance of the evidence, and "may not rest on mere allegations, but must

3  provide facts to satisfy these requirements." *In re HiEnergy Tech., Inc. Sec. Litig.*

4  ("*HiEnergy*"), 2006 WL 2780058, at *3 (C.D. Cal. Sept. 26, 2006); *Gen. Tel. Co.,*

5  457 U.S. at 160 ("[A]ctual, not presumed conformance with Rule 23(a) remains . . .

6  indispensible.").     This showing is necessary to ensure there is no "potential

7  unfairness to the class members bound by [a] judgment" and that it is appropriate to

8  entrust Middlesex with the responsibility of safeguarding the interests of the

9  putative class members. *See Gen Tel. Co.,* 457 U.S. at 161.

10  **IV.   ARGUMENT**

11      **A.    Middlesex Does Not Have Standing to Sue Under Rule 10b-5
              Because It Was Not a "Purchaser."**
12

13      The Supreme Court holds that a person who lacks standing as a "purchaser" or

14  "seller" of securities cannot bring an action under Section 10(b) or Rule 10b-5. *See*

15  *Blue Chips Stamps v. Manor Drug Stores*, 421 U.S. 723, 754-55 (1975).   An entity or

16  individual lacking standing cannot represent a class suing for alleged violations of

17  Section 10(b) or Rule 10b-5. *See Feldman v. Simkins Indus., Inc.,* 679 F.2d 1299,

18  1306 (9th Cir. 1982).

19

20

21

22

23                                            In *Congregation of the Passion, Holy Cross*

24  *Province v. Kidder Peabody & Co.* ("*Congregation*"), 800 F.2d 177 (7th Cir. 1986),

25  the Seventh Circuit dismissed a claim brought by a religious institution that had:

26  (1) delegated full decision-making authority for the investments of its retirement

27  fund to an investment advisor, and (2) provided no input as to what securities to

28  purchase or when to purchase them. *Id.* at 181-82.  The court held that although the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO
                                    7.          DEFENDANTS' OPPOSITION TO LEAD
                                                PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
                                                CV06-6863 DOC (RNB)

1   institution had the ultimate authority to dismiss its financial advisor, it did not

2   exercise this authority in connection with any "particular decision to purchase or

3   sell a security," and thus did not have standing to bring an action for alleged

4   misrepresentations under the federal securities laws. *Id; Cf. EZRA Charitable Trust*

5   *v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 442 (W.D. Pa. 2001) (finding that an

6   investment manager vested with complete authority was a suitable class

7   representative because "the delegation of substantial investment discretion may

8   disqualify the delegating party from purchaser status").[8]

9       The primary purpose of the federal securities laws is to ensure that investors

10  make informed investment decisions by requiring companies to publish all material

11  information. *See Pinter v. Dahl*, 486 U.S. 622, 638 (1988). Permitting an

12  individual who had no involvement in an investment decision to be a "purchaser"

13  under Section 10(b) runs afoul of that purpose. Indeed, the Court in *Medline*

14  *Indus., Inc. v. Blunt, Ellis & Loewi, Inc.* ("*Medline*"), 1993 WL 13436, at *2 (N.D.

15  Ill. Jan 21, 1993) explained:

16      The actual source of funds is not determinative of 10b-5 standing.
        Likewise, the name on the brokerage account does nothing more than
17      evidence [plaintiff's] beneficial interest in the securities. The crux of a
        Rule 10b-5 violation is fraud in connection with the purchase or sale of
18      a security. ***The determinative factor for 10b-5 standing,***
        ***consequently, is [plaintiff's] level of involvement in the decision to***
19      ***purchase . . . stock. Some form of involvement, even de minimis, in***
        ***the investment decision is required to qualify as a purchaser***.
20

21  (emphasis added). Thus, the heart of the standing requirement in *Blue Chip Stamps*

22  and *Congregation* is that the judicially-implied causes of action under Section 10(b)

---

23  [8] While the Ninth Circuit has not yet reached this issue, district courts in other
    circuits hold that where a plaintiff transfers all decision-making authority to third-
24  parties, he or she is not a "purchaser" under Section 10(b). *See Malone v. Addison*
    *Ins. Mktg., Inc.*, 225 F. Supp. 2d 743, 747 n.5 (W.D. Ky. 2002) ("Plaintiff[ ]. . .
25  transferred all authority to make investments to [third parties]; Plaintiff herself made
    no investment decisions. Therefore she was not the actual purchaser or seller of
26  securities . . . ."); *see also Sheldon Co. Profit Sharing Plan & Trust v. Smith*, 828 F.
    Supp. 1262, 1270 (W.D. Mich. 1993) ("[T]here [can] be no violation of section 10(b)
27  and Rule 10b-5 because defendants were not direct participants in any securities
    transactions between plaintiffs and defendants. Plaintiffs deliberately transferred to
28  [its investment managers] full authority to make investment decisions . . . .").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1   and Rule 10b-5 are available only to participants in securities transactions who

2   actually make investment decisions.

9.

*See Medline*, 1993 WL 13436, at *2 ("Investors who only passively participate in an investment by transferring full authority to make purchase decisions to an agent are not purchasers.") As such, Middlesex does not have standing to bring a Rule 10b-5 claim against Defendants and, therefore, cannot represent the class. *See Feldman*, 679 F.2d at 1306.

### B. Middlesex's Claims Are Atypical Because It Will Be Subject to Unique Defenses.

The typicality requirement examines: (1) whether the interests of the class representative align with the interests of the class members and class members; and (2) whether the class representative will be preoccupied by unique defenses. *See Hanon v. Dataproducts, Inc.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). "Class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Id.* (citation omitted). As noted above, Middlesex bears the burden of demonstrating its claims are typical of the class. *HiEnergy*, 2006 WL 2780058, at *3 (citations omitted).[10]

Where a securities plaintiff completely abdicates investment authority to a third party, he or she will be subject to unique defenses, rendering his or her claims

---

[10] For this reason, as a threshold matter, Middlesex has failed to meet its burden of proof on the typicality prong of Rule 23(a). In its Opening Brief, Middlesex merely parrots back to the Court the Rule 23(a)(3) typicality requirement, cites various cases, and then asserts – without any evidentiary support – that it satisfies Rule 23(a)(3). (*See* Memorandum of Points and Authorities in Support of Middlesex's Motion for Class Certification ("Op. Brief") at 9-10.) This is insufficient to withstand the "rigorous analysis" required by the Supreme Court. *Gen. Tel. Co.*, 457 U.S. at 161.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1  atypical of the class. *See Fry v. UAL Corp.*, 136 F.R.D. 626, 636 (N.D. Ill. 1991).

2  A plaintiff must demonstrate some participation in a relevant stock transaction in

3  order to be a suitable class representative. *See id.* at 635.[11] In *Fry,* the court found

4  a plaintiff unsuitable as a class representative where he: (1) gave another person

5  complete discretionary authority over his account; (2) did not follow the affairs of

6  the company whose securities were at issue; and (3) was unaware that his agent had

7  purchased the securities on his behalf until after the fact. *Id.* at 635-36.

8      Similarly, courts have found a plaintiff unsuitable as a class representative

9  where he "had no input into the decision to purchase [company] stock and learned

10 of it only after it had occurred." *In re Caremark Int'l, Inc. Sec. Litig.*

11 ("*Caremark*"), 1996 WL 351182, at *6 (N.D. Ill. Jun. 24, 2006) *Caremark*

12 distinguished between an investor who simply relies on a broker for advice in

13 deciding to purchase stock and an investor who relies on a broker to make the

14 decision to purchase stock, and held the latter is not a suitable class representative.

15 *Id.*



---

[11] While Rule 23(a) differentiates between typicality and adequacy, these factors tend to merge. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 626 n.20 (1997). Accordingly, the facts showing that Middlesex's claims are not typical of the class also demonstrate that it is not an adequate class representative. *See id.*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)



Courts recognize that more is needed to find a plaintiff's involvement sufficient to render it a suitable class representative. *See, e.g.*, *In re Vicuron Pharm., Inc. Sec. Litig.*, 233 F.R.D. 421, 426-27 (E.D. Pa. 2006) (approving class representative that delegated investment decisions to a manager but created investment guidelines and directly monitored manager's investment activities); *In re Retek Inc. Sec. Litig.*, 236 F.R.D. 431, 435 (D. Minn. 2006) (distinguishing *Fry* where "lead plaintiff retained some control over its investments through its supervision of the investment firm," specifically by "systematically review[ing] written and oral reports and presentations"); *Dorchester Investors v. Peak Trends Trust*, 2002 WL 272404, at *9 (S.D.N.Y. Feb. 26, 2002) (approving class representatives despite discretionary accounts because there was no evidence they

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

failed to follow the affairs of the company or were unaware about the investment at the time of purchase); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 1999 WL 543209, at *6 (N.D. Ill. 1999) (approving class representative that "had ongoing discussions with [its advisor] about the investments, particularly the purchase and sale" of the relevant stock).



CooLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)



As such, Middlesex is atypical and/or inadequate under Rule 23(a) and, therefore, cannot serve as a class representative. *See Caremark*, 1996 WL 351182, at *6.

### C.    Middlesex's Inappropriate Relationship With Its Counsel and Lack of Investment-Related Diligence Render It Inadequate.

Under Rule 23(a)(4), a proposed class representative must be able to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). Adequacy is not presumed; Middlesex must demonstrate it.  *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003).  The "court must . . . carefully scrutinize the adequacy of representation."  *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975).  "Resolution of two questions determines legal adequacy: (1) do[es] the named plaintiff[ ] and [its] counsel have any conflicts of interest with other class members and (2) will the named plaintiff[ ] and [its] counsel prosecute the action vigorously on behalf of the class?"  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Here, Middlesex fails, on both grounds, to satisfy Rule 23(a)(4)'s adequacy requirement.

### 1.    Middlesex's ███████████████ Is a Conflict of Interest.

Although "[e]xamination of potential conflicts of interest has long been an important prerequisite to class certification" (*Hanlon*, 150 F.3d at 1020), ███

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1

2

3                 *See Iron Workers Local No. 25*

4 *Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC* (*"Iron*

5 *Workers"*), 2009 WL 1444400, at *2 (S.D.N.Y. May 26, 2009). Instead, Middlesex

6 merely concludes that "there is no antagonism or conflict of interest between Lead

7 Middlesex and the absent members of the Class." (Op. Brief at 11.) Middlesex is

8 wrong.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 [14] *See also Ravens v. Iftikar*, 174 F.R.D. 651, 653 (N.D. Cal. 1997) (stating that the
principal flaw intended to be corrected by the PSLRA "was the disproportionate
28 influence lawyers exerted over securities class actions").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)



Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22    **2.    Middlesex Has Not, and Will Not, Adequately Monitor This Litigation.**

23

24    In determining adequacy, the district court considers, among other things, the

25    zeal and competence of counsel and the party who wishes to prosecute the action.

26    *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).

27    _____

28    [16] As *Iron Workers* aptly noted: "[T]here is no such thing as a free lunch."  2009 WL 1444400, at *2.

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

17.

Defendants' Opposition to Lead
Plaintiff's Mot. for Class Certification
CV06-6863 DOC (RNB)

1   Middlesex claims that it is an "ideal representative" and "fully qualified to

2   prosecute this action" on behalf of the absent class members. (Op. Br. at 11:17,

3   13:2.) The facts here suggest otherwise.

4                    a.    **Middlesex Failed to Follow Its Own Class Action
                           Litigation Policies and Procedures.**



Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

**b.    Middlesex's Previous Violations of Its Fiduciary Duties Renders It Inadequate to Represent the Class.**

Finally, the Board's history of fiduciary duty violations also indicates that Middlesex is in no position to adequately represent the class in this case.[20]

[20] *See, e.g., Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 549-50 (1949) (stating that class representative is a fiduciary and interests of the class are "dependent upon his diligence, wisdom and integrity"); *Cobb v. Avon Products, Inc.,* 71 F.R.D. 652, 655 (W.D. Pa. 1976) (denying class certification because plaintiff "lack[ed] the high standard of forthrightness, vigor, dedication and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO
19.
DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)



On January 6, 2006, the Inspector General wrote a letter to PERAC regarding the Cambridge Scheme, in which it concluded that the Board members were "not forthcoming about what they knew ... [and they] excused and overlooked the deficient performance of their investment consultant." (Blair Decl, Exh. O at 460.) A few months later, on April 25, 2006, the Inspector again wrote to PERAC – this time regarding the Renovation Scheme – stating that "[t]he board's actions in this matter represent a profound breach of public trust and a misuse of beneficiaries' money" and expressing "grave concerns about the 'care, skill, prudence and diligence' of the board." (Blair Decl., Exh. K at 436, 445.)

But, perhaps even more

sincerity required of a class action plaintiff").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1   disconcerting than the Inspector General's letters is the following comment, made

2   in April 2006 by Massachusetts's then-secretary of administration and finance:

> I have a concern that this is the tip of an iceberg. There have been long-standing suspicions of self-dealing there. The facts in this matter are truly outrageous. It is such an arrogant abuse of power, and is such a disdain for fiduciary obligation, that the natural question is what else are they doing over there?

6   (Blair Decl., Exh. L at 448.)  This Court should have the same concern.  Given the

7   Board's dubious track record, can this Court depend on Middlesex to vigorously

8   safeguard the interests of absent class members given it has failed – on multiple

9   occasions – to fulfill its own fiduciary obligations to its plan beneficiaries?  Under a

10  "rigorous analysis" of Middlesex's activities related to this matter and others, this

11  Court must conclude that Middlesex is inadequate to represent the class.  *Gen. Tel.*

12  *Co.*, 457 U.S. at 161.

13  **V.    CONCLUSION**

14      For the foregoing reasons, Middlesex lacks the standing required to assert

15  claims on behalf of the putative class.  In addition, Middlesex has not and cannot

16  satisfy its obligations to show, by a preponderance of the evidence, that it may be

17  trusted to adequately represent the interests of the absent class members.  For these

18  reasons, Middlesex's Motion for Class Certification should be denied.

19

20  Dated: August 4, 2009            COOLEY GODWARD KRONISH LLP
                                     KOJI F. FUKUMURA (189719)
21                                   MEGHAN O. SPIEKER (197239)
                                     RYAN E. BLAIR (246724)
22

23                                   /S/ Koji F. Fukumura
                                     Koji F. Fukumura (189719)
24                                   kfukumura@cooley.com

25                                   Attorneys for Quest Software, Inc. and
                                     Michael J. Lambert (signing on behalf of
26                                   all Defendants)

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

21.    DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

1

2      LATHAM & WATKINS LLP
     PAUL H. DAWES
     DAVID J. SCHINDLER
     TERRI L. LILLEY

3

4      Attorneys for Defendant Vincent C. Smith

5      SHEPPARD, MULLIN, RICHTER &
     HAMPTON LLP

6      ROBERT ROSE
     FRANK POLEK

7      Attorneys for Defendant M. Brinkley
     Morse

8

9      MUNGER, TOLLES & OLSEN LLP
     BRAD D. BRIAN
     LUIS LI

10      SHOSHANA E. BARNETT

11      Attorneys for Defendant David M. Doyle

12      DECHERT LLP
     ANDREW J. LEVANDER

13      NEIL STEINER
     MICHAEL GOLDMAN

14      Attorneys for Defendant Jerry Murdock, Jr.

15      STROOCK & STROOCK & LAVAN LLP
     MICHAEL F. PERLIS

16      WRENN E. CHAIS

17      Attorneys for Defendant Kevin Brooks

18

19 641401 v1/SD

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

22.

DEFENDANTS' OPPOSITION TO LEAD
PLAINTIFF'S MOT. FOR CLASS CERTIFICATION
CV06-6863 DOC (RNB)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2009, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [REDACTED PUBLIC VERSION]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record.

Maritza E. DeJesus
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA  92121
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420
E-mail: mdejesus@cooley.com