1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11

12   MIDDLESEX RETIREMENT              Case No.  CV06-6863 DOC (RNBx)
     SYSTEM, Individually and on Behalf
13   of All Others Similarly Situated,
                                       **STIPULATION OF SETTLEMENT**
14                Plaintiff,

15        v.

16   QUEST SOFTWARE, INC.,
     VINCENT C. SMITH, M. BRINKLEY
17   MORSE, MICHAEL J. LAMBERT,
     DAVID M. DOYLE, JERRY
18   MURDOCK, JR., and KEVIN
     BROOKS,
19
                  Defendants.
20

21

22

23

24

25

26

27

28

This Stipulation of Settlement (the "Stipulation") is submitted in the above-captioned case, *Middlesex Retirement System v. Quest Software, Inc.*, Case No. CV06-6863-DOC(RNBx) (the "Action"), pursuant to Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."). Subject to the approval of the United States District Court for the Central District of California, Southern Division (the "Court"), this Stipulation is entered into among Plaintiff and Class Representative, the Middlesex Retirement System ("Middlesex," "Plaintiff," or "Class Representative"), on behalf of itself and the Class (as hereinafter defined), and Defendants Quest Software, Inc. ("Quest" or the "Company"), Vincent C. Smith ("Smith"), M. Brinkley Morse ("Morse"), Michael J. Lambert ("Lambert"), David M. Doyle ("Doyle"), Jerry Murdock, Jr. ("Murdock"), and Kevin Brooks ("Brooks"). Defendants Smith, Morse, Lambert, Doyle, Murdock, and Brooks shall be collectively referred to herein as the "Individual Defendants," Quest and the Individual Defendants shall be collectively referred to herein as the "Defendants," and Plaintiff and Defendants shall be collectively referred to herein as the "Parties." The Settlement is intended to fully, finally and forever resolve, discharge and settle the Settled Claims (defined below) on the terms set forth herein.

WHEREAS:

**A.** Beginning on October 27, 2006, Plaintiff filed a class action complaint against Quest, Smith, Morse, and Lambert in the United States District Court for the Central District of California, Southern Division, alleging violations of the federal securities laws. [Dkt. No. 1.]

**B.** On January 22, 2007, the Court appointed Middlesex as lead plaintiff. The Court also approved Wolf Popper LLP as lead counsel ("Lead Counsel" or "Class Counsel," as defined below), and approved Hulett Harper Stewart LLP as liaison counsel ("Liaison Counsel") (collectively "Plaintiff's Counsel"). [Dkt. No. 19.]

**STIPULATION OF SETTLEMENT**

**C.**    Middlesex filed its First Amended Complaint on March 26, 2007, naming Doyle, Murdock, Brooks, and Douglas F. Garn ("Garn")[1] as additional defendants ("FAC").  [Dkt. No. 22.]  Defendants filed a motion to dismiss the FAC on May 25, 2007 [Dkt. No. 33], which Plaintiff opposed on July 24, 2007 [Dkt. No. 37].

**D.**    On October 22, 2007, the Court issued an order granting, in part, and denying, in part, Defendants' motion to dismiss the FAC, and gave Middlesex until December 1, 2007 to file a second amended complaint ("October 2007 Order"). [Dkt. No. 51.]

**E.**    On November 27, 2007, Defendants filed a motion requesting that the Court, pursuant to 28 U.S.C. § 1292(b), certify for interlocutory appeal the October 2007 Order and stay the Action pending resolution of the appeal ("Motion to Certify").  [Dkt. No. 52.]

**F.**    On December 6, 2007, the Court granted the parties' stipulation to extend the deadline for Plaintiff to file its second amended complaint until January 18, 2008, in light of the fact that Quest anticipated that it would complete its restatement and revised financial reports and related United States Securities and Exchange Commission ("SEC") filings by December 31, 2007.  [Dkt. No. 56.]

**G.**    On January 14, 2008, the Parties filed their Joint Report of Rule 26(f) Conference.

**H.**    On January 15, 2008, Plaintiff served its First Request for Production of Documents Addressed to All Defendants and its First Set of Interrogatories Addressed to Defendant Quest Software, Inc.

---

[1] Garn is no longer a defendant to the Action because Plaintiff excluded Garn from its claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Act"), and, on July 10, 2008, the Court dismissed Plaintiff's only remaining claim (under §20A of the Act) as to Garn.  [*See* Dkt. No. 124 at 18.]

**STIPULATION OF SETTLEMENT**

**I.**     On January 16, 2008, Plaintiff served its Second Request for Production of Documents Addressed to All Defendants and Plaintiff's First Set of Requests for Admissions to Defendants

**J.**     On January 18, 2008, Plaintiff filed its Second Amended Complaint against Defendants ("SAC").  [Dkt. No. 63.]  A few days later, on January 24, 2008, Defendants filed an ex parte Application for Leave to File Motion for Alternative Relief, seeking additional briefing on the issue of scienter in light of the new additions in Plaintiff's SAC ("Application").  [Dkt. No. 64.]

**K.**     On January 28, 2008, the Court held a pretrial conference with the Parties.

**L.**     On January 29, 2008, the Court held that Defendants were entitled to file a motion to dismiss the SAC and, as a result, deemed the Application moot and the Motion to Certify as held in abeyance.  [Dkt. No. 66.]

**M.**     On February 6, 2008, the Parties submitted a Joint Memorandum Regarding Discovery Dispute concerning the PowerPoint presentation made by Defendants to the SEC, documents produced to the SEC, and Defendants' F.R.C.P. 26 "Initial Disclosures."  [Dkt. No. 68.]

**N.**     On February 15, 2008, Defendants served General Objections and Responses to Plaintiff's First Set of Interrogatories, Plaintiff's First and Second Set of Requests for Production of Documents, and Plaintiff's First Set of Requests for Admissions.

**O.**     On February 22, 2008, the Court ordered Defendants to produce a PowerPoint presentation that had been produced to the SEC, but stayed all other discovery in the Action until resolution of Defendants' forthcoming motion to dismiss the SAC.  [Dkt. No. 71.]

**P.**     On February 26, 2008, defendants Quest, Smith, Lambert, Garn, Doyle, and Brooks filed a motion to dismiss the SAC.  On March 4, 2008, Defendant Murdock filed a separate motion to dismiss the SAC [Dkt. No. 80] and

**STIPULATION OF SETTLEMENT**

Defendant Morse filed a separate motion to dismiss and joined in the other defendants' motion to dismiss [Dkt. No. 81].

**Q.**    On March 7, 2008, Defendants moved for reconsideration of the Court's February 22, 2008 Order directing Defendants to produce certain documents produced to the SEC, which Plaintiff opposed.  [Dkt. Nos. 83, 87.]

**R.**    On April 11, 2008, Plaintiff opposed the three motions to dismiss the SAC.  [Dkt. Nos. 103-05.]  Defendants submitted their replies on April 25, 2008 and May 2, 2008.  [Dkt. Nos. 109, 114, 117.]

**S.**    On June 10, 2008, the Court issued an order granting, in part, and denying, in part, Defendants' motions to dismiss the SAC and ordered discovery in the Action to commence immediately.

**T.**    On July 24, 2008, Defendants filed Answers to Plaintiff's Second Amended Complaint.  [Dkt. Nos. 125-27.]

**U.**    On August 4, 2008, Plaintiff served its Second Set of Interrogatories Addressed to Defendant Quest Software, Inc., its First Set of Interrogatories Addressed to Defendant M. Brinkley Morse, and its First Set of Interrogatories Addressed to Defendant Jerry Murdock, Jr.

**V.**    On August 11, 2008, Plaintiff served its Third Request for Production of Documents Addressed to All Defendants, and Defendants Morse and Murdock served their Objections and Responses to Plaintiff's First and Second Sets of Requests for Production of Documents and Requests for Admissions directed to these Defendants.

**W.**    On September 3 and 4, 2008, Defendants Morse and Murdock served their Responses and Objections to Plaintiff's First Set of Interrogatories directed to these Defendants.   On October 3 and 14, 2008, Defendant Morse served his Amended Responses to Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production of Documents.  Defendant

**STIPULATION OF SETTLEMENT**

1  Morse subsequently further amended his responses to Plaintiff's First Set of
2  Interrogatories on March 24, 2009.

3      **X.**    On September 8, 2008, Quest began producing documents to Plaintiff,
4  and over the next 13 months Defendants collectively produced over 350,000 pages
5  of documents to Plaintiff.

6      **Y.**    From July 2008 through mid-October 2009, Plaintiff served subpoenas
7  *duces tecum* on over 25 third parties regarding the production of documents.

8      **Z.**    On May 12, 2009, counsel for the Parties participated in a mediation
9  before David Geronemus, Esq., at JAMS in New York, for which the Parties
10  prepared confidential mediation statements for the mediator and exchanged expert
11  reports with respect to damages.  The mediation was unsuccessful.

12      **AA.**   On June 12, 2009, Middlesex filed its Motion for Class Certification.
13  [Dkt. Nos. 150-51, 184.]  Quest filed its opposition on August 4, 2009 [Dkt. No.
14  188] and Middlesex filed its reply on August 18, 2009 [Dkt. No. 220].

15      **BB.**   On June 18, 2009, Plaintiff filed a motion to compel production of
16  documents by Quest ("Motion to Compel"), which Quest opposed.  [Dkt. Nos. 159-
17  66, 176-77.]  Plaintiff's Motion to Compel was referred to Magistrate Judge Robert
18  N. Block.  [Dkt. No. 168.]

19      **CC.**   In July 2009, Defendants conducted written and deposition discovery
20  of Plaintiff.

21      **DD.**   On July 8, 2009, Magistrate Judge Block granted Plaintiff's Motion to
22  Compel production of documents.  [Dkt. No. 179.]

23      **EE.**   On July 8, 2009, Plaintiff also served its Third Set of Interrogatories
24  Addressed to Defendant Quest Software, Inc.

25      **FF.**   On July 10, 2009, Plaintiff served Plaintiff's Second Set of Requests
26  for Admissions to Defendant Quest Software, Inc.

27

28

**STIPULATION OF SETTLEMENT**

1   **GG.**   On July 31, 2009, Defendant Quest filed a Motion for Review of

2   Magistrate Judge's Order on Motion to Compel, which Plaintiff opposed on August

3   17, 2009.  [Dkt. Nos. 183, 211.]

4   **HH.**   On August 3, 2009, Plaintiff served its Fourth Set of Interrogatories

5   Addressed to Defendant Quest Software, Inc.

6   **II.**   On September 8, 2009, the Court granted Plaintiff's Motion for Class

7   Certification, appointing Middlesex as the Class Representative in the Action and

8   certifying a class of persons who purchased Quest common stock between

9   November 9, 2001 and July 3, 2006, inclusive, and who were damaged thereby.

10  [Dkt. No. 249.]

11  **JJ.**   Plaintiff commenced depositions of Defendants and third parties in

12  September 2009, including the taking of the depositions of Kevin Brooks, John

13  Laskey, John Dirks, Vincent C. Smith, Genevieve Vargas, and Jerry Murdock, Jr.

14  in September and October 2009.

15  **KK.**  On September 18, 2009, the Court upheld Magistrate Judge Block's

16  Order on Motion to Compel.  [Dkt. No. 250.]

17  **LL.**   In September 2009, Plaintiff and Defendant Quest began briefing

18  another motion to compel discovery to be submitted to the Court in October 2009.

19  **MM.** The Parties conducted dozens of telephonic and written meet and

20  confers with respect to discovery disputes among themselves and with third parties

21  from July 2008 through mid-October 2009 through which the Parties and third

22  parties resolved numerous discovery disputes.

23  **NN.**  On October 16, 2009, the Parties agreed in principle to settle the

24  Action subject to the terms specified in this Stipulation.

25  **OO.**  The Class Representative, through Plaintiff's Counsel, has conducted

26  an investigation related to the claims and the underlying events and transactions

27  alleged in the Complaint.  The Class Representative, through Plaintiff's Counsel,

28  has analyzed the evidence adduced during pretrial discovery, consulted with

1    accounting and damages and materiality experts, and researched the applicable law

2    with respect to the claims of the Class Representative and the Class against

3    Defendants and the potential defenses thereto.

4        **PP.**   The Class Representative, through Plaintiff's Counsel, has conducted

5    independent discussions and arm's-length negotiations with Quest regarding a

6    compromise and settlement of the Action and with a view toward settling the issues

7    in dispute and achieving the best relief possible consistent with the interests of the

8    Class in the Action.

9        **QQ.**   Based upon its investigation, consultation with experts, and pretrial

10   discovery as outlined above, Plaintiff's Counsel has recommended, and the Class

11   Representative has concluded, that the terms and conditions of this Stipulation are

12   fair, reasonable, adequate, and in the best interest of the Class.  Having considered:

13   (i) the substantial benefits that Class Members (as defined below) will receive from

14   the Settlement; (ii) the attendant risks of litigation; and (iii) the desirability of

15   permitting the Settlement (as hereinafter defined) to be consummated as provided

16   by the terms of this Stipulation, the Class Representative has agreed to settle the

17   claims that were raised or could have been raised in the Action.  This Stipulation

18   shall not be construed or deemed to be evidence of, or an admission or concession

19   on the part of, the Class Representative or any Class Member of any infirmity in the

20   claims asserted in the Action.

21       **RR.**   Defendants have denied and continue to deny the claims and

22   contentions alleged by the Plaintiff in this Action; have denied and continue to deny

23   any wrongdoing whatsoever; and maintain, furthermore, that they have meritorious

24   defenses to all claims that were raised or could have been raised in the Action.  This

25   Stipulation shall in no event be construed as, or deemed to be evidence of, an

26   admission or concession by Quest or any Individual Defendant regarding, any fault,

27   liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that

28   Defendants have asserted or could have asserted in the Action or any other action.

**SS.**    Defendants have concluded that further conduct of the Action could be protracted and expensive and have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action.    The Defendants have, therefore, determined that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

**TT.**    The Parties recognize that the Action has been litigated by the Class Representative and defended by Defendants in good faith, that the Action is being voluntarily settled following arm's-length bargaining between the Class Representative and Defendants upon the advice of competent counsel, and that the Class Representative and Plaintiff's Counsel believe the terms of the Settlement and this Stipulation are fair, reasonable, and adequate to the Class.    Having considered the merits of their claims and defenses, and taking into account the expense and uncertainty of continued litigation, Defendants independently and voluntarily agreed to settle this Action.

NOW THEREFORE, in consideration of the foregoing recitals and the benefits flowing to the Parties from the Settlement, it is hereby STIPULATED AND AGREED by and among the Parties, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that all Settled Claims (defined below in ¶ 1(ii)) and all Settled Defendants' Claims (defined below in ¶ 1(jj)) shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

**1.**    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

**STIPULATION OF SETTLEMENT**

1      **(a)**    "Action" means the above-styled case, *Middlesex Ret. Sys. v.*

2 *Quest Software, Inc.*, Case No. CV06-6863 DOC, pending in the United States

3 District Court, Central District of California, Southern Division.

4      **(b)**    "Alternative Judgment" has the meaning set forth in ¶ 23(d)

5 hereof.

6      **(c)**    "Authorized Claimant" means any Class Member (defined

7 herein) whose claim for recovery has been allowed pursuant to the terms of the

8 Stipulation.

9      **(d)**    "Bar Order" has the meaning set forth in ¶ 4 hereof.

10      **(e)**    "Claims Administrator" means, subject to approval and

11 appointment by the Court, Rust Consulting, Inc. ("Rust"), which shall administer

12 the Settlement.

13      **(f)**    "Class" shall be defined as follows: All persons and entities who

14 purchased Quest common stock on the open market during the Class Period, and

15 who were damaged thereby.  Excluded from the Class are: (i) Defendants; (ii) all

16 officers, directors, and partners of any Defendant and of any Defendant's

17 partnerships, subsidiaries, trusts, or affiliates at all relevant times; (iii) members of

18 the immediate family of any of the foregoing excluded parties; (iv) any entity in

19 which any of the foregoing excluded parties has or had a controlling interest, other

20 than any entities that, as of or after the beginning of the Class Period, no excluded

21 party held a 5% or greater interest in; and (v) the legal representatives, heirs,

22 successors, and assigns of any of the foregoing excluded parties.  Also excluded

23 from the Class are any putative members of the Class who exclude themselves by

24 timely requesting exclusion in accordance with the requirements set forth in the

25 Notice.

26      **(g)**    "Class Counsel" means the law firm of Wolf Popper LLP.

27      **(h)**    "Class Distribution Order" has the meaning set forth in ¶ 9

28 hereof.

**(i)**    "Class Member" means a Person who falls within the definition of the Class and who does not request exclusion from the Class in accordance with the procedures established by the Court.

**(j)**    "Class Period" means the period November 9, 2001 through July 3, 2006, inclusive.

**(k)**    "Class Representative" and "Lead Plaintiff" mean Plaintiff Middlesex Retirement System.

**(l)**    "Complaint" means and includes any complaint filed in this Action, including the initial complaint [Dkt. No. 1], First Amended Complaint [Dkt. No. 22], and Second Amended Complaint [Dkt. No. 63].

**(m)**    "Court" means the United States District Court for the Central District of California, Southern Division.

**(n)**    "Defendants" means Quest and the Individual Defendants.

**(o)**    "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 23 hereof.

**(p)**    "Escrow Agent" means Wolf Popper LLP, pursuant to an Escrow Agreement, to be executed in connection with this Settlement.

**(q)**    "Final" or "Finality," with respect to any Judgment or Alternative Judgment (both defined herein), means when the last of the following shall occur: (i) if no appeal is filed with respect to the Judgment or Alternative Judgment, the expiration date of the time provided for under the corresponding rules of the applicable court or statute for filing or noticing any appeal; or (ii) if an appeal is filed from the Judgment or Alternative Judgment, the date of (A) final dismissal of such appeal, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or Alternative Judgment; or (B) final affirmance of such appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgment or Alternative Judgment, and, if certiorari or other form of review is

**STIPULATION OF SETTLEMENT**

granted, the date of final affirmance following review pursuant to that grant. Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining solely to (i) any application for attorneys' fees, costs or expenses, and/or (ii) the Plan of Allocation (defined herein), shall not in any way delay or preclude the Judgment or Alternative Judgment from becoming Final.

**(r)** "Individual Defendants" means defendants Smith, Morse, Lambert, Doyle, Murdock, and Brooks.

**(s)** "Judgment" means the Order and Final Judgment approving the Settlement, to be entered by the Court substantially in the form attached hereto as Exhibit E.

**(t)** "Liaison Counsel" means the law firm of Hulett Harper Stewart LLP.

**(u)** "Net Settlement Fund" has the meaning set forth in ¶ 6(a) hereof.

**(v)** "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, which is to be mailed to Class Members substantially in the form attached hereto as Exhibit B.

**(w)** "Opt-Out Threshold" has the meaning set forth in ¶ 22 hereof and in the Supplemental Agreement (as defined below).

**(x)** "Parties" means the Class Representative, on behalf of itself and the Class, Quest, and the Individual Defendants.

**(y)** "Plaintiff's Counsel" means Class Counsel and Liaison Counsel.

**(z)** "Plan of Allocation" has the meaning set forth in ¶ 11 hereof.

**(aa)** "Preliminary Order" means the Order Preliminarily Approving Settlement of Class Action and Establishing Notice Procedures, to be entered by the Court substantially in the form attached hereto as Exhibit A.

**(bb)** "Proof of Claim" means the proof of claim and release form substantially in the form attached hereto as Exhibit D.

**STIPULATION OF SETTLEMENT**

1         **(cc)** "Publication Notice" means the Summary Notice of Proposed

2 Settlement to be published substantially in the form attached hereto as Exhibit C.

3         **(dd)** "Quest" and the "Company" mean Quest Software, Inc. and its

4 subsidiaries, affiliates, or successors.

5         **(ee)** "Quest's Counsel" means the law firm of Cooley Godward

6 Kronish LLP, which represents Quest.

7         **(ff)** "Quest Securities" means Quest common stock.

8         **(gg)** "Related Parties" means each of Quest or an Individual

9 Defendant's past or present directors, officers, employees, partners, principals,

10 members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys,

11 advisors, accountants, auditors, personal or legal representatives, predecessors,

12 successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs,

13 related or affiliated entities; any entity in which Quest or an Individual Defendant

14 has or had a controlling interest, other than any entities that, as of or after the

15 beginning of the Class Period, no excluded party held a 5% or greater interest in;

16 any member of any Individual Defendant's immediate family; or any trust of which

17 any Individual Defendant is the settlor or which is for the benefit of any member of

18 an Individual Defendant's immediate family.

19         **(hh)** "Released Parties" means Quest, the Individual Defendants, and

20 the Related Parties.

21         **(ii)** "Settled Claims" means and includes any and all claims, debts,

22 demands, controversies, obligations, losses, rights or causes of action or liabilities

23 of any kind or nature whatsoever (including, but not limited to, any claims for

24 damages (whether compensatory, special, incidental, consequential, punitive,

25 exemplary or otherwise), injunctive relief, declaratory relief, rescission or

26 rescissory damages, interest, attorneys' fees, expert or consulting fees, costs,

27 expenses, or any other form of legal or equitable relief whatsoever), whether based

28 on federal, state, local, statutory or common law or any other law, rule or

regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (defined below in ¶ 1(ss)) that: (i) have been asserted in this Action by Class Representative on behalf of the Class and its Class Members against any of the Released Parties, or (ii) have been or could have been asserted in any forum by the Class Representative, Class Members or any of them against any of the Released Parties, including derivative claims and claims under the Employee Retirement Income Security Act of 1974, which arise out of, relate to or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved, or set forth in the Complaint.  Settled Claims shall also include any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action that the Class Representative, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action.  Notwithstanding the foregoing, or any other provision contained in this Stipulation, Settled Claims shall not include any claims to enforce the Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement.

**(jj)**    "Settled Defendants' Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, costs, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissory damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or

unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Released Parties against any of the Class Representative, Plaintiff's Counsel, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action.  Notwithstanding the foregoing, or any other provision contained in this Stipulation, Settled Defendants' Claims shall not include any claims to:  (i) enforce the Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement, or (ii) to protect confidential information produced and/or enforce compliance with the protective order issued in the Action [Dkt. No. 140].

**(kk)** "Settlement" means the settlement contemplated by this Stipulation.

**(ll)** "Settlement Amount" means U.S. $29,400,000.00.

**(mm)** "Settlement Fund" means the Settlement Amount, plus any interest on or other income or gains in respect of that amount earned while such amount is held by the Escrow Agent.

**(nn)** "Settlement Hearing" means the hearing to be held by the Court on the date specified in the Notice at which the Court will consider whether to approve the Settlement, the Plan of Allocation, Plaintiff's Counsel's application for fees and expenses, the Class Representative's application for reimbursement of costs and expenses (including lost wages), and other matters related to the Settlement.

**(oo)** "Special Committee" means the Special Committee of Quest's Board of Directors, appointed on or about March 22, 2006.

**(pp)** "Stipulation" means this Stipulation of Settlement.

**(qq)** "Supplemental Agreement" shall have the meaning set forth in ¶ 22.

14.                    **STIPULATION OF SETTLEMENT**

**(rr)** "Taxes" means (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, (A) with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Quest or its counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held by the Escrow Agent during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state income tax purposes, or (B) by way of withholding as required by applicable law on any distribution by the Escrow Agent or the Claims Administrator of any portion of the Settlement Fund to Authorized Claimants and other persons entitled thereto pursuant to this Stipulation; and (ii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

**(ss)** "Unknown Claims" means any and all claims that the Class Representative or any Class Member does not know or suspect to exist and any and all claims that Quest or any Individual Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Parties, the Class Representative, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement. The Class Representative, Class Members, Quest and the Individual Defendants and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and/or the Settled Defendants' Claims and Unknown Claims include those claims in which some or all of the facts comprising the claim may be undisclosed or hidden. Nevertheless, with respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and

**STIPULATION OF SETTLEMENT**

1   agree that, upon the Effective Date, the Parties shall expressly waive and each of

2   the Class Members shall be deemed to have, and by operation of the Judgment shall

3   have, waived all provisions, rights and benefits of California Civil Code § 1542 and

4   all provisions, rights and benefits conferred by any law of any state or territory of

5   the United States, or principle of common law, which is similar, comparable or

6   equivalent to California Civil Code § 1542.  California Civil Code § 1542 provides:

7

8

9

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

10   The Parties expressly acknowledge, and the Class Members shall be deemed

11   to have, and by operation of the Judgment shall have acknowledged, that the waiver

12   and release of Unknown Claims constituting Settled Claims and/or Settled

13   Defendants' Claims was separately bargained for and is a material element of the

14   Settlement.

15   <u>**SCOPE AND EFFECT OF SETTLEMENT**</u>

16   **2.**   The obligations incurred pursuant to this Stipulation shall be in full

17   and final disposition of the Action as to: (i) Quest, the Individual Defendants, and

18   all Released Parties, regarding any and all Settled Claims; and (ii) the Class

19   Representative, Plaintiff's Counsel, Class Members or any of their attorneys

20   regarding any and all Settled Defendants' Claims.

21   **3.**   **(a)**   Upon the Effective Date, the Class Representative and all Class

22   Members on behalf of themselves, their personal representatives, heirs, executors,

23   administrators, trustees, successors and assigns, shall be deemed to have, and by

24   operation of the Judgment shall have, fully, finally and forever released,

25   relinquished and discharged each and every one of the Settled Claims against the

26   Released Parties, whether or not any such Class Member or the Class

27   Representative executes and delivers a Proof of Claim.  Further, the Judgment will

28   provide that, upon the Effective Date, the Class Representative and all Class

   **STIPULATION OF SETTLEMENT**

1    Members on behalf of themselves, their personal representatives, heirs, executors,

2    administrators, trustees, successors and assigns, shall be deemed to have

3    covenanted not to sue on, and shall forever be barred from suing on, instituting,

4    prosecuting, continuing, maintaining or asserting in any forum, either directly or

5    indirectly, on their own behalf or on behalf of any class or other person, any Settled

6    Claim against any of the Released Parties.

7         **(b)**    Upon the Effective Date, Quest and the Individual Defendants,

8    on behalf of themselves and their Related Parties, shall be deemed to have, and by

9    operation of the Judgment shall have, fully, finally and forever released,

10   relinquished and discharged each and every one of the Settled Defendants' Claims.

11   Further, the Judgment will provide that, upon the Effective Date, Quest and the

12   Individual Defendants, on behalf of themselves and their Related Parties, shall be

13   deemed to have covenanted not to sue on, and shall forever be barred from suing

14   on, instituting, prosecuting, continuing, maintaining or asserting in any forum,

15   either directly or indirectly, on their own behalf or on behalf of any class or other

16   person, any Settled Defendants' Claim against the Class Representative, Class

17   Members, their respective counsel, or any of them.

18                          **<u>BAR ORDER</u>**

19        **4.**    Defendants may apply for the entry of a "Bar Order" substantially in

20   the form attached hereto as Exhibit F.  Lead Plaintiff will take no position with

21   respect to the entry thereof unless requested to by the Court.  It is understood and

22   agreed by the Parties that the entry of a Bar Order is not part of the Stipulation and

23   is to be considered by the Court separately from the Court's consideration of the

24   fairness, reasonableness, and adequacy of the Settlement.  Further, any order or

25   proceeding relating to a Bar Order or any denial of Defendants' motion to enter a

26   Bar Order shall not operate to terminate or cancel the Stipulation or affect the

27   Finality of the Court's Judgment approving the Stipulation (and the Settlement set

28   forth herein) or any other orders entered pursuant to the Stipulation.

## SETTLEMENT CONSIDERATION

**5.**    In consideration for the release and discharge provided for in ¶ 3(a) hereof, Quest (or its insurers) shall pay or cause to be paid the sum of U.S. $29,400,000.00 ("Settlement Amount") by wire transfer into an interest bearing account with the Escrow Agent no later than seven (7) business days from the date the Court enters the Preliminary Order.

**6.**    **(a)**    The Settlement Fund shall be used to pay (i) the attorneys' fees and expense award referred to in ¶ 8(a) hereof, (ii) the award to the Class Representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the Class referred to in ¶ 8(b) hereof; and (iii) all administration expenses, referred to in ¶¶ 7 and 9 hereof, associated with administration of the Settlement with the exception of those administration expenses identified in subparagraph (e) below, which will be paid by Quest. The balance of the Settlement Fund, including interest accrued thereon, after the above payments and the payment of any Taxes shall be the "Net Settlement Fund." Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 10-19 hereof in accordance with the Plan of Allocation. Any sums required to be held in escrow hereunder shall be held by the Escrow Agent. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court until such time as the funds are distributed to Authorized Claimants or paid to the person(s) paying the Settlement Amount pursuant to this Stipulation and/or further order of the Court, including any Court awarded payments to the Class Representative or Plaintiff's Counsel, or any permitted payment of Taxes as described herein. The Escrow Agent shall invest any funds in excess of U.S. $100,000 in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than U.S. $100,000 may be held in a bank account insured by the Federal Deposit

1    Insurance Corporation ("FDIC").  The Class Representative, on behalf of itself and

2    the Class, and Quest agree that the Settlement Fund is intended to be a Qualified

3    Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and that

4    the Escrow Agent, as administrator of the Settlement Fund within the meaning of

5    Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns

6    and any other tax reporting for or in respect of the Settlement Fund and paying from

7    the Settlement Fund any Taxes owed with respect to the Settlement Fund.  The

8    Class Representative, on behalf of itself and the Class, and Quest agree that the

9    Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest

10   date possible, and agree to any relation-back election required to treat the

11   Settlement Fund as a Qualified Settlement Fund from the earliest date possible.

12   Quest agrees to provide promptly to the Escrow Agent the statement described in

13   Treasury Regulation ("Reg.") § 1.468B-3(e).

14        **(b)**    All Taxes shall be paid out of the Settlement Fund, shall be

15   considered to be a cost of administration of the Settlement and shall be timely paid

16   by the Escrow Agent without prior order of the Court.  The Settlement Fund or the

17   Escrow Agent shall, to the extent required by law, be obligated to withhold from

18   any distributions to Authorized Claimants and other persons entitled thereto

19   pursuant to this Stipulation any funds necessary to pay Taxes, including the

20   establishment of adequate reserves for Taxes as well as any amount that may be

21   required to be withheld under Treasury Reg. § 1.468B-(1), (2) or otherwise under

22   applicable law in respect of such distributions.  Further, the Settlement Fund shall

23   indemnify and hold harmless the Released Parties for Taxes.

24        **(c)**    The Released Parties shall not have any responsibility for or

25   liability whatsoever with respect to: (i) any act, omission, or determination of

26   anyone, including Plaintiff's Counsel, the Escrow Agent, or the Claims

27   Administrator, or any of their respective designees or agents, in connection with the

28   administration of the Settlement or otherwise; (ii) the management, investment or

19.            **STIPULATION OF SETTLEMENT**

distribution of the Settlement Fund and/or the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund and/or the Net Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any returns.

(d) Authorized Claimants shall provide any and all such information that the Claims Administrator may reasonably require and/or that is required by applicable law in respect of Taxes and filings and reporting for Taxes, before any distributions are made to Authorized Claimants as contemplated hereby, and the Claims Administrator may, without liability to the Authorized Claimants, delay such distributions unless and until such information is provided in the form required by the Claims Administrator.

(e) Quest shall be responsible for all costs associated with providing notice to the members of the Class. All other costs of administration shall be paid out of the Settlement Fund as set forth in subparagraph (a), above.

**ADMINISTRATION**

7. The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court for all Class Members. Quest shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing notice to the Class (including, but not limited to, printing and mailing the Notice and Proof of Claim, reimbursing nominee holders for forwarding the Notice and Proof of Claim to their beneficial holders, and publishing the Publication Notice) and providing without charge all information from Quest's transfer records concerning the identity of Class Members and their transactions. The Escrow Agent, acting solely in its capacity as escrow agent, shall be subject to the jurisdiction of the Court.

**STIPULATION OF SETTLEMENT**

**(a)**    The Escrow Agent may pay from the Settlement Fund, without further approval from Quest, all reasonable costs and expenses up to the amount of U.S. $250,000 associated with the administration of the Settlement, including, without limitation, any Taxes due, and the reasonable administrative expenses incurred and fees charged by the Claims Administrator in connection with responding to and processing the submitted claims and distributing the Net Settlement Fund to Authorized Claimants.    In the event that such costs exceed $250,000 prior to the Effective Date, Plaintiff's Counsel shall submit a written request to Quest's Counsel seeking to utilize additional monies from the Settlement Fund for purpose of administering the Settlement, with the understanding that consent shall not be unreasonably withheld by Quest.    In the event that the Settlement is terminated, as provided for herein, notice and administration costs paid or incurred in connection with this paragraph shall not be returned to the person(s) who paid the Settlement Amount and Plaintiff, Plaintiff's Counsel, the Escrow Agent, and the Claims Administrator shall have no liability therefor.

**(b)**    The Escrow Agent may rely upon any notice, certificate, instrument, request, paper or other document reasonably believed by it to be genuine and to have been made, sent, or signed by an authorized signatory in accordance with this Stipulation, and shall not be liable for (and will be indemnified from the Settlement Fund and held harmless from and against) any and all claims, actions, damages, costs (including reasonable attorneys' fees) and expenses claimed against or incurred by the Escrow Agent for any action taken or omitted by it, consistent with the terms hereof and those of any separate escrow agreements concerning the Settlement Fund, in connection with the performance by it of its duties pursuant to the provisions of this Stipulation or order of the Court, except for its gross negligence or willful misconduct.    If the Escrow Agent is uncertain as to its duties hereunder, the Escrow Agent may request that the Class Representative (and, prior to the Effective Date, Quest) sign a document which states the action or

non-action to be taken by the Escrow Agent. In the event the Settlement is terminated, as provided for herein, indemnified amounts and expenses incurred by the Escrow Agent in connection with this paragraph shall not be returned to the person(s) who paid the Settlement Amount and neither Plaintiff nor Plaintiff's Counsel shall have any liability therefor.

**(c)** No Person shall have any claim against Plaintiff, Plaintiff's Counsel, Defendants, the Claims Administrator or other entity designated by Plaintiff's Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, a Court-approved Plan of Allocation, or further order(s) of the Court.

## ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVE

**8.    (a)** Plaintiff's Counsel will apply to the Court for an award of attorneys' fees and reimbursement of expenses payable from the Settlement Fund (plus interest on both sums at the same rate earned by the Settlement Fund) in an amount not to exceed the attorneys' fees and expense reimbursement disclosure contained in the Notice. Plaintiff's Counsel shall provide to the Court, as part of the motion for approval of the Settlement, all necessary information required by the Court concerning the total award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Such amounts, as are awarded by the Court to Plaintiff's Counsel from the Settlement Fund, shall be payable immediately upon award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. However, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or for whatever reason the Settlement is terminated pursuant to this Stipulation, then Plaintiff's Counsel is obligated to promptly make refunds or repayments to the Settlement Fund of all (or, if the attorneys' fees and expense

award is reduced, any excess) attorneys' fees and expenses awarded by the Court, plus interest thereon at the same rate as is earned by the Settlement Fund. The apportionment and distribution among Plaintiff's Counsel of any award of attorneys' fees and expenses shall be within Class Counsel's sole discretion. The Individual Defendants and Released Parties, other than Quest (or its insurers), shall have no obligations or liability whatsoever with respect to any attorneys' fees or expenses incurred by Plaintiff's Counsel and no liability whatsoever for any monetary consideration being paid pursuant to the Settlement. Quest (or its insurers) shall have no obligations or liability whatsoever with respect to any attorneys' fees or expenses incurred by Plaintiff's Counsel beyond those awarded by the Court to Plaintiff's Counsel, which shall be payable solely from the Settlement Fund.

**(b)** The Class Representative will apply to the Court for an award of reasonable costs and expenses (including lost wages) relating to the representation of the Class as allowed by 15 U.S.C. § 78u-4(a)(4), plus interest on such sum at the same rate earned by the Settlement Fund. The Class Representative shall provide to the Court, as part of the motion for final approval of the Settlement, all necessary information required by the Court concerning the total award of reasonable costs and expenses to be paid from the Settlement Fund. Such amounts as are awarded by the Court to the Class Representative from the Settlement Fund shall be payable immediately upon award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. However, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or for whatever reason the Settlement is terminated pursuant to this Stipulation, then the Class Representative is obligated to promptly make refunds or repayments to the Settlement Fund of all (or, if the award is reduced, any excess) costs and expenses awarded by the Court, plus interest thereon

23.    **STIPULATION OF SETTLEMENT**

at the same rate as is earned by the Settlement Fund. The Released Parties shall not have any obligations or liability whatsoever with respect to any costs and expenses to the Class Representative beyond those awarded by the Court to the Class Representative, which shall be payable solely from the Settlement Fund.

**(c)** As set forth in ¶ 10 herein, Defendants have no reversionary interest in the Settlement Fund upon final approval of the Settlement. Defendants and their Related Parties shall not object to (i) a request by Plaintiff's Counsel for an award of attorneys' fees up to 25% of the Settlement Fund, (ii) a request by Plaintiff's Counsel for an award of costs and expenses up to U.S. $695,000.00, and (iii) a request by Class Representative of an award of up to U.S. $25,000.00, each of which to be paid from the Settlement Fund.

## CLASS DISTRIBUTION ORDER/ADMINISTRATION EXPENSES

**9.** Plaintiff's Counsel will apply to the Court for an order (i) approving the Claims Administrator's determinations concerning the acceptance and rejection of the Proofs of Claim submitted by Class Members, (ii) approving any fees and expenses relating to the administration of the Settlement, as specified in ¶¶ 6-7, that the Claims Administrator has applied for, but has not received from the Escrow Agent, and (iii) directing payment of the Net Settlement Fund to Authorized Claimants if, and only if, the Effective Date (as defined in ¶ 23) has occurred (the "Class Distribution Order").

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

**10.** Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its recognized claim compared to the total recognized claims of all Authorized Claimants. This is not a claims-made settlement. Following the Effective Date, Quest shall not be entitled to receive any portion of the Settlement Fund. Neither Quest nor the Individual Defendants shall have any involvement in or liability for reviewing, approving, or challenging claims filed with the Claims Administrator in connection with this Settlement.

**STIPULATION OF SETTLEMENT**

**11.**    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the plan of allocation described in the Notice ("Plan of Allocation")).

**12.**    It is understood and agreed by the Parties that the Plan of Allocation, including, but not limited to, any adjustments to any Authorized Claimant's claim set forth herein, is not part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Further, any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the Finality of the Court's Judgment approving the Stipulation (and the Settlement set forth herein) or any other orders entered pursuant to the Stipulation.

## ADMINISTRATION OF THE SETTLEMENT

**13.**    The Claims Administrator shall process the Proofs of Claim and, after the entry of the Class Distribution Order, shall distribute the Net Settlement Fund to Authorized Claimants.  Except for the obligation of Quest to pay the Settlement Amount to the Escrow Agent in accordance with ¶ 5 hereof and to provide notice to the Class in accordance with ¶¶ 6(e) and 7 hereof, the Released Parties shall have no liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.

**14.**    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

**(a)**    Each Class Member shall be required to submit a Proof of Claim supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon or such other documents or evidence as the Claims Administrator, in its discretion, may deem acceptable;

**STIPULATION OF SETTLEMENT**

1       **(b)**    All Proofs of Claim must be submitted by the date specified in

2  the Notice unless such period is extended by order of the Court.  Any Class

3  Member who fails to submit a timely and valid Proof of Claim shall be forever

4  barred from receiving any payment pursuant to the Settlement (<u>unless</u> otherwise

5  approved by order of the Court), but shall in all other respects be bound by all of

6  the terms of this Stipulation and the Settlement, including the terms of the

7  Judgment to be entered in the Action and the releases provided for herein, and will

8  be barred from bringing any action against the Released Parties concerning the

9  Settled Claims, <u>unless</u> said Class Member elects to exclude himself, herself, or

10  itself from the Settlement in accordance with the procedures and timing set forth in

11  the Notice.  Provided that it is received before the first motion for the Class

12  Distribution Order is filed, a Proof of Claim shall be deemed to have been

13  submitted when posted, if received with a postmark indicated on the envelope, if

14  mailed by first-class mail, and if addressed in accordance with the instructions

15  thereon.  In all other cases, the Proof of Claim shall be deemed to have been

16  submitted when actually received by the Claims Administrator;

17       **(c)**    Each Proof of Claim shall be submitted to, and reviewed by, the

18  Claims Administrator, which shall determine, in accordance with this Stipulation

19  and the approved Plan of Allocation, the extent to which each Proof of Claim shall

20  be allowed, subject to review by the Court pursuant to subparagraph (e) below;

21       **(d)**    Proofs of Claim that do not meet the submission requirements

22  may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator

23  shall communicate with the claimant in order to attempt to remedy the curable

24  deficiencies in the submitted Proof of Claim.  The Claims Administrator (i) shall

25  notify, in a timely fashion and in writing, each claimant whose Proof of Claim the

26  Claims Administrator proposes to reject, in whole or in part, (ii) shall set forth the

27  reasons for the rejection, and (iii) shall indicate in such notice that the claimant

28  whose Proof of Claim is to be rejected has the right to a review by the Court if the

claimant so desires and if the claimant complies with the requirements of subparagraph (e) below.  Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be formal or technical defects in any Proofs of Claim submitted, in the interest of achieving substantial justice; and

(e)    If any claimant whose Proof of Claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice by the Claims Administrator (as required in subparagraph (d), above) serve upon the Claims Administrator a written statement indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a final review thereof by the Court. If a dispute concerning a Proof of Claim cannot otherwise be resolved, Plaintiff's Counsel shall thereafter present the request for review to the Court, which will have final decision-making power over any such dispute(s).

15.    The administrative determinations of the Claims Administrator regarding the acceptance and rejection of Proofs of Claim shall be presented to the Court for approval in the Class Distribution Order.

16.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court, and all Proofs of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, if necessary; provided, however, that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of such claimant's claim.  No discovery shall be allowed on the merits of the Action, the Settled Claims, the Settled Defendants' Claims, or the Settlement in connection with processing the Proofs of Claim.

17.    Distribution of the Net Settlement Fund to Authorized Claimants, pursuant to the Settlement, shall be deemed final and conclusive against all Class Members.  All Class Members whose Proofs of Claim are not approved shall be barred from participating in any distribution from the Net Settlement Fund, but

**STIPULATION OF SETTLEMENT**

1    otherwise shall be bound by all of the terms of this Stipulation and the Settlement,

2    including the terms of the Judgment to be entered in the Action and the releases

3    provided for herein, and will be barred from bringing any action against the

4    Released Parties concerning the Settled Claims.

5        **18.**    All proceedings with respect to the administration, processing, and

6    determination of Proofs of Claim, and the determination of all controversies

7    relating thereto, including disputed questions of law and fact with respect to the

8    validity of Proofs of Claim, shall be subject to the jurisdiction of the Court.

9        **19.**    The Net Settlement Fund shall be distributed to Authorized Claimants

10   by the Claims Administrator only after the Effective Date and only after: (a) all

11   claims have been processed and all claimants whose claims have been rejected or

12   disallowed, in whole or in part, have been notified and provided the opportunity to

13   contest with the Claims Administrator such rejection or disallowance; (b) all

14   objections with respect to all rejected or disallowed claims have been resolved by

15   the Court and all appeals therefrom have been resolved or the time therefore has

16   expired; (c) all costs of administration have been paid; and (d) the Court has entered

17   the Class Distribution Order directing such distribution.

18            **(a)**    Subject to the approval of the Court, if there is any balance

19   remaining in the Net Settlement Fund after 180 calendar days from the date of

20   initial distribution of the Net Settlement Fund (whether by reason of tax refunds,

21   uncashed checks or otherwise), Class Counsel shall, if feasible and in an equitable

22   and economic fashion, reallocate such balance among Authorized Claimants who

23   deposited the checks sent in the initial distribution. Thereafter, any balance which

24   still remains in the Net Settlement Fund shall be donated to one or more secular

25   §501(c)(3) organization(s) selected by Class Counsel.

26            **TERMS OF PRELIMINARY ORDER**

27       **20.**    **(a)**    Promptly after this Stipulation has been fully executed,

28   Plaintiff's Counsel shall apply to the Court for entry of a Preliminary Order,

**STIPULATION OF SETTLEMENT**

1    substantially in the form attached hereto as Exhibit A, which Order shall, among

2    other provisions, preliminarily approve the Settlement and direct notice thereof to

3    the Class.

4            **(b)**    The mailing of the Notice and publication of the Publication

5    Notice shall not occur until the Preliminary Order has been entered.

6                    <u>**TERMS OF ORDER AND FINAL JUDGMENT**</u>

7        **21.**    If the Settlement contemplated by this Stipulation is preliminarily

8    approved by the Court pursuant to the Preliminary Order, the Parties shall request

9    that a Judgment be entered in all material respects in the form annexed hereto as

10   Exhibit E.

11                        <u>**SUPPLEMENTAL AGREEMENT**</u>

12       **22.**    Simultaneously herewith, Plaintiff's Counsel and Quest's Counsel are

13   executing a "Supplemental Agreement."  Unless otherwise directed by the Court,

14   the Supplemental Agreement will not be filed with the Court.  As set forth in ¶ 25,

15   Quest may, in accordance with the terms set forth in the Supplemental Agreement,

16   elect in writing to terminate the Settlement and this Stipulation if a certain

17   condition (the "Opt-Out Threshold") is met and Plaintiff's Counsel are unable to

18   cure this condition in accordance with the terms of the Supplemental Agreement.

19   The Supplemental Agreement, and/or any of its terms, may be disclosed to the

20   Court for purposes of approval of the Settlement, as may be required by the Court,

21   but such disclosure shall be carried out to the fullest extent possible in accordance

22   with the practices of the Court so as to maintain the Opt-Out Threshold as

23   confidential, including filing under seal.  In the event of a termination of this

24   Settlement pursuant to the Supplemental Agreement, this Stipulation and

25   Settlement shall become null and void and of no further force and effect, with the

26   exception of the provisions of ¶¶ 7(a), 26, 27, and 32, which shall continue to apply,

27   but Plaintiff, Plaintiff's Counsel, the Escrow Agent, and the Claims Administrator

28

shall not be liable to return any funds already paid or incurred with respect to notice or administration.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

**23.** The "Effective Date" of the Settlement shall be the date when all the following conditions shall have occurred:

**(a)** payment of the Settlement Amount pursuant to ¶ 5 herein;

**(b)** approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

**(c)** entry by the Court of a Judgment, in all material respects in the form set forth in Exhibit E annexed hereto;

**(d)** the Judgment becomes Final, or, in the event that the Court enters a judgment that differs from the Judgment in any material respect ("Alternative Judgment") and neither the Class Representative nor Quest elect to terminate this Settlement, the Alternative Judgment becomes Final;

**(e)** expiration of the time for Quest to exercise its termination rights provided in the Supplemental Agreement and ¶¶ 22 and 25 herein; and

**(f)** the later of (i) expiration of the time to exercise the termination rights provided in ¶ 24(a) hereof, or (ii) if a dispute arises regarding the right to terminate this Settlement and thereby this Stipulation, the resolution of any such dispute as provided in ¶ 24(b) hereof.

**24.    (a)** The Class Representative and Quest shall each have the right to terminate the Settlement and thereby this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties within thirty (30) days of any of the following: (i) the Court declining to enter the Preliminary Order in any material respect; (ii) the Court declining to approve the Settlement as set forth in this Stipulation in any material respect; (iii) the Court declining to enter the Judgment in any material respect; (iv) the date upon which the Judgment is

**STIPULATION OF SETTLEMENT**

1  modified or reversed in any material respect by any level of appellate court; (v)

2  entry by the Court of an Alternative Judgment that differs from the Judgment in any

3  material respect; or (vi) the date upon which any Alternative Judgment is modified

4  or reversed in any material respect by any level of appellate court.  The Class

5  Representative shall also have the right to terminate the Settlement and thereby this

6  Stipulation if the Settlement Amount is not paid pursuant to this Stipulation.

7  Notwithstanding any other provision or paragraph in this Stipulation, no action or

8  inaction by the Court or any appellate court relating solely to (i) any award of

9  attorneys' fees and expenses (pursuant to ¶ 8(a) hereto), (ii) any award to the Class

10  Representative for reimbursement of costs or expenses (pursuant to ¶ 8(b) hereto),

11  and/or (iii) the Plan of Allocation shall entitle the Class Representative to terminate

12  the Settlement or any part of this Stipulation.

13          **(b)**    If either the Class Representative or Quest terminate this

14  Settlement and thereby this Stipulation pursuant to subparagraph (a) hereof, and if

15  the other disputes the basis for such termination, then the Class Representative, on

16  behalf of itself and the Class, and Quest agree to, and shall, submit such dispute to

17  the Court for a binding determination of the terminating party's right to terminate

18  pursuant to the provisions of this Stipulation.  The Class Representative, on behalf

19  of itself and the Class, and Quest agree that the Court shall be the sole and

20  exclusive arbiter of any such dispute and that the Court's decision shall be

21  mandatory, binding, and not subject to any appeal or review.

22          **25.**    Notwithstanding any other provision or paragraph in this Stipulation,

23  Quest may, in accordance with the terms set forth in the Supplemental Agreement,

24  and in its sole discretion, elect in writing to terminate the Settlement and this

25  Stipulation if the Opt-Out Threshold is exceeded and not cured in accordance with

26  the terms of the Supplemental Agreement.

27          **26.**    Except as otherwise provided herein, in the event the Settlement is

28  terminated pursuant to this Stipulation, the Parties shall be deemed to have reverted

31.                    **STIPULATION OF SETTLEMENT**

to their respective status in the Action, and any other action, immediately prior to execution of the Stipulation and, except as otherwise expressly provided, shall proceed in all respects as if this Stipulation and any related orders had not been entered.  Furthermore, within ten (10) business days following any termination of this Settlement, Plaintiff's Counsel will repay into the Settlement Fund any amount that has already been paid to Plaintiff's Counsel for attorneys' fees and expenses (together with interest thereon at the same rate as is earned on the Settlement Fund), and the Class Representative will repay into the Settlement Fund any amount that has already been paid to the Class Representative as reasonable costs and expenses (together with interest thereon at the same rate as is earned on the Settlement Fund). The Escrow Agent shall then promptly pay to Quest an amount equal to the Settlement Amount together with any interest or other income earned thereon or in respect thereof while held in escrow, less any Taxes paid, less any amounts required to be paid to the Escrow Agent pursuant to the relevant escrow agreement, and less any reasonable costs of administration and notice actually incurred and paid or payable from the Settlement Amount (as described in ¶¶6-7 hereof), less any applicable withholding taxes.

(a)    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, then Plaintiff, Plaintiff's Counsel, the Escrow Agent, and the Claims Administrator shall have no obligation to repay any amounts or expenses, as described in ¶ 7(a), actually and properly disbursed from the Settlement Fund.  In addition, any expenses already incurred and chargeable to the Settlement Fund pursuant to ¶ 7(a) hereof at the time of such termination or cancellation, but which have not been paid, shall be paid in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with this paragraph.

**STIPULATION OF SETTLEMENT**

1

## NO ADMISSION OF WRONGDOING

2  **27.** This Stipulation, whether or not consummated, and any proceedings
3  taken pursuant to it:

4  **(a)** Shall not be offered or received against any Released Party as
5  evidence of, or construed as or deemed to be evidence of any presumption,
6  concession, or admission by any Released Party regarding, (i) the truth of any fact
7  alleged by any Class Member or the Class Representative, (ii) the validity of any
8  claim that has been or could have been asserted in the Action or in any other action,
9  (iii) the deficiency of any defense that has been or could have been asserted in the
10  Action or in any other action, or (iv) any liability, negligence, fault, or wrongdoing
11  of any Released Party;

12  **(b)** Shall not be offered or received against any Released Party as
13  evidence of a presumption, concession, or admission of any fault,
14  misrepresentation, or omission regarding any statement or written document
15  approved or made by any Released Party;

16  **(c)** Shall not be offered or received against any Released Party as
17  evidence of a presumption, concession, or admission with respect to any liability,
18  negligence, fault, or wrongdoing in any other civil, criminal, or administrative
19  action or proceeding; provided, however, that if this Stipulation is approved by the
20  Court, the Released Parties may offer or refer to it to effectuate its terms, including
21  the releases granted them hereunder;

22  **(d)** Shall not be construed against any Released Party as an
23  admission or concession that the consideration to be given hereunder represents the
24  amount that could have been or would have been recovered after trial; and

25  **(e)** Shall not be construed as or received in evidence as an
26  admission, concession, or presumption against the Class Representative or any of
27  the Class Members that any of their claims are without merit, or that any defenses

28

**STIPULATION OF SETTLEMENT**

asserted by Defendants have any merit, or that damages recoverable under the Action could not have or would not have exceeded the Settlement Amount.

## **MISCELLANEOUS PROVISIONS**

**28.** All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

**29.** The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by the Class Members against the Released Parties or any of them with respect to the Settled Claims. Accordingly, the Class Representative, on behalf of itself and the Class, Quest, and the Individual Defendants agree not to assert in any forum that the Action was brought by the Class Representative or any Class Member or defended by Quest or the Individual Defendants in bad faith or without a reasonable basis. The Parties shall assert no claims of any violation of Rules 11 or 37 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The Parties affirm that they are aware of no facts or circumstances that would give rise to any violations of Rules 11 or 37 of the Federal Rules of Civil Procedure relating to this Action. The Parties shall request that the Court, in connection with its entry of the Judgment, make specific findings of fact that the Class Representative and Plaintiff's Counsel initiated, maintained, and prosecuted the Action in good faith and in accordance with Plaintiff's Counsels' obligations under Rules 11 and 37 of the Federal Rules of Civil Procedure. The Parties reserve their rights to rebut, in a manner such Party determines to be appropriate, any contention made in any public forum that the Action was brought, defended, or litigated in bad faith or without a reasonable basis.

**30.** The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and

**STIPULATION OF SETTLEMENT**

credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**31.** The Class Representative, on behalf of itself and the Class, and Defendants agree that the Settlement Amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

**32.** Nothing in this Stipulation or the negotiations or proceedings relating to this Stipulation and the Settlement is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity.

**33.** This Stipulation may not be modified or amended, nor may any of its paragraphs or provisions be waived, except by a writing signed by Quest, the Individual Defendants, and the Class Representative, on behalf of itself and the Class, or their successors-in-interest.

**34.** The headings herein are used for the purpose of convenience only and are not intended to have any legal effect.

**35.** The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders (i) providing for awards of attorneys' fees and expenses to Plaintiff's Counsel and any award of reasonable costs and expenses (including lost wages) to the Lead Plaintiff, (ii) enforcing the terms of this Stipulation, and (iii) resolving any disputes that may arise in connection with this Stipulation or the Settlement.

**36.** The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

**37.** This Stipulation and its exhibits, the Supplemental Agreement, and any related escrow agreements supersede all prior agreements and constitute the entire agreement concerning the Settlement of the Action as to the Parties and any and all

**STIPULATION OF SETTLEMENT**

Settled Claims and Settled Defendants' Claims.  No representations, warranties, or inducements have been made by or on behalf of any Party hereto concerning this Stipulation, its exhibits, and the Supplemental Agreement other than those contained and memorialized in such documents.

38.     This Stipulation may be executed in one or more counterparts including by signature transmitted by facsimile or scanned image.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

39.     This Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective agents, executors, heirs, successors, and assigns.

40.     All agreements made and orders entered during the course of the Action relating to confidentiality of information shall survive the execution, performance, and/or termination of this Stipulation.

41.     The construction and interpretation of this Stipulation and the Supplemental Agreement shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law of the United States requires that federal law governs.

42.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties.  The Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

43.     All counsel and any other person executing this Stipulation, any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

44.     The Parties agree to cooperate fully with one another in seeking Court approval of the Preliminary Order, the Stipulation and the Settlement, and to

1 | promptly agree upon and execute all such other documentation as may be
2 | reasonably required to obtain final approval by the Court of the Settlement.

3 | **45.** The Parties agree that all pending depositions, hearings, and motions
4 | are off-calendar, and that all activity in the Action is stayed as of October 16, 2009
5 | except any activity associated with the Settlement and effecting its approval by the
6 | Court.

7 |

8 | WOLF POPPER LLP
 | 845 Third Avenue
9 | New York, New York 10022

10 | November 6, 2009

11 | Marian P. Rosner
 | Patricia I. Avery
12 | Chet B. Waldman
 | Anthony D. Green

13 | **Class Counsel**

14 |

15 | HULETT HARPER STEWART LLP
 | 525 B Street, Suite 760
16 | San Diego, California 92101

17 | November 6, 2009

18 | Blake M. Harper
 | Sarah P. Weber

19 | **Liaison Counsel**

20 | COOLEY GODWARD KRONISH LLP
 | 4401 Eastgate Mall
21 | San Diego, California 92121

22 | November 6, 2009

23 | Ken P. Fukumura
 | Meghan O. Spieker
24 | **Counsel for Defendants Quest Software, Inc. and**
 | **Michael J. Lambert**

25 |

26 |

27 |

28 |

37.

STIPULATION OF SETTLEMENT

1    promptly agree upon and execute all such other documentation as may be

2    reasonably required to obtain final approval by the Court of the Settlement.

3        **45.**    The Parties agree that all pending depositions, hearings, and motions

4    are off-calendar, and that all activity in the Action is stayed as of October 16, 2009

5    except any activity associated with the Settlement and effecting its approval by the

6    Court.

7

8                                        WOLF POPPER LLP
                                         845 Third Avenue
9                                        New York, New York 10022

10   November 6, 2009
                                         _____
11                                       Marian P. Rosner
                                         Patricia I. Avery
12                                       Chet B. Waldman
                                         Anthony D. Green

13                                       ***Class Counsel***

14

15                                       HULETT HARPER STEWART LLP
                                         525 B Street, Suite 760
16                                       San Diego, California 92101

17   November 6, 2009
                                         _____
18                                       Blake M. Harper
                                         Sarah P. Weber

19                                       ***Liaison Counsel***

20                                       COOLEY GODWARD KRONISH LLP
                                         4401 Eastgate Mall
21                                       San Diego, California 92121

22   November 6, 2009
                                         _____
23                                       Koji F. Fukumura
                                         Meghan O. Spieker
24
                                         ***Counsel for Defendants Quest Software, Inc. and***
25                                       ***Michael J. Lambert***

26

27

28

                                         37.           STIPULATION OF SETTLEMENT

1

2

3  November 6, 2009

4

5

6

7

8

9  November 6, 2009

10

11

12

13

14

15

16  November 6, 2009

17

18

19

20

21  November 6, 2009

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071

_____
Paul H. Dawes
David J. Schindler
Terri L. Lilley

***Counsel for Defendant Vincent C. Smith***

SHEPPARD MULLIN RICHTER & HAMPTON LLP
501 West Broadway, Suite 1900
San Diego, California 92101

_____
Robert D. Rose
Vincent J. Brown
Frank Polek

***Counsel for Defendant M. Brinkley Morse***

MUNGER TOLLES & OLSEN LLP
355 South Grand Avenue
Los Angeles, California 90071

_____
Luis Li
Shoshana E. Bannett

***Counsel for Defendant David M. Doyle***

DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112

_____
Andrew J. Levander
Cheryl A. Krause
Michael Z. Goldman

***Counsel for Defendant Jerry Murdock, Jr.***

38.

STIPULATION OF SETTLEMENT

1

2

LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071

3

November 6, 2009

4

5

6

_____
Paul H. Dawes
David J. Schindler
Terri L. Lilley

**Counsel for Defendant Vincent C. Smith**

7

8

SHEPPARD MULLIN RICHTER & HAMPTON LLP
501 West Broadway, Suite 1900
San Diego, California 92101

9

November 6, 2009

10

11

12

_____
Robert D. Rose
Vincent J. Brown
Frank Polek

**Counsel for Defendant M. Brinkley Morse**

13

14

MUNGER TOLLES & OLSEN LLP
355 South Grand Avenue
Los Angeles, California 90071

15

November 6, 2009

16

17

_____
Luis Li
Shoshana E. Bannett

**Counsel for Defendant David M. Doyle**

18

19

20

DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112

21

November 6, 2009

22

23

_____
Andrew J. Levander
Cheryl A. Krause
Michael Z. Goldman

**Counsel for Defendant Jerry Murdock, Jr.**

24

25

26

27

28

38.

STIPULATION OF SETTLEMENT

LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071

November 6, 2009

Paul H. Dawes
David J. Schindler
Terri L. Lilley
*Counsel for Defendant Vincent C. Smith*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
501 West Broadway, Suite 1900
San Diego, California 92101

November 6, 2009

Robert D. Rose
Vincent J. Brown
Frank Polek
*Counsel for Defendant M. Brinkley Morse*

MUNGER TOLLES & OLSEN LLP
355 South Grand Avenue
Los Angeles, California 90071

November 6, 2009                SBannett

Luis Li
Shoshana E. Bannett
*Counsel for Defendant David M. Doyle*

DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112

November 6, 2009

Andrew J. Levander
Cheryl A. Krause
Michael Z. Goldman
*Counsel for Defendant Jerry Murdock, Jr.*

38.                                    STIPULATION OF SETTLEMENT

1             LATHAM & WATKINS LLP
2             355 South Grand Avenue
              Los Angeles, California 90071
3  November 6, 2009

4             _____
              Paul H. Dawes
              David J. Schindler
5             Terri L. Lilley
6             ***Counsel for Defendant Vincent C. Smith***

7             SHEPPARD MULLIN RICHTER & HAMPTON LLP
8             501 West Broadway, Suite 1900
              San Diego, California 92101
9  November 6, 2009

10            _____
              Robert D. Rose
              Vincent J. Brown
11            Frank Polek
12            ***Counsel for Defendant M. Brinkley Morse***

13            MUNGER TOLLES & OLSEN LLP
14            355 South Grand Avenue
              Los Angeles, California 90071
15 November 6, 2009

16            _____
              Luis Li
17            Shoshana E. Bannett
18            ***Counsel for Defendant David M. Doyle***

19            DECHERT LLP
20            30 Rockefeller Plaza
              New York, New York 10112
21 November 6, 2009

22            _____
              Andrew J. Levander
23            Cheryl A. Krause
              Michael Z. Goldman
24            ***Counsel for Defendant Jerry Murdock, Jr.***

25

26

27

28

**STIPULATION OF SETTLEMENT**

1

2

3       November 6, 2009

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN
2029 Century Park East
Los Angeles, California 90067

_____
Michael F. Perlis
Wrenn E. Chais

***Counsel for Defendant Kevin Brooks***

STIPULATION OF SETTLEMENT