# EXHIBIT B

EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, Individually and on behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>  vs.<br><br>QUEST SOFTWARE, INC., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS,<br><br>            Defendants. | Case No. CV 06-6863-DOC (RNBx) |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF
CLASS ACTION AND SETTLEMENT HEARING

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

TO: ALL PERSONS AND ENTITIES WHO PURCHASED QUEST SOFTWARE, INC. ("QUEST") COMMON STOCK ON THE OPEN MARKET DURING THE PERIOD NOVEMBER 9, 2001 THROUGH JULY 3, 2006, INCLUSIVE (the "CLASS PERIOD"), AND WHO WERE DAMAGED THEREBY (the "CLASS").[1]

· The Settlement resolves the above-captioned lawsuit, *Middlesex Retirement System v. Quest Software, Inc.*, Case No. CV06-6863-DOC (RNBx) (the "Action"),[2] pending in the United States District Court for the Central District of California (the "Court"). The Action concerns allegations that Defendants violated the Securities Exchange Act of 1934 by making materially false and misleading statements and omissions regarding Quest's financial condition during the period from November 9, 2001 through July 3, 2006, inclusive. Specifically, Middlesex Retirement System ("Middlesex", "Lead Plaintiff" or "Class Representative") alleges in this Action that during the Class Period, Defendants did not properly account for stock option grants that had been issued at prices which were below fair market value on the actual date

---

[1] Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, trusts, or affiliates at all relevant times; (iii) members of the immediate family of any of the foregoing excluded parties; (iv) any entity in which any of the foregoing excluded parties has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; and (v) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties. Also excluded from the Class are any members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in this Notice.

[2] Capitalized terms that are not defined herein may be defined in the Stipulation (as defined below) or other documents related to the Settlement. If you have any questions about the definition of a capitalized term, you may read the answers to the questions below or contact the attorneys or the Claims Administrator, as described in this Notice.

Doc. 165757               1

- that the grant was approved, which caused, among other things, Quest's financial statements to be materially false and misleading in that they failed to accurately reflect Quest's compensation expenses, resulting in Quest's operating and net income to be overstated. Defendants deny all of Middlesex's allegations and claims. Defendants' position is that Quest did not knowingly engage in any improper backdating of stock options.

- The "Settlement" provides for a fund of twenty nine million four hundred thousand dollars ($29,400,000.00) ("Settlement Amount") (plus the costs of providing Notice to the Class), plus earned interest for the benefit of Class Members (as defined below) who purchased Quest common stock during the Class Period.

- Your legal rights are affected whether or not you act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and only after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| SUBMIT A PROOF OF CLAIM FORM (by **[Proof of Claim deadline]**) | The only way to get a payment. You will release any and all claims related to this Action. A copy of the Proof of Claim and Release form ("Proof of Claim") is enclosed and is also available at www.QuestSoftwareClassActionSettlement.com or www.wolfpopper.com. |
| EXCLUDE YOURSELF (by **[opt out deadline]**) | Get no payment. This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. |
| OBJECT (by **[objection deadline]**) | File with the Clerk of the Court your written objections about why you do not like the Settlement, the Plan of Allocation, counsel's request for fees and expenses, or the reimbursement to the Lead Plaintiff for costs and expenses (including lost wages). |
| GO TO A HEARING (**[Settlement Hearing date]**) | Ask to speak in Court concerning the fairness of the Settlement, the Plan of Allocation, counsel's request for fees and expenses, or the reimbursement to the Lead Plaintiff for costs and expenses (including lost wages). |
| DO NOTHING | Get no payment. Give up rights. |

## SUMMARY OF THE NOTICE

**Securities and Time Period**
The Settlement relates to Quest common stock. In order to be considered part of the Class, you must have purchased Quest common stock on the open market during the Class Period (November 9, 2001 through July 3, 2006, inclusive), and not be otherwise excluded**.**

**Settlement Fund and Lead Plaintiff's Statement of Recovery**
The Settlement Amount consists of twenty nine million four hundred thousand dollars ($29,400,000.00) plus interest earned ("Settlement Fund"). In addition to funding the Settlement Fund, Defendants have also agreed to pay for all costs associated with providing notice of this Settlement to the Class, an additional substantial benefit to the Class. Plaintiff believes that this Settlement represents a substantial recovery for the Class based on the estimated damages and the risks and delays of proceeding through trial and certain appeals therefrom. Your recovery will depend on the number of shares of Quest common stock you purchased during the Class Period, and the timing of those

transactions. It will also depend on the number of valid Proof of Claim forms that members of the Class submit and the amount of such claims. Assuming that all of the investors who purchased Quest common stock during the Class Period and suffered damages participate in this Settlement, Plaintiff's Counsel estimates that the estimated average distribution will be approximately $0.535 per share of Quest common stock before the deduction of Court-approved fees and expenses as described in the answer to Question 18 below and the cost of claims administration. Historically, fewer than all eligible investors submit claims.

**Statement of Potential Outcome of the Action**
Defendants disagree with Lead Plaintiff on the liability of Defendants and on the average amount of damages per share, if any, that would be recoverable if the Lead Plaintiff were to prevail on each claim alleged. Defendants deny that they are liable in any respect. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false, misleading, or whether the Defendants are otherwise liable under the securities laws for those statements or omissions; (2) whether the Defendants acted intentionally; (3) the appropriate economic model for determining the amount by which the price of Quest common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the price of Quest common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces influencing the trading prices of Quest common stock at various times during the Class Period; (6) the extent to which external factors, such as general market and industry conditions, influenced the trading prices of Quest common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced the trading prices of Quest common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced the trading prices of Quest common stock at various times during the Class Period.

**Fees and Expenses**
The fee and expense applications are subject to the approval of the Court. At the Settlement Hearing (as defined below), Plaintiff's Counsel (as defined below) will request the Court award attorneys' fees of 25% of the Settlement Fund, plus the payment of expenses (not to exceed $695,000), which were incurred in connection with the Action, plus interest thereon. In addition, Lead Plaintiff will seek compensation pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") of a total of not more than $25,000 for its reasonable costs and expenses incurred in prosecuting this Action, plus interest thereon. This compensation will be paid from the Settlement Fund. If the amounts requested are awarded by the Court, the average cost per share of Quest common stock will be $0.147 (this amount will vary depending on the number of claims submitted). Persons who fall within the definition of the Class and who do not request exclusion from the Class in accordance with the procedures established by the Court ("Class Members") are not personally liable for any such fees or expenses. To date, Plaintiff's Counsel have not received any payment for their services in conducting the Action and counsel have not been paid for their expenses incurred.

**Reasons for the Settlement**
For the Class Representative, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery for the Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved after more motion practice and litigation through a contested trial and certain appeals thereafter, possibly years into the future. For Defendants, who deny all allegations of wrongdoing, the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the Action.

**Further Information**
Further information regarding the Action and this Notice may be obtained by contacting the Claims Administrator (as defined below) at (888) 356-0272 or Class Counsel (as defined below) at irrep@wolfpopper.com, or by visiting www.QuestSoftwareClassActionSettlement.com or www.wolfpopper.com. **Please Do Not Call The Court Or Quest With Questions About The Settlement.**

**WHAT THIS NOTICE CONTAINS**

1. Why did I get this notice package?................................................................................................................

2. What is this lawsuit about?..................................................................................................................
3. Why is this Action a class action? ......................................................................................................
4. Why is there a settlement?...................................................................................................................
5. How do I know if I am part of the Settlement?...................................................................................
6. Are there exceptions to being included in the Class? .........................................................................
7. I'm still not sure if I am included .........................................................................................................
8. What does the Settlement provide? .....................................................................................................
9. How much will my payment be?.........................................................................................................
10. How can I get a payment? ...................................................................................................................
11. When would I get my payment?..........................................................................................................
12. What am I giving up to get a payment or stay in the Class?...............................................................
13. What is the Plan of Allocation and how will claims be calculated? ...................................................
14. How do I exclude myself from the Class and the Settlement? ...........................................................
15. If I do not exclude myself, can I sue Defendants for the same thing later? .......................................
16. If I exclude myself, can I get money from this Settlement? ...............................................................
17. Do I have a lawyer in this case? ..........................................................................................................
18. How will the lawyers be paid?.............................................................................................................
19. How do I object?...................................................................................................................................
20. What is the difference between objecting to the Settlement and excluding myself from the Settlement?..............
21. When and where will the Court decide whether to approve the Settlement?......................................
22. Do I have to come to the Settlement Hearing? ...................................................................................
23. May I speak at the Settlement Hearing? .............................................................................................
24. What happens if I do nothing at all?....................................................................................................
25. How do I get more information?..........................................................................................................
SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ..........................................................

**1. Why did I get this notice package?**

You or someone in your family may have purchased Quest common stock during the Class Period. The Court directed that Class Members be sent this Notice because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals (if there are any) are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2. What is this lawsuit about?**

The Action was commenced on October 27, 2006 as a class action alleging that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") by making materially false and misleading statements and omissions regarding Quest's financial condition during the period from November 9, 2001 through July 3, 2006, inclusive. Specifically, Middlesex alleges in this Action that during the Class Period, Defendants did not properly account for stock option grants that had been issued at prices which were below fair market value on the actual date that the grant was approved, which caused, among other things, Quest's financial statements to be materially false and misleading in that they failed to accurately reflect Quest's compensation expenses, resulting in Quest's operating and net income to be overstated. Defendants deny all of Middlesex's allegations and claims.

Defendants' position is that Quest did not knowingly engage in any improper backdating of stock options. Defendants deny the claims and contentions alleged by Lead Plaintiff in this Action, deny any wrongdoing whatsoever, and maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Action.

On January 22, 2007, the Court appointed Middlesex, a Massachusetts pension fund, to serve as the Lead Plaintiff for the Action, and approved Middlesex's selection of Wolf Popper LLP, 845 Third Avenue, New York, New York 10022 as lead counsel ("Lead Counsel") and Hulett Harper Stewart LLP, 525 B Street, Suite 760, San Diego, California, 92101 as liaison counsel ("Liaison Counsel") for the Class.

On March 26, 2007, Middlesex filed its First Amended Class Action Complaint (the "First Amended Complaint"). On May 25, 2007, Defendants moved to dismiss the First Amended Complaint. On July 24, 2007, Middlesex filed its opposition to Defendants' motion to dismiss the First Amended Complaint. On October 22, 2007, the Court issued an order granting, in part, and denying, in part, Defendants' motion to dismiss the First Amended Complaint.

On January 18, 2008, Middlesex filed its Second Amended Class Action Complaint (the "Second Amended Complaint") against Quest, Vincent C. Smith (Chairman of the Board of Directors and Chief Executive Office of Quest) ("Smith"), M. Brinkley Morse (former Quest Senior Vice President of Corporate Development) ("Morse"), Michael J. Lambert (Chief Financial Officer and former Senior Vice President of Finance of Quest) ("Lambert"), Douglas F. Garn (President and former Vice President of Worldwide Sales of Quest) ("Garn"), David M. Doyle (co-founder and former President and Member of the Board of Directors of Quest) ("Doyle"), Jerry Murdock, Jr. (member of the Board of Directors of Quest) ("Murdock"), and Kevin Brooks (former Vice President and Corporate Controller of Quest) ("Brooks", collectively with Smith, Morse, Lambert, Doyle and Murdock, the "Individual Defendants"). The Second Amended Complaint asserted claims for violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5 against Defendants Quest, Smith, Morse, Doyle, Murdock and Brooks (the "Section 10(b) Defendants"), violations of Section 20(a) of the Exchange Act against Defendants Smith, Morse, Lambert, Doyle, Murdock and Brooks (the "Section 20(a) Defendants"), and for violations of Section 20A of the Exchange Act against Defendants Smith, Brooks, Garn, Doyle and Murdock (the "Section 20A Defendants").

On February 26, 2008, defendants Quest, Smith, Lambert, Garn, Doyle and Brooks filed a motion to dismiss the Second Amended Complaint. On March 4, 2008, defendants Murdock and Morse filed separate motions to dismiss the Second Amended Complaint. On April 11, 2008, Middlesex opposed the three motions to dismiss the Second Amended Complaint. Defendants filed their replies on April 25, 2008 and May 2, 2008. On July 10, 2008 the Court issued an order granting, in part, and denying, in part, Defendants' motions to dismiss the Second Amended Complaint. The Court denied the Defendants' Motion to Dismiss the claims in the Second Amended Complaint for violations of Sections 10(b) and 20(a) of the Exchange Act. The Court granted the Defendants' Motions to Dismiss the claims in the Second Amended Complaint for violations of Section 20A against Defendants Doyle, Murdock and Garn and denied the Defendants' Motions to Dismiss the Section 20A claims in the Second Amended Complaint as to all other Defendants. On July 10, 2008, the Court also ordered that discovery in the Action commence immediately.

On July 24, 2008, Defendants filed Answers to Middlesex's Second Amended Complaint.

During the pendency of the Action, Middlesex and the Defendants (collectively, the "Parties") engaged in substantial and extensive discovery. Plaintiff's Counsel served numerous requests for production of documents, interrogatories, and requests for admission on Defendants. On September 8, 2008, Quest began producing documents to Middlesex. Defendants produced, and Plaintiff's Counsel reviewed, well over 350,000 pages of documents. Plaintiff's Counsel also served subpoenas for the production of documents on over 25 third parties, and reviewed documents produced by those third parties. Plaintiff's Counsel also conducted depositions of certain Defendants and current and former officers and employees of Quest. The Parties conducted dozens of telephonic and written meet-and-confer conferences with respect to discovery disputes among themselves and with third parties, through which numerous discovery disputes were resolved. In two instances in which disputes could not be resolved, Plaintiff's Counsel filed a motion to compel the production of documents it viewed as improperly withheld by Defendants.

On May 12, 2009, the Parties participated in a mediation, to determine whether the Action could be resolved, before David Geronemus, Esq. ("Mediator") at JAMS in New York, NY. The Parties submitted confidential mediation statements for the Mediator and exchanged expert reports with respect to damages. The mediation was unsuccessful.

On June 12, 2009, Middlesex filed its Motion for Class Certification. After extensive discovery, briefing, and oral argument, the Court, by order dated September 8, 2009, certified this Action to proceed as a class action pursuant to

Rule 23 of the Federal Rules of Civil Procedure.  The Order also certified Middlesex as the Class Representative and confirmed Wolf Popper LLP as Lead Counsel for the Class and Hulett Harper Stewart LLP as Liaison Counsel for the Class (collectively, "Plaintiff's Counsel").

On October 16, 2009, the Parties reached the proposed agreement to settle the Action, subject to Court approval.

**3.   Why is this Action a class action?**
In a class action, one or more people called class representatives (in this case Middlesex) sue on behalf of people who have similar claims.  All of these people and/or entities are a class or members of the class.  Bringing a case, such as this one, as a class action allows adjudication of many similar claims that might be economically too small to bring in individual actions.  One court resolves the issues for all members of the class, except for those who exclude themselves from the class.

**4.   Why is there a settlement?**
After three years of litigation, the parties reached an agreement to settle this case.  The Settlement reflects a compromise that resolves the Class' claims without trial.  The Settlement was reached before a trial, and the Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, the lawyers for both sides of the Action have negotiated a settlement that they believe is in the best interest of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of trials and appeals, and permits Class Members to be compensated without further delay.  Lead Plaintiff, through Plaintiff's Counsel, has analyzed the evidence adduced during pretrial discovery, consulted with accounting, damages, and materiality experts, and researched the applicable law with the respect to the claims of the Class Representative and the Class against Defendants and the potential defenses thereto.  The Lead Plaintiff and Plaintiff's Counsel believe that the Settlement is in the best interests of Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

**5.   How do I know if I am part of the Settlement?**
The Class includes all persons or entities who purchased Quest Software, Inc. common stock on the open market during the period November 9, 2001 through July 3, 2006, inclusive, and who were damaged thereby.

**6.   Are there exceptions to being included in the Class?**
Yes.  Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, trusts, or affiliates at all relevant times; (iii) members of the immediate family of any of the foregoing excluded parties; (iv) any entity in which any of the foregoing excluded parties has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; and (v) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties.  Also excluded from the Class are any members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice.

Also, other types of stock or securities of Quest are not included in the Class.  For example, if you purchased Quest preferred stock, or received Quest common stock through the conversion of any preferred stock, options, or other convertible security of Quest that you owned, those shares of common stock are not included in the Class.

**7.   I'm still not sure if I am included**
If you still are not sure whether you are included, you can ask for free help.  You can call the Claims Administrator at (888) 356-0272 or visit www.QuestSoftwareClassActionSettlement.com for more information.  If you wish, you may also contact your own attorney.

**THE SETTLEMENT BENEFITS**

**8.   What does the Settlement provide?**

In exchange for the settlement and dismissal of the Action, Defendants paid the Settlement Amount of twenty nine million four hundred thousand dollars ($29,400,000.00).  The Settlement Fund (less certain Court authorized expenses) is being invested in short term United States Government or United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and that interest is being accrued and reinvested for the benefit of the Class.  The Settlement Fund will be distributed proportionally to eligible Class Members who send in valid Proof of Claim forms, after payment of Plaintiff's Counsel's legal fees and expenses, any award to Lead Plaintiff for its time, expense and effort in representing the Class, any taxes due on the interest earned by the Settlement Fund, and the expenses and the costs of claims administration, as approved by the Court.  The costs of printing and mailing this Notice and the cost of publishing notice was not paid from the Settlement Fund, rather these expenses were paid directly by Quest, thus providing an additional benefit to the members of the Class by not reducing the Settlement Fund by the amount of such expenses.

**9.   How much will my payment be?**

Your share of the monies available for distribution will depend on the number of shares of Quest common stock represented by valid Proof of Claim forms that Class Members send in and the dollar amount of those claims, how many shares of Quest common stock you purchased, and when you bought and sold them.  A claim will be calculated as follows:  The Settlement Fund, less attorneys' fees and litigation expenses, any award to Lead Plaintiff for its costs and expenses (including lost wages) in representing the Class (such payment is expected to be no more than $25,000), taxes and administration costs ("Net Settlement Fund") will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation (the "Plan") described below.

Each Authorized Claimant will receive an amount equal the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss, as defined below, bears to the total of the Recognized losses of all Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants. The Plan of Allocation has been prepared by Plaintiff's Counsel with the assistance of a damages expert.  Defendants do not agree with the characterization that any damages were suffered by Lead Plaintiff or the Class.

**HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM**

**10.   How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice.  You may also get a Proof of Claim form from the Claims Administrator at: Quest Software, Inc. Class Action Settlement, c/o Rust Consulting, Inc. ("Claims Administrator"), P.O. Box 2259, Faribault, MN  55021-2379, or from the Internet at either www.QuestSoftwareClassActionSettlement.com or www.wolfpopper.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it to the Claims Administrator at the above address postmarked no later than **[Proof of Claim deadline]**.

**11.   When would I get my payment?**

The Court will hold a Settlement Hearing on **[Settlement Hearing date]** to decide whether to approve the Settlement.  Even if the Court approves the Settlement, there could be objections and there could be appeals.  Resolving these can take time, perhaps more than a year.  It also takes time for all the Proof of Claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund within about a year after the deadline for filing the Proof of Claim forms.  Please be patient.  You can always contact Class Counsel or the Claims Administrator for information.

**12.   What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain in the Class, and that means you cannot sue or be part of any other lawsuit against the Defendants regarding the same issues or the claims that were or could have been raised in the Action.  To receive the payment under the Settlement, if the Settlement is approved, you must release all "Settled

Claims" against Defendants and their "Related Parties" (as defined below).

**"Related Parties"** means each of Quest or an Individual Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities; any entity in which Quest or an Individual Defendant has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; any member of any Individual Defendant's immediate family; or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of an Individual Defendant's immediate family.

**"Released Parties"** means Quest, the Individual Defendants, and the Related Parties.

**"Settled Claims"** means and includes any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissory damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below and as set forth in the Proof of Claim form) that: (i) have been asserted in this Action by Class Representative on behalf of the Class and its Class Members against any of the Released Parties, or (ii) have been or could have been asserted in any forum by the Class Representative, Class Members or any of them against any of the Released Parties, including derivative claims and claims under the Employee Retirement Income Security Act of 1974, which arise out of, relate to or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved or set forth in the complaints filed in this Action (collectively, the "Complaint"). Settled Claims shall also include any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action that the Class Representative, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action.

**"Unknown Claims"** means any and all claims that the Class Representative or any Class Member does not know or suspect to exist and any and all claims that Quest or any Individual Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Parties, the Class Representative, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement. The Class Representative, Class Members, Quest and the Individual Defendants and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and/or the Settled Defendants' Claims and Unknown Claims include those claims in which some or all of the facts comprising the claim may be undisclosed or hidden. Nevertheless, with respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. California Civil Code § 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims and/or Settled Defendants' Claims was separately bargained for and is a material element of the Settlement.

### HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM

**13. What is the Plan of Allocation and how will claims be calculated?**

The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim ("Authorized Claimants") under the Plan of Allocation (the "Plan") described below:

For purposes of determining the amount a Claimant may recover under the Plan, Plaintiff's Counsel conferred with their damage consultants and the Plan reflects an assessment of the damages that they believe could have been recovered had Plaintiffs prevailed at trial. Defendants have had, and shall have, no involvement or responsibility for the terms or application of the Plan described herein. The Court may approve the Settlement and Stipulation, even if it does not approve the Plan of the settlement proceeds.

The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below. The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Class Members. The Recognized Loss formula is *not* an estimate of what your out-of-pocket losses might be for tax purposes; nor is it an estimate of what a Class Member would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Claimant, then each Claimant shall be paid the percentage of the Net Settlement Fund that each Claimant's Recognized Loss bears to the total of the Recognized Losses of all Claimants – i.e., the Claimant's pro rata share of the Net Settlement Fund. Payment in this manner shall be deemed conclusive against all Claimants.

The calculation of each Class Member's Recognized Loss takes into account when during the Class Period the Class Member purchased Quest common stock and when (if at all) the Class Member sold such Quest Common stock during or after the Class Period. The proposed Plan reflects Plaintiffs' allegations that over the course of the Class Period, the trading prices of Quest Software, Inc. common stock were artificially inflated on account of the Defendants' misrepresentations and omissions concerning option grant improprieties and irregular accounting for option compensation. Estimated damages and the Plan were developed based on an event study analysis, which determines how much artificial inflation was in the stock price on each day during the Class Period by measuring how much the stock price rose as a result of misrepresentations and omissions and declined as a result of disclosures that corrected the alleged misrepresentations and omissions. Because corrective disclosures reduced the artificial inflation in stages over the course of the Class Period, the damages suffered by any particular Claimant depends on when that Claimant purchased and sold shares, and whether the Claimant retained shares beyond the end of the Class Period.

For purposes of this Settlement only, Recognized Loss will be calculated as follows:
    For each share of Quest Software, Inc. common stock purchased or otherwise acquired during any of the periods shown below in Table 1, and:
        a. sold within the same period, the Recognized Loss per share is zero.
        b. sold in a subsequent period, the Recognized Loss per share is the lesser of:
            i. the decline in inflation per share shown below in Table 1; or
            ii. the purchase price per share less the sales price per share.
        c. retained beyond July 3, 2006, the Recognized Loss per share is the lesser of:
            i. the decline in inflation per share shown in Table 1; or

ii. the purchase price per share less $13.27. [3]

| Purchase Date | Sale Date | | | | Retained Beyond 7/3/2006 |
|---|---|---|---|---|---|
| | 11/9/2001 - 5/16/2006 | 5/17/2006 | 5/18/2006 | 5/19/2006 - 7/3/2006 | |
| 11/9/2001- 5/16/2006 | $ 0.00 | $ 0.86 | $ 0.25 | $ 2.08 | $ 3.36 |
| 5/17/2006 | | $ 0.00 | $ 0.00 | $ 1.22 | $ 2.50 |
| 5/18/2006 | | | $ 0.00 | $ 1.83 | $ 3.11 |
| 5/19/2006 - 7/3/2006 | | | | $ 0.00 | $ 1.28 |

For Class Members who held shares at the beginning of the Class Period, or who made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a Recognized Loss. Under the FIFO method, shares sold during the Class Period will be matched first against shares held at the beginning of the Class Period. The sale of any remaining shares during the Class Period will then be matched in chronological order against shares purchased during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if an Authorized Claimant had a net loss, after all profits from transactions in Quest Software, Inc. common stock during the Class Period are subtracted from all losses.

No Authorized Claimant whose proportionate share of the Net Settlement Fund is less than $10.00 shall receive a distribution from the Net Settlement Fund. Rather, that Claimant's proportionate share of the Net Settlement Fund shall be redistributed among all remaining Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. Class Members who do not submit a request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. Subject to the approval of the Court, if any funds remain in the Net Settlement Fund by reason of the uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after the initial distribution of such funds shall be redistributed to Class Members, if feasible in an equitable and economic fashion, who have cashed their initial distributions. If after six months after such redistribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed as follows: any balance shall be donated to one or more secular § 501(c)(3) organizations designated by Class Counsel.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds. Payment pursuant to the Plan shall be conclusive against all Claimants. No Person shall have any claim

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $13.27 was the mean (average) daily closing trading price of Quest Software, Inc. common stock during the 90-day period beginning on July 5, 2006 and ending on October 2, 2006.

against Plaintiff's Counsel, Lead Plaintiff, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Plaintiff's Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

## EXCLUDING YOURSELF FROM THE CLASS AND THE SETTLEMENT

### 14. How do I exclude myself from the Class and the Settlement?

You can exclude yourself from the Class and the Settlement. If you do not want a payment from the Settlement, but you want to keep any right to sue Quest, or any of the Defendants or any of the Related Parties, about the claims you would otherwise be releasing in this Settlement, then you must take steps to exclude yourself from the Settlement. This is called excluding yourself or is sometimes referred to as "opting out" of the Class. To exclude yourself, you must send a letter by mail saying that you want to be excluded from the *Middlesex Retirement System v. Quest Software, Inc.* Action.

Your request to be excluded must be signed and must state: (a) your name, address, telephone number, fax number (if available), and email address (if available); (b) your purchases and sales of Quest common stock made during the Class Period, including the dates, the number of shares of Quest common stock purchased and sold, the price(s) paid or received per share of Quest common stock for each such purchase or sale, and whether you continue to hold such Quest common stock; (c) the amount or number of shares of Quest common stock held as of the beginning of the Class Period on November 9, 2001 and whether you continue to hold such common stock; and (d) that you wish to be excluded from the Class. You must mail your exclusion request postmarked on or before **[opt out deadline]** to:

> Quest Software, Inc. Class Action Settlement
> c/o Rust Consulting, Inc.
> P.O. Box 2259
> Faribault, MN  55021-2379

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. Also, you will not be legally bound by anything that happens in this lawsuit, and you would not be prevented by this Settlement from suing Defendants and their Related Parties for the Settled Claims in the future. However, if you exclude yourself and bring your own lawsuit, you would be subject to all the risks of litigation, including the risk that your lawsuit would be rejected because you filed it too late. If you do not file your request for exclusion on time, you will be legally bound by all the proceedings in this Action, including all court orders and judgments in the Action, even if you have a lawsuit pending against the Released Parties that covers Settled Claims, or if you subsequently start a lawsuit or an arbitration or any other proceeding against any of the Released Parties that are covered by the Settled Claims.

### 15. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants or their Related Parties for the claims that this Settlement resolves. Remember, the exclusion deadline is **[opt out deadline]**.

### 16. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, unless you retract your exclusion prior to the Settlement Hearing, do not send in a Proof of Claim form to ask for any money. Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim form, unless you withdraw your notice of exclusion before the Settlement Hearing.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

Pursuant to Orders of the Court dated January 22, 2007 and September 8, 2009, Lead Plaintiff and the Class are represented by Wolf Popper LLP, 845 Third Avenue, New York, New York 10022 (Lead and Class Counsel) and

Hulett Harper Stewart LLP, 525 B Street, Suite 760, San Diego, California, 92101 (Liaison Counsel) (collectively, "Plaintiff's Counsel"). You will not be separately charged for these lawyers' work. The Court will determine the amount of Plaintiff's Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers be paid?

All fee and expense applications are subject to the approval of the Court. At the Settlement Hearing, Plaintiff's Counsel will request the Court to award attorneys fees of 25% of the Settlement Fund, plus payment of expenses, not to exceed $695,000, which were incurred in connection with the Action, plus interest thereon. In addition, Lead Counsel are also asking the Court to award a payment of up to no more than $25,000 to the Court-appointed Lead Plaintiff for the reasonable costs and expenses directly relating to its prosecuting the Action on behalf of the Class. This compensation will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. To date, Plaintiff's Counsel have not received any payment for their services in conducting the Action nor have they or Lead Plaintiff been paid for their expenses incurred.

### OBJECTING TO THE SETTLEMENT

### 19. How do I object?

If you are a Class Member (and you have not excluded yourself) and you want to object to the Settlement or any of its terms, the proposed Plan of Allocation, the application by Plaintiff's Counsel for an award of fees and the reimbursement of expenses, and/or the request for an award to the Lead Plaintiff under the Private Securities Litigation Reform Act, the Court will consider your views if you file a proper objection within the deadline below, and according to the following procedures. To object, you must send a signed letter saying that you object to the proposed Settlement in "Middlesex Retirement System v. Quest Software, Inc., Case No. CV 06-6863-DOC (RNBx) (United States District Court for the Central District of California)." Your letter must include your name, address, telephone number, fax number (if available) and email address (if available) and your original signature (no copies). You must also include: (a) a written statement of your objections; (b) the grounds or the reasons for why you object or desire to appear and be heard, as well as copies of all documents or any writings that you wish the Court to consider; (c) whether you intend to present any witnesses and, if so, the identity of such witnesses; and (d) information about your purchases and sales of Quest common stock made during the Class Period, including the dates, number of shares, the price(s) paid or received per share, and whether you continue to hold such Quest common stock. If you object to the Settlement, Plan of Allocation, or any fee or expense application relating to the Settlement, you may be subject to a deposition prior to the Settlement Hearing.

You must mail such objection, on or before **[objection deadline]**, to: Clerk of the Court, United States District Court for the Central District of California, Southern Division, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516. You must also send a copy of what you send to the Court to the following attorneys on or before **[date]**:

| | |
|---|---|
| Wolf Popper LLP<br>845 Third Avenue, 12th Floor<br>New York, NY 10022<br>Email: IRRep@wolfpopper.com | Hulett Harper Stewart LLP<br>525 B Street, Suite 760<br>San Diego, CA 92101<br>Email: office@hulettharper.com |
| Cooley Godward Kronish LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>QuestClassAction@cooley.com | |

You may object either on your own or through an attorney that you hire at your own expense. If you do hire an attorney to represent you, your attorney must file a Notice of Appearance with the Clerk of the Court and deliver a

copy of that notice to the above counsel on or before **[date]**.

You do not need to go to the Settlement Hearing to have your written objection considered by the Court. At the Settlement Hearing, any Class Member who (1) has not previously submitted a request for exclusion from the Class and (2) has complied with the procedures set out for filing with the Court, and provided to the counsel for Lead Plaintiff and Defendants a statement of an intention to appear at the Settlement Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation, Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and/or the proposed award to the Lead Plaintiff. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing.

If you do not follow the directions in this Notice for objecting to the Settlement, you will forfeit all rights that you may have to object to and/or appeal this Settlement unless the Court orders otherwise. You will be bound by the orders and judgments in this lawsuit.

**20. What is the difference between objecting to the Settlement and excluding myself from the Settlement?**
Objecting is telling the Court that you do not like something about the proposed Settlement or any other matter to be considered at the Settlement Hearing. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

### THE COURT'S SETTLEMENT HEARING - SCHEDULED FOR [Settlement Hearing date]

**21. When and where will the Court decide whether to approve the Settlement?**
The Court will hold a hearing at **[time]** on **[Settlement Hearing date]**, at the United States District Court for the Central District of California, Southern Division, 411 West Fourth Street, Santa Ana, CA 92701-4516, in Courtroom 9D ("Settlement Hearing"). At this Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will also decide whether to approve the Plan of Allocation and the payment of fees, costs and expenses to Plaintiff's Counsel, including the payment under the Private Securities Litigation Reform Act to Lead Plaintiff to compensate it for its time and expenses incurred in this case. We do not know how long the Settlement Hearing will take or whether the Court will make its decision about the Settlement or related issues on that day or sometime later. The Court will take into consideration any written objections filed in accordance with the instructions in the response to Question 19. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the Settlement Hearing; but decisions regarding the conduct of the Settlement Hearing will be made by the Court.

At or after the Settlement Hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take. You should be aware that the Court may change the date and time of the Settlement Hearing. Thus, if you want to come to the Settlement Hearing, you should check with Plaintiff's Counsel before coming to be sure that the date and/or time has not changed.

**22. Do I have to come to the Settlement Hearing?**
No. Class members do not need to appear at the Settlement Hearing or take any other action to indicate that they approve of the Settlement. Plaintiff's Counsel will answer questions the Court may have about the Settlement. But if you would like to attend the Settlement Hearing, you are welcome to do so, at your own expense. If you send an objection, you do not have to come to Court to talk about it. The Court will consider your written objection, as long as you mailed your objection in on time (see response to question 19). You may also pay your lawyer to attend, but it is not necessary.

**23. May I speak at the Settlement Hearing?**
If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see response to question 19) a statement that it is your "Notice of Intention to Appear in Middlesex Retirement System v. Quest Software, Inc." Persons who intend to object to any part of the Settlement must provide in their written objections any evidence they intend to present at the Settlement Hearing and must also include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at such Settlement Hearing.

*You cannot speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline above, and in accordance with the procedures described in this Notice.*

### IF YOU DO NOTHING

**24. What happens if I do nothing at all?**
If you do nothing, you will not receive any payments from this Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, or be part of any other lawsuit against the Defendants or their Related Parties about the Settled Claims in this case ever again.

### GETTING MORE INFORMATION

**25. How do I get more information?**
For additional, more detailed information concerning the proposed Settlement or the matters involved in this Action, you may inspect the Stipulation of Settlement dated November 6, 2009 (the "Stipulation"), pleadings, the orders of the Court, and other papers filed in this Action at the office of the Clerk of the United States District Court for the Central District of California, Southern Division, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, during regular business hours, or at www.QuestSoftwareClassActionSettlement.com. You can also contact Plaintiff's Counsel at the addresses above, or the Claims Administrator at:

Quest Software, Inc. Class Action Settlement
c/o Rust Consulting, Inc.
P.O. Box 2259
Faribault, MN 55021-2379
888-356-0272.
info@QuestSoftwareClassActionSettlement.com

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Quest common stock on the open market between November 9, 2001 and July 3, 2006, inclusive, for beneficial owners who are Class Members, then THE COURT HAS DIRECTED THAT WITHIN TEN (10) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide the Administrator the name and last known address of each person or entity for whom or which you purchased such Quest common stock during the Class Period or (b) request additional copies of the Notice and Proof of Claim forms from the Claims Administrator, which will be provided to you free of charge, and within five (5) business days of receipt, mail the Notice and Proof of Claim forms by first class mail [or e-mail (for those accounts for which you have current email addresses)] directly to the beneficial owners of the Quest common stock. If you choose to follow alternative (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. Additionally, if you elect to mail the Notice and Proof of Claim forms directly to your customers, then the Court has further directed that you retain the list of names and addresses of the persons and entities to whom the Notice and Proof of Claim forms were mailed so that it will be available for future mailings, if necessary, pending the final determination of this Action. Upon full compliance with these directives, you may seek

reimbursement from the Defendants of the reasonable expenses actually incurred in forwarding the Notice and Proof of Claim forms to beneficial owners, which would not have been incurred but for the obligation to forward the documents.  Requests for reimbursement of expenses should be directed to the Claims Administrator and must be accompanied by proper documentation supporting the expenses for which reimbursement is sought.   All communications should be directed to the Claims Administrator at the following address:

Quest Software, Inc. Class Action Settlement
Rust Consulting, Inc.
P.O. Box 2259
Faribault, MN  55021-2379
888-356-0272.
info@QuestSoftwareClassActionSettlement.com

*Please do not write or telephone the Court, the Judge, or
the Clerk of the Court regarding this Notice or this Action.*

If you have any questions regarding this Notice or the Action, you may contact Class Counsel by writing: WOLF POPPER LLP, 845 Third Avenue, 12th Floor, New York, NY 10022, or email IRRep@wolfpopper.com.


Dated: [Month] [Day], 2009	By Order of the United States District Court
	For the Central District of California,
	Southern Division