BLAKE MUIR HARPER, SBN: 115756
e-mail: bmh@huletharper.com
SARAH P. WEBER, SBN: 239979
e-mail: sweber@huletharper.com
HULETT HARPER STEWART LLP
525 B Street, Suite 760
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

MARIAN P. ROSNER (admitted *pro hac vice*)
e-mail: mrosner@wolfpopper.com
PATRICIA I. AVERY (admitted *pro hac vice*)
e-mail: pavery@wolfpopper.com
CHET B. WALDMAN (admitted *pro hac vice*)
e-mail: cwaldman@wolfpopper.com
ANTHONY D. GREEN (admitted *pro hac vice*)
e-mail: agreen@wolfpopper.com
WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
Firm E-mail:        IRRep@wolfpopper.com

Attorneys for Lead Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> QUEST SOFTWARE, INC., et al., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DAVID M. DOYLE, JERRY MURDOCK, JR., AND KEVIN BROOKS, <br><br> Defendants. | Case No. 06-06863-DOC (RNBx) <br><br> CLASS ACTION <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND ESTABLISHING NOTICE PROCEDURES** <br><br> Proposed Hearing Date: <br><br> Date:     December 7, 2009 <br> Time:     8:30 a.m. <br> Judge:    Hon. David O. Carter <br> Ctrm:     9D |

Doc. 165928

1

# TABLE OF CONTENTS

2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   OVERVIEW OF THE LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  THE PROPOSED SETTLEMENT WARRANTS
      PRELIMINARY APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.    The Standards for Preliminary Approval . . . . . . . . . . . . . . . . . . . . 8

      B.    The Proposed Settlement Is Fair, Reasonable and Adequate . . . . . . . 9

            1.    Discovery Was Extensive and the Proposed Settlement
                  Was Negotiated by Informed, Experienced Counsel Who
                  Were Aware of the Risks of the Litigation . . . . . . . . . . . . . . . 9

            2.    The Proposed Settlement Resulted from Arm's-Length
                  Negotiations and Is Presumed to be Fair to the Class . . . . . . 11

            3.    The Plan of Allocation Is Also Reasonable . . . . . . . . . . . . . . 14

      C.    The Proposed Forms and Method of Providing Notice to the
            Class Are Appropriate and Satisfy Fed. R. Civ. P. 23, the PSLRA,
            and Due Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV.   PROPOSED SETTLEMENT SCHEDULE . . . . . . . . . . . . . . . . . . . . . . . 19

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Doc. 165928

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY
APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx)    -i-

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Acosta v. Trans Union*,
    243 F.R.D. 377 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Am. Bank Note Holographics, Inc., Sec. Litig.*,
    127 F. Supp. 2d 418 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Am. Honda Motor Co., Inc.*,
    2009 WL 1204495 (C.D. Cal. Apr. 17, 2009) . . . . . . . . . . . . . . . . . . . . . . . 18

*Boyd v. Bechtel Corp.*,
    485 F. Supp. 610 (N.D. Cal. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Churchill Village, L.L.C. v. General Elec.*,
    361 F.3d 566 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Diamond Chem. Co. v. Akzo Nobel Chems. B.V.*,
    205 F.R.D. 33 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ellis v. Naval Air Rework Facility*,
    87. F.R.D. 15 (N.D. Cal. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Excess Value Ins. Coverage Litig.*,
    2004 U.S. Dist. LEXIS 14822 (S.D.N.Y. July 30, 2004) . . . . . . . . . . . . . 12

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
    1992 U.S. Dist. LEXIS 14337 (C.D. Cal. June 10, 1992) . . . . . . . . . . . . . 13

*Gerardo v. Quong Hop & Co.*,
    2009 U.S. Dist. LEXIS 60900 (N.D. Cal. Jul. 6, 2009) . . . . . . . . . . . . . . . 13

*Gordon v. Hunt*,
    117 F.R.D. 58 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Gottlieb v. Wiles*,
    11 F.3d 1004 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Gribble v. Cool Transports Inc.*,
    2008 WL 5281665 (C.D. Cal. Dec. 15, 2008) . . . . . . . . . . . . . . . . . . . . . . 13

*In re Inter-Op Hip Prosthesis, Liab. Litig.*,
    204 F.R.D. 359 (N.D. Ohio 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kirkorian v. Borelli*,
    695 F. Supp. 446 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Linney v. Cellular Alaska P'ship*,
    1997 WL 450064 (N.D. Cal. Jul.18, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 12

Doc. 165928

*Louie v. Kaiser Found. Health Plan, Inc.*,
  2008 U.S. Dist. LEXIS 78314 (S.D. Cal. Oct. 6, 2008) . . . . . . . . . . . 13, 14

*In re Mego Financial Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mendoza v. United States*,
  623 F.2d 1338 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Middlesex Retirement System v. Quest Software, Inc.*,
  527 F. Supp. 2d 1164 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Middlesex Retirement System v. Quest Software, Inc.*,
  2008 U.S. Dist. LEXIS 68419 (C.D. Cal. July 10, 2008) . . . . . . . . . . . . . 3

*In re M.L. Stern Overtime Litig.*,
  2009 U.S. Dist. LEXIS 31650 (S.D. Cal. Apr. 13, 2009) . . . . . . . . . . . . . 8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Petrovic v. AMOCO Oil Co.*,
  200 F.3d 1140 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*,
  323 F. Supp. 364 (E.D. Pa. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Portal Software, Inc. Sec. Litig.*,
  2007 U.S. Dist. LEXIS 51794 (N.D. Cal. Jun. 30, 2007) . . . . . . . . 11, 14, 15

*Stratton v. Glacier Ins. Admin'rs, Inc.*,
  2007 WL 274423 (E.D. Cal. Jan. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . 15

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*True v. American Honda Motor Co., Inc.*,
  2009 WL 838284 (C.D. Cal. Mar. 25, 2009) . . . . . . . . . . . . . . . . . . . . . . 8

*Util. Reform Project v. Bonneville Power Admin.*,
  869 F.2d 437 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wilkerson v. Martin Marietta Corp.*,
  171 F.R.D. 273 (D. Colo. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Doc. 165928

## UNREPORTED CASES

*Middlesex Retirement System v. Quest Software, Inc.*,
    slip op. (C.D. Cal. Sept. 8, 2008) ................................... 3

*Middlesex Retirement System v. Quest Software, Inc.*,
    slip op. (C.D. Cal. Sept. 18, 2008) .................................. 3

## OTHER AUTHORITIES

5 James Wm. Moore, *Moore's Federal Practice* ¶ 23.83 (3d ed. 2001) ......... 9

*Manual for Complex Litigation* §1314 (4th ed. 2004) ...................... 8

*Manual for Complex Litigation* §21.312 (4th ed. 2004) .................... 19

*Manual for Complex Litigation* §21.632 (4th ed. 2004) .................... 8

*Manual for Complex Litigation* §21.633 (4th ed. 2004) .................... 18

4 Herbert Newberg & Alba Conte,
*Newberg on Class Actions* §11:25 (4th ed. 2002) .......................... 8

4 Herbert Newberg & Alba Conte,
*Newberg on Class Actions* §11.42 (4th ed. 2002) .......................... 12

## STATUTES AND RULES

Fed. R. Civ. P. 23 ............................................. passim

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ...... passim

Securities and Exchange Act of 1934, 15 U.S.C. §78a, et seq .............. 3, 4

Doc. 165928

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY
APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx)  -iv-

1    **I.    PRELIMINARY STATEMENT**

2         The Parties have reached a proposed settlement of this securities class action

3    ("Proposed Settlement") in which the Defendants and/or their insurers will pay the

4    amount of $29.4 million, plus the costs of notice, and accrued interest beginning ten

5    days following the entry of the accompanying Order Preliminarily Approving

6    Settlement of Class Action and Establishing Notice Procedures ("Preliminary

7    Approval Order") to the Class.  Defendants' agreement to pay all costs of providing

8    notice to the Class is a substantial additional financial benefit to the Class.  A copy of

9    the Stipulation of Settlement dated November 6, 2009 (the "Stipulation") extensively

10   negotiated among the Parties is being filed simultaneously herewith.[1]

11        Plaintiff Middlesex Retirement System ("Middlesex") respectfully submits this

12   Motion in support of the entry, to which Defendants consent, of the accompanying

13   Preliminary Approval Order, which provides for:

14        1.    preliminary approval of the Proposed Settlement;

15        2.    approval of the form and method for giving notice as provided in the

16              Stipulation, which notice describes, *inter alia*, the pendency of this

17              action, the terms of the Proposed Settlement, Class Members' rights with

18              respect thereto, the proposed release of claims, the proposed Plan of

19              Allocation of the Settlement's proceeds, the request for an award of

20              attorneys' fees and expenses, the application for reimbursement for time

21              and expenses of the Lead Plaintiff, and the procedures for submitting

22              Proofs of Claim; and

23        3.    setting the date for a hearing ("Settlement Hearing") to consider finally

24              (i) whether the Proposed Settlement provided for in the Stipulation is

25              fair, reasonable and adequate to the Class and should be finally approved

26   _____

27   [1]  Unless otherwise defined herein, all capitalized terms have the same meaning as set

28   forth in the Stipulation.

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
**APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx)    -1-

Doc. 165928

1    by the Court and implemented; and (ii) considering Plaintiff's Counsel's
2    application for an award of attorneys' fees and the reimbursement of
3    expenses and the application of Plaintiff for an award pursuant to 15
4    U.S.C. §78u-4(a)(4).

5    The Proposed Settlement is an excellent result for this litigation. The Proposed
6    Settlement was reached after three years of extensive and aggressive litigation,
7    including comprehensive discovery and motion practice, including two motions to
8    dismiss, a motion for interlocutory appeal, a contested motion for class certification,
9    two motions to compel discovery from Defendants, review of hundreds of thousands
10   of documents, numerous meet and confers to resolve discovery disputes, six
11   depositions, numerous third party subpoenas, and consultation with accounting,
12   damages, and market finance experts. It was the result of arm's-length negotiations
13   conducted by experienced counsel and represents a very substantial recovery of the
14   Class' estimated damages. Plaintiff submits that, while the merits of the case are
15   strong, in light of Defendants' potential defenses, the maximum amount of potentially
16   recoverable damages, questions related to loss causation and the calculation of
17   damages, the risks of prosecuting this litigation through trial, and the very significant
18   recovery achieved, the Proposed Settlement is not only well within the range of
19   reasonableness, it is an excellent result and is in the best interests of the Class. The
20   Proposed Settlement warrants preliminary approval by this Court so that a Settlement
21   Hearing can be scheduled to consider final approval of the Proposed Settlement and
22   notice of the Proposed Settlement and hearing can be distributed to members of the
23   Class.

24   ## II. <u>OVERVIEW OF THE LITIGATION</u>

25   This Court is familiar with the factual and procedural background of this class
26   action, having rendered two decisions denying Defendants' motions to dismiss in
27   substantial part, *Middlesex Retirement System v. Quest Software, Inc.*, 527 F. Supp.

28

MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY
APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES
Case No. 06-06863-DOC (RNBx)    -2-

Doc. 165928

1  2d 1164 (C.D. Cal. 2007), and *Middlesex Retirement System v. Quest Software, Inc.*,

2  2008 U.S. Dist. LEXIS 68419 (C.D. Cal. July 10, 2008), an opinion granting

3  Plaintiff's motion for class certification, *Middlesex Retirement System v. Quest*

4  *Software, Inc.*, slip op. (C.D. Cal. Sept. 8, 2009), and an opinion affirming an order

5  of Magistrate Judge Block granting Plaintiff's motion to compel discovery of

6  Defendants, *Middlesex Retirement System v. Quest Software, Inc.*, slip op. (C.D. Cal.

7  Sept. 18, 2009).

8       In brief summary, this case was brought as a class action alleging that

9  Defendants violated §§10(b) (and SEC Rule 10b-5 promulgated thereunder), 20(a),

10  and 20A of the Securities and Exchange Act of 1934 ("Exchange Act"), by, among

11  other things, making false and misleading statements in press releases and quarterly

12  and annual reports filed with the U.S. Securities and Exchange Commission ("SEC")

13  regarding Quest Software, Inc.'s ("Quest") financial condition during the period

14  November 9, 2001 to July 3, 2006, inclusive ("Class Period"). Specifically, Plaintiff

15  alleges in the litigation that during the Class Period, Defendants did not properly

16  account for stock option grants that had been issued at prices which were below fair

17  market value on the actual date that the grants were approved, which caused, *inter*

18  *alia*, Quest's financial condition to be materially false and misleading in that they

19  failed to accurately reflect Quest's compensation expenses resulting in Quest's

20  operating and net income to be overstated.

21       On January 22, 2007, the Court appointed Middlesex as Lead Plaintiff pursuant

22  to §21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation

23  Reform Act of 1995 ("PSLRA"), and approved its selection of Wolf Popper LLP, as

24  Lead Counsel and Hulett Harper Stewart LLP as Liaison Counsel. *See* Docket No. 19.

25       The operative complaint in the litigation is Plaintiff's Second Amended

26  Complaint (the "Complaint"), filed January 18, 2008. *See* Docket No. 63. The

27  Complaint alleges violations of §§10(b), 20(a), and 20A of the Exchange Act, and

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
**APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx)    -3-

Doc. 165928

1   Rule 10b-5 promulgated thereunder, on behalf of a class of all persons who purchased

2   or otherwise acquired Quest Software, Inc. ("Quest " or the "Company"), common

3   stock on the open market during the period November 9, 2001, through July 3, 2006,

4   inclusive, and were damaged thereby. *Id*, ¶1.  On July 10, 2008, the Court largely

5   denied Defendants' second round of motions to dismiss the Complaint. *Id*. at 123,

6   124.  Discovery proceeded in earnest thereafter, pursuant to the Court's order.

7           The Stipulation describes the massive effort Plaintiff made in litigating this case

8   to a successful conclusion. *See* Stipulation, pp. 1-7, ¶¶A-OO.

9           By an order entered on February 11, 2009, the Court set a pretrial schedule

10  requiring the completion of discovery by September 30, 2009, other pretrial

11  proceedings, and set the trial for July 7, 2010.[2]  *See* Docket No. 143.

12          On May 12, 2009, the parties participated in a mediation session in New York

13  City with mediator David Geronemus, Esq., of JAMS, in an attempt to resolve the

14  litigation.  *See* the accompanying Declaration of Marian P. Rosner, sworn to on

15  November 18, 2009 (the "Rosner Decl."), note 1.  In advance of the mediation, the

16  Parties prepared detailed *ex parte* mediation statements in which they presented their

17  respective views regarding the merits of the litigation as well as their views

18  concerning available defenses, the evidence, and damages analyses.  The Parties

19  exchanged their damages analyses, which included confidential preliminary analyses

20  by the parties' experts with respect to damages and loss causation.  The mediation was

21  unsuccessful, but the proceedings and briefing enabled the Parties to more fully

22  understand the positions and opinions held by the respective Parties.

23          Plaintiff filed his motion to have the Action certified to proceed as a class action

24  on June 12, 2009. *See* Docket No. 150.  After extensive discovery of Plaintiff and

25  comprehensive briefing on the motion, on September 8, 2009, the Court granted class

26  _____

27  [2]  This schedule was subsequently amended, extending the discovery cutoff date and
    other pre-trial dates by approximately one month.

28
                    **MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
                    **APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
                    Case No. 06-06863-DOC (RNBx)   -4-

certification on behalf of all persons and entities who purchased Quest common stock between November 9, 2001, and July 3, 2006, inclusive, and who were damaged thereby.[3] *Id.* at 249. The Court also appointed Plaintiff as the Class Representative. Plaintiff requests, and Defendants have agreed, that the Court preliminarily approve the settlement of this litigation on behalf of a slightly modified definition of the Class, i.e., purchasers "on the open market," the term as actually alleged in the Complaint, ¶1, and the class litigated by counsel. The Class Period, of course, remains exactly the same. The definition also more clearly defines the persons excluded from the Class in order to avoid confusion potentially arising from the typical exclusion description. The Class is defined in the Stipulation as:

> All persons and entities who purchased Quest common stock on the open market during the Class Period (November 9, 2001 through July 3, 2006, inclusive), and who were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, trusts, or affiliates at all relevant times; (iii) members of the immediate family of any of the foregoing excluded parties; (iv) any entity in which any of the foregoing excluded parties has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; and (v) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties. Also excluded from the Class are any putative members of the Class who exclude themselves by timely requesting exclusion in accordance with

---

[3] Excluded from the Class were: (i) Defendants; (ii) directors and officers of Quest; (iii) subsidiaries and affiliates of Quest; (iv) members of the immediate families of each of the Individual Defendants and Quest's officers and directors;(v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person.

MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY
APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES
Case No. 06-06863-DOC (RNBx)    -5-

Doc. 165928

1 the requirements set forth in the Notice.

2 Discovery in this action was extensive. The parties engaged in document

3 review of hundreds of thousands of pages of documents. There were numerous

4 discovery disputes, most of which the parties were able to resolve following meet and

5 confers. Early on, the parties submitted a discovery dispute to the Court by letter

6 motion to compel, which the Court granted, directing Defendants to produce certain

7 documents to Plaintiff that had been presented by Quest to the SEC. Plaintiff filed

8 another motion against defendant Quest on June 18, 2009, to compel production of

9 documents to which Quest asserted claims of privilege, and Magistrate Judge Robert

10 N. Block granted Plaintiff's motion in full on July 8, 2009. The Magistrate Judge's

11 order was entered on July 14, 2009. *See* Docket Nos. 159, 179. Quest then appealed

12 two parts of the Magistrate's order to this Court, and after thorough briefing, this

13 Court affirmed the Magistrate's order on September 18, 2009. *Id.* at 183, 250.

14 Throughout September and October 2009, depositions were conducted by

15 Plaintiff of Defendants Kevin Brooks, Jerry Murdock, Jr., and Vincent C. Smith, as

16 well as non-party witnesses John Laskey, Genevieve Vargas, and H. John Dirks.

17 Further, briefing had already begun on another motion which was about to be filed to

18 compel Quest to produce additional documents when the Parties reached a tentative

19 agreement to settle the litigation.

20 As the date for conclusion of depositions rapidly approached, the Parties

21 intensified their efforts to reach a settlement of the litigation. After comprehensive

22 arm's-length negotiations, the parties reached the Proposed Settlement, subject to

23 Court approval.

24 Plaintiff believes that the claims asserted in the litigation are strong and that the

25 evidence they adduced through discovery supports the claims. Nevertheless, Plaintiff

26 recognizes and acknowledges the inherent problems of proof under, and possible

27 defenses to, the securities law violations asserted in the litigation, especially with

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
**APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx) -6-

1   respect to proof of Defendants' state of mind or scienter, loss causation, the maximum

2   amount of potentially recoverable damages to the Class had Plaintiff prevailed at trial,

3   specific complex issues here relating to the calculation of such damages, as well as the

4   expense and length of continued proceedings necessary to prosecute the litigation

5   against Defendants through trial and through appeals.  Plaintiff also has taken into

6   account the uncertain outcome and the risk of any litigation, especially in complex

7   actions such as this litigation, as well as the difficulties and delays inherent in such

8   litigation.  Plaintiff believes that the Proposed Settlement, which recovers a substantial

9   percentage of the Class' estimated damages, is excellent and is in the best interests of

10  Plaintiff and the Class.

11      As set forth in the Stipulation, the Defendants have denied, and continue to

12  deny, all charges of wrongdoing or liability against them arising out of any of the

13  claims alleged in the Complaint.  Nonetheless, Defendants have concluded that further

14  conduct of the litigation would be uncertain, protracted and expensive, and that it is

15  desirable that the litigation be fully and finally settled in the manner and upon the

16  terms and conditions set forth in the Stipulation.  Defendants also have taken into

17  account risks inherent in any litigation, especially in complex cases like this litigation.

18

19  **III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY**

20  **APPROVAL**

21      As a matter of public policy, settlement is a strongly favored method for

22  resolving disputes, especially in complex class actions.  *See In re Syncor ERISA Litig.*,

23  516 F.3d 1095, 1101 (9th Cir. 2008) ("there is a strong judicial policy that favors

24  settlements, particularly where complex class action litigation is concerned"); *Util.*

25  *Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).

26  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)

27  ("voluntary conciliation and settlement are the preferred means of dispute

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
**APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx)   -7-

Doc. 165928

1    resolution"); *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo.

2    1997).

3    **A.    The Standards for Preliminary Approval**

4    Fed. R. Civ. P. 23(e) requires court approval for any settlement of a class action.

5    Such approval involves a two-step process where the court first determines whether

6    a proposed settlement deserves preliminary approval, and then, after notice is given

7    to class members, whether final approval is warranted.  *In re M.L. Stern Overtime*

8    *Litig.*, 2009 U.S. Dist. LEXIS 31650, at *9-10 (S.D. Cal. Apr. 13, 2009); *Nat'l Rural*

9    *Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004); *Manual*

10   *for Complex Litigation* §13.14, at 173 (4th ed. 2004).  By this motion, Plaintiff

11   requests that the Court take the first step in the approval process – preliminary

12   approval of the Proposed Settlement.

13   In determining whether preliminary approval is warranted, the central issue

14   before the Court is whether the Proposed Settlement is within the range of what might

15   be found fair, reasonable and adequate, so that notice of the Proposed Settlement

16   should be given to Class Members, and a hearing scheduled to consider final

17   Settlement approval.  *See Manual for Complex Litigation* §21.632, at 321 (4th ed.

18   2004); 4 Herbert Newberg & Alba Conte, *Newberg on Class Actions* §11:25 (4th ed.

19   2002); *In re M.L. Stern Overtime Litig.*, 2009 U.S. Dist. LEXIS 31650, at *9-10; *True*

20   *v. American Honda Motor Co., Inc.*, 2009 WL 838284, at *3 (C.D. Cal. Mar. 25,

21   2009).

22   Preliminary approval does not require the Court to make a final determination

23   that the Proposed Settlement is fair, reasonable and adequate.  Rather, that decision

24   is made only at the final approval stage, after notice of the Proposed Settlement has

25   been given to the Class Members and they have had an opportunity to voice their

26   views of the Proposed Settlement or to exclude themselves from the Settlement.  *See*

27   5 James Wm. Moore, *Moore's Federal Practice* ¶ 23.83 [1], at 23-336.2 - 23-339 (3d

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
**APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**

Case No. 06-06863-DOC (RNBx)    -8-

1    ed. 2001). In considering a potential settlement, the Court need not reach any ultimate

2    conclusions on the issues of fact and law which underlie the merits of the dispute, and

3    need not engage in a trial on the merits. *See Acosta v. Trans Union*, 243 F.R.D. 377,

4    386 (C.D. Cal. 2007) ("To determine whether preliminary approval is appropriate, the

5    settlement need only be potentially fair, as the Court will make a final determination

6    of its adequacy at the hearing on Final Approval, after such time as any party has had

7    a chance to object and/or opt out."). Preliminary approval is merely the prerequisite

8    to giving notice so that "the proposed settlement . . . may be submitted to members of

9    the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v.*

10   *Am. Radiator & Standard Sanitary Corp*., 323 F. Supp. 364, 372 (E.D. Pa. 1970).

11         The Proposed Settlement meets the criteria for preliminary approval and is well

12   within the range of what might be approved as fair, reasonable and adequate, Plaintiff,

13   with Defendants' consent, respectfully requests that this Court enter the proposed

14   Preliminary Approval Order.

15   **B.    The Proposed Settlement Is Fair, Reasonable and Adequate**

16         **1.    Discovery Was Extensive and the Proposed Settlement Was**

17              **Negotiated by Informed, Experienced Counsel Who Were Aware of**

18              **the Risks of the Litigation**

19         The Proposed Settlement is well within the range of possible approval and there

20   are no grounds to doubt its fairness. Counsel for Plaintiff and Defendants have

21   extensive experience in securities litigation and reached settlement only after

22   extensive discovery and arm's-length negotiations, and an unsuccessful mediation

23   before a JAMS neutral mediator.

24         At the time the Proposed Settlement had been entered into, Plaintiff had

25   reviewed hundreds of thousands of pages of documents from Defendants and

26   numerous third parties. It had taken the depositions of three Defendants, two former

27   critical employees of Quest involved in the options backdating, and a current director

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx)   -9-

Doc. 165928

1  of Quest who was a member of the Special Committee which investigated the

2  backdating of stock options.  Defendants deposed Plaintiff over a full day.  Plaintiff

3  consulted with forensic accountants (who also assisted at depositions) and damages

4  and market finance experts.  The Parties had also exchanged confidential expert

5  damages reports in the context of the mediation and Plaintiff had provided Defendants

6  with its expert's analysis of market efficiency regarding trading in Quest stock which

7  also addressed potential loss causation issues.  Thus, the Proposed Settlement was

8  entered into only after Plaintiff had conducted a thorough analysis of the legal and

9  factual issues and the risks associated with continued litigation.[4]

10      Plaintiff's counsel, who have a great deal of experience in litigating and

11  resolving complex class action securities actions, have carefully evaluated the merits

12  of this case and the Proposed Settlement.  Because this action is subject to the

13  provisions of the PSLRA, 15 U.S.C. §78u-4, which made it more difficult for

14  investors to bring and successfully conclude securities class actions, Plaintiff faced

15  not only the general risks of any litigation, but also the risks that Plaintiff's claims,

16  even though they largely survived Defendants' motions to dismiss, might not

17  ultimately survive Defendants' summary judgment attacks regarding, *inter alia*, loss

18  causation, scienter, liability or damages.  Moreover, Plaintiff faced the risks attendant

19  in any case where critical events occurred years earlier, fading of memories, and lack

20  of documentation.  Here the backdating of options at Quest began even before the

21  Class Period and the procedure of looking back and selecting the lowest stock price

22  of the month or quarter for the grant of options was implemented in 1999,

23  approximately two years before the start of the Class Period.  Defendants also asserted

24  _____

25  [4]  This case stands in marked contrast to, for example, *Acosta v. Trans Union*, 243

26  F.R.D. at 396-97, where this Court denied preliminary approval of a proposed
settlement because, *inter alia*, plaintiff's counsel had virtually no information from

27  defendants, essentially no discovery before settling, failed to engage any expert until

28  after the settlement had been reached, and had virtually no understanding of the facts.

MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY
APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES
Case No. 06-06863-DOC (RNBx) -10-

Doc. 165928

1  various defenses, including that they relied on expert advice in devising their options

2  backdating practices. While Plaintiff believes it would have ultimately prevailed over

3  such defenses, it recognizes that the difficulty of establishing liability at trial is

4  significant. The Proposed Settlement eliminates the risk that Plaintiff could receive

5  no recovery. Even if the Complaint survived summary judgment, continued

6  prosecution of the action would be complex, expensive and lengthy with a more

7  favorable outcome highly uncertain. The Proposed Settlement represents an excellent

8  resolution given the substantial risks of expense and delay of continued litigation and

9  the maximum potential recovery the Class could have achieved had it prevailed versus

10  the certain and immediate recovery for the Class.

11      In sum, Plaintiff was armed with extensive information about the underlying

12  facts and the strengths and weaknesses of the case so as to reasonably assess the

13  potential value of the case and make an intelligent appraisal of the Proposed

14  Settlement. Plaintiff was able to evaluate the potential risks, benefits and delays of

15  trying the case and dealing with inevitable appeals, and to weigh those considerations

16  against the benefits of the Proposed Settlement, with its significant cash payment.

17  Consequently, Plaintiff was able to negotiate the Proposed Settlement and to achieve

18  a recovery of $29.4 million in cash, plus the costs of providing notice of the Proposed

19  Settlement to the Class (plus interest which will accrue on the Settlement Fund

20  beginning ten days following entry of the Preliminary Approval Order), which

21  represents a significant percentage of the Class' estimated likely damages.

22      **2.**    **The Proposed Settlement Resulted from Arm's-Length Negotiations**

23          **And Is Presumed to Be Fair to the Class**

24      There is an initial presumption that a proposed settlement is fair and reasonable

25  when it is the result of arm's-length negotiations. *See In re Portal Software, Inc. Sec.*

26  *Litig.*, 2007 U.S. Dist. LEXIS 51794, at *15 (N.D. Cal. June 30, 2007); *Linney v.*

27  *Cellular Alaska P'ship*, 1997 WL 450064, at *5 (N.D. Cal. Jul.18, 1997) ("The

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
**APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx) -11-

involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's-length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."); *Ellis v. Naval Air Rework Facility,* 87. F.R.D. 15, 18 (N.D. Cal. 1980); *see also Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *In re Excess Value Ins. Coverage Litig*., 2004 U.S. Dist. LEXIS 14822, at *34 (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness'") (citation omitted); *In re Inter-Op Hip Prosthesis, Liab. Litig*., 204 F.R.D. 359, 380 (N.D. Ohio 2001) ("when a settlement is the result of extensive negotiations by experienced counsel, the court should presume it is fair"); *see also* 4 Herbert Newberg & Alba Conte, *Newberg on Class Actions* §11.42 at 119 (4th ed. 2002).

Without question, the Proposed Settlement is the product of years of intensive litigation and arm's-length negotiations. The Proposed Settlement was reached only after extensive motion practice, voluminous amounts of documents were produced and reviewed, numerous depositions were taken, including those of Plaintiff, six of Quest's current and former employees and directors, expert damage reports were prepared and reviewed by each side, and the consultation with accounting, damage, and market finance experts.

Based on their familiarity with the factual and legal issues, the parties were able to negotiate the Proposed Settlement, taking into account the costs and risks of continued litigation. There was no collusion among the Parties.[5] *See, e.g.*, *In re Mego*

---

[5] Nor is there any preferential treatment of Plaintiff or any other Class Member. *See Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist. LEXIS 78314, at *17 (S.D. Cal. Oct. 6, 2008). The proposed Plan of Allocation provides formulas for calculating
(continued...)

1  *Financial Corp. Sec. Litig*, 213 F.3d 454, 458 (9th Cir. 2000).  The negotiations were

2  at all times adversarial and at arm's-length, and produced a result that the Parties

3  believe to be in their respective best interests.  Counsel for both sides have extensive

4  experience in securities class action litigation and are thoroughly familiar with the

5  factual and legal issues involved.  The opinion of experienced counsel, as here,

6  supporting the Proposed Settlement is entitled to considerable weight.  *See Gribble*

7  *v. Cool Transports Inc.*, 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008) ("'Great

8  weight is accorded to the recommendation of counsel, who are most closely

9  acquainted with the facts of the underlying litigation.'"), *quoting Nat'l Rural*

10  *Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ; *In re First*

11  *Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 1992 U.S. Dist. LEXIS 14337, at *8

12  (C.D. Cal. June 10, 1992) (finding belief of counsel that the proposed settlement

13  represented the most beneficial result for the class to be a compelling factor in

14  approving settlement); *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988)

15  (opinion of experienced counsel is entitled to considerable weight); *Boyd v. Bechtel*

16  *Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs'

17  counsel should be given a presumption of reasonableness).[6]

18

---

19  [5] (...continued)

20  the recognized claim of each Class Member, based on each such person's purchases
of Quest common stock on the open market during the Class Period and when they

21  sold.  Plaintiff will receive a distribution from the Net Settlement Fund based on the
same formulas that govern the recovery of every member of the Class.  Plaintiff does

22  intend to seek reimbursement pursuant to the statutory authorization under the

23  PSLRA, 15 U.S.C. §78u-4(a)(4).

24  [6] *See also Gerardo v. Quong Hop & Co.*, 2009 U.S. Dist LEXIS 60900, at *5 (N.D.

25  Cal. Jul. 6, 2009) (fact that proponents of settlement are experienced in this type of
litigation supports preliminarily approving a proposed class action settlement); *In re*

26  *Portal Software, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 51794, at *15 (preliminary

27  approval was warranted where experienced counsel who understood each party's

28  (continued...)

Doc. 165928

### 3.    The Plan of Allocation Is Also Reasonable

The Plan of Allocation for distributing the proceeds of the Net Settlement Fund (after the payment of attorneys' fees, costs of administration, taxes, any payment under 15 U.S.C. §78u-4(a)(4), and any other court-approved payments) is described at length in the Notice.  It was devised with the assistance of an experienced damages expert, taking into account the appropriate loss causation issues.  Whether a member of the Class has sustained a loss that will entitle the Class Member to recover from the Settlement Fund will depend on the calculation of a "recognized loss" for that member.  The calculation of the "recognized loss" will depend on several factors, including (a) when each Class Member purchased the shares of Quest, and (b) whether the Class Member sold such shares during or after the Class Period and, if so, when.

The proposed Plan of Allocation is based on Plaintiff's theory of the case and reflects Plaintiff's contention that the price of Quest common stock was artificially inflated by reason of the allegedly false and misleading statements made by Defendants during the Class Period by various amounts as various disclosures were made.  There is no reason to doubt the fairness of the proposed Plan of Allocation for purposes of preliminary approval.  Even at the final-approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by 'experienced and competent' class counsel." *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 429-30 (S.D.N.Y. 2001).

In light of the above considerations, the Proposed Settlement as a whole falls within the range of possible final approval.  The Court should, therefore, grant preliminary approval of the Proposed Settlement and direct that notice of the Proposed Settlement be given to members of the Class.

---

[6] (...continued)
claims and defenses negotiated settlement); *Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist. LEXIS 78314, at *16-17 (experience and views of counsel weigh in favor of preliminary approval).

MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY
APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES
Case No. 06-06863-DOC (RNBx) -14-

Doc. 165928

1   **C.**     **The Proposed Forms and Method of Providing Notice to the Class Are**
2              **Appropriate and Satisfy Fed. R. Civ. P. 23, the PSLRA, and Due Process**

3              Rule 23(e) governs notice requirements for settlements or "compromises" in

4   class actions.  The Rule provides that a class action shall not be dismissed or

5   compromised without the approval of the court, and notice of the proposed dismissal

6   or compromise shall be given to all members of the class in such manner as the court

7   directs. Fed. R. Civ. P. 23(e).  Here the parties propose to mail, by first class mail,

8   individual copies of the Notice of Pendency and Proposed Settlement of Class Action,

9   Motion for Attorneys' Fees and Settlement Hearing (the "Notice") and Proof of Claim

10  and Release (the "Proof of Claim") to all Class Members who can be identified with

11  reasonable effort, as well as to brokerage firms and other nominees who regularly act

12  as nominees for beneficial purchasers of stock.  In addition, a summary notice (the

13  "Summary Notice") will be published in <u>The Wall Street Journal</u>, a well known,

14  widely circulated business-oriented publication.

15             As required by Fed. R. Civ. P. 23(c)(2), the notices will inform Class Members

16  of the claims alleged in the action, the terms of the Proposed Settlement and their

17  rights as Class Members to opt out or object to the $29.4 million cash settlement, or

18  otherwise object to the Plan of Allocation and/or the proposed attorneys' fees and

19  expenses. *See In re Portal Software, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 51794,

20  at *18-9 (mailed and publication notices satisfy Rule 23(c)(3));  *Stratton v. Glacier*

21  *Ins. Admin'rs, Inc.*, 2007 WL 274423, at *14 (E.D. Cal. Jan. 29, 2007) ("Notice is

22  satisfactory in the context of settlement if it fairly apprises class members of the terms

23  of the settlement in sufficient detail to afford them the opportunity to decide whether

24  they should accept the benefits offered, opt out and pursue their own remedies, or

25  object to the settlement."); *see also Churchill Village, L.L.C. v. General Elec.*, 361

26  F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it 'generally describes the

27  terms of the settlement in sufficient detail to alert those with adverse viewpoints to

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY**
**APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx) -15-

Doc. 165928

1    investigate and to come forward and be heard.'"), *quoting Mendoza v. United States*,

2    623 F.2d 1338, 1352 (9th Cir. 1980).

3         The Notice satisfies the requirements of Rule 23 by setting forth in plain, easily

4    understandable language:

5         – the nature of the action, *see* Notice, Response to Question 2 ("What is this

6    lawsuit about?");

7         – the Class definition, *see* Notice, cover page and Responses to Questions 5 and

8    6 ("How do I know if I am part of the Settlement?" and "Are there exceptions to being

9    included?");

10         – a description of the claims at issue and the defenses to those claims, *see*

11    Notice, cover page, "Statement of Potential Outcome of Case" and "Reasons for the

12    Settlement," and Responses to Questions 2 and 4 ("What is this lawsuit about?" and

13    "Why is there a Settlement?");

14         – the ability of Class Members to enter an appearance through Counsel, *see*

15    Notice, Responses to Question 16 ("Do I have a lawyer in this case?"); and

16         – the Class Member's ability to be excluded and the process for exclusion from

17    the Class, *see* Notice, Responses to Questions 14-16 ("How do I exclude myself from

18    the Class and the Settlement;" "If I do not exclude myself, can I sue Defendants for

19    the same thing later;" "If I exclude myself, can I get money from this Settlement?").

20         The Notice also provides clear information about the time, date, and location

21    of the Settlement Hearing and the process for submitting an objection to the

22    Settlement and other relief to be requested by Plaintiff and Plaintiff's Counsel.

23         The Notice also meets the requirements of the PSLRA, 15 U.S.C. §78u-4(a)(7).

24    The Notice provides:

25         – A cover page summarizing the information contained in the Notice.    15

26    U.S.C. §78u-4(a)(7); *see* Notice, cover page, pp. 1-3;

27         – A statement of plaintiff recovery, estimating a recovery of $0.535 for each

28

1  damaged share; the Notice further explains that under the Plan of Allocation, the

2  actual amount recovered will vary greatly across the Class, 15 U.S.C.

3  §78u-4(a)(7)(A); *see* Notice, p. 3, "Statement of Recovery" and Responses to

4  Questions 8, 9, and 13 ("What does the Settlement provide?"; "How much will my

5  payment be?"; and "What is the Plan of Allocation and how will claims be

6  calculated?");

7       – A statement of the potential outcome of the case including a statement

8  concerning the issue or issues on which the Parties disagree.   15 U.S.C.

9  §78u-4(a)(7)(B); *see* Notice, p. 3, "Statement of Potential Outcome of the Case" and

10 Response to Question 4 ("Why is there a Settlement?");

11      – A statement of attorneys' fees or costs sought, including a summary of this

12 information on the cover page.  15 U.S.C. §78u-4(a)(7)(C); *see* Notice, cover page,

13 "Statement of Attorneys' Fees and Costs Sought," "Fees and Expenses" (p. 3), and

14 Response to Question 18 ("How will the lawyers be paid?");

15      – Information on how to contact the Claims Administrator and/or Class

16 Counsel, including names, addresses, telephone numbers, and websites.  15 U.S.C.

17 §78u-4(a)(7)(D); *see* Notice, p. 3, "Further Information," and Response to Question

18 25 ( "How do I get more information?"); and

19      – A discussion of the reasons for Proposed Settlement, including the factors

20 Plaintiff and Defendants considered in reaching the Proposed Settlement.  15 U.S.C.

21 §78u-4(a)(7)(E); *see* Notice, p. 3, "Reasons For The Settlement," and Response to

22 Question 4 ("Why is there a Settlement?").

23      Thus, the proposed Notice to be mailed to the Class provides all of the

24 information required by the PSLRA.

25      Courts have found that notice substantially equivalent to that provided for in the

26 instant Proposed Settlement constituted the "best notice practicable under the

27 circumstances," satisfying the requirements of Fed. R. Civ. P. 23(c)(2)(B). *In re Am.*

28

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx) -17-

Doc. 165928

*Honda Motor Co., Inc.*, 2009 WL 1204495, at *4 (C.D. Cal. Apr. 17, 2009); *Diamond Chem. Co. v. Akzo Nobel Chems. B.V.*, 205 F.R.D. 33, 34 (D.D.C. 2001); *see generally Manual for Complex Litigation* §21.633, at 321-22.  Trial courts are given substantial latitude to determine fair and expedient procedures.  *See, e.g., Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999); *Gottlieb v. Wiles*, 11 F.3d 1004, 1013 (10th Cir. 1993) (finding the content and form of notices are left to the court's discretion). The generally accepted method to provide notice to class members is by direct mail and publication in newspapers.  *In re Am. Honda Motor Co., Inc.*, 2009 WL 1204495, at *4 (approving of such notice plan); *see also Gordon v. Hunt*, 117 F.R.D. 58, 63 (S.D.N.Y. 1987) (combination of mailed and published notice is "long-accepted norm in large class actions").

The parties have carefully drafted the notice provisions of the Proposed Settlement to provide the best notice practicable to the Class and respectfully submit that the proposed notices, the Notice (based in part on the illustrative notice of proposed class action certification and settlement developed by the Federal Judicial Center at the request of the Subcommittee on Class Actions of the U.S. Judicial Branch's Advisory Committee on the Federal Rules of Civil Procedure) and the Summary Notice, which are annexed as Exhibits A-1 and A-3 to the Preliminary Approval Order, are adequate.

Lastly, as part of the preliminary approval of the Proposed Settlement, Plaintiff also respectfully requests the appointment of Rust Consulting, Inc. ("Rust Consulting"), an experienced and diligent administrator, as Claims Administrator. As Claims Administrator, Rust Consulting will be responsible for, among other things, mailing the notices to the Class, reviewing claims from Class Members, claims administration, and compiling a distribution schedule to Class Members.

This proposed notice procedure takes into account the identity and location of the Class Members and specifies the most practicable method of providing notice to

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx) -18-

Doc. 165928

1    them.  The traditional methods of providing notice proposed in this case are precisely

2    those recognized as reasonably calculated to notify class members of a proposed

3    settlement.  *See Manual for Complex Litigation* §21.312, at 294.

4    **IV.    PROPOSED SETTLEMENT SCHEDULE**

5            The Court's entry of the proposed Preliminary Approval Order would, among

6    other things, (i) re-certify the action as a class action; (ii) direct notice of the Proposed

7    Settlement to all members of the Class; and (iii) schedule the Settlement Hearing to

8    consider whether the Proposed Settlement should be approved as being fair,

9    reasonable and adequate.  As such, the Preliminary Approval Order sets a proposed

10   schedule for mailing and publication of the Notice and Summary Notice, and

11   deadlines for submitting claims and/or objecting to the Proposed Settlement or opting

12   out of the Class.

13           Plaintiff recommends the schedule set forth below.  Defendants agree to the

14   proposed schedule setting the Settlement Hearing to be held on March 15, 2010.  The

15   Parties also agree to the schedule for the other dates, as provided for in the proposed

16   Preliminary Approval Order, which was negotiated among the Parties.

| Notice Mailed to Class Members (Preliminary Approval Order, ¶ 6(b)(c)) | 21 days after receipt of shareholder data from Quest's transfer agent |
| --- | --- |
| Summary Notice published (Preliminary Approval Order, ¶ 6(e)) | Within 10 days after the mailing of the Notice |

**MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES**
Case No. 06-06863-DOC (RNBx) -19-

Doc. 165928

| Deadline for requesting exclusion from the Settlement (Preliminary Approval Order, ¶ 12) or objecting to the Settlement, the proposed Plan of Allocation, and the request for attorneys' fees and expenses (Preliminary Approval Order, ¶ 19) | 28 days prior to the Settlement Hearing, Plaintiff proposes February 15, 2010 |
| --- | --- |
| Settlement Hearing (Preliminary Approval Order, ¶ 5) | At the Court's convenience, Plaintiff proposes March 15, 2010 |
| Deadline for submitting Proof of Claim forms (Preliminary Approval Order, ¶ 17) | 60 days after the Settlement Hearing, Plaintiff proposes May 14, 2010 |

## V.   CONCLUSION

Plaintiff respectfully requests that the Court enter the Preliminary Approval Order, which Defendants have consented to, and direct that Notice be distributed to the members of the Class.

Dated: November 19, 2009

Respectfully submitted,

WOLF POPPER LLP

By _____
Marian P. Rosner
Patricia I. Avery
Chet B. Waldman
Anthony D. Green
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
E-mail:    IRRep@wolfpopper.com

HULETT HARPER STEWART LLP
BLAKE MUIR HARPER
SARAH P. WEBER
525 B Street, Suite 760

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

San Diego, CA 92101
Telephone:  (619) 338-1133
Facsimile:   (619) 338-1139
e-mail: bmh@hulettharper.com

Attorneys for Plaintiff

Doc. 165928

1

## PROOF OF SERVICE

2

*Middlesex Retirement Sys. v. Quest Software Inc., Case No.06-06863-DOC(RNBx)*

3

I, the undersigned, declare under penalty of perjury that I am over the age of

4

eighteen years and not a party to this action. I am employed with Wolf Popper LLP,

5

whose offices are located in the City and State of New York. My business address

6

is: 845 Third Avenue, New York, NY 10022.

7

That on November 19, 2009, I served the foregoing document(s) entitled:

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

9

**MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING**

10

**SETTLEMENT AND ESTABLISHING NOTICE PROCEDURES** in this action,

11

on all counsel of record for Defendants.

12

BY ELECTRONIC MEANS: I caused the above-referenced document to be

13

uploaded onto the ECF system for the United States District Court, Central District

14

of California, Southern Division.

15

I declare under penalty of perjury under the laws of the State of California that

16

the foregoing is true and correct. Executed on November 19, 2009, at New York,

17

New York.

18

19

20

Anthony D. Green

21

22

23

24

25

26

27

28

MEMO OF Ps & As IN SUPP. MTN FOR ORDER PRELIMINARILY
APPROVING STLMNT AND ESTAB. NOTICE PROCEDURES
Case No. 06-06863-DOC (RNBx) -22-

Doc. 165928